UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| Drebbel de Mexico, S.A. De C.V. | * | CIVIL ACTION NO. _____ |
| Plaintiff, | * | |
| | * | JUDGE _____ |
| VERSUS | * | |
| | * | SECTION "\_\_" |
| Hornbeck Offshore Services De Mexico, S. De R.L. De C. V. | * | |
| | * | MAGISTRATE _____ |
| | * | |
| Defendant. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * | * | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Drebbel de Mexico, S.A. De C.V., through undersigned counsel, brings this action pursuant to 28 U.S.C. § 2201, seeking a declaratory judgment declaring that Hornbeck Offshore Services De Mexico, S. de R.L de C.V. waived its right to arbitrate disputes with Drebbel de Mexico, S.A. De C.V. regarding certain maritime contracts:

**PARTIES**

1.

Drebbel de Mexico, S.A. de C.V. ("Drebbel"), the plaintiff, is a foreign company having its principle place of business in Ciudad del Carmen, Mexico.

2.

Hornbeck Offshore Services De Mexico, S. de R.L de C.V. ("Hornbeck"), the defendant, is a subsidiary of Hornbeck Offshore Services, Inc. and is domiciled in Colonio Parques del Pedregal, Mexico.

## JURISDICTION

3.

This Court has jurisdiction pursuant to 28 U.S.C. § 1333 as this is a dispute over maritime contracts.

4.

Hornbeck consented to the personal jurisdiction of this Court pursuant to the Choice of Law and Jurisdiction provisions of the maritime contracts.

## VENUE

5.

Venue lies in this District pursuant to 28 U.S.C. § 1391(a) because the maritime contracts at issue designate New Orleans, Louisiana as the seat of arbitration.

## FACTS

6.

Drebbel chartered two Hornbeck offshore service vessels, the HOS RIDGEWIND, IMO No. 9260706, and the HOS BAYOU, IMO No. 9647681, for use in the United States and Mexican waters of the Gulf of Mexico.

7.

Drebbel time chartered the HOS RIDGEWIND for offshore service in the United States and Mexican waters of the Gulf of Mexico on April 1, 2019. The vessel was delivered to Drebbel at HOS Port, Port Fourchon, Louisiana, USA.

8.

The HOS RIDGEWIND charter agreement, a copy of which is attached hereto as **Exhibit A**, contains a Choice of Law and Jurisdiction provision which provides in part:

> This Charter shall be governed by the General Maritime Law of the United States and in the absence thereof by the general laws in effect in the state of Louisiana, without giving effect to its conflict of law rules. Any dispute, controversy or claim arising of or in connection with, or relating to, this Charter Party, or the breach, termination or validity thereof (a "Dispute"), shall be submitted to the dispute settlement procedure set forth below.
>
> A Party wishing to commence arbitration shall first serve notice of Dispute (the "Notice") on the other Party and demand that negotiations commence. The Parties shall use all reasonable efforts to resolve the Dispute by negotiations. Each Party shall cause the senior management of such Party to respond promptly to any such Notice. Either Party shall have the right to commence arbitration fifteen (15) days after service of the Notice by serving a demand for arbitration (the "Demand"). The arbitration shall be conducted in accordance with the Rules of Arbitration of the American Arbitration Association ("AAA") in effect at the time the arbitration is initiated, except as they may be modified herein or by mutual agreement of the parties. The seat of the arbitration shall be New Orleans, Louisiana, United States of America and it shall be conducted in the English language; . . .

9.

Drebbel time chartered the HOS BAYOU for offshore service in the United States and Mexican waters of the Gulf of Mexico on June 27, 2019. The vessel was delivered to Drebbel at HOS Port, Port Fourchon, Louisiana, USA.

10.

The HOS BAYOU charter agreement, a copy of which is attached hereto as **Exhibit B**, also contains a Choice of Law and Jurisdiction provision which provides in part:

> This Charter shall be governed by the General Maritime Law of the United States and in the absence thereof by the general laws in effect in the state of Louisiana, without giving effect to its conflict of law rules. Any dispute, controversy or claim arising of or in connection with, or relating to, this Charter Party, or the breach, termination or validity thereof (a "Dispute"), shall be submitted to the dispute settlement procedure set forth below.
>
> A Party wishing to commence arbitration shall first serve notice of Dispute (the "Notice") on the other Party and demand that negotiations commence. The Parties shall use all reasonable efforts to resolve the Dispute by negotiations. Each Party shall cause the senior management of such Party to respond promptly to any such

Notice. Either Party shall have the right to commence arbitration fifteen (15) days after service of the Notice by serving a demand for arbitration (the "Demand"). The arbitration shall be conducted in accordance with the Rules of Arbitration of the American Arbitration Association ("AAA") in effect at the time the arbitration is initiated, except as they may be modified herein or by mutual agreement of the parties. The seat of the arbitration shall be New Orleans, Louisiana, United States of America and it shall be conducted in the English language; . . .

11.

Arbitration is a matter of contract, so an arbitrator is dependent on the parties' agreement.

12.

Counsel for Hornbeck sent Drebbel a Notice of Arbitration dated February 5, 2021 but did *not* initiate arbitration with the American Arbitration Association.[1]  Settlement discussions ensued, but were unsuccessful.

13.

On or about February 5, 2021, the very same date Counsel for Hornbeck sent the Notice of Arbitration, Hornbeck simultaneously sued Drebbel in Mexico to collect payments due under the charter agreements.

14.

More specifically, Hornbeck substantially invoked the judicial process with other suppliers, Utec Survey, Inc. and Rovop, Inc. by filing a Chapter 11 lawsuit against Drebbel before

---

[1] Hornbeck did not initiate arbitration until January 3, 2022, after it had substantially litigated this dispute in Mexico.

a duty District Judge in the State of Campeche, Mexico on February 5, 2021 to collect amounts allegedly owed by Drebbel under the charter agreements.[2]

15.

According to the laws of Mexico, when a creditor initiates suit to demand the use of Chapter 11 procedure of its debtor, its objective is to guarantee the payment of its credit, through the declaration of bankruptcy of the company, which entails the separation of the debtor from the administration of their company, as well as the immediate settlement of the assets that make up their property.

16.

On January 25, 2022, the First District Court for the State of Campeche rejected Hornbeck's effort to drive Drebbel into bankruptcy in Mexico.  **Exhibit C-3.**

17.

On February 15, 2022, Hornbeck filed an appeal to revoke the district court's decision.  **Exhibit C-4**.

## LAW AND ARGUMENT

18.

Hornbeck's aggressive legal action in Mexico constitutes a substantial and affirmative legal step to collect payment of the alleged debt by preventing Drebbel from continuing to operate normally, leading to its eventual extinction.  It was not an interim measure.

---

[2] Attached hereto *in globo* as **Exhibit C** are copies of documents pulled from Hornbeck's litigation against Drebbel in Mexico.  C-1 Demanda the declaration en concurso mercantile; C-2 Concurso Mercantil; C-3 Sentencia; and C-4 Apelacion.

19.

The maritime contracts between Hornbeck and Drebbel do not clearly or unmistakably identify the proper decision maker (court or arbitrators) for deciding the issue of a litigation conduct waiver.

20.

Likewise, the arbitration rules do not expressly give arbitrators the power to resolve questions of waiver through litigation.  Therefore, incorporation of the arbitration rules into the charter agreements cannot supply the clear and unmistakable agreement required for an arbitrator to decide the issue of a litigation conduct waiver.

21.

Since the parties did not clearly or unmistakably agree on whether a court or arbitrator should decide what constitutes a litigation conduct waiver, the parties' intent should be determined with the help of presumptions.

22.

In the Fifth Circuit, a litigation conduct waiver is presumptively a judicial matter to be decided by the court.[3]

23.

Drebbel and Hornbeck did not contract around this presumption.

---

[3] *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 999 F.3d 257, 264 (5th Cir. 5/28/21).

24.

Accordingly, an actual controversy exists over whether Hornbeck substantially invoked the judicial process by suing Drebbel in Mexico in February of 2021, resulting in litigation conduct waiver before formally initiating arbitration in New Orleans on January 3, 2022.

25.

Drebbel asks this Court to declare the rights and obligations of the parties given the litigation conduct waiver by Hornbeck that squarely contradicts the arbitration provisions set forth in the charter agreements.

**DECLARATORY RELIEF**

26.

Pursuant to 28 U.S.C. § 2201, Drebbel seeks a judgment declaring that Hornbeck waived its right to arbitrate disputes with Drebbel by initiating suit against Drebbel in Mexico.

27.

Drebbel further seeks a judgment declarring that the arbitration provisions in the charter agreements of the HOS RIDGEWIND and HOS BAYOU between Drebbel and Hornbeck are not enforceable as a result of Hornbeck's substantial litigation conduct in Mexico.

28.

WHEREFORE, Drebbel prays that after due proceedings herein, a declaratory judgment be entered in its favor and against Hornbeck as follows:

    (a) Declaring that Hornbeck waived its right to arbitrate disputes with Drebbel by initiating suit against Drebbel in Mexico to collect amounts allegedly due under the charter agreements; and

1319450v.3

(b)  Declaring that the arbitration provisions in the charter agreements of the HOS RIDGEWIND and HOS BAYOU between Drebbel and Hornbeck are not enforceable

(c)  Awarding all other just and equitable relief to which Drebbel is entitled.

Respectfully submitted,

/s/ W. Brett Mason
W. Brett Mason, La. Bar No. 22511
Matthew S. Almon, La. Bar No. 31013
Gabriel G. Silva, La. Bar No. 38893
    Of
STONE PIGMAN WALTHER WITTMANN, L.L.C.

909 Poydras Street, Suite 3150
New Orleans, Louisiana 70112
Telephone: (504) 581-3200
Fax: (504) 581-3361

and

301 Main Street, Suite 1150
Baton Rouge, Louisiana  70825
Telephone: (225) 490-5812
Fax:    (225) 490-5860

bmason@stonepigman.com
malmon@stonepigman.com
gsilva@stonepigman.com

*Attorneys for Plaintiff, Drebbel de Mexico, S.A. De C.V.*