## Demanda de declaración en concurso mercantil
### Título Primero de la Ley de Concursos Mercantiles (en adelante LCM)

C. Juez de Distrito en ___el estado de Campeche, en turno.___

Elija una sola de las ocho opciones siguientes pulsando el botón que antecede al párrafo cuyo contenido, describa la situación que priva respecto del comerciante demandado para identificar al juez competente que deba conocer de la demanda, de conformidad con lo establecido por los artículos 4°, fracción III y 17 de la LCM. Así mismo siga únicamente la instrucción del párrafo elegido.

**Opción 1** ⚪   Si el comerciante demandado es persona física, escriba el nombre de la entidad federativa en la que se localice el establecimiento principal de su empresa y, en su defecto, en donde tenga su domicilio, seguido de las palabras "…en turno.". Artículo 4°, fracción III y 17, párrafo primero de la LCM.

**Opción 2** ⚪   Si la demandada es la sucesión de un comerciante persona física, a continuación de las palabras "…de Distrito en…", escriba el nombre de la entidad federativa en la que se localice el establecimiento principal de la empresa y, en su defecto, en donde tenga su domicilio el albacea, seguido de las palabras "…en turno.". Artículos 4° fracción III y 17, párrafo primero de la LCM.

**Opción 3** ⚪   Si la demandada es patrimonio fideicomitido afecto a la realización de actividades empresariales, a continuación de las palabras "…de Distrito en…", escriba el nombre de la entidad federativa en la que se localice el domicilio social de la fiduciaria o el domicilio donde se tiene la administración principal de la actividad empresarial a la que esté afecta el patrimonio fideicomitido, seguido de las palabras "…en turno.". Artículos 4° fracción III y 17, párrafo primero de la LCM.

**Opción 4** ✗   Con las salvedades descritas en los siguientes puntos 5 y 6, si el comerciante demandado es persona moral, escriba el nombre de la entidad federativa en la que se localice su domicilio social o, en caso de irrealidad de éste, el de la entidad federativa en donde tenga la administración principal su empresa, seguido de las palabras "…en turno.". Artículo. 4° fracción III y 17, párrafo primero de la LCM.

**Opción 5** ⚪   Si el comerciante demandado es integrante de un grupo societario en el que exista otro(s) comerciante(s) respecto del (de los) cual(es) se haya iniciado previamente un procedimiento de concurso mercantil derivado de una solicitud de declaración en concurso mercantil ordinario, de una solicitud de declaración en concurso mercantil con plan de reestructura previo o de una demanda de declaración de concurso mercantil, escriba las palabras complementarias del nombre del Juzgado de Distrito en el que esté radicado el expediente del concurso mercantil previamente iniciado. Artículo 4°, fracción III y 17, párrafo segundo de la LCM.

**Opción 6** ⚪   Si el comerciante es demandado simultáneamente con otro(s) comerciante(s) con quien(es) integra un mismo grupo societario conforme al artículo 15 Bis de la LCM, escriba el nombre de la entidad federativa en la que se localice el domicilio social del comerciante integrante del grupo societario que se ubique primero en los supuestos de los artículos 10, 11 o 20 Bis de la LCM o, en caso de irrealidad del domicilio social, el de la entidad federativa en donde tenga la administración principal ese comerciante, seguido de las palabras "…en turno.". Artículo 4°, fracción III y 17, párrafo tercero de la LCM.

**Opción 7** ⚪   Si se trata de comerciante persona moral y es demandado conjuntamente con sus socios ilimitadamente responsables conforme al artículo 14 de la LCM, escriba el nombre de la entidad federativa en la que se localice el domicilio social del comerciante persona moral, en caso de irrealidad del domicilio social, el de la entidad federativa en donde tenga la administración principal ese comerciante, seguido de las palabras "…en turno.". Artículo 4° fracción III de la LCM.

**Opción 8** ⚪   Si se trata de socio ilimitadamente responsable y es demandado conjuntamente con la sociedad mercantil a la que es socio conforme al artículo 14 de la LCM, escriba el nombre de la entidad federativa en la que se localice el domicilio social de dicha sociedad mercantil, en caso de irrealidad del domicilio social, el de la entidad federativa en donde tenga la administración principal, seguido de las palabras "…en turno.". Artículo 4° fracción III de la LCM.



---

Expediente:

Partes:
**Comerciante demandado:**

DREBBEL DE MÉXICO, S. DE R.L. DE C.V.

**Acreedores demandantes:**

   **(1) ROVOP, INC.**

   **(2) HORNBECK OFFSHORE SERVICES DE MÉXICO, S. DE R.L. DE C.V.**

   **(3) UTEC SURVEY, INC.**

---

Tipo de procedimiento: Procedimiento de Concurso Mercantil.

**Escrito Inicial de Demanda presentada por tres Acreedores.**

Sólo si se trata el demandado de comerciante integrante de un grupo societario en el que exista(n) otro(s) comerciante(s) respecto del (de los) cual(es) se haya iniciado previamente un procedimiento de concurso mercantil, escriba el número del expediente, previamente radicado en el Juzgado de Distrito ante el cual se presenta la demanda, así como los demás datos de identificación de las partes y el tipo de procedimiento de concurso mercantil de que se trate, ya sea derivado de una solicitud de declaración en concurso mercantil ordinario, de una solicitud de declaración en concurso mercantil con plan de reestructura previo o de una demanda de declaración de concurso mercantil.

---

## Identificación y personalidad de quien(es) promueve(n) por el (los) acreedor(es) que demanda(n).

A continuación proporcione la información que, respecto de quien(es) suscriben el formato, se solicita.

Si necesita áreas para agregar más personas que promueven por el demandante, observe los siguientes pasos:

2. Dé clic en el margen izquierdo de la hoja a la altura del siguiente recuadro, en el que se insertan los datos de identificación de personas que promueven por el demandante.
3. Elija el comando "Copiar".
4. Posicione el cursor en el "<<Área de pegado>>", que aparece en seguida del área seleccionada.
5. Elija el comando "Pegar".

Nombre:

  **(1) VICENTE BAÑUELOS RIZO**

Escriba completo el nombre de la persona física que suscribe la demanda de declaración de concurso mercantil.

Carácter que ostenta:

EXHIBIT

C-1

Apoderado general para pleitos y cobranzas de ROVOP, INC.

Describa la circunstancia bajo la cual actúa, ya sea por su propio derecho, como apoderado o representante legal.

Instrumento con el que acredita personalidad:

Escritura pública que consta en el instrumento notarial 28,804 de fecha 02 de febrero de 2021 de la Notaría Pública número 231, de la Ciudad de México.

En su caso, describa el documento en el que consta que tiene facultades para representar al acreedor que demanda la declaración en concurso mercantil y llene el formato LP3/21, 22, 23 y 23 Bis/Anexo 4.

Domicilio procesal:

Calle Escárcega número 29, fraccionamiento Kalá II, Código Postal 24085, entre Calle de Baja Velocidad y Calle Canal, Campeche, Campeche.

Escriba completo el domicilio que, dentro de la jurisdicción del Juzgado de Distrito, debe designar para recibir notificaciones

Nombre:

(2) ARTURO BELLO TÉLLEZ

Escriba completo el nombre de la persona física que suscribe la demanda de declaración de concurso mercantil.

Carácter que ostenta:

Apoderado general para pleitos y cobranzas de HORNBECK OFFSHORE, SERVICES DE MÉXICO, S. DE R.L. DE C.V.

Describa la circunstancia bajo la cual actúa, ya sea por su propio derecho, como apoderado o representante legal.

Instrumento con el que acredita personalidad:

Escritura pública que consta en el instrumento notarial 11,980 de fecha 08 de septiembre de 2008, de la Notaría Pública número 231, de la Ciudad de México.

En su caso, describa el documento en el que consta que tiene facultades para representar al acreedor que demanda la declaración en concurso mercantil y llene el formato LP3/21, 22, 23 y 23 Bis/Anexo 4.

Domicilio procesal:

Calle Escárcega número 29, fraccionamiento Kalá II, Código Postal 24085, entre Calle de Baja Velocidad y Calle Canal, Campeche, Campeche.

Escriba completo el domicilio que, dentro de la jurisdicción del Juzgado de Distrito, debe designar para recibir notificaciones

Nombre:

(3) VICENTE BAÑUELOS RIZO

Escriba completo el nombre de la persona física que suscribe la demanda de declaración de concurso mercantil.



Carácter que ostenta:

Apoderado general para pleitos y cobranzas de UTEC SURVEY, INC.

Describa la circunstancia bajo la cual actúa, ya sea por su propio derecho, como apoderado o representante legal.

Instrumento con el que acredita personalidad:

Escritura pública que consta en el instrumento notarial 28,346 de fecha 17 de septiembre de 2020, de la Notaría Pública número 231, de la Ciudad de México.

En su caso, describa el documento en el que consta que tiene facultades para representar al acreedor que demanda la declaración en concurso mercantil y llene el formato LP3/21, 22, 23 y 23 Bis/Anexo 4.

Domicilio procesal:

Calle Escárcega número 29, fraccionamiento Kalá II, Código Postal 24085, entre Calle de Baja Velocidad y Calle Canal, Campeche, Campeche.

Escriba completo el domicilio que, dentro de la jurisdicción del Juzgado de Distrito, debe designar para recibir notificaciones

## ☐ Ministerio Público

De conformidad con lo establecido por el artículo 21 de la LCM, además de cualquier acreedor del comerciante, podrá demandar la declaración en concurso mercantil, el Ministerio Público.

Si es el caso, marque con el símbolo X dentro del cuadro que antecede al título de este apartado y proporcione la información que se solicita.

Nombre:
No aplica.

Escriba el nombre completo del agente del Ministerio Público demandante.

Oficina:

No aplica.

Escriba los datos completos de identificación de la oficina a la que esté adscrito.

Instrumento(s) con el (los) que acredita su nombramiento:
No aplica.

En su caso, describa el (los) documento en el que consta su nombramiento como agente del Ministerio Público.

Domicilio procesal:

No aplica

Escriba completo el domicilio que, dentro de la jurisdicción del Juzgado de Distrito, debe designar para recibir notificaciones.

---

## Personas autorizadas en términos del artículo 1069 del Código de Comercio. Artículo 21 y 22, fracción II de la LCM

De conformidad con lo dispuesto por el artículo 1069 del Código de Comercio de aplicación supletoria a la LCM, las partes podrán autorizar personas con capacidad legal, para actuar en nombre del autorizante.

En términos del párrafo tercero del citado artículo 1069, las partes podrán autorizar para oír notificaciones e imponerse de los autos, así como para interponer los recursos que procedan, ofrecer e intervenir en el desahogo de pruebas, alegar en las audiencias, pedir se dicte sentencia para evitar la consumación del término de caducidad por inactividad procesal y realizar cualquier acto que resulte ser necesario para la defensa de los derechos del autorizante. Para ello deberán acreditar encontrarse legalmente autorizadas para ejercer la profesión de abogado o licenciado en Derecho.

En términos del penúltimo párrafo del citado artículo 1069, las partes podrán designar personas solamente autorizadas para oír notificaciones e imponerse de los autos, a cualquiera con capacidad legal, quien no gozará de las demás facultades a que se refiere el párrafo anterior.

| Nombre del autorizante: | Nombre del autorizante: |
|---|---|
| **(1) ROVOP, INC., (2) HORNBECK OFFSHORE SERVICES DE MÉXICO, S. DE R.L. DE C.V. Y (3) UTEC SURVEY, INC.** | **(1) ROVOP, INC., (2) HORNBECK OFFSHORE SERVICES DE MÉXICO, S. DE R.L. DE C.V. Y (3) UTEC SURVEY, INC.** |
| Escriba completo el nombre de la parte que autoriza. | Escriba completo el nombre de la parte que autoriza. |
| Nombre del autorizado: | Nombre del autorizado: |
| Jonhatan Lorenzo Canché Tun | Juan Pablo Elizondo Ong |
| Escriba completo el nombre de la persona física autorizada. | Escriba completo el nombre de la persona física autorizada. |
| Cédula profesional: | Cédula profesional: |
| 2444714 | 3917288 |
| Escriba los datos del documento que acredita que la persona autorizada está legalmente facultada para ejercer la profesión de abogado o licenciado en derecho. | Escriba los datos del documento que acredita que la persona autorizada está legalmente facultada para ejercer la profesión de abogado o licenciado en derecho. |
| Alcance de la autorización: | Alcance de la autorización: |
| Marque con el símbolo X dentro del cuadro que identifica el párrafo que se refiere al alcance de la autorización que confiere. | Marque con el símbolo X dentro del cuadro que identifica el párrafo que se refiere al alcance de la autorización que confiere. |
| ☒ Tercer párrafo del artículo 1069 del Código de Comercio<br>☐ Penúltimo párrafo del artículo 1069 del Código de Comercio | ☒ Tercer párrafo del artículo 1069 del Código de Comercio<br>☐ Penúltimo párrafo del artículo 1069 del Código de Comercio |
| Nombre del autorizante: | Nombre del autorizante: |
| **(1) ROVOP, INC., (2) HORNBECK OFFSHORE SERVICES DE MÉXICO, S.** | **(1) ROVOP, INC., (2) HORNBECK OFFSHORE SERVICES DE MÉXICO, S.** |

| DE R.L. DE C.V. Y (3) UTEC SURVEY, INC. | DE R.L. DE C.V. Y (3) UTEC SURVEY, INC. |
|---|---|
| Escriba completo el nombre de la parte que autoriza.<br>Nombre del autorizado:<br>Luis Roberto Luna Reyes<br>Escriba completo el nombre de la persona física autorizada.<br><br>Cédula profesional:<br>6416703<br>Escriba los datos del documento que acredita que la persona autorizada está legalmente facultada para ejercer la profesión de abogado o licenciado en derecho.<br><br>Alcance de la autorización:<br>Marque con el símbolo X dentro del cuadro que identifica el párrafo que se refiere al alcance de la autorización que confiere.<br><br>☒ Tercer párrafo del artículo 1069 del Código de Comercio<br>☐ Penúltimo párrafo del artículo 1069 del Código de Comercio | Escriba completo el nombre de la parte que autoriza.<br>Nombre del autorizado:<br>Carlos Eduardo Milla Ortega<br>Escriba completo el nombre de la persona física autorizada.<br><br>Cédula profesional:<br>8080362.<br>Escriba los datos del documento que acredita que la persona autorizada está legalmente facultada para ejercer la profesión de abogado o licenciado en derecho.<br><br>Alcance de la autorización:<br>Marque con el símbolo X dentro del cuadro que identifica el párrafo que se refiere al alcance de la autorización que confiere.<br><br>☒ Tercer párrafo del artículo 1069 del Código de Comercio<br>☐ Penúltimo párrafo del artículo 1069 del Código de Comercio |
| Nombre del autorizante:<br>**(1) ROVOP, INC., (2) HORNBECK OFFSHORE SERVICES DE MÉXICO, S. DE R.L. DE C.V. Y (3) UTEC SURVEY, INC.**<br>Escriba completo el nombre de la parte que autoriza.<br>Nombre del autorizado:<br>Gabriela Ángel Navarro<br>Escriba completo el nombre de la persona física autorizada.<br><br>Cédula profesional:<br>10151259.<br>Escriba los datos del documento que acredita que la persona autorizada está legalmente facultada para ejercer la profesión de abogado o licenciado en derecho.<br><br>Alcance de la autorización:<br>Marque con el símbolo X dentro del cuadro que identifica el párrafo que se refiere al alcance de la autorización que confiere.<br><br>☒ Tercer párrafo del artículo 1069 del Código de Comercio<br>☐ Penúltimo párrafo del artículo 1069 del Código de Comercio | Nombre del autorizante:<br>**(1) ROVOP, INC., (2) HORNBECK OFFSHORE SERVICES DE MÉXICO, S. DE R.L. DE C.V. Y (3) UTEC SURVEY, INC.**<br>Escriba completo el nombre de la parte que autoriza.<br>Nombre del autorizado:<br>Jose Manuel Barahona Rascon<br>Escriba completo el nombre de la persona física autorizada.<br><br>Cédula profesional:<br>11382572<br>Escriba los datos del documento que acredita que la persona autorizada está legalmente facultada para ejercer la profesión de abogado o licenciado en derecho.<br><br>Alcance de la autorización:<br>Marque con el símbolo X dentro del cuadro que identifica el párrafo que se refiere al alcance de la autorización que confiere.<br><br>☒ Tercer párrafo del artículo 1069 del Código de Comercio<br>☐ Penúltimo párrafo del artículo 1069 del Código de Comercio |
| Nombre del autorizante:<br>**(1) ROVOP, INC., (2) HORNBECK OFFSHORE SERVICES DE MÉXICO, S. DE R.L. DE C.V. Y (3) UTEC SURVEY, INC.**<br>Escriba completo el nombre de la parte que autoriza.<br>Nombre del autorizado:<br>Yolanda Aimée Díaz Chacón<br>Escriba completo el nombre de la persona física autorizada.<br><br>Cédula profesional:<br><br>Escriba los datos del documento que acredita que la persona autorizada está legalmente facultada para ejercer la profesión de abogado o licenciado en derecho.<br><br>Alcance de la autorización:<br>Marque con el símbolo X dentro del cuadro que identifica el párrafo que se refiere al alcance de la autorización que confiere.<br><br>☐ Tercer párrafo del artículo 1069 del Código de Comercio<br>☒ Penúltimo párrafo del artículo 1069 | Nombre del autorizante:<br>**(1) ROVOP, INC., (2) HORNBECK OFFSHORE SERVICES DE MÉXICO, S. DE R.L. DE C.V. Y (3) UTEC SURVEY, INC.**<br>Escriba completo el nombre de la parte que autoriza.<br>Nombre del autorizado:<br>Olga Leticia Huicab Sansores<br>Escriba completo el nombre de la persona física autorizada.<br><br>Cédula profesional:<br><br>Escriba los datos del documento que acredita que la persona autorizada está legalmente facultada para ejercer la profesión de abogado o licenciado en derecho.<br><br>Alcance de la autorización:<br>Marque con el símbolo X dentro del cuadro que identifica el párrafo que se refiere al alcance de la autorización que confiere.<br><br>☐ Tercer párrafo del artículo 1069 del Código de Comercio<br>☒ Penúltimo párrafo del artículo 1069 |

| del Código de Comercio | del Código de Comercio |
|---|---|
| **Nombre del autorizante:**<br>**(1) ROVOP, INC., (2) HORNBECK OFFSHORE SERVICES DE MÉXICO, S. DE R.L. DE C.V. Y (3) UTEC SURVEY, INC.**<br><sub>Escriba completo el nombre de la parte que autoriza.</sub><br>**Nombre del autorizado:**<br>Paulina Sánchez Rosete<br><sub>Escriba completo el nombre de la persona física autorizada.</sub><br><br>**Cédula profesional:**<br>No aplica<br><sub>Escriba los datos del documento que acredita que la persona autorizada está legalmente facultada para ejercer la profesión de abogado o licenciado en derecho.</sub><br><br>**Alcance de la autorización:**<br><sub>Marque con el símbolo X dentro del cuadro que identifica el párrafo que se refiere al alcance de la autorización que confiere.</sub><br><br>☐ Tercer párrafo del artículo 1069 del Código de Comercio<br>☒ Penúltimo párrafo del artículo 1069 del Código de Comercio | **Nombre del autorizante:**<br>**1) ROVOP, INC., (2) HORNBECK OFFSHORE SERVICES DE MÉXICO, S. DE R.L. DE C.V. Y (3) UTEC SURVEY, INC.**<br><sub>Escriba completo el nombre de la parte que autoriza.</sub><br>**Nombre del autorizado:**<br>Gian Carlo Alexis Cardiel Avila<br><sub>Escriba completo el nombre de la persona física autorizada.</sub><br><br>**Cédula profesional:**<br>No aplica<br><sub>Escriba los datos del documento que acredita que la persona autorizada está legalmente facultada para ejercer la profesión de abogado o licenciado en derecho.</sub><br><br>**Alcance de la autorización:**<br><sub>Marque con el símbolo X dentro del cuadro que identifica el párrafo que se refiere al alcance de la autorización que confiere.</sub><br><br>☐ Tercer párrafo del artículo 1069 del Código de Comercio<br>☒ Penúltimo párrafo del artículo 1069 del Código de Comercio |
| **Nombre del autorizante:**<br>**1) ROVOP, INC., (2) HORNBECK OFFSHORE SERVICES DE MÉXICO, S. DE R.L. DE C.V. Y (3) UTEC SURVEY, INC.**<br><sub>Escriba completo el nombre de la parte que autoriza.</sub><br>**Nombre del autorizado:**<br>Francisco Alberto Ladino Chávez<br><sub>Escriba completo el nombre de la persona física autorizada.</sub><br><br>**Cédula profesional:**<br>No aplica<br><sub>Escriba los datos del documento que acredita que la persona autorizada está legalmente facultada para ejercer la profesión de abogado o licenciado en derecho.</sub><br><br>**Alcance de la autorización:**<br><sub>Marque con el símbolo X dentro del cuadro que identifica el párrafo que se refiere al alcance de la autorización que confiere.</sub><br><br>☒ Tercer párrafo del artículo 1069 del Código de Comercio<br>☒ Penúltimo párrafo del artículo 1069 del Código de Comercio | **Nombre del autorizante:**<br>**1) ROVOP, INC., (2) HORNBECK OFFSHORE SERVICES DE MÉXICO, S. DE R.L. DE C.V. Y (3) UTEC SURVEY, INC.**<br><sub>Escriba completo el nombre de la parte que autoriza.</sub><br>**Nombre del autorizado:**<br>Alejandro Acevedo Juárez<br><sub>Escriba completo el nombre de la persona física autorizada.</sub><br><br>**Cédula profesional:**<br>No aplica<br><sub>Escriba los datos del documento que acredita que la persona autorizada está legalmente facultada para ejercer la profesión de abogado o licenciado en derecho.</sub><br><br>**Alcance de la autorización:**<br><sub>Marque con el símbolo X dentro del cuadro que identifica el párrafo que se refiere al alcance de la autorización que confiere.</sub><br><br>☐ Tercer párrafo del artículo 1069 del Código de Comercio<br>☒ Penúltimo párrafo del artículo 1069 del Código de Comercio |
| <<Área de pegado>> | |

---

## Identificación y domicilios del comerciante demandado
### Artículo 22, fracción III de la LCM

**Nombre del comerciante:**
DREBBEL DE MÉXICO, S. DE R.L. DE C.V.

<sub>Escriba completo el domicilio que determina competencia por territorio en la jurisdicción del Juez de Distrito ante quien se presenta la demanda.</sub>

Domicilio del comerciante que determina competencia:

Calle 35 B, Manzana M, Lote 4, Fraccionamiento Malibran, Código postal 24118, en Ciudad del Carmen, Campeche.

Escriba completo el domicilio que determina competencia por territorio en la jurisdicción del Juez de Distrito ante quien se presenta la demanda.

Elija una sola de las seis opciones siguientes pulsando en el botón que antecede al título de la opción cuyo contenido se identifica con la situación del comerciante que solicita ser declarado en concurso mercantil y proporcione la información que corresponda.

### Opción 1

    ○    Persona física

Artículos 4º, fracción III y 17, párrafo primero, así como 13 de la LCM.

A continuación elija una sola de las opciones pulsando en el botón que antecede al párrafo cuyo contenido se identifica con el domicilio que señala.

    ○  Domicilio del establecimiento principal de la empresa
    ○  Domicilio donde vive, por carecer de establecimiento principal
    ○  Domicilio donde vive, en defecto del establecimiento principal, al haber suspendido o terminado la operación de su empresa

### Opción 2

    ○    Sucesión de persona física titular de una empresa

Artículos 4º, fracción III y 17, párrafo primero, así como 12 de la LCM.

A continuación elija una sola de las opciones pulsando en el botón que antecede al párrafo cuyo contenido se identifica con el domicilio que señala.

    ○  Domicilio de la empresa que continúa en operación
    ○  Domicilio del albacea de la sucesión porque la empresa suspendió operaciones

### Opción 3

    ○    Socio ilimitadamente responsable

Artículos 4º, fracción III y 17, párrafo primero, así como 14 de la LCM.

Al elegir esta opción 3 automáticamente se marcará la frase siguiente, cuyo contenido debe identificarse con el domicilio que señala.

    ○  Domicilio donde vive

### Opción 4



    X    Sociedad mercantil

Artículos 4º, fracción III y 17, párrafo primero de la LCM.

A continuación elija una sola de las opciones pulsando en el botón que antecede al párrafo cuyo contenido se identifica con el domicilio que señala.

    X  Domicilio social
    ○  Domicilio en donde se tiene la administración principal de la empresa, ante la irrealidad del domicilio social

### Opción 5

    ○    Sucursal de sociedad extranjera

Artículos 4º, fracción III y 17, párrafo primero, así como 16 de la LCM.

Al elegir esta opción 5 automáticamente se marcará la frase siguiente, cuyo contenido debe identificarse con el domicilio que señala.

    ○  Domicilio de la sucursal en donde se tiene la administración principal

### Opción 6

    ○    Patrimonio fideicomitido

Artículos 4º, fracción III y 17, párrafo primero, de la LCM así como 381 y 391 de la Ley General de Títulos y Operaciones de Crédito.

A continuación elija una sola de las opciones pulsando en el botón que antecede al párrafo cuyo contenido se identifica con el domicilio que señala.

○ Domicilio social de la fiduciaria

○ Domicilio en donde se tiene la administración principal de la actividad empresarial a la que está afecto el patrimonio fideicomitido

Sólo en el evento de haber elegido entre las seis opciones anteriores la de "Sociedad mercantil" y respecto de esta se actualice alguna de las situaciones que en los dos recuadros siguientes se describen, elija una sola de las opciones pulsando en el botón que antecede al párrafo cuyo contenido se identifica con la situación societaria que guarda y proporcione la información que se solicita.

○ Sociedad mercantil integrante de un grupo societario respecto de la cual se demanda sea declarada en concurso mercantil, sucesivamente respecto de otra(s) integrante(s) del grupo societario conforme al artículo 15 Bis de la LCM:

Elija una sola de las dos opciones siguientes pulsando el botón que antecede al párrafo cuyo contenido se identifica con la información que complemente la descripción de la situación societaria que guarda la sociedad mercantil respecto de la cual se demanda sea declaración en concurso mercantil y después de la palabra "denominada", escriba la razón social o denominación de la sociedad mercantil a que se refiera.

○ controladora de otra sociedad mercantil denominada

Haga clic aquí para escribir texto.

○ controlada por otra sociedad mercantil denominada

Haga clic aquí para escribir texto.

Después de las palabras "...de la sociedad mercantil...", escriba nuevamente la denominación o razón social de la persona moral a que hizo referencia en la opción que antecede y después de la palabra "expediente", escriba el número correspondiente.

El domicilio proporcionado como determinante de competencia es el de la sociedad mercantil

No aplica.

respecto de la cual está previamente presentado un procedimiento de concurso mercantil en ese juzgado, bajo el expediente

No aplica.

Artículos 4º, fracción III y 17, párrafo segundo de la LCM.



○ Sociedad mercantil integrante de un grupo societario respecto de la cual se demanda sea declarada en concurso mercantil, conjuntamente con otra(s) integrante(s) del grupo societario conforme al artículo 15 Bis de la LCM.

Elija una sola de las dos opciones siguientes pulsando el botón que antecede al párrafo cuyo contenido se identifica con la información que complementa la descripción de la situación societaria que guarda la sociedad demandada y escriba la razón social o denominación de la(s) sociedad(es) mercantil(es) a que se refiera, después de la palabra "denominada(s)".

○ controladora de otra(s) sociedad(es) mercantil(es) denominada(s)

Haga clic aquí para escribir texto.

○ controlada por otra sociedad mercantil denominada

Haga clic aquí para escribir texto.

El domicilio proporcionado como determinante de competencia es de:

Elija una sola de las tres opciones siguientes pulsando el botón que antecede al párrafo cuyo contenido se identifica con las circunstancias que privan respecto del domicilio que señala.

Sólo en el evento de haber elegido la opción 3, después de la palabra "denominada", escriba la razón social o denominación de la sociedad mercantil a que se refiera.

Opción 1

○ La sociedad demandada integrante del grupo societario del que forman parte otras sociedades demandadas conjuntamente y del que es controladora. Artículo 4º, fracción III y 17, párrafo segundo de la LCM.

Opción 2

○ La sociedad demandada, porque el demandante considera que es la sociedad integrante del grupo societario que se ubica primero en los supuestos de los artículos 10, 11 de la LCM. Artículo 4º, fracción III y 17, párrafo tercero de la LCM.

Opción 3

○ Otra sociedad demandada conjuntamente, denominada Haga clic aquí para escribir texto., porque

| | el demandante considera que es la sociedad integrante del grupo societario que se ubica primero en los supuestos de los artículos 10, 11 de la LCM. Artículo 4°, fracción III y 17, párrafo tercero de la LCM. |
|---|---|

Otros domicilios del comerciante demandado:

Calle 35 B, Manzana M, Lote 4, Fraccionamiento Malibrán, Código postal 24118, en Ciudad del Carmen, Campeche.

Escriba completo el domicilio que, dentro de la jurisdicción del Juzgado de Distrito, debe designar para recibir notificaciones.

Social, oficinas, establecimientos, sucursales, plantas, almacenes y/o bodegas, así como, si se trata de persona física el domicilio en donde vive:

Sucursal en Avenida Hermanos Serdán número 4, Manzana M, Lote 4, Fraccionamiento Malibrán, Código postal 24118, en Ciudad del Carmen, Campeche, lo que se puede corroborar de la página de internet de la propia comerciante http://drebbel.com.mx correspondiente a su sitio oficial.

Si lo conoce, escriba completo el domicilio de cada una de las diversas oficinas y establecimientos del comerciante respecto del cual demanda que sea declarado en concurso mercantil.

Administración principal:

Calle 35 B, Manzana M, Lote 4, Fraccionamiento Malibran, Código postal 24118, en Ciudad del Carmen, Campeche.

Si lo conoce, escriba completo el domicilio en el que tenga su administración principal el comerciante respecto del cual demanda que sea declarado en concurso mercantil, aun cuando este no sea determinante para fincar competencia.

## Calidad de comerciante

De conformidad con lo dispuesto por los artículos 4°y 9°de la LCM, sólo los comerciantes podrán ser declarados en concurso mercantil.

En términos de lo dispuesto en la fracción II del artículo 4°de la LCM, por comerciante se entiende a la persona física o moral que tenga ese carácter conforme al Código de Comercio e incluye en ese concepto al patrimonio fideicomitido cuando se afecte a la realización de actividades empresariales.

De conformidad con lo dispuesto por el artículo 12 de la LCM, la sucesión del comerciante podrá ser declarada en concurso mercantil cuando la empresa de la cual el comerciante era titular continúe en operaciones o suspendidas, no hayan prescrito las acciones de los acreedores.

Conforme a lo establecido en el artículo 14 de la LCM, la declaración de concurso mercantil de una sociedad determina que los socios ilimitadamente responsables sean considerados para todos los efectos en concurso mercantil.



Elija una sola de las seis opciones siguientes pulsando el botón que antecede a las circunstancias que se actualizan respecto de la persona que demanda sea declarada en concurso mercantil y describa en el formato LP3/1, 22, 23 y 23 Bis Anexo 3, los documentos que, en su caso, acompañe para acreditar la calidad de comerciante de la demandada.

El (la) demandante considera que la demandada es comerciante en razón de que es:

Opción 1

    ○      Una persona física con capacidad legal para ejercer el comercio y hace de él su ocupación ordinaria;

Opción 2

     ○    La sucesión de la persona física titular de una empresa que:

En caso de haber elegido esta opción, a continuación pulse el botón que antecede a las circunstancias de operación que privan sobre la empresa de la persona física autora de la sucesión.

       ○    Continúa en operación;
       ○    Ha suspendido sus operaciones y no han prescrito las acciones de los acreedores;

Solamente que haya elegido cualquiera de las dos opciones anteriores, a continuación exprese las circunstancias o características que, en términos de lo previsto por la fracción I del artículo 3° del Código de Comercio y la fracción II del artículo 4° de la LCM, dan calidad de comerciante a la persona física demandada o a la persona física autora de la sucesión demandada.

    Haga clic aquí para escribir texto.

Opción 3

     X    Una sociedad constituida con arreglo a las leyes mercantiles;

Opción 4

    ○    Un socio ilimitadamente responsable de la sociedad denominada Haga clic aquí para escribir texto., conjuntamente demandada;

Escriba después de las palabras "sociedad denominada" el nombre de la sociedad demandada conjuntamente con sus socios ilimitadamente responsables.

Opción 5

    ○    Una sociedad extranjera o agencia o sucursal de ésta, que ejerce actos de comercio dentro del territorio nacional;

Opción 6

    ○    Patrimonio fideicomitido con actividad empresarial.

Solamente que haya elegido esta opción, a continuación describa las características del objeto del fideicomiso que, en términos de lo previsto por la fracción II del artículo 4° la LCM, determinen que la actividad a que está afecto el patrimonio fideicomitido, es empresarial.

    Haga clic aquí para escribir texto.

---

☐ **Acumulación de procedimientos. Sección 1**



De conformidad con lo establecido por los artículos 14, 15 y 15 Bis de la LCM, es posible que se tramiten acumulados pero por cuerda separada los procedimientos de concurso mercantil de una o más personas en razón de la situación de relación corporativa o de responsabilidad ilimitada que guarden.

Si es el caso, marque con el símbolo X dentro del cuadro que antecede al título de este apartado.

Proporcione la información que se solicita a continuación y llene el formato LP3/21, 22, 23 y 23 Bis /Sección 1.

Pulse el botón que antecede al párrafo que identifica a la situación de acumulación que se actualiza y complemente la información que corresponda.

  ○  Se pide acumulación del procedimiento que se inicie con esta demanda al procedimiento radicado ante ese Juzgado NO APLICA☐, bajo el expediente Haga clic aquí para escribir texto., relativo al procedimiento de concurso mercantil del comerciante Haga clic aquí para escribir texto. toda vez que, de los supuestos previstos por los artículos 14, 15 y 15 Bis de la LCM, respecto de la demandada se actualizan los que se especifican en el formato LP3/21, 22, 23 y 23 Bis/Sección 1.

  ○  Se pide acumulación del procedimiento que se inicie con esta demanda al (a los) procedimiento(s) del (de los) comerciante(s) NO APLICA☐ que se inicie(n) respecto de las demandas de declaración de concurso mercantil que, conjuntamente se presenta(n), toda vez que, de los supuestos previstos por los artículos 14, 15 y 15 Bis de la LCM, respecto de la demandada se actualizan los que se especifican en el formato LP3/21, 22, 23 y 23 Bis/Sección 1.

---

| **Narración de hechos** |
| --- |

---

### A. DREBBEL DE MÉXICO, S. DE R.L. DE C.V. y su domicilio social.

1. DREBBEL DE MÉXICO, S. DE R.L. DE C.V. (en lo sucesivo, "DREBBEL") es una persona moral comerciante dedicada a brindar servicios, y soluciones integrales a la industria marítima, **con domicilio social en Ciudad del Carmen, Estado de Campeche.**

   Este hecho se acredita con:

   a) La documental consistente en copia certificada del Contrato Marco para la prestación de Servicios de Soporte ROV, celebrado entre la comerciante y ROVOP de fecha 14 de septiembre de 2018, que se acompaña como **Anexo 1.1**, de cuya hoja 3 se desprende dicho domicilio:

   > **Drebbel de México**, una sociedad registrada en México con número de registro DME160311BH7 y con oficinas registradas en Calle 35 B Manzana M Lote 4, Fracc Malibran, Cd, del Carmen, Campeche 24118, México (en lo sucesivo denominada la "Sociedad"), y

   b) Las documentales consistentes en las facturas que se acompañan como parte integral de los **Anexos 1.3, 1.4, 1.5, 1.6, 1.7, 1.8, 1.9, 1.12, 1.13, 1.16, 1.17, 1.18, 1.21, 1.22, 2.4, 2.5, 2.6, 2.7, 2.8, 2.9, 2.10, 2.11, 2.12, 2.13, 2.14, 3.2 y 3.3** de las cuales se desprende que su domicilio fiscal se encuentra en Ciudad del Carmen, Campeche.

   c) La impresión original de la página de internet http://drebbel.com.mx correspondiente al sitio oficial de Drebbel de México, S. de R.L. de C.V., que se acompaña como **Anexo 3.1.1**, lo que además es un hecho notorio y conocido para su Señoría al ser dicha comerciante una sociedad conocida en el Estado de Campeche, por los servicios que ofrece a la industria Marítima.



### Origen, monto del crédito vencido a favor de ROVOP, INC.

2. ROVOP, INC., (en lo sucesivo, "ROVOP") es una persona moral comerciante constituida conforme a las leyes de Texas, Estados Unidos, que cuenta con tecnología robótica y una flota de vehículos submarinos operados de forma remota, ofreciendo el suministro de dichos equipos y el personal capacitado para prestar sus servicios, avance tecnológico y aplicación.

   Este hecho se acredita con la documental pública que se acompaña al presente escrito como **Anexo 4.1**, donde consta el poder otorgado por ROVOP a favor del suscrito.

3. Con fecha 14 de septiembre de 2018, ROVOP y la comerciante celebraron un Contrato Marco para la prestación de Servicios de Soporte ROV, donde de forma general se pactaron los términos y condiciones para la prestación de los servicios, y la contraprestación que debe pagar la comerciante. Básicamente en dicho contrato ROVOP se obligó a prestar servicios de soporte para la comerciante, suministrándole el equipo y personal necesario para su operación, de conformidad con cada "Pedido Abierto de Aprovisionamiento" que fuera convenido entre ambas partes.

   Este hecho se acredita con la prueba documental consistente en copia certificada de dicho Contrato Marco, que se acompaña junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés, como **Anexo 1.1**.

4. De conformidad con el Contrato Marco referido, ambas partes celebraron los siguientes Pedidos Abiertos de Aprovisionamiento para la prestación de los servicios requeridos por la comerciante:

5. Pedido abierto de aprovisionamiento para la prestación de Servicios de Soporte ROV no. 1739-19-1R1.0, a bordo del buque Hornbeck -HOS- Ridgewind, que se acompaña en copia certificada junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés, como **Anexo 1.2**.

6. Pedido abierto de aprovisionamiento para la prestación de Servicios de Soporte ROV no. P1676-19-1R2.0, a bordo del buque Global Orion, que se acompaña en copia certificada junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés, como **Anexo 1.11**.

7. Pedido abierto de aprovisionamiento para la prestación de Servicios de Soporte ROV no. 1845-19-1R1.0, a bordo del buque HOS Bayou, que se acompaña en copia certificada junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés, como **Anexo 1.15**.

8. Pedido abierto de aprovisionamiento para la prestación de Servicios de Soporte ROV no. 1638-19-1R1.0, a bordo del buque Nautla, que se acompaña en copia certificada junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés, como **Anexo 1.20**.

9. En cumplimiento del Contrato Marco, y cada uno de los Pedidos abiertos de aprovisionamiento referidos en los incisos a), b), c) y d) del numeral anterior, ROVOP prestó los servicios requeridos por la comerciante durante los siguientes periodos:

| Pedido de Aprovisionamiento | Buque | Periodo en el que se prestaron los servicios |
|---|---|---|
| No. 1676-19-1R2.0 | Global Orion | Mayo y Junio de 2019 |
| No. 1739-19-1R1.0 | HOS Ridgewind | Mayo, Junio, Julio, Agosto, Septiembre y Octubre de 2019 |

| No. 1845-19-1R1.0 | HOS Bayou | Agosto, Septiembre y octubre de 2019. |
|---|---|---|
| No. 1638-19-1R1.0 | Nautla | Mayo y Junio de 2019 |

Lo anterior se acredita con las documentales consistentes en copia certificada de los reportes diarios que se acompañan como parte integral de los **Anexos 1.3, 1.4, 1.5, 1.6, 1.7, 1.8, 1.9, 1.12, 1.13, 1.16, 1.17, 1.18, 1.21 y 1.22,** junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés, respectivamente.

10. Ahora bien, los términos del pago por los servicios prestados de acuerdo con cada Pedido abierto de aprovisionamiento convenido entre las partes se pactaron en la cláusula 6 del Contrato Marco que dispone:

> *6.Remuneración*
>
> *6.1 Por la prestación satisfactoria de los Servicios, la Contratista recibirá el pago de las tarifas aplicables que se especifiquen en el Pedido Abierto de Aprovisionamiento. La contratista presentará sus facturas junto con todos los formatos, facturas, documentos u otra información que la Sociedad requiera razonablemente) de conformidad con el Pedido Abierto de Aprovisionamiento aplicable. La Sociedad pagará las facturas no controvertidas dentro de 30 (treinta) días a partir de la fecha de facturación; sin embargo, si una parte de alguna factura es controvertida, la Sociedad deberá notificar a la Contratista dentro de siete (7) días de la esencia de dicha controversia y pagará únicamente el valor no controvertido de la misma dentro del período especificado. Posteriormente, las Partes negociarán y resolverán de buena fe la parte controvertida sin demoras injustificadas y, posteriormente, la Sociedad remitirá el saldo que se determine se adeuda a la Contratista dentro de los siete (7) días posteriores a la fecha de la resolución.*

11. Conforme a esta cláusula, debido a que DREBBEL no objetó las facturas que se identifican en los numerales 8, 10, 12 y 14 siguientes, ésta se encontraba obligada a pagarlas dentro de los 30 días siguientes a la fecha de facturación.

12. Con motivo de la prestación de los servicios a bordo del buque HOS Ridgewind, de conformidad con el pedido de aprovisionamiento no. 1739-19-1R1.0, convenido por las partes, ROVOP expidió las facturas que se identifican enseguida:

a) Factura número 1739-2 a cargo de DREBBEL, por un monto total de $275,162.29 USD (Doscientos setenta y cinco mil ciento sesenta y dos dólares 29/100, Moneda en curso legal en los Estados Unidos de América), por los servicios prestados a bordo de dicha embarcación durante el mes de mayo de 2019.

Este hecho se acredita con la documental consistente en la factura que se acompaña como **Anexo 1.3.**

b) Factura número 1739-3 a cargo de DREBBEL, por un monto total de $164,212.00 USD (Ciento sesenta y cuatro mil doscientos doce dólares 00/100, Moneda en curso legal en los Estados Unidos de América), por los servicios prestados a bordo de dicha embarcación durante el mes de junio de 2019.

Este hecho se acredita con la documental consistente en la factura que se acompaña como **Anexo 1.4.**

c) Factura número 1739-4 a cargo de DREBBEL, por un monto total de $326,653.00 USD (Trescientos veintiseis mil seiscientos cincuenta y tres dólares 00/100, Moneda en curso legal en los Estados Unidos de América), por los servicios prestados a bordo de dicha embarcación durante el mes de julio de 2019.

Este hecho se acredita con la documental consistente en la factura que se acompaña como **Anexo 1.5.**

d) Factura número 1739-5 a cargo de DREBBEL, por un monto total de $317,953.00 USD (Trescientos diecisiete mil novecientos cincuenta y tres dólares 00/100, Moneda en curso legal en los Estados Unidos de América), por los servicios prestados a bordo de dicha embarcación durante el mes de agosto de 2019.

Este hecho se acredita con la documental consistente en la factura que se acompaña como **Anexo 1.6.**

e) Factura número 1739-6A a cargo de DREBBEL, por un monto total de $291,500.00 USD (Doscientos noventa y un mil quinientos dólares 00/100, Moneda en curso legal en los Estados Unidos de América), por los servicios prestados a bordo de dicha embarcación durante el mes de septiembre de 2019.

Este hecho se acredita con la documental consistente en la factura que se acompaña como **Anexo 1.7.**

f) Factura número 1739-6B a cargo de DREBBEL, por un monto total de $81,312.58 USD (Ochenta y un mil trescientos doce dólares 58/100, Moneda en curso legal en los Estados Unidos de América), por los servicios prestados a bordo de dicha embarcación durante el mes de septiembre de 2019, para la desmovilización del equipo XLX86.

Este hecho se acredita con la documental consistente en la factura que se acompaña como **Anexo 1.8.**

g) Factura número 1739-7 a cargo de DREBBEL, por un monto total de $104,520.00 USD (Ciento cuatro mil quinientos veinte dólares 00/100, Moneda en curso legal en los Estados Unidos de América), por los servicios prestados a bordo de dicha embarcación durante el mes de octubre de 2019.

Este hecho se acredita con la documental consistente en la factura que se acompaña como **Anexo 1.9.**

13. Cabe señalar que las facturas referidas en los incisos a) a g) anteriores, fueron enviadas a la comerciante y recibidas por ésta, mediante diversos correos electrónicos que contienen adjuntas dichas facturas, tal y como se acredita con la impresión original de dichos mensajes de datos en que se acompañan como **anexo 1.10**, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés, y los archivos en formato original de dichos mensajes de datos correspondientes a su impresión, respectivamente. Debido a que no es posible subir este tipo de archivos (.eml) mediante el Portal de Servicios en Línea del Poder Judicial de la Federación, se hacen acompañar en el siguiente hipervínculo en el que se podrán descargar: https://www.dropbox.com/sh/k956b9y9xlsohhd/AAAZeZGL2L0EjkjxUzfHPh_2a?dl=0, a efecto de que su Señoría pueda revisarlos.

14. Con motivo de la prestación de los servicios a bordo del buque Global Orion, de conformidad con el pedido de aprovisionamiento no. P1676-19-1R2.0, convenido por las partes, ROVOP expidió las facturas que se identifican enseguida:

a) Factura número 1676-3 a cargo de DREBBEL, por un monto total de $189,300.00 USD (Ciento ochenta y nueve mil trescientos dólares 00/100, Moneda en curso legal en los Estados Unidos de América), por los servicios prestados a bordo de dicha embarcación durante el mes de mayo de 2019.

Este hecho se acredita con la documental consistente en la factura que se acompaña como **Anexo 1.12.**

b) Factura número 1676-4 a cargo de DREBBEL, por un monto total de $35,300.00 USD (Treinta y cinco mil trescientos dólares 00/100, Moneda en curso legal en los Estados Unidos de América), por los servicios prestados a bordo de dicha embarcación durante el mes de junio de 2019.

Este hecho se acredita con la documental consistente en la factura que se acompaña como **Anexo 1.13.**

15. Cabe señalar que las facturas referidas en los incisos a) y b) anteriores, fueron enviadas a la comerciante y recibidas por ésta, mediante diversos correos electrónicos que contienen adjuntas dichas facturas, tal y como se acredita con la impresión original de dichos mensajes de datos que en su conjunto se acompañan como **anexo 1.14**, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés, y los archivos en formato original de dichos mensajes de datos correspondientes a su impresión, respectivamente. Debido a que no es posible subir este tipo de archivos (.eml) mediante el Portal de Servicios en Línea del Poder Judicial de la Federación, se hacen acompañar en el siguiente hipervínculo en el que se podrán descargar: https://www.dropbox.com/sh/k956b9y9xlsohhd/AAAZeZGL2L0EjkjxUzfHPh_2a?dl=0, a efecto de que su Señoría pueda revisarlos.

16. Con motivo de la prestación de los servicios a bordo del buque HOS Bayou, de conformidad con el pedido de aprovisionamiento no. 1845-19-1R1.0, convenido por las partes, ROVOP expidió las facturas que se identifican enseguida:

a) Factura número 1845-1 a cargo de DREBBEL, por un monto total de $189,300.00 USD ($211,700.00 USD (Doscientos once mil setecientos dólares 00/100, Moneda en curso legal en los Estados Unidos de América), por los servicios prestados a bordo de dicha embarcación durante el mes de agosto de 2019.

Este hecho se acredita con la documental consistente en la factura que se acompaña como **Anexo 1.16.**

b) Factura número 1845-2 a cargo de DREBBEL, por un monto total de $297,450.00 USD (Doscientos noventa y siete mil cuatrocientos cincuenta dólares 00/100, Moneda en curso legal en los Estados Unidos de América), por los servicios prestados a bordo de dicha embarcación durante el mes de septiembre de 2019.

Este hecho se acredita con la documental consistente en la factura que se acompaña como **Anexo 1.17.**

c) Factura número 1845-3 a cargo de DREBBEL, por un monto total de $95,658.30 USD (Noventa y cinco mil seiscientos cincuenta y ocho dólares 30/100, Moneda en curso legal en los Estados Unidos de América), por los servicios prestados a bordo de dicha embarcación durante el mes de octubre de 2019.

Este hecho se acredita con la documental consistente en la factura que se acompaña como **Anexo 1.18.**

17. Cabe señalar que las facturas referidas en los incisos a), b) y c) anteriores, fueron enviadas a la comerciante y recibidas por ésta, mediante diversos correos electrónicos que contienen adjuntas dichas facturas, tal y como se acredita con la impresión original de dichos mensajes de datos que en su conjunto se acompañan como **anexo 1.19**, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés, y los archivos en formato original de dichos mensajes de datos correspondientes a su impresión, respectivamente. Debido a que no es posible subir este tipo de archivos (.eml) mediante el Portal de Servicios en Línea del Poder Judicial de la Federación, se hacen acompañar en el siguiente hipervínculo en el que se podrán descargar: https://www.dropbox.com/sh/k956b9y9xlsohhd/AAAZeZGL2L0EjkjxUzfHPh_2a?dl=0; a efecto de que su Señoría pueda revisarlos.

18. Con motivo de la prestación de los servicios a bordo del buque Nautla, de conformidad con el pedido de aprovisionamiento no. 1638-19-1R1.0, convenido por las partes, ROVOP expidió las facturas que se identifican enseguida:

a) Factura número 1638-4 a cargo de DREBBEL, por un monto total de $334,403.00 USD (Trescientos treinta y cuatro mil cuatrocientos tres dólares 00/100, Moneda en curso legal

en los Estados Unidos de América), por los servicios prestados a bordo de dicha embarcación durante el mes de mayo de 2019.

Este hecho se acredita con la documental consistente en la factura que se acompaña como **Anexo 1.21.**

b) Factura número 1638-5 a cargo de DREBBEL, por un monto total de $155,655.00 USD (Ciento cincuenta y cinco mil seiscientos cincuenta y cinco dólares 00/100, Moneda en curso legal en los Estados Unidos de América), por los servicios prestados a bordo de dicha embarcación durante el mes de junio de 2019.

Este hecho se acredita con la documental consistente en la factura que se acompaña como **Anexo 1.22.**

19. Cabe señalar que las facturas referidas en los incisos a) y b) anteriores, fueron enviadas  a la comerciante y recibidas por ésta, mediante diversos correos electrónicos que contienen adjuntas dichas facturas, tal y como se acredita con la impresión original de dichos mensajes de datos que en su conjunto se acompañan como **anexo 1.23**, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés, así los archivos en formato original de dichos mensajes de datos correspondientes a su impresión, respectivamente. Debido a que no es posible subir este tipo de archivos (.eml) mediante el Portal de Servicios en Línea del Poder Judicial de la Federación, se hacen acompañar en el siguiente hipervínculo en el que se podrán descargar: https://www.dropbox.com/sh/k956b9y9xlsohhd/AAAZeZGL2L0EjkjxUzfHPh_2a?dl=0; a efecto de que su Señoría pueda revisarlos.

20. Es importante destacar que la comerciante ofreció a ROVOP un "pago de liquidación" por un monto de USD$1,300,000.00 (un millón trescientos mil dólares 00/100 Moneda de los Estados Unidos de América), menor al realmente adeudado, el cual es su momento fue aceptado por ROVOP, condicionado a que dicho monto fuese cubierto en su totalidad a más tardar el 10 de julio de 2020, sin embargo, DREBBEL únicamente realizó dos pagos parciales por un monto total de USD$800,000.00 (ochocientos mil dólares 00/100 moneda de los Estados Unidos de América).

Este hecho se acredita con la impresión original del mensaje de datos que se acompaña como **anexo 1.24**, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.

21. Cabe señalar que en un último intento por parte de ROVOP de liquidar los USD$500,000.00 (quinientos mil dólares 00/100 Moneda de los Estados Unidos de América) conforme al "pago de liquidación" ofrecido por la comerciante, el día 03 de diciembre de 2020, se llevó a cabo la diligencia de notificación del escrito consistente en el requerimiento de pago de dicha cantidad a la comerciante fechado el 23 de noviembre de 2020, otorgándole el plazo de 07 días hábiles para que realizara una propuesta de pagos, sin que a la fecha haya recibido respuesta alguna por parte de DREBBEL.

Este hecho se acredita con el testimonio del acta 674, de la Notaría Pública número 14, en Ciudad del Carmen, Campeche, que contiene la fe de hechos realizada a solicitud de ROVOP, que se acompaña como **anexo 1.25.**

22. No obstante que ROVOP prestó los servicios solicitados por DREBBEL, y que le entregó las facturas identificadas en los numerales 8, 10, 12 y 14 anteriores, las cuales vencieron en términos de la cláusula 6 del Contrato Marco, a la fecha DREBBEL ha omitido realizar el pago restante de la cantidad adeudada por la prestación de los servicios, que se encuentra amparada en dichas facturas y los reportes diarios suscritos por la propia comerciante.

23. En consecuencia, a la fecha DREBBEL ha omitido realizar el pago total de las facturas emitidas por ROVOP a su cargo, teniendo en consecuencia un **adeudo vencido por la cantidad restante de USD$1,848,979.17 (un millón ochocientos cuarenta y ocho mil novecientos setenta y nueve dólares 17/100 Moneda de los Estados Unidos de América).**

**Origen, monto del crédito vencido a favor de
HORNBECK OFFSHORE SERVICES DE MÉXICO,
S. DE R. L. DE C.V.**

24. HORNBECK OFFSHORE SERVICES DE MÉXICO, S. DE R. L. DE C.V., (en lo sucesivo, "HORNBECK") es una persona moral cuyo objeto social entre otros, es la compraventa, arrendamiento, administración, operación, ensamble, desarme y valuación de todo tipo de embarcaciones y artefactos navales.

Este hecho se acredita con la documental pública que se acompaña al presente escrito como **Anexo 4.2** donde consta el poder otorgado por HORNBECK a favor del suscrito.

**Contrato de Fletamento respecto del buque HOS RIDGEWIND.**

25. Con fecha 01 de abril de 2019, HORNBECK y la comerciante celebraron un Contrato de Fletamento (alquiler o arrendamiento) "BIMCO" por tiempo para Buques de Servicio en Altamar, respecto del buque "HOS RIDGEWIND".

Este hecho se acredita con la documental consistente en copia certificada de dicho Contrato de Fletamento, que se acompaña junto con su traducción certificada al español por perito autorizado de su texto redactado en inglés, como **Anexo 2.1**

26. En dicho Contrato se pactó –apartado identificado con el numeral 20– que la tarifa del fletamento (alquiler) del buque "HOS RIDGEWIND" sería por la cantidad de USD $23,500.00 (Veintitres mil quinientos dólares 00/100 moneda de curso legal en Estados Unidos de América), por día.

27. Mi representada entregó el buque "HOS RIDGEWIND" fletado a la comerciante en dos periodos (i) del 21 de abril de 2019 al 16 de diciembre de 2019, y (ii) del 19 de marzo de 2020 al 25 de abril de 2020.

Este hecho se acredita con las documentales consistentes en copia certificada del certificado de inicio y el certificado de finalización del flete de la embarcación por los periodos señalados, que se acompañan junto con su traducción certificada al español por perito autorizado de su texto redactado en inglés, como **anexos 2.2 y 2.3**.

28. La comerciante dispuso de la embarcación sin restricción alguna, tripulándola, operándola y asumiendo su gestión náutica y comercial, sin embargo, la comerciante –fletadora– ha omitido realizar el pago de la contraprestación económica pactada en el "Contrato de Fletamento" por la renta y/o flete del buque arrendado, así como el monto por la operación de las grúas a bordo por los períodos y los montos que se detallan a continuación, y que fueron documentados a través de las facturas que se relacionan:

| Periodo de Fletamento | Monto adeudado (USD – Dólares Americanos) | Número de factura |
|---|---|---|
| 23/octubre/2019 al 07/noviembre/2019 | $443,700.00 | B-424 |
| 07/noviembre/2019 al 22/noviembre/2019 | $443,700.00 | B-457 |
| 22/noviembre/2019 al 07/diciembre/2019 | $443,700.00 | B-483 |
| 07/diciembre/2019 al 02/diciembre/2019 | $443,700.00 | B-508 |
| 19/marzo/2020 al 01/abril/2020 | $354,380.00 | B-632 |
| 01/abril/2020 al 16/abril/2020 | $408,900.00 | B-633 |
| 16/abril/2020 al 01/mayo/2020 | $408,900.00 | B-645 |

Lo anterior, se acredita con las facturas que se acompañan junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés, como **Anexos 2.4, 2.5, 2.6, 2.7, 2.8, 2.9 y 2.10,** y los archivos en formato electrónico (.xml) de dichas facturas, respectivamente. Debido a que no es posible subir este tipo de archivos (.xml) mediante el Portal de Servicios en Línea del Poder Judicial de la Federación, se hacen acompañar en el siguiente hipervínculo en el que se podrán descargar: https://www.dropbox.com/sh/k956b9y9xlsohhd/AAAZeZGL2L0EjkjxUzfHPh_2a?dl=0, a efecto de que su Señoría pueda revisarlos.

29. Cabe señalar que las facturas referidas, fueron enviadas a la comerciante y recibidas por ésta, mediante diversos correos electrónicos que contienen adjuntas dichas facturas, tal y como se acredita con la impresión original de dichos mensajes de datos que en su conjunto se acompañan como **anexo 2.11**, cuya traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés obra como parte integrante de los anexos **2.4, 2.5, 2.6, 2.7, 2.8, 2.9 y 2.10,** y los archivos en formato original de dichos mensajes de datos correspondientes a su impresión, respectivamente. Debido a que no es posible subir este tipo de archivos (.eml) mediante el Portal de Servicios en Línea del Poder Judicial de la Federación, se hacen acompañar en el siguiente hipervínculo en el que se podrán descargar: https://www.dropbox.com/sh/k956b9y9xlsohhd/AAAZeZGL2L0EjkjxUzfHPh_2a?dl=0, a efecto de que su Señoría pueda revisarlos.

30. No obstante que HORNBECK en múltiples ocasiones ha intentado llegar a un acuerdo con DREBBEL respecto del pago del monto adeudado, a la fecha no ha recibido pago alguno.

31. Por ello, en relación con el Contrato de Fletamento celebrado respecto la embarcación HOS RIDGEWIND, la Comerciante tiene un adeudo de obligaciones de pago vencidas con mi representada respecto de los fletes generados e identificados en el numeral 24, por un total de USD$2,946,980.00 (dos millones novecientos cuarenta y seis mil novecientos ochenta dólares 00/100 moneda de los Estados Unidos de América).

### Contrato de Fletamento celebrado respecto del buque HOS BAYOU.

32. Con fecha 27 de junio de 2019, HORNBECK y la comerciante celebraron un Contrato de Fletamento (alquiler o arrendamiento) "BIMCO" por tiempo para Buques de Servicio en Altamar, respecto del buque "HOS BAYOU".

Este hecho se acredita con la documental consistente en copia certificada de dicho Contrato de Fletamento, que se acompaña junto con su traducción certificada al español por perito autorizado de su texto redactado en inglés, como **Anexo 2.12.**

33. En dicho Contrato se pactó –apartado identificado con el numeral 20.- que la tarifa del fletamento (alquiler) del buque "HOS BAYOU" sería por la cantidad de USD $25,300.00 (Veinticinco mil trescientos dólares 00/100 moneda de curso legal en Estados Unidos de América), por día.

34. Mi representada entregó el buque "HOS BAYOU" fletado a la comerciante del 30 de julio de 2019 al 01 de noviembre de 2019.

Este hecho se acredita con las documentales consistentes en copia certificada del certificado de inicio y el certificado de finalización del flete de la embarcación, que se acompañan junto con su traducción certificada al español por perito autorizado de su texto redactado en inglés, como **anexos 2.13.**

35. La comerciante dispuso de la embarcación sin restricción alguna, tripulándola, operándola y asumiendo su gestión náutica y comercial, sin embargo, la comerciante –fletadora- ha omitido realizar el pago de la contraprestación económica pactada en el "Contrato de Fletamento" por la renta y/o flete del buque arrendado, así como el monto por la operación de las grúas a bordo por los períodos y los montos que se detallan a continuación, y que fueron documentados a través de las facturas que se relacionan:

| Periodo de Fletamento | Monto adeudado (USD – Dólares Americanos) | Número de factura |
|---|---|---|

| | | |
|---|---|---|
| 22/agosto/2019 al 06/septiembre/2019 | $483,720.00 | B-351 |
| 06/septiembre/2019 al 21/septiembre/2019 | $483,720.00 | B-359 |
| 06/octubre/2019 al 18/octubre/2019 | $386,976.00 | B-302 |
| 18/octubre/2019 al 02/noviembre/2019 | $483,720.00 | B-423 |

Lo anterior, se acredita con las facturas que se acompañan junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés, como **Anexos 2.14 2.15, 2.16, y 2.17,** y los archivos en formato electrónico (.xml) de dichas facturas, respectivamente. Debido a que no es posible subir este tipo de archivos (.xml) mediante el Portal de Servicios en Línea del Poder Judicial de la Federación, se hacen acompañar en el siguiente hipervínculo en el que se podrán descargar: https://www.dropbox.com/sh/k956b9y9xlsohhd/AAAZeZGL2L0EjkjxUzfHPh_2a?dl=0; a efecto de que su Señoría pueda revisarlos.

36. Cabe señalar que las facturas referidas, fueron enviadas a la comerciante y recibidas por ésta, mediante diversos correos electrónicos que contienen adjuntas dichas facturas, tal y como se acredita con la impresión original de dichos mensajes de datos que en su conjunto se acompañan como **anexo 2.18,** cuya traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés obre como parte integrante de los anexos **2.14, 2.15, 2.16 y 2.17,** y los archivos en formato original de dichos mensajes de datos correspondientes a su impresión, respectivamente. Debido a que no es posible subir este tipo de archivos (.eml) mediante el Portal de Servicios en Línea del Poder Judicial de la Federación, se hacen acompañar en el siguiente hipervínculo en el que se podrán descargar: https://www.dropbox.com/sh/k956b9y9xlsohhd/AAAZeZGL2L0EjkjxUzfHPh_2a?dl=0; a efecto de que su Señoría pueda revisarlos.

37. No obstante que HORNBECK en múltiples ocasiones ha intentado llegar a un acuerdo con DREBBEL respecto del pago del monto adeudado, a la fecha no ha recibido pago alguno.

38. Por ello, en relación con el Contrato de Fletamento celebrado respecto la embarcación HOS BAYOU, la Comerciante tiene un adeudo de obligaciones de pago vencidas con HORNBECK respecto de los fletes generados e identificados en el numeral 31, por un total de USD $1,838,136.00 (un millón ochocientos treinta y ocho mil ciento treinta y seis dólares 00/100 moneda de los Estados Unidos de América).

### MONTO TOTAL DEL ADEUDO VENCIDO POR EL FLETE DE LOS BUQUES HOS RIDGEWIND Y HOS BAYOU.

39. En consecuencia, a la fecha DREBBEL ha omitido realizar el pago de las facturas emitidas por HORNBECK a su cargo, teniendo en consecuencia un **adeudo vencido a su cargo por la cantidad total de USD$4,785,116.00 (Cuatro millones setecientos ochenta y cinco mil ciento dieciséis dólares 00/100, moneda en curso legal en los Estados Unidos de América).**

### Origen, monto del crédito vencido a favor de UTEC SURVEY, INC.

40. UTEC SURVEY, INC., (en lo sucesivo, "UTEC") es una persona moral comerciante que ofrece una amplia gama de servicios de levantamiento, posicionamiento y gestión de datos utilizando equipo y tecnología avanzada para los sectores marítimo y energético entre otros.

Este hecho se acredita con la documental pública que se acompaña al presente escrito como **Anexo 4.3,** donde consta el poder otorgado por UTEC a favor del suscrito.

41. Con fecha 26 de octubre de 2016, UTEC y la comerciante celebraron un Contrato Maestro para la Prestación de Servicios de Topología y Posicionamiento, donde de forma general se pactaron los términos y condiciones para la prestación de los servicios, y la contraprestación que debe pagar la comerciante. Basicamente en dicho contrato UTEC se obligó a prestar servicios de

soporte para la comerciante, suministrandole el personal y equipo necesario para sus operaciones.

Este hecho se acredita con la prueba documental consistente en copia certificada de dicho Contrato Marco, que se acompaña junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés, como **Anexo 3.1.**

42. A partir de la celebración del Contrato Maestro de Servicios, Drebbel y UTEC mantuvieron una relación comercial, en la que ésta última en diversas ocasiones le prestó servicios para el desarrollo de distintos proyectos mediante provisión de personal o equipo que tienen como finalidad el desarrollo de actividades de estudios de mercado y de posicionamiento.

43. Con motivo de la relación comercial existente entre las partes, UTEC emitió entre otras, las facturas que se identifican enseguida por la prestación de diversos servicios de provisión de personal y equipo a favor de Drebbel para el desarrollo del proyecto denominado como "*Shelia Bordelon*":

| Número de Factura | Monto (en dólares, moneda de los Estados Unidos de América) |
|---|---|
| 15021 | 485,337.87 |
| 15040 | 346,311.49 |

Este hecho se acredita con las documentales consistentes en copia certificada de las facturas que se acompañan como **Anexos 3.2 y 3.3.**

44. Las facturas referidas en el numeral anterior fueron enviadas a la comerciante mediante los siguientes correos electrónicos:

I. Mensaje de datos de 4 de junio de 2018, enviado por Simonette Lenze, empleada de UTEC, dirigido a Luis González Rul y a Idalis Villamizar, ambos empleados de Drebbel, mediante el cual se adjunto la factura 15021, para su conocimiento.



Este hecho se acredita con la impresión original de dicho mensaje de datos que se acompaña como parte integrante del **anexo 3.10**, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés, y el archivo en formato original de dicho mensaje de datos correspondiente a su impresión. Debido a que no es posible subir este tipo de archivos (.eml) mediante el Portal de Servicios en Línea del Poder Judicial de la Federación, se hacen acompañar en el siguiente hipervínculo en el que se podrán descargar: https://www.dropbox.com/sh/k956b9y9xlsohhd/AAAZeZGL2L0EjkjxUzfHPh_2a?dl=0; a efecto de que su Señoría pueda revisarlos.

II. Mensaje de datos de 3 de julio de 2018, enviado por Simonette Lenze, empleada de UTEC, dirigido a Luis González Rul y a Idalis Villamizar, ambos empleados de Drebbel, mediante el cual se adjunto la factura 15040, para su conocimiento.

Este hecho se acredita con la impresión original de dicho mensaje de datos que se acompaña como parte integrante del **anexo 3.10**, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés, y el archivo en formato original de dicho mensaje de datos correspondiente a su impresión. Debido a que no es posible subir este tipo de archivos (.eml) mediante el Portal de Servicios en Línea del Poder Judicial de la Federación, se hacen acompañar en el siguiente hipervínculo en el que se podrán descargar: https://www.dropbox.com/sh/k956b9y9xlsohhd/AAAZeZGL2L0EjkjxUzfHPh_2a?dl=0, a efecto de que su Señoría pueda revisarlos.

45. No obstante que Drebbel recibió los servicios prestados por parte de UTEC desde el año 2017 (tres años a la fecha) y, a pesar de haber realizado algunos pagos para disminuir su deuda, por un, lo cierto es que aun existe un remanente pendiente por la cantidad de **USD$349,939.28**

(trescientos cuarenta y nueve mil novecientos treinta y nueve 28/100 Moneda de los Estados Unidos de América), que corresponde:

a) Al monto total pendiente de pago de la factura no. 15040 por USD$346,311.49 (trescientos cuarenta y seis mil trescientos once dólares 49/100 Moneda de los Estados Unidos de América), y

b) Al saldo de la factura no. 15021 por un monto de USD$3,627.79 (tres mil seiscientos veintisiete dólares 79/100 Moneda de los Estados Unidos de América).

Cabe aclarar que una diversa factura no. 15068, por un monto de $24,110.14, fue pagada por la comerciante.

Lo anterior, como se desprende del Desglose de cuentas por cobrar vencidas a cargo de la comerciante al 10 de junio de 2020, en el que aparecen los montos pendientes de pago de Drebbel correspondientes a las facturas 15021 y 15040, que se acompaña como **Anexo 3.4**, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.

46. Cabe señalar que varios de los pagos realizados a UTEC fueron realizados por conducto de diversas personas morales a la comerciante, en concreto, por los terceros i) Empowermet Coach, S.A. de C.V., y ii) Grupo Arcora, S.A. de C.V., lo que acredita que presumiblemente la comerciante ha incurrido en prácticas ruinosas o fraudulentas en términos del artículo 11 de la Ley de Concursos mercantiles, en relación con el artículo 27, fracción III, de la Ley del Impuesto sobre la renta.

Este hecho se acredita con:

I. La copia certificada de la confirmación de la operación realizada el día 31 de julio de 2018, y de la confirmación de la operación realizada el día 01 de agosto de 2018, por Grupo Arcora, S.A. de C.V. que se acompañan como **anexos 3.7 y 3.8.**

II. El mensaje de datos de 7 de agosto de 2018, enviado por Sofia Hiller, empleada de Drebbel, dirigida a Margaret Yeats, empleada de UTEC, en el cual comunica la realización de un pago por la cantidad de USD $200,000.00 (doscientos mil 00/100 moneda de los Estados Unidos de América), y posteriormente solicita que dicha cantidad sea aplicada al pago de la factura 15021 (reconociendo tácitamente la existencia de un remanente pendiente de pago en dicha factura), que se acompaña como **anexo 3.9**, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés, y el archivo en formato original de dicho mensaje de datos correspondiente a su impresión. Debido a que no es posible subir este tipo de archivos (.eml) mediante el Portal de Servicios en Línea del Poder Judicial de la Federación, se hacen acompañar en el siguiente hipervínculo en el que se podrán descargar: https://www.dropbox.com/sh/k956b9y9xlsohhd/AAAZeZGL2L0EjkjxUzfHPh_2a?dl=0; a efecto de que su Señoría pueda revisarlos.

III. Copia certificada de la parte conducente del estado de cuenta emitido por la institución bancaria HSBC, donde se desprende la transferencia realizada por la sociedad Empowermet Coach, S.A. de C.V., el día 22 de febrero de 2019, por un monto de USD$87,690.00 dólares (ochenta y siete mil seiscientos noventa dólares Moneda de los Estados Unidos de América), que se acompaña como **anexo 3.5**, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés

IV. Copia certificada de la parte conducente del estado de cuenta emitido por la institución bancaria HSBC, donde se desprende la transferencia realizada por la sociedad Empowermet Coach, S.A. de C.V., el día 9 de julio de 2019, por un monto de USD$24,990.00 dólares (veinticuatro mil novecientos noventa dólares 00/100 Moneda de los Estados Unidos de América), que se acompaña como **anexo 3.6**, junto con su

traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés

47. Es el caso, que a la fecha la comerciante continúa sin realizar el pago restante a UTEC, no obstante que se han realizado diversas aproximaciones para lograr el pago de dicha cantidad y se ha buscado lograr a un acuerdo o esquema de pagos, sin que Drebbel demuestre interés alguno en realizar el pago correspondiente.

48. Por lo anterior, Drebbel adeuda a UTEC, con motivo de la prestación de diversos servicios, la cantidad vencida de **USD$349,939.28(trescientos cuarenta y nueve mil novecientos treinta y nueve 28/100 Moneda de los Estados Unidos de América).**

49. En consecuencia, de las probanzas referidas **se acreditan plenamente los extremos de la fracción II, del artículo 11 de la Ley de Concursos Mercantiles:**

*"Artículo 11.- **Se presumirá que un comerciante incumplió generalizadamente en el pago de sus obligaciones,** cuando se presente alguno de los siguientes casos: (...) II. **Incumplimiento en el pago de obligaciones a dos o más acreedores distintos;"**

## D. Situación de insolvencia en que se encuentra la comerciante demandada.

50. La Ley de Concursos Mercantiles dispone que basta la existencia de dos acreedores con créditos vencidos para que se presuma –salvo prueba en contrario- que el comerciante en cuestión es insolvente. Sobre este particular, el artículo 11 de dicha ley dispone:

*"Artículo 11.- Se presumirá que un Comerciante incumplió generalizadamente en el pago de sus obligaciones, cuando se presente alguno de los siguientes casos:*

*[...] II. **Incumplimiento en el pago de obligaciones a dos o más acreedores distintos**;"*
[Énfasis añadido]

51. En la especie, las tres acreedoras demandantes acreditan que existen créditos vencidos e insolutos a cargo de la comerciante demandada, con la documentación que se acompaña a la presente solicitud de demanda concursal.

52. Cabe señalar a su Señoría como es del conocimiento público que varias empresas como Drebbel se vieron afectadas a raíz de la contingencia sanitaria mundial a raíz del COVID-19, lo que ha generado que muchas empresas incumplan el pago de sus obligaciones y como acontece en la especie, hace presumir su insolvencia.

53. Sin embargo, sólo en la medida en que dichas empresas sean puestas en concurso mercantil, a efecto de que se supervise que no dilapiden sus bienes, se aminorará las consecuencias de dicha insolvencia a todo el sistema económico.

## Fundamentos de derecho

A continuación, después de la frase "...por los artículos..." exprese los artículos de la Ley de Concursos Mercantiles y los de cualquier otra ley aplicable, en los que sustenta la demanda que formula.

Esta demanda tiene fundamento en lo dispuesto por los artículos **10, 11** y demás relativos de la LCM, particularmente porque considero que se actualizan los supuestos previstos en la(s) fracción(es):

En seguida pulse el botón que antecede al párrafo o párrafos que identifique(n) el(los) supuesto(s) que, de las fracciones de los artículos 10 y 11 de la LCM, considere que se actualizan respecto del comerciante demandado.

Del artículo 10 de la LCM

X    I. De las obligaciones de pago vencidas, las que tienen por lo menos treinta días de haber vencido, representan el 35 % o más de todas las obligaciones de pago a su cargo a la fecha en que se haya presentado la demanda de concurso mercantil,

☐    II. No tiene activos tales como: efectivo en caja y depósitos a la vista; depósitos e inversiones a plazo cuyo vencimiento no sea superior a 90 días naturales posteriores a la fecha de presentación de la demanda; clientes y cuentas por cobrar cuyo plazo de vencimiento no sea superior a 90 días naturales posteriores a la fecha de presentación de la demanda; y títulos valores para los cuales se registren regularmente operaciones de compra y venta en los mercados relevantes, que pudieran ser vendidos en un plazo máximo de 30 días hábiles bancarios, cuya valuación a la fecha de la presentación de la solicitud sea conocida, para hacer frente a por lo menos el 80% de sus obligaciones vencidas a la fecha de presentación de la demanda de concurso mercantil,

Del artículo 11 de la LCM

☐    I. Inexistencia o insuficiencia de bienes en qué trabar ejecución al practicarse un embargo por el incumplimiento de una obligación o al pretender ejecutar una sentencia en su contra con autoridad de cosa juzgada.

X    II. Incumplimiento en el pago de obligaciones a dos o más acreedores distintos,

☐    III. Ocultación o ausencia, sin dejar al frente de la administración u operación de su empresa a alguien que pueda cumplir con sus obligaciones,

☐    IV. En iguales circunstancias que en el caso anterior, el cierre de los locales de su empresa,

☐    V. Acudir a prácticas ruinosas, fraudulentas o ficticias para atender o dejar de cumplir sus obligaciones,

☐    VI. Incumplimiento de obligaciones pecuniarias contenidas en un convenio celebrado en términos del Título Quinto de la LCM,

☐    VII. Cualquier otro de naturaleza análoga.
Haga clic aquí para escribir texto.
Describa aquí en que consiste el caso de naturaleza análoga.



## Solicitud

De conformidad con lo dispuesto en la fracción VI del artículo 22 de la LCM, la demanda de declaración de concurso mercantil, debe contener la solicitud de que se declare al comerciante en concurso mercantil sin mayor pretensión o, en su caso, en concurso mercantil en etapa de quiebra de conformidad con lo dispuesto en el artículo 21 de la misma LCM en el que se establece que podrá demandarse el concurso mercantil directamente en etapa de quiebra.

Para aportar la información conducente a la solicitud formal de que el comerciante demandado sea declarado en concurso mercantil y, en su caso, que el procedimiento inicie en etapa de quiebra, proporcione la información que a continuación se solicita.

En el espacio que aparece a continuación de la frase "…el comerciante…" escriba completo el nombre de la persona física o, en su caso, la denominación o razón social de la persona moral respecto de la cual se demanda que sea declarada en concurso mercantil.

En el espacio que aparece a continuación de la frase "…en etapa de…", escriba si solicita que, de considerarse fundada la declaración en concurso mercantil, se abra en etapa de conciliación o en quiebra.

El (los) promovente(s), solicita(n) que el comerciante demandado DREBBEL DE MÉXICO, S. DE R.L. DE C.V., sea declarado en concurso mercantil y se inicie en etapa de conciliación, en términos de lo dispuesto por los artículos 21, 22 y 23 de la LCM, toda vez que la demanda reúne los requisitos previstos por la ley y con los documentos que se aportan como prueba, se acredita el incumplimiento generalizado de las obligaciones de pago en que incurrió el comerciante demandado.

## Anexos

De conformidad con lo dispuesto por el artículo 22, 23 y 23 Bis de la LCM, además de presentarse en la forma que se indica y de contener lo que en esos artículos se prevé, la demanda de concurso mercantil debe acompañarse de los anexos que se relacionan en este apartado. Para cada uno de ellos se ha diseñado por lo menos una carátula útil para identificarlos así como, en su caso, para indicar y organizar la información que deben contener.

Utilice los formatos diseñados para cada caso.

En cada uno de los renglones pulse el botón que identifique el título del anexo de los documentos que acompaña. Cuando por la naturaleza del comerciante o circunstancias jurídicas particulares, no se adjunta la documentación, pulse el botón que se encuentra en la columna denominada "No aplica" y en el formato correspondiente, cuando sea el caso, exprese las razones por las que no se exhibe.

| Clave | Número | Título | | No aplica |
|---|---|---|---|---|
| LP3/21, 22, 23 y 23 Bis | Anexo 1 | X | Documental que demuestra la calidad de acreedor del demandante | |
| LP3/21, 22, 23 y 23 Bis | Anexo 2 | X | Ofrecimiento de otorgar la garantía a que se refiere el artículo 24 de la LCM | |
| LP3/21, 22, 23 y 23 Bis | Anexo 3 | X | Documentos que hayan de servir como prueba de la demanda | |
| LP3/21, 22, 23 y 23 Bis | Anexo 4 | X | Documentos con los que se acredita personalidad | ⌒ |

## Peticiones adicionales

En el recuadro siguiente escriba cuantas peticiones adicionales a las que se prevén en el formato y sus secciones, juzgue convenientes, en tanto sean pertinentes al trámite del concurso mercantil.

Utilice un recuadro por cada petición y tantas hojas como sean necesarias.

Por lo antes expuesto y fundado, solicito a su Señoría:

PRIMERO.- Con fundamento en los artículos 35, 36 y 40 del Acuerdo General 12/2020 del Pleno del Consejo de la Judicatura Federal, solicitamos se autorice a las siguientes personas cuyos nombres de usuario del Sistema del Portal de Servicios en Línea del Poder Judicial de la Federación se identifican, la consulta vía internet del expediente electrónico que se forme con motivo de la presente demanda:

| Nombre | Nombre de usuario |
|---|---|
| Vicente Bañuelos Rizo | **vicentebanuelos** |
| Luis Roberto Luna Reyes | **Luisr_Luna** |
| Carlos Eduardo Milla Ortega | **carlos.milla** |
| Gabriela Ángel Navarro | **angeln.gabriela** |
| Francisco Alberto Ladino Chávez | **fcoladinoc** |
| Paulina Sánchez Rosete | **pausanro** |
| Gian Carlo Alexis Cardiel Ávila | **giancarlo.cardiel** |
| Alejandro Acevedo Juárez | **AlejandroAC1404** |

SEGUNDO.- Con fundamento en el artículo 55 del Acuerdo General 12/2020 del Pleno del Consejo de la Judicatura Federal, solicitamos expresamente se notifiquen electrónicamente las resoluciones judiciales dictadas en el expediente citado al rubro

al suscrito con nombre de usuario carlos.milla, y a las siguientes personas cuyos nombres de usuario del Sistema del Portal de Servicios en Línea del Poder Judicial de la Federación se identifican:

| Nombre | Nombre de usuario |
|---|---|
| Vicente Bañuelos Rizo | **vicentebanuelos** |
| Luis Roberto Luna Reyes | **Luisr_Luna** |
| Carlos Eduardo Milla Ortega | **carlos.milla** |
| Gabriela Ángel Navarro | **angeln.gabriela** |

TERCERO.- Que admita a trámite la presente demanda, toda vez que ésta cumple a cabalidad todos y cada uno de los requisitos legales para ser admitida.

CUARTO.- Para el caso de que su Señoría considere que se surte el supuesto previsto en el artículo 24 de la Ley de Concursos Mercantiles, que señale con precisión en qué consiste la oscuridad, irregularidad o deficiencia, a efecto de que nuestras representadas estén en posibilidad de subsanarlas, tomando en consideración el derecho humano de acceso a la justicia previsto en el artículo 17 de nuestra Constitución, así como su interpretación *pro- homine* en términos del artículo 1o. de ese mismo ordenamiento.

QUINTO.- Tener por autorizadas a las personas señaladas en el presente escrito, para los efectos señalados en el mismo, y por señalado el domicilio para oír y recibir notificaciones.

SEXTO.- Tener por designado a ROVOP, INC., como representante común, en términos del artículo 1060 del Código de Comercio, de aplicación supletoria en materia mercantil.

SÉPTIMO.- Previos los trámites de ley, declarar en concurso mercantil a la comerciante.

**Lugar y fecha de presentación.**

Campeche, Campeche, a 05 de febrero de 2021.

Escriba la entidad federativa del lugar del Juzgado de Distrito en el que se presente la demanda, así como el día, mes y año en que eso suceda.

---

**Nombre y firma de quien(es) promueve(n) por el (los ) acreedor(es) demandante(s)**

(Firmado electrónicamente)
VICENTE BAÑUELOS RIZO
Apoderado general para pleitos y cobranzas de
**ROVOP, INC. y UTEC SURVEY, INC.**

(Firmado electrónicamente)
ARTURO BELLO TÉLLEZ
Apoderado general para pleitos y cobranzas de
**HORNBECK OFFSHORE SERVICES DE MÉXICO, S. DE R.L. DE C.V.**

Escriba el nombre completo del (de los) promovente(s) quien(es) deberá(n) poner su firma autógrafa, o bien, de contar con ella, insertar su firma electrónica

## Anexo 1
### Documental que demuestra la calidad de acreedor del demandante

Utilice este formato como carátula; para identificar la(s) documental(es) que exhiba para demostrar que el (los) promovente(s) tiene(n) la calidad de acreedor del comerciante, asigne un número progresivo a cada una de ellas, etiquételas con el número que corresponda. Con este formato y todas las documentales que al efecto acompañe, identificadas y ordenadas, forme un legajo para integrar el formato LP3/21, 22, 23 y 23 Bis/Anexo 1.

### Identificación del (de los) acreedor(es) demandante(s) y de las documentales que acreditan que tiene(n) esa calidad

1. Escriba completo el nombre, denominación o razón social, de cada acreedor demandante.
2. Utilice una numeración progresiva a partir de la primera documental cuyas características se describan.
3. Escriba el número de póliza, de folio o de serie, datos de fedatario público y de registro que, en su caso, identifique a la documental, agregue cualquier otro dato característico, tal como el tipo de moneda extranjera, en caso de que así se hubiere pactado.

Cuando no existan esos datos, describa sencillamente el tipo de documental, como pagaré, contrato, factura u otro, fecha de expedición y cualquier otro dato complementario.
Utilice un renglón por cada documental

Si necesita áreas para describir más documentales exhibidas por un mismo acreedor acreedor demandante o agregar descripción de más documentales exhibidas por otros acreedores demandantes, observe los siguientes pasos:

I. Dé clic en el margen izquierdo de la hoja a la altura del recuadro, en el que se insertan los datos del (de los) acreedor(es) demandante(s) y de las documentales que acreditan que tiene(n) esa calidad.
II. Elija el comando "Copiar".
III. Posicione el cursor en el "<<Área de pegado>>", que aparece en seguida del área seleccionada.
IV. Elija el comando "Pegar".

| Nombre del acreedor [1] | No. [2] | Características de la documental [3] |
|---|---|---|
| ROVOP, INC. | 1.1 | Copia certificada del Contrato Marco para la prestación de Servicios de Soporte ROV (celebrado entre ROVOP y DREBBEL, el 14 de septiembre de 2018, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés. |
| ROVOP, INC. | 1.2 | Copia certificada del Pedido abierto de aprovisionamiento para la prestación de Servicios de Soporte ROV no. 1739-19-1R1.0, a bordo del buque Hornbeck -HOS- Ridgewind, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés. |
| ROVOP, INC. | 1.3 | Copia certificada de la Factura número 1739-2 emitida por ROVOP a cargo de DREBBEL, por un monto total de $275, 162.29 USD (Doscientos setenta y cinco mil ciento sesenta y dos dólares 29/100, Moneda en curso legal en los Estados Unidos de América), por los servicios prestados a bordo del buque HOS Ridgewind, durante el mes de mayo de 2019, de conformidad con el pedido de aprovisionamiento no. 1739-19-1R1.0, y de los reportes diarios de operaciones suscritos por DREBBEL en dicho mes, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés. |
| ROVOP, INC. | 1.4 | Factura número 1739-3 emitida por ROVOP a cargo de DREBBEL, por un monto total de $164,212.00 USD (Ciento sesenta y cuatro mil doscientos doce dólares 00/100, Moneda en curso legal en los Estados Unidos de América), por |



## PODER JUDICIAL DE LA FEDERACIÓN

| FIRMANTE | | | | |
|---|---|---|---|---|
| **Nombre:** | GRISSELL RODRÍGUEZ FEBLES | | **Validez:** | BIEN | Vigente |

| FIRMA | | | | |
|---|---|---|---|---|
| **No. serie:** | 70.6a.66.20.63.6a.66.00.00.00.00.00.00.00.00.00.00.00.99.3f | **Revocación:** | Bien | No revocado |
| **Fecha:** (UTC/ CDMX) | 19/04/21 09:29:50 - 19/04/21 04:29:50 | **Status:** | Bien | Valida |
| **Algoritmo:** | RSA - SHA256 | | | |
| **Cadena de firma:** | 90 a2 04 b4 5a 24 4c 0d 10 7e 18 a4 75 d2 2b 18 cd c2 73 a9 52 b3 f4 4f 19 2b d9 85 70 c0 4e c8 13 ae 84 05 fd 6a 83 0e 82 09 77 d9 71 2d 65 71 0d f5 0c cc 5c c9 8b 52 d7 45 f4 8b 69 c5 ed a7 f2 94 70 de ee 6b 5a bd 40 52 b0 7d 33 cc 7d f3 92 85 07 14 2e e6 f3 7b 87 93 35 5a 71 8a 2e 4e 27 0c 84 0d fa 67 cf f9 cf 43 11 cb d8 b3 65 0f 5c d0 c0 68 a2 92 9b 87 dc 9e 60 96 01 c7 19 2a 69 4a 60 da a5 21 7e 7c 0e 33 43 38 c5 2c e9 1b f2 d0 ab 41 10 2a 85 b2 68 8a c6 b2 74 d7 38 eb 4b c3 9e 27 2d 98 62 6a 71 48 8b f2 a0 27 47 d4 01 72 63 38 d3 a4 b4 ba 08 7b 17 04 22 30 42 61 cd 01 af db f6 88 cb 82 eb d5 5d 00 5e bf 7e fe 48 0a 1f e5 f3 4e 8a 12 46 4e 3c 53 6d 70 94 d5 3f 7b 19 d0 6c d9 c5 eb 66 f3 b8 2a f9 b7 be b7 d4 1d 25 09 99 4a 37 37 60 27 0e 14 cb 4d b7 | | | | |

| OCSP | |
|---|---|
| **Fecha: (UTC / CDMX)** | 19/04/21 09:29:50 - 19/04/21 04:29:50 |
| **Nombre del respondedor:** | OCSP ACI del Consejo de la Judicatura Federal |
| **Emisor del respondedor:** | Autoridad Certificadora Intermedia del Consejo de la Judicatura Federal |
| **Número de serie:** | 70.6a.66.20.63.6a.66.00.00.00.00.00.00.00.00.00.00.00.00.02 |

| TSP | |
|---|---|
| **Fecha : (UTC / CDMX)** | 19/04/21 09:29:51 - 19/04/21 04:29:51 |
| **Nombre del emisor de la respuesta TSP:** | Autoridad Emisora de Sellos de Tiempo del Consejo de la Judicatura Federal |
| **Emisor del certificado TSP:** | Autoridad Certificadora Intermedia del Consejo de la Judicatura Federal |
| **Identificador de la respuesta TSP:** | 46639270 |
| **Datos estampillados:** | F29pjYvNe9X/aGA1S5AeZWlonTc= |

**EXHIBIT**

**C-2**



FORMA B-2

EXPEDIENTE 89/2021
CONCURSO MERCANTIL

**JUZGADO PRIMERO DE DISTRITO EN EL ESTADO DE CAMPECHE**
Avenida Patricio Trueba número 245 colonia San Rafael código postal 24090,
San Francisco de Campeche, Campeche

PODER JUDICIAL DE LA FEDERACIÓN



*"2021, Año de la Independencia"*

COMUNICACIÓN OFICIAL
TIPO: **DESPACHO.**
No. DE ORDEN 359 /2021
No. DE ORIGEN 129 -D-VIII-MERCANTIL/2021-B
CONCURSO MERCANTIL. 89/2021

GRISSELL RODRÍGUEZ FEBLES, JUEZ PRIMERO DE DISTRITO EN EL ESTADO DE CAMPECHE, A USTED JUEZ DE PRIMERA INSTANCIA DEL RAMO MERCANTIL EN TURNO, DEL SEGUNDO DISTRITO JUDICIAL, CON RESIDENCIA EN CIUDAD DEL CARMEN, CAMPECHE, A QUIEN TENGO EL HONOR DE DIRIGIRME, HAGO SABER QUE EN LA SOLICITUD DE CONCURSO MERCANTIL PROMOVIDA POR VICENTE BAÑUELOS RIZO, QUIEN SE OSTENTA APODERADO GENERAL PARA PLEITOS Y COBRANZAS DE LAS SOCIEDADES ROVOP, INC. Y UTEC SURVEY INC., DICTE UN ACUERDO DEL TENOR LITERAL SIGUIENTE:

*"San Francisco de Campeche, Campeche, diecinueve de abril de dos mil veintiuno.*
*Agréguese a los autos la copia del oficio signado por el **Administrador Desconcentrado de Servicios al Contribuyente de Campeche "1" del Servicio de Administración Tributaria**, con sede en esta ciudad, dirigido a la Subadministradora Desconcentrada Jurídica de esa Administración, por el que le remite al similar 51-VIII-B, de veintinueve de marzo último, por considerar que es un asunto de su competencia; información que se tiene en consideración, para los efectos legales correspondientes.*
*Por otra parte, glósese el escrito signado por Juan Pablo Elizondo Ong, autorizado en términos amplios de la parte actora, con el que exhibe el billete de depósito N 869459, que ampara la cantidad de **$134,430.00 (ciento treinta y cuatro mil cuatrocientos treinta pesos, 00/100 moneda nacional)**, expedido por BANSEFI, Banco del Ahorro Nacional y Servicios Financieros S. N. C., que exhibió para garantizar los honorarios del visitador que en su momento se designe por el Instituto Federal de Especialistas en Concursos Mercantiles.*
*Por lo anterior, se califica de legal la idoneidad del billete de depósito en la forma en que se exhibe y en consecuencia comuníquese al citado instituto, mediante atento oficio que para tal efecto se expida, para los efectos legales conducentes.*
*Entréguese el billete de depósito a la Secretaria encargada de la caja de valores de este Juzgado, para su registro en el Libro de Gobierno correspondiente y guárdese en la caja de valores de este juzgado Federal.*
*En el mismo sentido, glósese al sumario el diverso escrito signado por Carlos Eduardo Milla Ortega, apoderado legal de la moral ROVOP, INC., representante común, con el que solicita se ordene el emplazamiento de la comerciante DREBBEL DE MÉXICO, SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE, en el domicilio ubicado en Ciudad del Carmen, Campeche; asimismo pide, se le haga entrega del despacho y las copias de traslado correspondientes a su representada por conducto de sus autorizados, a fin de que sean exhibidos ante la Oficina de Correspondencia Común de los Juzgado de Primera Instancia en Materia Mercantil del Segundo Distrito Judicial, con residencia en Ciudad el Carmen, Campeche.*
*En consecuencia, con fundamento en el artículo 26 de la Ley Concursos Mercantiles, mediante notificación personal y con las copias simples de la demanda y anexos que se acompañan, debidamente selladas y cotejadas, emplácese y córrase traslado a la comerciante DREBBEL DE MÉXICO, SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE; en el domicilio que para tal efecto señalaron los promoventes, ubicado en: calle 35 "B" (treinta y cinco), Manzana M, lote 4 (cuatro), fraccionamiento Malibran, código postal 24118, en Ciudad del Carmen, Campeche.*
*Lo anterior, para que la comerciante DREBBEL DE MÉXICO, SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE, dentro del término de **NUEVE DÍAS mas uno por razón de distancia** -conforme al artículo 1075 del supletorio Código de Comercio- produzca su contestación a la demanda y en su caso ofrezca las pruebas que autoriza el artículo 27 de la Ley de Concursos Mercantiles, apercibida que en caso de no dar oportuna contestación, se presumirán ciertos los hechos contenidos en la demanda que sean determinantes para la declaración de concurso mercantil.*
*Ahora bien, tomando en consideración que, el domicilio de la comerciante DREBBEL DE MÉXICO, SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE, se encuentra ubicado fuera de la jurisdicción territorial de este juzgado, con fundamento en el artículo 1071 del Código de Comercio de aplicación supletoria, se gira atento despacho al **Juez de Primera Instancia del Ramo Mercantil, en turno, con sede en Ciudad del Carmen, Campeche**, acompañándole copia autorizada del presente auto, así como copias simples de la demanda y anexos que se acompañan, debidamente selladas y cotejadas, para que realice la dicigencia de emplazamiento señalada en los párrafos precedentes.*

9

días hábiles, señale domicilio y autorizados en esta ciudad, para oír y recibir citas y notificaciones, advertida que, de no hacerlo, las subsecuentes aún las de carácter personal, se le harán conforme a las reglas de las notificaciones que no deban ser personales, esto es, por lista que se publique en los estrados de este juzgado de Distrito.

Por último, con fundamento en el numeral 1072 del Código de Comercio de aplicación supletoria, se accede a la solicitud del promovente para que el despacho sea tramitado por su conducto, quien en el término de tres días hábiles, contados a partir del día siguiente al que surta efectos la notificación del presente proveído, deberá comparecer a recoger la comunicación oficial tipo despacho librada con motivo del presente proveído.

Para ello, deberá acordar previamente, con la secretaria del órgano jurisdiccional: a) la fecha y hora en la que podrá acudir a recoger su documentación[3], y b) una vez establecida (la fecha y hora), podrá agendar su cita en el Portal de Servicios del Poder Judicial de la Federación, a fin de que en la fecha y hora establecida le sean entregados los documentos.

Lo anterior, atendiendo a lo establecido en el Acuerdo General 21/2020 del Pleno del Consejo de la Judicatura Federal, relativo a la reanudación de plazos y al regreso escalonado en los órganos jurisdiccionales ante la contingencia por el virus Covid-19, publicado el treinta y uno de julio de dos mil veinte, en el Diario Oficial de la Federación.

Se hace saber a la parte actora, que a partir de la fecha en que le sea entregada la comunicación oficial dirigida a la autoridad auxiliar, tendrá un término de **tres días hábiles** para hacerlo llegar a su destino, y devolver el acuse de recibo ante este Juzgado Primero de Distrito en el Estado de Campeche, apercibida que de no entregar el acuse correspondiente o extraviarlo, se le impondrá una multa equivalente a $2,000.00 (dos mil pesos 00/100 Moneda Nacional), tal y como lo establece en el artículo 1067 bis, fracción II del Código de Comercio; lo anterior, se determina así, toda vez que las partes deben comprometerse al buen resguardo de las comunicaciones oficiales que se expidan.

Asimismo, desde este momento se le concede a la parte actora el plazo de treinta días hábiles para la diligenciación del despacho correspondiente, con el apercibimiento que de no hacerlo así, o bien de no comparecer dentro del término concedido para recoger la comunicación oficial de mérito, sin justificar impedimento bastante, será sancionada en los términos que autorice la ley y se dejará de desahogar la diligencia.

**Notifíquese personalmente a la parte actora, a través del usuario proporcionado.**

Así lo acordó y firma **Grissell Rodríguez Febles**, Juez Primero de Distrito en el Estado de Campeche, ante **Karla Marilú Poot Madero**, secretaria que autoriza y da fe."

Y PARA QUE LO ORDENADO EN EL ACUERDO TRANSCRITO TENGA DEBIDO CUMPLIMIENTO, CON FUNDAMENTO EN LOS ARTÍCULOS 298 Y 314 DEL CÓDIGO FEDERAL DE PROCEDIMIENTOS CIVILES, SOLICITO A USTED JUEZ AUXILIAR, QUE TAN PRONTO LLEGUE A SU PODER EL PRESENTE DESPACHO, SE SIRVA ORDENAR SE DILIGENCIE EN SUS TÉRMINOS Y LO DEVUELVA A LA BREVEDAD POSIBLE.

San Francisco de Campeche, Campeche, 19 de abril de 2021

GRISSELL RODRÍGUEZ FEBLES.
JUEZ PRIMERO DE DISTRITO EN EL ESTADO DE CAMPECHE.

KARLA MARILÚ POOT MADERO
SECRETARIA DEL JUZGADO PRIMERO DE DISTRITO EN EL ESTADO.

---

[3] Número de teléfono: 981-160-27-69.



## PODER JUDICIAL DE LA FEDERACIÓN

**EVIDENCIA CRIPTOGRÁFICA - TRANSACCIÓN**

Archivo Firmado:
9266266_0285000027641621006.p7m
Autoridad Certificadora:
Autoridad Certificadora Intermedia del Consejo de la Judicatura Federal
Firmante(s): 2

| FIRMANTE | | | | |
|---|---|---|---|---|
| **Nombre:** | KARLA MARILU POOT MADERO | **Validez:** | BIEN | Vigente |
| FIRMA | | | | |
| **No. serie:** | 70.6a.66.20.63.6a.66.00.00.00.00.00.00.00.00.00.00.01.60.46 | **Revocación:** | Bien | No revocado |
| **Fecha: (UTC/ CDMX)** | 19/04/21 07:57:55 - 19/04/21 02:57:55 | **Status:** | Bien | Valida |
| **Algoritmo:** | RSA - SHA256 | | | |
| **Cadena de firma:** | d4 94 26 f9 51 62 df 7c 58 cd fe f9 32 e3 d0 b7 87 9b 05 d2 60 6c a7 40 75 39 8c e9 16 3c 88 be 5d 53 6a 7c a6 d8 7a b7 79 3f d3 05 a9 19 a3 5a d9 ea 47 3a b5 48 d6 36 37 e2 5d 3f d7 93 b7 e5 bf 70 6b 28 ad 1d 71 76 33 a8 0f da 7b 0a fc 7f 2f fe 98 33 69 2b e3 54 a4 fc 67 fc d6 1a 09 15 40 23 99 8e ff 5b 34 14 a7 b8 bb 91 d8 b9 02 b3 9f 20 72 da 92 27 e9 3e 6c a8 0c ee 16 2a e9 0b d5 24 9c bc 91 5a 51 9c 06 3f ac 16 61 9b 68 7b 9c 92 a5 fe 58 92 b1 55 f6 9e 09 f2 c2 14 a6 a0 b5 9b f1 2b 4c d8 0b ff 5b 82 6b 97 88 ea 81 2f 9f 8e cc 18 15 50 ea 4e ff 04 f3 8a 3a d5 c0 60 97 dc 3f 0a c5 0d 2a e9 15 ed d6 7c 6c 2c 0a b7 1d 9f c6 ea ac c0 56 6b 39 26 77 16 65 21 30 38 2b 91 31 27 bb 33 21 c3 f7 2d 74 dd 57 70 a9 f6 8f 83 a7 9f f3 5f a0 3e fb bb cb cd 18 94 fd | | | |
| OCSP | | | | |
| **Fecha: (UTC / CDMX)** | 19/04/21 07:57:55 - 19/04/21 02:57:55 | | | |
| **Nombre del respondedor:** | OCSP ACI del Consejo de la Judicatura Federal | | | |
| **Emisor del respondedor:** | Autoridad Certificadora Intermedia del Consejo de la Judicatura Federal | | | |
| **Número de serie:** | 70.6a.66.20.63.6a.66.00.00.00.00.00.00.00.00.00.00.00.00.02 | | | |
| TSP | | | | |
| **Fecha : (UTC / CDMX)** | 19/04/21 07:57:56 - 19/04/21 02:57:56 | | | |
| **Nombre del emisor de la respuesta TSP:** | Autoridad Emisora de Sellos de Tiempo del Consejo de la Judicatura Federal | | | |
| **Emisor del certificado TSP:** | Autoridad Certificadora Intermedia del Consejo de la Judicatura Federal | | | |
| **Identificador de la respuesta TSP:** | 46630634 | | | |
| **Datos estampillados:** | 67OZdskiPDljls2DhFGH5IXvP30= | | | |



PODER JUDICIAL DE LA FEDERACIÓN

| FIRMANTE | | | | | |
|---|---|---|---|---|---|
| **Nombre:** | GRISSELL RODRÍGUEZ FEBLES | | **Validez:** | BIEN | Vigente |
| **FIRMA** | | | | | |
| **No. serie:** | 70,6a,66,20,63,6a,66,00,00,00,00,00,00,00,00,00,00,99,3f | | **Revocación:** | Bien | No revocado |
| **Fecha: (UTC/ CDMX)** | 19/04/21 09:29:50 - 19/04/21 04:29:50 | | **Status:** | Bien | Valida |
| **Algoritmo:** | RSA - SHA256 | | | | |
| **Cadena de firma:** | 90 a2 04 b4 5a 24 4c 0d 10 7e 18 a4 75 d2 2b 18 cd c2 73 a9 52 b4 53 f4 4f 19 2b d9 85 70 c0 4e c8 13 ea 94 05 fd 6a 83 0e 82 09 77 d9 71 2d 65 71 0d f5 0c cc 5c c9 8b 62 d7 45 f4 8b 69 c5 ed a7 f2 94 70 de ee 6b 5a bd 40 52 b0 7d 33 cc 7d f3 92 85 07 14 2e e6 f3 7b 87 93 35 5a 71 8a 2e 4e 27 0c 84 0d fa 67 cf f9 cf 43 11 cb d8 b3 65 0f 5c d0 c0 68 a2 92 9b 87 dc 3e 60 96 01 c7 19 2a 69 4a 60 da a5 21 7e 7c 0e 33 43 38 c5 2c e9 1b f2 d0 ab 41 10 2a 85 b2 68 8a c6 b2 74 d7 36 eb 4b c3 9e 27 2d 98 62 6a 71 48 8b f2 a0 27 47 d4 01 72 63 36 d3 a4 b4 ba 08 7b 17 04 22 90 42 61 cd 01 af db f6 88 db 82 eb d5 5d 00 5e bf 7e fe 48 0a 1f e5 f3 4e 8a 12 46 4e 3c 53 6d 70 94 d5 3f 7b 19 d0 8c d9 c5 eb 66 f3 b8 2a f9 b7 be b7 d4 1d 25 09 99 4a 37 37 60 27 0e 14 cb 4d b7 | | | | |
| **OCSP** | | | | | |
| **Fecha : (UTC / CDMX)** | 19/04/21 09:29:50 - 19/04/21 04:29:50 | | | | |
| **Nombre del respondedor:** | OCSP ACI del Consejo de la Judicatura Federal | | | | |
| **Emisor del respondedor:** | Autoridad Certificadora Intermedia del Consejo de la Judicatura Federal | | | | |
| **Número de serie:** | 70,6a,66,20,63,6a,66,00,00,00,00,00,00,00,00,00,00,02 | | | | |
| **TSP** | | | | | |
| **Fecha : (UTC / CDMX)** | 19/04/21 09:29:51 - 19/04/21 04:29:51 | | | | |
| **Nombre del emisor de la respuesta TSP:** | Autoridad Emisora de Sellos de Tiempo del Consejo de la Judicatura Federal | | | | |
| **Emisor del certificado TSP:** | Autoridad Certificadora Intermedia del Consejo de la Judicatura Federal | | | | |
| **Identificador de la respuesta TSP:** | 46639270 | | | | |
| **Datos estampillados:** | F29pjYvNe9X/aGA1S5AeZWtonTc= | | | | |



PODER JUDICIAL DE LA FEDERACIÓN

| FIRMANTE | | | | |
|---|---|---|---|---|
| Nombre: | GRISSELL RODRÍGUEZ FEBLES | | Validez: | BIEN | Vigente |

| FIRMA | | | | |
|---|---|---|---|---|
| No. serie: | 70.6a.66.20.63.6a.66.00.00.00.00.00.00.00.00.00.00.00.99.3f | | Revocación: | Bien | No revocado |
| Fecha: (UTC/ CDMX) | 19/04/21 09:29:50 - 19/04/21 04:29:50 | | Status: | Bien | Valida |
| Algoritmo: | RSA - SHA256 | | | | |
| Cadena de firma: | 90 a2 04 b4 5a 24 4c 0d 10 7e 18 a4 75 d2 2b 18 cd c2 73 a9 52 b4 53 f4 4f 19 2b d9 85 70 c0 4e c8 13 ae 84 05 fd 6a 83 0e 82 09 77 d9 71 2d 65 71 0d f5 0c cc 5c c9 8b 62 d7 45 f4 8b 69 c5 ed a7 f2 94 70 de ee 6b 5a bd 40 52 b0 7d 33 cc 7d f3 92 85 07 14 2e e6 f3 7b 87 93 35 5a 71 8a 2e 4e 27 0c 84 0d fa 67 cf f9 cf 43 11 cb d8 b3 65 0f 5c d0 c0 68 a2 92 9b 87 dc 3e 60 96 01 c7 19 2a 69 4a 60 da a5 21 7e 7c 0e 33 43 38 c5 2c e9 1b f2 d0 ab 41 10 2a 85 b2 68 8a c6 b2 74 d7 36 eb 4b c3 9e 27 2d 98 62 6a 71 48 8b f2 a0 27 47 d4 01 72 63 38 d3 a4 b4 ba 08 7b 17 04 22 90 42 61 cd 01 af db f6 88 db 82 eb d5 5d 00 5e bf 7e fe 48 0a 1f e5 f3 4e 8a 12 46 4e 3c 53 6d 70 94 d5 3f 7b 19 d0 6c d9 c5 eb 66 f3 b8 2a f9 b7 be b7 d4 1d 25 09 99 4a 37 37 60 27 0e 14 cb 4d b7 | | | | |

| OCSP | |
|---|---|
| Fecha: (UTC / CDMX) | 19/04/21 09:29:50 - 19/04/21 04:29:50 |
| Nombre del respondedor: | OCSP ACI del Consejo de la Judicatura Federal |
| Emisor del respondedor: | Autoridad Certificadora Intermedia del Consejo de la Judicatura Federal |
| Número de serie: | 70.6a.20.63.6a.66.00.00.00.00.00.00.00.00.00.00.00.00.02 |

| TSP | |
|---|---|
| Fecha : (UTC / CDMX) | 19/04/21 09:29:51 - 19/04/21 04:29:51 |
| Nombre del emisor de la respuesta TSP: | Autoridad Emisora de Sellos de Tiempo del Consejo de la Judicatura Federal |
| Emisor del certificado TSP: | Autoridad Certificadora Intermedia del Consejo de la Judicatura Federal |
| Identificador de la respuesta TSP: | 46639270 |
| Datos estampillados: | F29pjYvNe9X/aGA1S5AeZWlonTc= |



## PODER JUDICIAL DE LA FEDERACIÓN

**EVIDENCIA CRIPTOGRÁFICA - TRANSACCIÓN**

**Archivo Firmado:**
**9266266_0285000027641621006.p7m**
**Autoridad Certificadora:**
**Autoridad Certificadora Intermedia del Consejo de la Judicatura Federal**
**Firmante(s): 2**

| FIRMANTE | | | | |
|---|---|---|---|---|
| **Nombre:** | KARLA MARILU POOT MADERO | | **Validez:** | BIEN | Vigente |
| **FIRMA** | | | | | |
| **No. serie:** | 70.6a.66.20.63.6a.66.00.00.00.00.00.00.00.00.00.00.01.60.46 | | **Revocación:** | Bien | No revocado |
| **Fecha:** **(UTC/ CDMX)** | 19/04/21 07:57:55 - 19/04/21 02:57:55 | | **Status:** | Bien | Valida |
| **Algoritmo:** | RSA - SHA256 | | | | |
| **Cadena** **de firma:** | d4 94 26 f9 51 62 df 7c 58 cd fe f9 32 e3 d0 b7 87 9b 05 d2 60 6c a7 40 75 39 8c e9 16 3c 88 be 5d 53 6a 7c a6 d8 7a b7 79 3f d3 05 a9 19 a3 5a d9 ea 47 3a b5 48 d5 36 37 e2 5d 3f d7 93 b7 e5 bf 70 6b 28 ad 1d 71 76 33 a8 0f da 7b 0a fc 7f 2f fe 98 33 69 2b e3 54 a4 fc 67 fc d6 1a 09 15 40 23 99 8e ff 5b 34 14 a7 b8 bb 91 d8 b9 02 b3 9f 20 72 da 92 27 e9 3e 6c a8 0c ee 16 2a e9 0b d5 24 9c bc 91 5a 51 9c 06 3f ac 16 61 9b 68 7b 9c 92 a5 fe 58 92 b1 55 f6 9e 09 f2 c2 14 a6 a0 b5 9b f1 2b 4c d8 0b ff 5b 82 6b 97 88 ea 81 2f 9f 8e cc 18 15 50 ea 4e ff 04 f3 8a 3a d5 c0 60 97 dc 3f 0a c5 0d 2a e9 15 ed d6 7c 6c 2c 0a b7 1d 9f c6 ea ac c0 56 6b 39 26 77 16 65 21 30 38 2b 91 31 27 bb 33 21 c3 f7 2d 74 dd 57 ed 70 a9 f6 8f 83 a7 9f f3 5f a0 3e fb bb cb cd 18 94 fd | | | | |
| **OCSP** | | | | | |
| **Fecha: (UTC / CDMX)** | 19/04/21 07:57:55 - 19/04/21 02:57:55 | | | | |
| **Nombre del respondedor:** | OCSP ACI del Consejo de la Judicatura Federal | | | | |
| **Emisor del respondedor:** | Autoridad Certificadora Intermedia del Consejo de la Judicatura Federal | | | | |
| **Número de serie:** | 70.6a.66.20.63.6a.66.00.00.00.00.00.00.00.00.00.00.00.00.02 | | | | |
| **TSP** | | | | | |
| **Fecha : (UTC / CDMX)** | 19/04/21 07:57:56 - 19/04/21 02:57:56 | | | | |
| **Nombre del emisor de la respuesta TSP:** | Autoridad Emisora de Sellos de Tiempo del Consejo de la Judicatura Federal | | | | |
| **Emisor del certificado TSP:** | Autoridad Certificadora Intermedia del Consejo de la Judicatura Federal | | | | |
| **Identificador de la respuesta TSP:** | 46638634 | | | | |
| **Datos estampillados:** | 67OZdskiPDljls2DhFGH5IXvP30= | | | | |



EXPEDIENTE 89/2021
CONCURSO MERCANTIL

**JUZGADO PRIMERO DE DISTRITO EN EL ESTADO DE CAMPECHE**
Avenida Patricio Trueba número 245 colonia San Rafael código postal 24090,
San Francisco de Campeche, Campeche

PODER JUDICIAL DE LA FEDERACIÓN

*"2021, Año de la Independencia"*

COMUNICACIÓN OFICIAL
TIPO: **DESPACHO.**
No. DE ORDEN 359 /2021
No DE ORIGEN 129 -D-VIII-MERCANTIL/2021-B
**CONCURSO MERCANTIL. 89/2021**

**GRISSELL RODRÍGUEZ FEBLES, JUEZ PRIMERO DE DISTRITO EN EL ESTADO DE CAMPECHE, A USTED** <u>JUEZ DE PRIMERA INSTANCIA DEL RAMO MERCANTIL EN TURNO, DEL SEGUNDO DISTRITO JUDICIAL, CON RESIDENCIA EN CIUDAD DEL CARMEN, CAMPECHE,</u> **A QUIEN TENGO EL HONOR DE DIRIGIRME, HAGO SABER QUE EN LA SOLICITUD DE CONCURSO MERCANTIL PROMOVIDA POR VICENTE BAÑUELOS RIZO, QUIEN SE OSTENTA APODERADO GENERAL PARA PLEITOS Y COBRANZAS DE LAS SOCIEDADES ROVOP, INC. Y UTEC SURVEY INC., DICTE UN ACUERDO DEL TENOR LITERAL SIGUIENTE:**

*"San Francisco de Campeche, Campeche, diecinueve de abril de dos mil veintiuno.*

*Agréguese a los autos la copia del oficio signado por el **Administrador Desconcentrado de Servicios al Contribuyente de Campeche "1"** del Servicio de Administración Tributaria, con sede en esta ciudad, dirigido a la Subadministradora Desconcentrada Jurídica de esa Administración, por el que le remite el similar **51-VIII-B,** de veintinueve de marzo último, por considerar que es un asunto de su competencia; información que se tiene en consideración, para los efectos legales correspondientes.*

*Por otra parte, glósese el escrito signado por Juan Pablo Elizondo Ong, autorizado en términos amplios de la parte actora, con el que exhibe el billete de depósito **N 869459,** que ampara la cantidad de **$134,430.00 (ciento treinta y cuatro mil cuatrocientos treinta pesos, 00/100 moneda nacional),** **expedido por BANSEFI, Banco del Ahorro Nacional y Servicios Financieros S. N. C.,** que exhibió para garantizar los honorarios del visitador que en su momento se designe por el Instituto Federal de Especialistas en Concursos Mercantiles.*

*Por lo anterior, se califica de legal la idoneidad del billete de depósito en la forma en que se exhibe y en consecuencia comuníquese al citado instituto, mediante atento oficio que para tal efecto se expida, para los efectos legales conducentes.*

*Entréguese el billete de depósito a la Secretaria encargada de la caja de valores de este Juzgado, para su registro en el Libro de Gobierno correspondiente y guárdese en la caja de valores de este juzgado Federal.*

*En el mismo sentido, glósese al sumario el diverso escrito signado por Carlos Eduardo Milla Ortega, apoderado legal de la moral ROVOP, INC., representante común, con el que solicita se ordene el emplazamiento a la comerciante DREBBEL DE MÉXICO, SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE, en el domicilio ubicado en Ciudad del Carmen, Campeche; asimismo pide, se le haga entrega del despacho y las copias de traslado correspondientes a su representada por conducto de sus autorizados, a fin de que sean exhibidos ante la Oficina de Correspondencia Común de los Juzgado de Primera Instancia en Materia Mercantil del Segundo Distrito Judicial, con residencia en Ciudad del Carmen, Campeche.*

*En consecuencia, con fundamento en el artículo 26 de la Ley Concursos Mercantiles, mediante notificación personal y con las copias simples de la demanda y anexos que se acompañan, debidamente selladas y cotejadas, emplácese y córrase traslado a la comerciante DREBBEL DE MÉXICO, SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE; en el domicilio que para tal efecto señalaron los promoventes, ubicado en: calle 35 "B" (treinta y cinco), Manzana M, lote 4 (cuatro), fraccionamiento Malibran, código postal 24118, en Ciudad del Carmen, Campeche.*

*Lo anterior, para que la comerciante DREBBEL DE MÉXICO, SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE, dentro del término de <u>NUEVE DÍAS mas uno por razón de distancia</u> -conforme al artículo 1075 del supletorio Código de Comercio- produzca su contestación a la demanda y en su caso ofrezca las pruebas que autoriza el artículo 27 de la Ley de Concursos Mercantiles, apercibida que en caso de no dar oportuna contestación, se presumirán ciertos los hechos contenidos en la demanda que sean determinantes para la declaración de concurso mercantil.*

*Ahora bien, tomando en consideración que, el domicilio de la comerciante DREBBEL DE MÉXICO, SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE, se encuentra ubicado fuera de la jurisdicción territorial de este juzgado, con fundamento en el artículo 1071 del Código de Comercio de aplicación supletoria, se gira atento despacho al **Juez de Primera Instancia del Ramo Mercantil, en turno,** con sede en Ciudad del Carmen, Campeche, acompañándole copia autorizada del presente auto, así como copias simples de la demanda y anexos que se acompañan, debidamente selladas y cotejadas, para que realice la diligencia de emplazamiento señalada en los párrafos precedentes.*

9

días hábiles, señale domicilio y autorizados en esta ciudad, para oír y recibir citas y notificaciones, advertida que, de no hacerlo, las subsecuentes aún las de carácter personal, se le harán conforme a las reglas de las notificaciones que no deban ser personales, esto es, por lista que se publique en los estrados de este juzgado de Distrito.

Por último, con fundamento en el numeral 1072 del Código de Comercio de aplicación supletoria, se accede a la solicitud del promovente para que el despacho sea tramitado por su conducto, quien en el término de tres días hábiles, contados a partir del día siguiente al que surta efectos la notificación del presente proveído, deberá comparecer a recoger la comunicación oficial tipo despacho librada con motivo del presente proveído.

Para ello, deberá acordar previamente, con la secretaría del órgano jurisdiccional: a) la fecha y hora en la que podrá acudir a recoger su documentación[3], y b) una vez establecida (la fecha y hora), podrá agendar su cita en el Portal de Servicios del Poder Judicial de la Federación, a fin de que en la fecha y hora establecida le sean entregados los documentos.

Lo anterior, atendiendo a lo establecido en el Acuerdo General 21/2020 del Pleno del Consejo de la Judicatura Federal, relativo a la reanudación de plazos y al regreso escalonado en los órganos jurisdiccionales ante la contingencia por el virus Covid-19, publicado el treinta y uno de julio de dos mil veinte, en el Diario Oficial de la Federación.

Se hace saber a la parte actora, que a partir de la fecha en que le sea entregada la comunicación oficial dirigida a la autoridad auxiliar, tendrá un término de tres días hábiles para hacerlo llegar a su destino, y devolver el acuse de recibo ante este Juzgado Primero de Distrito en el Estado de Campeche, apercibida que de no entregar el acuse correspondiente o extraviarlo, se le impondrá una multa equivalente a $2,000.00 (dos mil pesos 00/100 Moneda Nacional), tal y como lo establece en el artículo 1067 bis, fracción II del Código de Comercio; lo anterior, se determina así, toda vez que las partes deben comprometerse al buen resguardo de las comunicaciones oficiales que se expidan.

Asimismo, desde este momento se le concede a la parte actora el plazo de treinta días hábiles para la diligenciación del despacho correspondiente, con el apercibimiento que de no hacerlo así, o bien de no comparecer dentro del término concedido para recoger la comunicación oficial de mérito, sin justificar impedimento bastante, será sancionada en los términos que autorice la ley y se dejará de desahogar la diligencia.

Notifíquese personalmente a la parte actora, a través del usuario proporcionado.

Así lo acordó y firma Grissell Rodríguez Febles, Juez Primero de Distrito en el Estado de Campeche, ante Karla Marilú Poot Madero, secretaria que autoriza y da fe."

Y PARA QUE LO ORDENADO EN EL ACUERDO TRANSCRITO TENGA DEBIDO CUMPLIMIENTO, CON FUNDAMENTO EN LOS ARTÍCULOS 298 Y 314 DEL CÓDIGO FEDERAL DE PROCEDIMIENTOS CIVILES, SOLICITO A USTED JUEZ AUXILIAR, QUE TAN PRONTO LLEGUE A SU PODER EL PRESENTE DESPACHO, SE SIRVA ORDENAR SE DILIGENCIE EN SUS TÉRMINOS Y LO DEVUELVA A LA BREVEDAD POSIBLE.

San Francisco de Campeche, Campeche, 19 de abril de 2021

GRISSELL RODRÍGUEZ FEBLES.
JUEZ PRIMERO DE DISTRITO EN EL ESTADO DE CAMPECHE.

KARLA MARILÚ POOT MADERO
SECRETARIA DEL JUZGADO PRIMERO DE DISTRITO EN EL ESTADO.

---

[3] Número de teléfono: 981-160-27-69.



PODER JUDICIAL DE LA FEDERACIÓN

**EVIDENCIA CRIPTOGRÁFICA - TRANSACCIÓN**

Archivo Firmado:
9266266_0285000027641621006.p7m
Autoridad Certificadora:
Autoridad Certificadora Intermedia del Consejo de la Judicatura Federal
Firmante(s): 2

| FIRMANTE | | | | |
|---|---|---|---|---|
| **Nombre:** | KARLA MARILU POOT MADERO | | **Validez:** | BIEN | Vigente |

| FIRMA | | | | |
|---|---|---|---|---|
| **No. serie:** | 70.6a.66.20.63.6a.66.00.00.00.00.00.00.00.00.00.01.60.46 | | **Revocación:** | Bien | No revocado |
| **Fecha:** (UTC/ CDMX) | 19/04/21 07:57:55 - 19/04/21 02:57:55 | | **Status:** | Bien | Válida |
| **Algoritmo:** | RSA - SHA256 | | | | |
| **Cadena de firma:** | d4 94 26 f9 51 62 df 7c 58 cd fe f9 32 e3 d0 b7 87 9b 05 d2 60 6c a7 40 75 39 8c e9 16 3c 88 be 5d 53 6a 7c a6 d8 7a b7 79 3f d3 05 a9 19 a3 5a d9 ea 47 3a b5 48 d6 36 37 e2 5d 3f d7 93 b7 e5 bf 70 6b 28 ad 1d 71 76 33 a8 0f da 7b 0a fc 7f 2f fe 98 33 69 2b e3 54 a4 fc 67 fc d6 1a 09 15 40 23 99 8e ff 5b 34 14 a7 b8 bb 91 d6 b9 02 b3 9f 20 72 da 92 27 e9 3e 6c a8 0c ee 16 2a e9 0b d5 24 9c bc 91 5a 51 9c 06 3f ac 16 61 9b 68 7b 9c 92 a5 fe 58 92 b1 55 f6 9e 09 f2 c2 14 a6 a0 b5 9b f1 2b 4c d8 0b ff 5b 82 6b 97 88 ea 81 2f 9f 8e cc 18 15 50 ea 4e ff 04 f3 8a 3a d5 c0 60 97 dc 3f 0a c5 0d 2a e9 15 ed d6 7c 6c 2c 0a b7 1d 9f c6 ea ac c0 56 6b 38 26 77 16 65 21 30 38 2b 91 31 27 bb 33 21 c3 f7 2d 74 dd 57 ed 70 a9 f8 8f 83 a7 9f f3 5f a0 3e fb bb cb cd 18 94 fd | | | | |

| OCSP | |
|---|---|
| **Fecha: (UTC / CDMX)** | 19/04/21 07:57:55 - 19/04/21 02:57:55 |
| **Nombre del respondedor:** | OCSP ACI del Consejo de la Judicatura Federal |
| **Emisor del respondedor:** | Autoridad Certificadora Intermedia del Consejo de la Judicatura Federal |
| **Número de serie:** | 70.6a.66.20.63.6a.66.00.00.00.00.00.00.00.00.00.00.00.02 |

| TSP | |
|---|---|
| **Fecha : (UTC / CDMX)** | 19/04/21 07:57:56 - 19/04/21 02:57:56 |
| **Nombre del emisor de la respuesta TSP:** | Autoridad Emisora de Sellos de Tiempo del Consejo de la Judicatura Federal |
| **Emisor del certificado TSP:** | Autoridad Certificadora Intermedia del Consejo de la Judicatura Federal |
| **Identificador de la respuesta TSP:** | 46638634 |
| **Datos estampillados:** | 67OZdskiPDljla2DhFGH5lXvP30= |

"Garantizar los d~ ~ ~iñez es labor fundamental de la
~nal"

JUZGADO PRIME~O DE PRIME~ A INSTANCIA DEL RAMO MERCANTIL
DEL SEGUNDO DISTRITO JUDICIAL DEL ESTADO.-
CEDULA MERCANTIL DE NOTIFICACION PERSONAL EN EL DOMICILIO

EXPEDIENTE NÚMERO: 382/20-21/1M-I

HAGO SABER A: Drebbel de Mexico S. de R.L de C.V.

QUE DENTRO DE LOS AUTOS DEL EXPEDIENTE ANTES SEÑALADO,
RELATIVO: Concurso Mercantil

PROMOVIDO

EN CONTRA DE Drebbel de Mexico S de R.L de CV
~~~~ ROVOP, INC y UTEC Survey Inc.

LA C. JUEZ DEL CONOCIMIENTO, DICTO UN AUTO DE FECHA 7/Mayo/2021, QUE EN SU PARTE CONDUCENTE A LA
LETRA DICE: 19/Abril/2021

JUZGADO PRIMERO DE PRIMERA INSTANCIA DEL RAMO MERCANTIL DEL
SEGUNDO DISTRITO JUDICIAL DEL ESTADO.- CIUDAD DEL CARMEN,
CAMPECHE, A SIETE DE MAYO DEL DOS MIL VEINTIUNO.- - - - - - - - - - - - - - -

VISTOS: Con lo que da cuenta el Secretario de Acuerdos, al respecto SE
ACUERDA: -

A).- Téngase por recibida la tipo Despacho No. de Orden 359/2021, No. de Origen
~~29-D-VIII-MERCANTIL/2021-B, suscrito por la LICENCIADA GRISSELL
~~~RODRÍGUEZ FEBLES, Juez Primero de Distrito en el Estado de Campeche,
concurso mercantil 89/2021, promovida por VICENTE BAÑUELOS RIZO,
apoderado legal para pleitos y cobranzas de la sociedades ROVOP, INC. Y UTEC
SURVEY INC.- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

B).- En tal razón fórmese expediente, llévese por duplicado, márquese con el
número 382/20-2021/1M-II y regístrese en el sistema Sigelex que se lleva en este
juzgado.- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

C).- Y habiéndose encontrado ajustado a derecho el presente despacho, y como lo
solicita la autoridad Despachante, por ello se pasan los presentes autos al C.
Actuario Interino de este Juzgado, para que a la brevedad posible, se sirva llevar a
efecto lo ordenado en el auto de fecha DIECINUEVE DE ABRIL DE DOS MIL
VEINTIUNO, en los términos ordenados por la Autoridad Despachante, debiendo
~~~~ correr traslado con las copias que remite la autoridad despachante, asi
~~~~ ~SB que en un sobre cerrado se anexa, para los efectos legales a que



*"2021, "Garantizar los derechos humanos de la niñez es labor fundamental de la autoridad jurisdiccional"*

haya lugar.------------------------------------------------------------------

NOTIFÍQUESE PERSONALMENTE Y CÚMPLASE. ASÍ LO PROVEYÓ Y FIRMA LA LICENCIADA CARMEN DORIS DE LA ASUNCIÓN CRUZ LÓPEZ, JUEZ DEL JUZGADO PRIMERO DE PRIMERA INSTANCIA DEL RAMO MERCANTIL DEL SEGUNDO DISTRITO JUDICIAL DEL ESTADO, POR ANTE EL LICENCIADO JUAN LUIS ZEPEDA MENDEZ, SECRETARIO DE ACUERDOS CON QUIEN ACTÚA Y CERTIFICA.-

CON ESTA FECHA (10 DE MAYO DE 2021), SIENDO LAS 10:00 HORAS HAGO ENTREGA DEL PRESENTE EXPEDIENTE AL ACTUARIO PARA SU NOTIFICACIÓN.- CONSTE.-

SECRETARIO DE ACUERDOS
LIC. JUAN LUIS ZEPEDA MENDEZ



## PODER JUDICIAL DE LA FEDERACIÓN

EVIDENCIA CRIPTOGRÁFICA - TRANSACCIÓN

Archivo Firmado:
9266266_0285000027641621006.p7m
Autoridad Certificadora:
Autoridad Certificadora Intermedia del Consejo de la Judicatura Federal
Firmante(s): 2

| FIRMANTE | | | | |
|---|---|---|---|---|
| Nombre: | KARLA MARILU POOT MADERO | Validez: | BIEN | Vigente |

| FIRMA | | | | |
|---|---|---|---|---|
| No. serie: | 70.6a.66.20.63.6a.66.00.00.00.00.00.00.00.00.00.00.01.60.46 | Revocación: | Bien | No revocado |
| Fecha: (UTC/ CDMX) | 19/04/21 07:57:55 - 19/04/21 02:57:55 | Status: | Bien | Valida |
| Algoritmo: | RSA - SHA256 | | | |
| Cadena de firma: | d4 94 26 f9 51 62 df 7c 58 cd fe f9 32 e3 d0 b7 87 9b 05 d2 60 6c a7 40 75 39 8c e9 16 3c 88 be 5d 53 6a 7c a6 d8 7a b7 79 3f d3 05 a9 19 a3 5a d9 ea 47 3a b5 48 d6 36 37 e2 5d 3f d7 93 b7 e5 bf 70 6b 28 ad 1d 71 76 33 a8 0f da 7b 0a fc 7f 2f fe 98 33 69 2b e3 54 a4 fc 67 fc d6 1a 09 15 40 23 99 8e ff 5b 34 14 a7 b8 bb 91 d8 b9 02 b3 9f 20 72 da 92 27 e9 3e 6c a8 0c ee 16 2a e9 0b d5 24 9c bc 91 5a 51 9c 06 3f ac 16 61 9b 68 7b 9c 92 a5 fe 58 92 b1 55 f6 9e 09 f2 c2 14 a6 a0 b5 9b f1 2b 4c d8 0b ff 5b 82 6b 97 88 ea 81 2f 9f 8e cc 18 15 50 ea 4e ff 04 f3 8a 3a d5 c0 60 97 dc 3f 0a c5 0d 2a e9 15 ed d6 7c 6c 2c 0a b7 1d 9f c6 ea ac c0 56 6b 39 26 77 16 65 21 30 38 2b 91 31 27 bb 33 21 c3 f7 2d 74 dd 57 ed 70 a9 f6 8f 83 a7 9f f3 5f a0 3e fb bb cb cd 18 94 fd | | | |

| OCSP | |
|---|---|
| Fecha: (UTC / CDMX) | 19/04/21 07:57:55 - 19/04/21 02:57:55 |
| Nombre del respondedor: | OCSP ACI del Consejo de la Judicatura Federal |
| Emisor del respondedor: | Autoridad Certificadora Intermedia del Consejo de la Judicatura Federal |
| Número de serie: | 70.6a.66.20.63.6a.66.00.00.00.00.00.00.00.00.00.00.00.02 |

| TSR | |
|---|---|
| Fecha : (UTC / CDMX) | 19/04/21 07:57:56 - 19/04/21 02:57:56 |
| Nombre del emisor de la respuesta TSP: | Autoridad Emisora de Sellos de Tiempo del Consejo de la Judicatura Federal |
| Emisor del certificado TSP: | Autoridad Certificadora Intermedia del Consejo de la Judicatura Federal |
| Identificador de la respuesta TSP: | 46638634 |
| Datos estampillados: | 67OZdskiPDijIs2DhFGH5IXvP30= |

De conformidad

LO QUE NOTIFICO Y FUNDO DE CONFORMIDA
FEDERAL DE PROCEDIMIENTOS CIVILES APLICADO SUPLETORI
12:20 HORAS DEL DIA ONCE DEL MES DE Mayo

se ral 1068
310, 311, 312, Y 313, DEL CÓ
DIGO DE COMERCIO, SIENDO
DEL AÑO DOS

A T E N T A M E N T E
SUFRAGIO EFECTIVO, NO REELECCIÓN.-
CD. DEL CARMEN, CAMPECHE.-

LIC. BIRDIS DEL JESUS MOLINA GOMEZ.
ACTUARIO INTERNO

EXPEDIENTE 89/2021
CONCURSO MERCANTIL

**JUZGADO PRIMERO DE DISTRITO EN EL ESTADO DE CAMPECHE**
Avenida Patricio Trueba número 245 colonia San Rafael código postal 24090,
San Francisco de Campeche, Campeche

0 4 MAY 2021

*"2021, Año de la Independencia"*

COMUNICACIÓN OFICIAL
TIPO: **DESPACHO.**
No. DE ORDEN 359 /2021
No DE ORIGEN 129 -D-VIII-MERCANTIL/2021-B
**CONCURSO MERCANTIL. 89/2021**

GRISSELL RODRÍGUEZ FEBLES, JUEZ PRIMERO DE DISTRITO EN EL ESTADO DE CAMPECHE, A USTED JUEZ DE PRIMERA INSTANCIA DEL RAMO MERCANTIL EN TURNO, DEL SEGUNDO DISTRITO JUDICIAL, CON RESIDENCIA EN CIUDAD DEL CARMEN, CAMPECHE, A QUIEN TENGO EL HONOR DE DIRIGIRME, HAGO SABER QUE EN LA SOLICITUD DE CONCURSO MERCANTIL PROMOVIDA POR VICENTE BAÑUELOS RIZO, QUIEN SE OSTENTA APODERADO GENERAL PARA PLEITOS Y COBRANZAS DE LAS SOCIEDADES ROVOP, INC. Y UTEC SURVEY INC., DICTE UN ACUERDO DEL TENOR LITERAL SIGUIENTE:

*"San Francisco de Campeche, Campeche, diecinueve de abril de dos mil veintiuno.*

*Agréguese a los autos la copia del oficio signado por el Administrador Desconcentrado de Servicios al Contribuyente de Campeche "1" del Servicio de Administración Tributaria, con sede en esta ciudad, dirigido a la Subadministradora Desconcentrada Jurídica de esa Administración, por el que le remite el similar 51-VIII-B, de veintinueve de marzo último, por considerar que es un asunto de su competencia; información que se tiene en consideración, para los efectos legales correspondientes.*

*Por otra parte, glósese el escrito signado por Juan Pablo Elizondo Ong, autorizado en términos amplios de la parte actora, con el que exhibe el billete de depósito N 869459, que ampara la cantidad de $134,430.00 (ciento treinta y cuatro mil cuatrocientos treinta pesos, 00/100 moneda nacional), expedido por BANSEFI, Banco del Ahorro Nacional y Servicios Financieros S. N. C., que exhibió para garantizar los honorarios del visitador que en su momento se designe por el Instituto Federal de Especialistas en Concursos Mercantiles.*

*Por lo anterior, se califica de legal la idoneidad del billete de depósito en la forma en que se exhibe y en consecuencia comuníquese al citado instituto, mediante atento oficio que para tal efecto se expida, para los efectos legales conducentes.*

*Entréguese el billete de depósito a la Secretaría encargada de la caja de valores de este Juzgado, para su registro en el Libro de Gobierno correspondiente y guárdese en la caja de valores de este juzgado Federal.*

*En el mismo sentido, glósese al sumario el diverso escrito signado por Carlos Eduardo Milla Ortega, apoderado legal de la moral ROVOP, INC., representante común, con el que solicita se ordene el emplazamiento de la comerciante DREBBEL DE MÉXICO, SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE, en el domicilio ubicado en Ciudad del Carmen, Campeche; asimismo pide, se le haga entrega del despacho y las copias de traslado correspondientes a su representada por conducto de sus autorizados, a fin de que sean exhibidos ante la Oficina de Correspondiente Común de los Juzgado de Primera Instancia en Materia Mercantil del Segundo Distrito Judicial, con residencia en Ciudad del Carmen, Campeche.*

*En consecuencia, con fundamento en el artículo 26 de la Ley Concursos Mercantiles, mediante notificación personal y con las copias simples de la demanda y anexos que se acompañan, debidamente selladas y cotejadas, emplácese y córrase traslado a la comerciante DREBBEL DE MÉXICO, SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE; en el domicilio que para tal efecto señalaron los promoventes, ubicado en: calle 35 "B" (treinta y cinco), Manzana M, lote 4 (cuatro), fraccionamiento Malibran, código postal 24118, en Ciudad del Carmen, Campeche.*

*Lo anterior, para que la comerciante DREBBEL DE MÉXICO, SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE, dentro del término de NUEVE DÍAS mas uno por razón de distancia -conforme al artículo 1075 del supletorio Código de Comercio- produzca su contestación a la demanda y en su caso ofrezca las pruebas que autoriza el artículo 27 de la Ley de Concursos Mercantiles, apercibida que en caso de no dar oportuna contestación, se presumirán ciertos los hechos contenidos en la demanda que sean determinantes para la declaración de concurso mercantil.*

*Ahora bien, tomando en consideración que, el domicilio de la comerciante DREBBEL DE MÉXICO, SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE, se encuentra ubicado fuera de la jurisdicción territorial de este juzgado, con fundamento en el artículo 1071 del Código de Comercio de aplicación supletoria, se gira atento despacho al Juez de Primera Instancia del Ramo Mercantil, en turno, con sede en Ciudad del Carmen, Campeche, acompañándole copia autorizada del presente auto, así como copias simples de la demanda y anexos que se acompañan, debidamente selladas y cotejadas, para que realice la digencia de emplazamiento señalada en los párrafos precedentes.*

*Asimismo, dicha autoridad auxiliar, deberá requerirla **para que dentro del término de tres días hábiles, señale domicilio y autorizados en esta ciudad, para oír y recibir citas y notificaciones**, advertida que, de no hacerlo, las subsecuentes aún las de carácter personal, se le harán conforme a las reglas de las notificaciones que no deban ser personales, esto es, por lista que se publique en los estrados de este juzgado de Distrito.*

*Por último, con fundamento en el numeral 1072 del Código de Comercio de aplicación supletoria, **se accede a la solicitud del promovente para que el despacho sea tramitado por su conducto,** quien en el término de tres días hábiles, contados a partir del día siguiente al que surta efectos la notificación del presente proveído, deberá comparecer a recoger la comunicación oficial tipo despacho librada con motivo del presente proveído.*

*Para ello, deberá acordar previamente, con la secretaría del órgano jurisdiccional: a) la fecha y hora en la que podrá acudir a recoger su documentación[3], y b) una vez establecida (la fecha y hora), podrá agendar su cita en el Portal de Servicios del Poder Judicial de la Federación, a fin de que en la fecha y hora establecida le sean entregados los documentos.*

*Lo anterior, atendiendo a lo establecido en el Acuerdo General 21/2020 del Pleno del Consejo de la Judicatura Federal, relativo a la reanudación de plazos y al regreso escalonado en los órganos jurisdiccionales ante la contingencia por el virus Covid-19, publicado el treinta y uno de julio de dos mil veinte, en el Diario Oficial de la Federación.*

*Se hace saber a la parte actora, que a partir de la fecha en que le sea entregada la comunicación oficial dirigida a la autoridad auxiliar, tendrá un término de **tres días hábiles** para hacerlo llegar a su destino, y **devolver el acuse de recibo ante este Juzgado Primero de Distrito en el Estado de Campeche**, apercibida que de no entregar el acuse correspondiente o extraviarlo, se le impondrá una multa equivalente a $2,000.00 (dos mil pesos 00/100 Moneda Nacional), tal y como lo establece en el artículo 1067 bis, fracción II del Código de Comercio; lo anterior, se determina así, toda vez que las partes deben comprometerse al buen resguardo de las comunicaciones oficiales que se expidan.*

*Asimismo, desde este momento se le concede a la parte actora el plazo de treinta días hábiles para la diligenciación del despacho correspondiente, con el apercibimiento que de no hacerlo así, o bien de no comparecer dentro del término concedido para recoger la comunicación oficial de mérito, sin justificar impedimento bastante, será sancionada en los términos que autorice la ley y se dejará de desahogar la diligencia.*

***Notifíquese personalmente a la parte actora, a través del usuario proporcionado.***

*Así lo acordó y firma **Grissell Rodríguez Febles**, Juez Primero de Distrito en el Estado de Campeche, ante **Karla Marilú Poot Madero**, secretaria que autoriza y da fe."*

Y PARA QUE LO ORDENADO EN EL ACUERDO TRANSCRITO TENGA DEBIDO CUMPLIMIENTO, CON FUNDAMENTO EN LOS ARTÍCULOS 298 Y 314 DEL CÓDIGO FEDERAL DE PROCEDIMIENTOS CIVILES, SOLICITO A USTED JUEZ AUXILIAR, QUE TAN PRONTO LLEGUE A SU PODER EL PRESENTE DESPACHO, SE SIRVA ORDENAR SE DILIGENCIE EN SUS TÉRMINOS Y LO DEVUELVA A LA BREVEDAD POSIBLE.

San Francisco de Campeche, Campeche, 19 de abril de 2021

GRISSELL RODRÍGUEZ FEBLES.
JUEZ PRIMERO DE DISTRITO EN EL ESTADO DE CAMPECHE.

KARLA MARILÚ POOT MADERO
SECRETARIA DEL JUZGADO PRIMERO DE DISTRITO EN EL ESTADO.

---

[3] Número de teléfono: 981-160-27-69.



FORMA B-2

EXPEDIENTE 89/2021
CONCURSO MERCANTIL

PODER JUDICIAL DE LA FEDERACIÓN

**En San Francisco de Campeche, Campeche, diecinueve de abril de dos mil veintiuno,** la secretaria da cuenta a la Juez, con el oficio y escritos anotados en el Libro de Correspondencia con los folios **7225, 7198 y 7248**. Conste.

**San Francisco de Campeche, Campeche, diecinueve de abril de dos mil veintiuno.**

Agréguese a los autos la copia del oficio signado por el **Administrador Desconcentrado de Servicios al Contribuyente de Campeche "1" del Servicio de Administración Tributaria, con sede en esta ciudad,** dirigido a la Subadministradora Desconcentrada Jurídica de esa Administración, por el que le remite el similar **51-VIII-B,** de veintinueve de marzo último, por considerar que es un asunto de su competencia; información que se tiene en consideración, para los efectos legales correspondientes.

Por otra parte, glósese el escrito signado por Juan Pablo Elizondo Ong, autorizado en términos amplios de la parte actora, con el que exhibe el billete de depósito **N 869459**, que ampara la cantidad de **$134,430.00 (ciento treinta y cuatro mil cuatrocientos treinta pesos, 00/100 moneda nacional), expedido por BANSEFI, Banco del Ahorro Nacional y Servicios Financieros S. N. C.**, que exhibió para garantizar los honorarios del visitador que en su momento se designe por el Instituto Federal de Especialistas en Concursos Mercantiles.

Por lo anterior, se califica de legal la idoneidad del billete de depósito en la forma en que se exhibe y en consecuencia comuníquese al citado instituto, mediante atento oficio que para tal efecto se expida, para los efectos legales conducentes.

Entréguese el billete de depósito a la Secretaria encargada de la caja de valores de este Juzgado, para su registro en el Libro

1

de Gobierno correspondiente y guárdese en la caja de valores de este juzgado Federal.

En el mismo sentido, glósese al sumario el diverso escrito signado por Carlos Eduardo Milla Ortega, apoderado legal de la moral **ROVOP, INC.**, representante común, con el que solicita se ordene el emplazamiento de la comerciante **DREBBEL DE MÉXICO, SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE**, en el domicilio ubicado en Ciudad del Carmen, Campeche; asimismo pide, se le haga entrega del despacho y las copias de traslado correspondientes a su representada por conducto de sus autorizados, a fin de que sean exhibidos ante la Oficina de Correspondiente Común de los Juzgado de Primera Instancia en Materia Mercantil del Segundo Distrito Judicial, con residencia en Ciudad el Carmen, Campeche.

En consecuencia, con fundamento en el artículo **26** de la Ley Concursos Mercantiles, mediante notificación personal y con las copias simples de la demanda y anexos que se acompañan, debidamente selladas y cotejadas, emplácese y córrase traslado a la comerciante **DREBBEL DE MÉXICO, SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE**; en el domicilio que para tal efecto señalaron los promoventes, ubicado en: *calle 35 "B" (treinta y cinco), Manzana M, lote 4 (cuatro), fraccionamiento Malibran, código postal 24118, en Ciudad del Carmen, Campeche.*

Lo anterior, para que la comerciante **DREBBEL DE MÉXICO, SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE**, dentro del término de **NUEVE DÍAS mas uno por razón de distancia** -conforme al artículo 1075 del supletorio Código de Comercio- produzca su contestación a la demanda y en su caso ofrezca las pruebas que autoriza el artículo 27 de la Ley de Concursos Mercantiles, apercibida que en caso de no dar oportuna contestación, se presumirán ciertos los hechos contenidos en la demanda que sean determinantes para la declaración de concurso mercantil.

FORMA B-2



EXPEDIENTE 89/2021
CONCURSO MERCANTIL

**PODER JUDICIAL DE LA FEDERACIÓN**

Ahora bien, tomando en consideración que, el domicilio de la comerciante **DREBBEL DE MÉXICO, SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE**, se encuentra ubicado fuera de la jurisdicción territorial de este juzgado, con fundamento en el artículo 1071 del Código de Comercio de aplicación supletoria, se gira atento despacho al **Juez de Primera Instancia del Ramo Mercantil, en turno, con sede en Ciudad del Carmen, Campeche**, acompañándole copia autorizada del presente auto, así como copias simples de la demanda y anexos que se acompañan, debidamente selladas y cotejadas, para que realice la digencia de emplazamiento señalada en los párrafos precedentes.

Asimismo, dicha autoridad auxiliar, deberá requerirla **para que dentro del término de tres días hábiles, señale domicilio y autorizados en esta ciudad, para oír y recibir citas y notificaciones**, advertida que, de no hacerlo, las subsecuentes aún las de carácter personal, se le harán conforme a las reglas de las notificaciones que no deban ser personales, esto es, por lista que se publique en los estrados de este juzgado de Distrito.

Por último, con fundamento en el numeral 1072 del Código de Comercio de aplicación supletoria, **se accede a la solicitud del promovente para que el despacho sea tramitado por su conducto,** quien en el término de tres días hábiles, contados a partir del día siguiente al que surta efectos la notificación del presente proveído, deberá comparecer a recoger la comunicación oficial tipo despacho librada con motivo del presente proveído.

Para ello, deberá acordar previamente, con la secretaría del órgano jurisdiccional: **a)** la fecha y hora en la que podrá acudir a recoger su documentación[1], y **b)** una vez establecida (la fecha y hora), podrá agendar su cita en el Portal de Servicios del Poder Judicial de la Federación, a fin de que en la fecha y hora establecida le sean entregados los documentos.



---

[1] Número de teléfono: 981-160-27-69.

3

Lo anterior, atendiendo a lo establecido en el Acuerdo General 21/2020 del Pleno del Consejo de la Judicatura Federal, relativo a la reanudación de plazos y al regreso escalonado en los órganos jurisdiccionales ante la contingencia por el virus Covid-19, publicado el treinta y uno de julio de dos mil veinte, en el Diario Oficial de la Federación.

Se hace saber a la parte actora, que a partir de la fecha en que le sea entregada la comunicación oficial dirigida a la autoridad auxiliar, tendrá un término de **tres días hábiles** para hacerlo llegar a su destino, y devolver el acuse de recibo ante este Juzgado Primero de Distrito en el Estado de Campeche, apercibida que de no entregar el acuse correspondiente o extraviarlo, se le impondrá una multa equivalente a $2,000.00 (dos mil pesos 00/100 Moneda Nacional), tal y como lo establece en el artículo 1067 bis, fracción II del Código de Comercio; lo anterior, se determina así, toda vez que las partes deben comprometerse al buen resguardo de las comunicaciones oficiales que se expidan.

Asimismo, desde este momento se le concede a la parte actora el plazo de treinta días hábiles para la diligenciación del despacho correspondiente, con el apercibimiento que de no hacerlo así, o bien de no comparecer dentro del término concedido para recoger la comunicación oficial de mérito, sin justificar impedimento bastante, será sancionada en los términos que autorice la ley y se dejará de desahogar la diligencia.

**Notifíquese personalmente a la parte actora, a través del usuario proporcionado.**

Así lo acordó y firma **Grissell Rodríguez Febles**, Juez Primero de Distrito en el Estado de Campeche, ante **Karla Marilú Poot Madero**, secretaria que autoriza y da fe.

4

| | | los servicios prestados a bordo del buque HOS Ridgewind, durante el mes de junio de 2019, de conformidad con el pedido de aprovisionamiento no. 1739-19-1R1.0, y de los reportes diarios de operaciones suscritos por DREBBEL en dicho mes, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés. |
|---|---|---|
| ROVOP, INC. | 1.5 | Factura número 1739-4 emitida por ROVOP a cargo de DREBBEL, por un monto total de $326,653.00 USD (Trescientos veintiseis mil seiscientos cincuenta y tres dólares 00/100, Moneda en curso legal en los Estados Unidos de América), por los servicios prestados a bordo del buque HOS Ridgewind, durante el mes de julio de 2019, de conformidad con el pedido de aprovisionamiento no. 1739-19-1R1.0, y de los reportes diarios de operaciones suscritos por DREBBEL en dicho mes, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés. |
| ROVOP, INC. | 1.6 | Factura número 1739-5 emitida por ROVOP a cargo de DREBBEL, por un monto total de $317,953.00 USD (Trescientos diecisiete mil novecientos cincuenta y tres dólares 00/100, Moneda en curso legal en los Estados Unidos de América), por los servicios prestados a bordo del buque HOS Ridgewind, durante el mes de agosto de 2019, de conformidad con el pedido de aprovisionamiento no. 1739-19-1R1.0, y de los reportes diarios de operaciones suscritos por DREBBEL en dicho mes, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés. |
| ROVOP, INC. | 1.7 | Factura número 1739-6A emitida por ROVOP a cargo de DREBBEL, por un monto total de $291,500.00 USD (Doscientos noventa y un mil quinientos dólares 00/100, Moneda en curso legal en los Estados Unidos de América), por los servicios prestados a bordo del buque HOS Ridgewind, durante el mes de septiembre de 2019, de conformidad con el pedido de aprovisionamiento no. 1739-19-1R1.0, y de los reportes diarios de operaciones suscritos por DREBBEL en dicho mes, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés. |
| ROVOP, INC. | 1.8 | Factura número 1739-6B emitida por ROVOP a cargo de DREBBEL, por un monto total de $81,312.58 USD (Ochenta y un mil trescientos doce dólares 58/100, Moneda en curso legal en los Estados Unidos de América), por los servicios prestados a bordo del buque HOS Ridgewind, durante el mes de septiembre de 2019, para la desmovilización del equipo XLX86, de |

| | | |
|---|---|---|
| | | conformidad con el pedido de aprovisionamiento no. 1739-19-1R1.0, y de los reportes diarios de operaciones suscritos por DREBBEL en dicho mes, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés. |
| ROVOP, INC. | 1.9 | Factura número 1739-7 emitida por ROVOP a cargo de DREBBEL, por un monto total de $104,520.00 USD (Ciento cuatro mil quinientos veinte dólares 00/100, Moneda en curso legal en los Estados Unidos de América), por los servicios prestados a bordo del buque HOS Ridgewind, durante el mes de octubre de 2019, de conformidad con el pedido de aprovisionamiento no. 1739-19-1R1.0, y de los reportes diarios de operaciones suscritos por DREBBEL en dicho mes, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés. |
| ROVOP,INC. | 1.10 | Impresión original de los mensajes de datos enviados a DREBBEL que tienen adjuntas las facturas 1739-2, 1739-3. 1739-4, 1739-5, 1739-6A, 1739-6B y 1739-7, correspondientes a los servicios prestados por ROVOP a bordo del buque HOS Ridgewind, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés. |
| ROVOP, INC. | 1.11 | Copia certificada del Pedido abierto de aprovisionamiento para la prestación de Servicios de Soporte ROV no. P1676-19-1R2.0, a bordo del buque Global Orion, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés. |
| ROVOP, INC. | 1.12 | Factura número 1676-3 emitida por ROVOP a cargo de DREBBEL, por un monto total de $189,300.00 USD (Ciento ochenta y nueve mil trescientos dólares 00/100, Moneda en curso legal en los Estados Unidos de América), por los servicios prestados a bordo del buque Global Orion, durante el mes de mayo de 2019, de conformidad con el pedido de aprovisionamiento no. P1676-19-1R2.00, y de los reportes diarios de operaciones suscritos por DREBBEL en dicho mes, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés. |
| ROVOP, INC. | 1.13 | Factura número 1676-4 emitida por ROVOP a cargo de DREBBEL, por un monto total de $35,300.00 USD (Treinta y cinco mil trescientos dólares 00/100, Moneda en curso legal en los Estados Unidos de América), por los servicios prestados a bordo del buque Global Orion, durante el mes de junio de 2019, de conformidad con el pedido de aprovisionamiento no. P1676-19-1R2.0, y de los reportes diarios de operaciones suscritos por DREBBEL en dicho mes, junto con su |

| | | |
|---|---|---|
| | | traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés. |
| ROVOP, INC. | 1.14 | Impresión original de los mensajes de datos enviados a DREBBEL que tienen adjuntas las facturas 1676-3 y 1676-4, correspondientes a los servicios prestados por ROVOP a bordo del buque Global Orion, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés. |
| ROVOP, INC. | 1.15 | Copia certificada del Pedido abierto de aprovisionamiento para la prestación de Servicios de Soporte ROV no. 1845-19-1R1.0, a bordo del buque HOS Bayou, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés. |
| ROVOP, INC. | 1.16 | Factura número 1845-1 emitida por ROVOP a cargo de DREBBEL, por un monto total de $211,700.00 USD (Doscientos once mil setecientos dólares 00/100, Moneda en curso legal en los Estados Unidos de América), por los servicios prestados a bordo del buque HOS Bayou, durante el mes de agosto de 2019, de conformidad con el pedido de aprovisionamiento no. 1845-19-1R1.0, y de los reportes diarios de operaciones suscritos por DREBBEL en dicho mes, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés. |
| ROVOP, INC. | 1.17 | Factura número 1845-2 emitida por ROVOP a cargo de DREBBEL, por un monto total de $297,450.00 USD (Doscientos noventa y siete mil cuatrocientos cincuenta dólares 00/100, Moneda en curso legal en los Estados Unidos de América), por los servicios prestados a bordo del buque HOS Bayou, durante el mes de de septiembre de 2019, de conformidad con el pedido de aprovisionamiento no. 1845-19-1R1.0, y de los reportes diarios de operaciones suscritos por DREBBEL en dicho mes, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés. |
| ROVOP, INC. | 1.18 | Factura número 1845-3 emitida por ROVOP a cargo de DREBBEL, por un monto total de $95,658.30 USD (Noventa y cinco mil seiscientos cincuenta y ocho dólares 30/100, Moneda en curso legal en los Estados Unidos de América), por los servicios prestados a bordo del buque HOS Bayou, durante el mes de octubre de 2019, de conformidad con el pedido de aprovisionamiento no. 1845-19-1R1.0, y de los reportes diarios de operaciones suscritos por DREBBEL en dicho mes, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés. |

| | | |
|---|---|---|
| ROVOP,INC. | 1.19 | Impresión original de los mensajes de datos enviados a DREBBEL que tienen adjuntas las facturas 1845-1, 1845-2 y 1845-3, correspondientes a los servicios prestados por ROVOP a bordo del buque HOS Bayou, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés. |
| ROVOP, INC. | 1.20 | Copia certificada del Pedido abierto de aprovisionamiento para la prestación de Servicios de Soporte ROV no. 1638-19-1R1.0, a bordo del buque Nautla, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés. |
| ROVOP, INC. | 1.21 | Factura número 1638-4 emitida por ROVOP a cargo de DREBBEL, por un monto total de $334,403.00 USD (Trescientos treinta y cuatro mil cuatrocientos tres dólares 00/100, Moneda en curso legal en los Estados Unidos de América), por los servicios prestados a bordo del buque Nautla, durante el mes de mayo de 2019, de conformidad con el pedido de aprovisionamiento no. 1638-19-1R1.0, y de los reportes diarios de operaciones suscritos por DREBBEL en dicho mes, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés. |
| ROVOP, INC. | 1.22 | Factura número 1638-5 emitida por ROVOP a cargo de DREBBEL, por un monto total de $155,655.00 USD (Ciento cincuenta y cinco mil seiscientos cincuenta y cinco dólares 00/100, Moneda en curso legal en los Estados Unidos de América), por los servicios prestados a bordo del buque Nautla, durante el mes de junio de 2019, de conformidad con el pedido de aprovisionamiento no. 1638-19-1R1.0, y de los reportes diarios de operaciones suscritos por DREBBEL en dicho mes, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés. |
| ROVOP, INC. | 1.23 | Impresión original de los mensajes de datos enviados a DREBBEL que tienen adjuntas las facturas 1638-4 y 1638-5, correspondientes a los servicios prestados por ROVOP a bordo del buque Nautla, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés. |
| ROVOP,INC. | 1.24 | Impresión original del mensaje de datos que contiene el "pago de liquidación" ofrecido por Drebbel, y los comprobantes de los dos pagos parciales -trasferencias- realizadas por un monto total de USD$800,000.00 (ochocientos mil dólares 00/100 moneda de los Estados Unidos de América), junto con su traducción certificada al español por perito autorizado por el Consejo de la |

| | | Judicatura Federal de su texto redactado en inglés. |
|---|---|---|
| ROVOP,INC. | 1.25 | Testimonio del acta número 674, de la Notaría Pública 14, en Ciudad del Carmen, Campeche, que contiene la fe de hechos realizada el día 03 de diciembre de 2020. |
| HORNBECK OFFSHORE SERVICES DE MÉXICO, S. DE R.L. DE C.V. | 2.1 | Copia certificada del Contrato de Fletamento "BIMCO" por tiempo para Buques de Servicio en Altamar, respecto del buque "HOS RIDGEWIND", de fecha 01 de abril de 2019, celebrado entre HORNBECK Y DREBBEL, junto con su traducción certificada al español por perito autorizado de su texto redactado en inglés. |
| HORNBECK OFFSHORE SERVICES DE MÉXICO, S. DE R.L. DE C.V. | 2.2 | Copia certificada del certificado de inicio de 21 de abril de 2019, y del certificado de finalización de 16 de diciembre de 2019, del flete de la embarcación HOS RIDGEWIND, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés. |
| HORNBECK OFFSHORE SERVICES DE MÉXICO, S. DE R.L. DE C.V. | 2.3 | Copia certificada del certificado de inicio de 19 de marzo de 2020, y del certificado de finalización de 25 de abril de 2020, del flete de la embarcación HOS RIDGEWIND, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés. |
| HORNBECK OFFSHORE SERVICES DE MÉXICO, S. DE R.L. DE C.V. | 2.4 | Factura B-424 emitida por HORNBECK a cargo de DREBBEL, por un monto total de $443,700.00 USD (Cuatrocientos cuarenta y tres mil setecientos dólares 00/100, Moneda en curso legal en los Estados Unidos de América), por el Fletamento -alquiler- del buque HOS Ridgewind, y operación de las grúas, del 23 de octubre de 2019 al 07 de noviembre de 2019, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés. |
| HORNBECK OFFSHORE SERVICES DE MÉXICO, S. DE R.L. DE C.V. | 2.5 | Factura B-457 emitida por HORNBECK a cargo de DREBBEL, por un monto total de $443,700.00 USD (Cuatrocientos cuarenta y tres mil setecientos dólares 00/100, Moneda en curso legal en los Estados Unidos de América), por el Fletamento -alquiler- del buque HOS Ridgewind, y operación de las grúas, del 07 de noviembre de 2019 al 22 de noviembre de 2019, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés. |
| HORNBECK OFFSHORE SERVICES DE MÉXICO, S. DE R.L. DE C.V. | 2.6 | Factura B-483 emitida por HORNBECK a cargo de DREBBEL, por un monto total de $443,700.00 USD (Cuatrocientos cuarenta y tres mil setecientos dólares 00/100, Moneda en curso legal en los Estados Unidos de América), por el Fletamento -alquiler- del buque HOS Ridgewind, y operación de las grúas, del 22 de noviembre de 2019 al 07 de diciembre de 2019, junto con su traducción certificada al español por perito autorizado por el |

| | | |
|---|---|---|
| | | Consejo de la Judicatura Federal de su texto redactado en inglés. |
| HORNBECK OFFSHORE SERVICES DE MÉXICO, S. DE R.L. DE C.V. | 2.7 | Factura B-508 emitida por HORNBECK a cargo de DREBBEL, por un monto total de $443,700.00 USD (Cuatrocientos cuarenta y tres mil setecientos dólares 00/100, Moneda en curso legal en los Estados Unidos de América), por el Fletamento -alquiler- del buque HOS Ridgewind, y operación de las grúas, del 07 de diciembre de 2019 al 22 de diciembre de 2019, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés. |
| HORNBECK OFFSHORE SERVICES DE MÉXICO, S. DE R.L. DE C.V. | 2.8 | Factura B-632 emitida por HORNBECK a cargo de DREBBEL, por un monto total de $354,380.00 USD (Trescientos cincuenta y cuatro mil trescientos ochenta dólares 00/100, Moneda en curso legal en los Estados Unidos de América), por el Fletamento -alquiler- del buque HOS Ridgewind, del 19 de marzo de 2020 al 01 de abril de 2020, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés. |
| HORNBECK OFFSHORE SERVICES DE MÉXICO, S. DE R.L. DE C.V. | 2.9 | Factura B-633 emitida por HORNBECK a cargo de DREBBEL, por un monto total de $408,900.00 USD (Cuatrocientos ocho mil novecientos dólares 00/100, Moneda en curso legal en los Estados Unidos de América), por el Fletamento -alquiler- del buque HOS Ridgewind, del 01 de abril de 2020 al 16 de abril de 2020, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés. |
| HORNBECK OFFSHORE SERVICES DE MÉXICO, S. DE R.L. DE C.V. | 2.10 | Factura B-645 emitida por HORNBECK a cargo de DREBBEL, por un monto total de $408,900.00 USD (Cuatrocientos ocho mil novecientos dólares 00/100, Moneda en curso legal en los Estados Unidos de América), por el Fletamento -alquiler- del buque HOS Ridgewind, del 16 de abril de 2020 al 01 de mayo de 2020, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés. |
| HORNBECK OFFSHORE SERVICES DE MÉXICO, S. DE R.L. DE C.V. | 2.11 | Impresión original de los mensajes de datos enviados a DREBBEL que tienen adjuntas las facturas B-424, B-457, B-483, B-508, B-632, B-633 y B-645, correspondientes al Fletamento -alquiler- del buque HOS Ridgewind, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés. |
| HORNBECK OFFSHORE SERVICES DE MÉXICO, S. DE R.L. DE C.V. | 2.12 | Copia certificada del Contrato de Fletamento "BIMCO" por tiempo para Buques de Servicio en Altamar, respecto del buque "HOS BAYOU", de fecha 27 de junio de 2019, celebrado entre HORNBECK Y DREBBEL, junto con su traducción certificada al español por perito autorizado de su texto redactado en inglés. |

| | | |
|---|---|---|
| HORNBECK OFFSHORE SERVICES DE MÉXICO, S. DE R.L. DE C.V. | 2.13 | Copia certificada del certificado de inicio de 30 de julio de 2019, y del certificado de finalización de 01 de noviembre de 2019, del flete de la embarcación HOS BAYOU, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés. |
| HORNBECK OFFSHORE SERVICES DE MÉXICO, S. DE R.L. DE C.V. | 2.14 | Factura B-302 emitida por HORNBECK a cargo de DREBBEL, por un monto total de $386, 976.00 USD (Trescientos ochenta y seis mil novecientos setenta y seis dólares 00/100, Moneda en curso legal en los Estados Unidos de América), por el Fletamento -alquiler- del buque HOS Bayou, y operación de las grúas, del 06 de octubre de 2019 al 18 de octubre de 2019, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés. |
| HORNBECK OFFSHORE SERVICES DE MÉXICO, S. DE R.L. DE C.V. | 2.15 | Factura B-351 emitida por HORNBECK a cargo de DREBBEL, por un monto total de $483, 720.00 USD (Cuatrocientos ochenta y tres mil setecientos veinte dólares 00/100, Moneda en curso legal en los Estados Unidos de América), por el Fletamento -alquiler- del buque HOS Bayou, y operación de las grúas, del 22 de agosto de 2019 al 06 de septiembre de 2019, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés. |
| HORNBECK OFFSHORE SERVICES DE MÉXICO, S. DE R.L. DE C.V. | 2.16 | Factura B-359 emitida por HORNBECK a cargo de DREBBEL, por un monto total de $483, 720.00 USD (Cuatrocientos ochenta y tres mil setecientos veinte dólares 00/100, Moneda en curso legal en los Estados Unidos de América), por el Fletamento -alquiler- del buque HOS Bayou, y operación de las grúas, del 06 de septiembre de 2019 al 21 de septiembre de 2019, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés. |
| HORNBECK OFFSHORE SERVICES DE MÉXICO, S. DE R.L. DE C.V. | 2.17 | Factura B-423 emitida por HORNBECK a cargo de DREBBEL, por un monto total de $483, 720.00 USD (Cuatrocientos ochenta y tres mil setecientos veinte dólares 00/100, Moneda en curso legal en los Estados Unidos de América), por el Fletamento -alquiler- del buque HOS Bayou, y operación de las grúas, del 18 de octubre de 2019 al 02 de noviembre de 2019, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés. |
| HORNBECK OFFSHORE SERVICES DE MÉXICO, S. DE R.L. DE C.V. | 2.18 | Impresión original de los mensajes de datos enviados a DREBBEL que tienen adjuntas las facturas B-302, B-351, B-359 y B-423, correspondientes al Fletamento -alquiler- del buque HOS Bayou, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto |

| | | |
|---|---|---|
| | | redactado en inglés. |
| UTEC SURVEY, INC. | 3.1 | Copia Certificada del Contrato de Servicios Maestro celebrado entre UTEC y DREBBEL, el 26 de octubre de 2016, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés. |
| UTEC SURVEY, INC. | 3.2 | Factura número 15021 emitida por Utec Survey, Inc. a cargo de DREBBEL, por un monto total de $485,337.87 USD (cuatrocientos ochenta y cinco mil trescientos treinta y siete dólares 87/100, moneda en curso legal en los Estados Unidos de América), junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés. |
| UTEC SURVEY, INC. | 3.3 | Factura número 15040 emitida por Utec Survey, Inc. a cargo de DREBBEL, por un monto total de $346,311.49 USD (trescientos cuarenta y seis mil trescientos once dólares 49/100, moneda en curso legal en los Estados Unidos de América), junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés. |
| UTEC SURVEY, INC. | 3.4 | Desglose de cuentas por cobrar vencidas a cargo de DREBBEL, en el que se contienen las facturas 15021 y 15040, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés. |
| UTEC SURVEY, INC. | 3.5 | Copia certificada de la parte conducente del estado de cuenta emitido por la institución bancaria HSBC, donde se desprende la transferencia realizada por la sociedad Empowermet Coach, S.A. de C.V., el día 22 de febrero de 2019, por un monto de USD$87,690.00 dólares (ochenta y siete mil seiscientos noventa dólares Moneda de los Estados Unidos de América), junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés. |
| UTEC SURVEY, INC. | 3.6 | Copia certificada de la parte conducente del estado de cuenta emitido por la institución bancaria HSBC, donde se desprende la transferencia realizada por la sociedad Empowermet Coach, S.A. de C.V., el día 9 de julio de 2019, por un monto de USD$24,990.00 dólares (veinticuatro mil novecientos noventa dólares 00/100 Moneda de los Estados Unidos de América), junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés. |
| UTEC SURVEY, INC. | 3.7 | Confirmación de la operación realizada el día 31 de julio de 2018, por la sociedad Grupo Arcora, S.A. de C.V., mediante la cual se transfirió a UTEC SURVEY INC., el monto de $169,143.70 USD (ciento sesenta y nueve mil ciento cuarenta y tres dólares 70/100, moneda en curso legal en los |

| | | Estados Unidos de América). |
|---|---|---|
| UTEC SURVEY, INC. | 3.8 | Confirmación de la operación realizada el día 01 de agosto de 2018, por la sociedad Grupo Arcora, S.A. de C.V., mediante la cual se transfirió a UTEC SURVEY INC., el monto de $31,856.30 USD (treinta y un mil ochocientos cincuenta y seis dólares 30/100, moneda en curso legal en los Estados Unidos de América). |
| UTEC SURVEY, INC. | 3.9 | Impresión original del mensaje de datos de fecha 7 de agosto de 2018, mediante el cual DREBBEL solicitó a UTEC, que los montos transferidos fueran aplicados al pago de las facturas adeudadas por la comerciante, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés. |
| UTEC SURVEY, INC. | 3.10 | Impresión original de los mensajes de datos enviados a DREBBEL que tienen adjuntas las facturas 15021 y 15040, correspondientes a los servicios prestados por UTEC derivados de la relación comercial entre las partes, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés. |

**Nombre y firma de quien(es) promueve(n) por el (los) acreedor(es) demandante(s)**



(Firmado electrónicamente)
VICENTE BAÑUELOS RIZO
Apoderado general para pleitos y cobranzas de
**ROVOP, INC. y UTEC SURVEY, INC.**


(Firmado electrónicamente)
ARTURO BELLO TÉLLEZ
Apoderado general para pleitos y cobranzas de
**HORNBECK OFFSHORE SERVICES DE MÉXICO, S. DE R.L. DE C.V.**

Escriba el nombre completo del (de los) promovente(s) quien(es) deberá(n) poner su firma autógrafa, o bien, de contar con ella, insertar su firma electrónica.

FORMA A-55



**PODER JUDICIAL DE LA FEDERACIÓN**

**CONCURSO MERCANTIL 89/2021**

### SENTENCIA.

San Francisco de Campeche, Campeche, **veinticinco de enero dos mil veintidós.**

**V I S T O S** para resolver respecto de los autos del concurso mercantil **89/2021**, promovido por **Vicente Bañuelos Rizo**, apoderado general para pleitos y cobranzas de las sociedades de **ROVOP, INC.,** y **UTEC SURVEY INC.**; así como por **Arturo Bello Téllez,** apoderado de la moral **HORNBECK OFFSHORE SERVICES DE MÉXICO, S. DE R.L. DE C.V.**, en contra de la comerciante **DREBBEL DE MÉXICO, S. DE R.L. DE C.V.**; y,

### R E S U L T A N D O:

**PRIMERO.** *Demanda principal.* Por escrito presentado el ocho de febrero de dos mil veintiuno, ante la Oficina de Correspondencia Común a los Juzgados de Distrito en el Estado de Campeche, remitida el nueve siguiente, por razón de turno a este Juzgado Primero de Distrito en el Estado de Campeche, **Vicente Bañuelos Rizo** y **Arturo Bello Téllez**, quienes se ostentaron como apoderados generales para pleitos y cobranzas, el primero, de **ROVOP, INC.** y **UTEC SURVEY INC.**, y el segundo, de **HORNBECK OFFSHORE SERVICES DE MÉXICO, S. DE R.L. DE C.V.**, solicitaron la declaración de concurso mercantil de la comerciante **DREBBEL DE MÉXICO, S. DE R.L. DE C.V**.

**SEGUNDO.** *Radicación y prevención*. El veintidós de febrero de dos mil veintiuno, se radicó la demanda, registrándola bajo el expediente **89/2021**, de la estadística de este Juzgado de Distrito; asimismo, se previno a **Vicente Bañuelos Rizo**, quien se ostentó como apoderado general para pleitos y cobranzas de **ROVOP, INC.** y **UTEC SURVEY INC.**, para que diera cumplimiento al requerimiento ahí contenido, apercibiéndole que de ser omiso, se desecharía su demanda.

Por acuerdo de dieciséis de marzo de dos mil veintiuno, se admitió el recurso de revocación interpuesto por Carlos Eduardo Milla



EXHIBIT
C-3

Ortega, autorizado en términos amplios de la parte actora **ROVOP, INC.**, **UTEC SURVEY INC.**, y **HORNBECK OFFSHORE SERVICES DE MÉXICO, S. DE R.L. DE C.V,** en contra del proveído de veintidós de febrero de dos mil veintiuno.

**TERCERO.** *Admisión, emplazamiento y exhibición de garantía.* Por auto de veintinueve de marzo de dos mil veintiuno, se tuvo por desahogada la prevención de veintidós de febrero de esa anualidad y se **admitió la solicitud de concurso mercantil** realizada por las empresas **ROVOP, INC.**, **UTEC SURVEY INC.**, y **HORNBECK OFFSHORE SERVICES DE MÉXICO, S. DE R.L. DE C.V.,** por conducto de sus apoderados legales, respecto de la comerciante **DREBBEL DE MÉXICO, S. DE R.L. DE C.V.**

En la misma fecha, de conformidad con lo dispuesto por el artículo 24 de la Ley de Concursos Mercantiles, se requirió a las Sociedades promoventes que garantizaran, en cualquiera de las formas legales, los honorarios del visitador que en su momento se designara, con el apercibimiento que de no hacerlo, el auto admisorio dejaría de surtir efectos, en términos del numeral citado; asimismo, se libraron los oficios correspondientes al Instituto Federal de Especialistas de Concursos Mercantiles, con sede en la Ciudad de México, a efecto de que designara un visitador, así como a la autoridad fiscal Administración General de Servicios al Contribuyente del Servicio de Administración Tributaria, con residencia en esta ciudad, para los efectos legales correspondientes.

También, a petición de la parte promovente, se tuvo como **representante común** de los acreedores a **ROVOP, INC.,** por conducto de su apoderado **Vicente Bañuelos Rizo, y se dejó sin materia el recurso de revocación** interpuesto en contra del auto de veintidós de febrero de dos mil veintiuno, al haber dado cumplimiento las acreedoras a dicho proveído.

Mediante acuerdo de diecinueve de abril de dos mil veintiuno, se tuvo a Juan Pablo Elizondo Ong, autorizado en términos amplios de la parte actora, exhibiendo la garantía requerida por este órgano jurisdiccional, y se requirió  a la comerciante **DREBBEL DE MÉXICO,**

2

.

**S. DE R.L. DE C.V**., a efecto de que en el plazo de nueve días, diera contestación al ocurso incoado en su contra y en su caso ofreciera las pruebas que autoriza el artículo 27 de la Ley de Concursos Mercantiles.

El once de mayo de dos mil veintiuno, se emplazó a la comerciante demandada **DREBBEL DE MÉXICO, S. DE R.L. DE C.V**.y se le corrió el traslado correspondiente.

**CUARTO.** *Contestación de demanda y designación de visitador.* El veinticinco de mayo de dos mil veintiuno, a través de la oficina de correspondencia común a los Juzgados de Distrito en el Estado de Campeche, turnado el veintiséis siguiente a este Juzgado de Distrito, se tuvo por recibido el escrito singado por **Ángel González Rul Alvidrez**, representante legal de la persona moral denominada **DREBBEL DE MÉXICO, S. DE R.L. DE C.V**., a través del cual dio contestación a la demanda, y ofreció las pruebas que consideró pertinentes; ocurso que fue acordado el siete de junio de la anualidad pasada y con su contenido se dio vista a la parte demandante.

Por acuerdo de veintiocho de junio de dos mil veintiuno, se admitió el recurso de revocación interpuesto por **Carlos Eduardo Milla Ortega**, autorizado de las sociedades **ROVOP, INC., UTEC SURVEY INC.** y **HORNBECK OFFSHORE SERVICES DE MÉXICO, S. DE R.L. DE C.V**, en contra del acuerdo de siete de junio de dos mil veintiuno, en el que se tuvo por contestada en tiempo y forma la demanda interpuesta en contra de la persona moral denominada **DREBBEL DE MÉXICO, S. DE R.L. DE C.V**., por conducto de su representante legal **Ángel González Rul Alvidrez**, y se reservó proveer los escritos mediante los cuales solicitó la regularización del procedimiento y desahogó la vista otorgada con la contestación de la demanda de la comerciante.

En ese mismo auto, se tuvo por recibido el oficio recepcionado en la oficialía de partes de este Juzgado, el veintiuno de junio de dos mil veintiuno, firmado electrónicamente por el Director General del Instituto Federal de Especialistas de Concursos Mercantiles,

KARLA MARILÚ POOT MADERO
770.6a.66.20.65.6a.66.00.00.00.00.00.00.00.00.00.01.f5.d9
31/12/22 10:32:39

mediante el cual informó la designación de **Víctor Hugo de la Cruz Caballero**, como visitador en el presente asunto; experto que posteriormente se apersonó a juicio, a través del ocurso ingresado a este órgano jurisdiccional el veintidós del mismo mes y año, aceptando el desempeño de su función.

**QUINTO.** *Orden de visita e inicio.* El dos de agosto de dos mil veintiuno, se dictó acuerdo en el que se despachó orden de visita con efectos de mandamiento en forma, en el domicilio de la comerciante **DREBBEL DE MÉXICO, S. DE R.L. DE C.V**., con el objeto de que el visitador dictamine si incurrió en los supuestos normativos previstos en el artículo 10 de la ley de la materia.

Por acuerdo de treinta de agosto de dos mil veintiuno, se tuvo por recibido el escrito del visitador designado, mediante el cual exhibió el inicio del acta de visita practicada en el domicilio de la comerciante.

**SEXTO.** *Exhibición de dictamen y vista a las partes.* Por acuerdo de veinte de septiembre de dos mil veintiuno, se tuvo por recibido el escrito de **Víctor Hugo de la Cruz Caballero**, visitador designado por el Instituto Federal de Especialistas de Concursos Mercantiles, mediante el cual exhibió el dictamen de visita, razonado y circunstanciado, en el que se desprende que la empresa **DREBBEL DE MÉXICO, S. DE R.L. DE C.V**., **NO TIENE EL ESTADO DE CONCURSO MERCANTIL**, pues en el dictamen manifiesta que revisó la información y documentación que le fueron proporcionados por el comerciante según se señala en la orden de visita, por el período marcado en la misma, tomando consideración los hechos planteados en la demanda y contestación, y que de acuerdo con la demanda el comerciante NO incurrió en la hipótesis de ninguna fracción del artículo 10 de la Ley de Concursos Mercantiles; asimismo, se decretaron las providencias precautorias respectivas.

Luego, por acuerdo de dieciocho de octubre de dos mil veintiuno, se admitió el recurso de revocación interpuesto por Carlos Eduardo Milla Ortega, autorizado en términos amplios de la parte actora **ROVOP, INC.**, **UTEC SURVEY INC.**, y **HORNBECK**

KARLA MARILÚ POOT MADERO
77/6.6.66.20.65.66.00/00.00/00.00.00/00.00/00.01.15.69
31/12/21 10:52:59

4

.

**OFFSHORE SERVICES DE MÉXICO, S. DE R.L. DE C.V.**, en contra del proveído de veinte de septiembre de dos mil veintiuno.

Posteriormente, mediante resolución interlocutoria emitida el veintitrés de noviembre de dos mil veintiuno, en el presente asunto, se declaró procedente, pero infundado dicho medio recursivo, y se confirmó el auto de siete de junio de ese mismo año.

Mediante acuerdo de veintitrés de diciembre de dos mil veintiuno, se tuvo por desahogada la vista otorgada con la contestación de demanda, y se puso en estado de resolución este asunto en cuanto a la cuestión principal, sin que fuera necesario esperar la resolución del recurso de revocación interpuesto en contra del auto de veinte de septiembre de dos mil veintiuno, donde se debate el tema de alguna de las medidas cautelares decretadas, pues éstas no son sino cuestiones accesorias que no pueden entorpecer el curso de la cuestión principal; asimismo, se dio vista a la comerciante y acreedores o demandantes, con el dictamen del visitador designado por el Instituto Federal de Especialidades en Concursos Mercantiles, para que formularan sus alegatos, y una vez transcurrido el término para alegar, se ordenó traer los autos a la vista para pronunciar la sentencia, sin necesidad de citación de conformidad con lo establecido en el artículo 42 de la Ley de Concursos Mercantiles; y,

## C O N S I D E R A N D O

**PRIMERO.** *Competencia*. Este Juzgado Primero de Distrito en el Estado de Campeche, con residencia en esta ciudad, es competente para conocer y resolver el presente juicio, en términos de lo dispuesto por el artículo 104, fracción II, de la Constitución Política de los Estados Unidos Mexicanos, 59, fracción II, de la Ley Orgánica del Poder Judicial de la Federación, así como en el Acuerdo General 3/2013 del Pleno del Consejo de la Judicatura Federal, relativo a la determinación del número y límites territoriales de los circuitos en que se divide el territorio de la República Mexicana; y, al número, a la jurisdicción territorial y especialización por materia de los Tribunales

KARLA MARILU POOT MADERO
77/0.6.66.20.65.6a.66.00/00.00/00.00/00.00/00.00/00.11.f5.d9
31/12/22 10:32:39

5

Colegiados y Unitarios de circuito y de los Juzgados de Distrito y el diverso numeral 17 de la Ley de Concursos Mercantiles.

**SEGUNDO.** *Legitimación*. La legitimación de la parte actora **Vicente Bañuelos Rizo**, en su carácter de apoderado general para pleitos y cobranzas de las sociedades **ROVOP, INC.,** y **UTEC SURVEY INC.**, así como de **Arturo Bello Téllez,** como apoderado de **HORNBECK OFFSHORE SERVICES DE MÉXICO, S. DE R.L. DE C.V.**, para actuar en el presente juicio, se encuentra acreditada en autos con los documentos exhibidos con el escrito de demanda, porque, de acuerdo con lo dispuesto por el artículo 21 de la Ley de Concursos Mercantiles, podrá demandar la declaración de concurso mercantil cualquier acreedor del comerciante o el Ministerio Público.

En el caso, las documentales señaladas en el anexo 1 de la demanda de declaración de concurso mercantil, entre las que se encuentran: las consistentes en los contratos de prestación de servicios que celebraron las demandantes con la comerciante, los pedidos de aprovisionamiento y las facturas expedidas a nombre de la comerciante, las cuales se detallan más adelante, son aptas para acreditar la calidad  con la que se ostentaron las demandantes y tal situación que es congruente con lo precisado en el diverso numeral 11, fracción I del mismo ordenamiento legal.

Documentales que se exhibieron como anexos por los promoventes del juicio, junto con su escrito de solicitud de concurso mercantil, que en términos de la fracción I del artículo 23 de la citada ley, las vincula con el comerciante; quien, en los términos previstos por los artículos 3, 4 y 9 de la Ley de Concursos Mercantiles, establecen que se puede demandar la declaración de concurso mercantil de una persona física o moral cuando ésta tenga el carácter de comerciante conforme al Código de Comercio.

Así, en el caso concreto, la fracción II del artículo 3 del Código de Comercio, establece que se reputan en derecho comerciantes las sociedades constituidas con arreglo a las leyes mercantiles; y al respecto, la forma de constitución de la demandada implica su carácter de comerciante en términos de lo dispuesto por el artículo 1

KARLA MARILU POOT MADERO
770.6a.66.20.65.6a.66.60.00.00.00.00.00.00.00.00.11.f5.d9
31/12/22 10:32:59

6

.

de la Ley General de Sociedades Mercantiles, que entre las especies de sociedades mercantiles reconoce a la que adoptó la demandada, en tanto que el numeral 4 de la misma ley expresa que se reputan mercantiles las sociedades que se constituyan en alguna de las formas reconocidas en la propia ley.

En esa tesitura, la **legitimación de la comerciante DREBBEL DE MÉXICO, S. DE R.L. DE C.V**.; se encuentra acreditada en términos previstos por los ***artículos 4º, fracción II, y 9º, de la Ley de Concursos Mercantiles***, numerales en que tiene nacimiento el derecho para demandar la declaratoria de concurso mercantil de una persona física o moral cuando tenga el carácter de comerciante conforme al Código de Comercio e incumpla generalizadamente en el pago de sus obligaciones.

En la especie, la parte demandada señalada en el párrafo que antecede, tiene el carácter de comerciante de conformidad con lo dispuesto por el artículo 3°, fracción II, del Código de Comercio.

Lo anterior, se desprende de la copia certificada del instrumento 117 (ciento diecisiete), de once de marzo de dos mil dieciséis, pasada ante la fe del licenciado Sergio Ayala Fernández del Campo, Titular de la Notaría Pública número 13 (trece), en  Ciudad del Carmen, Campeche, relativa al acta constitutiva de la sociedad mercantil denominada **DREBBEL DE MÉXICO, S. DE R.L. DE C.V.,** que la parte demandada adjuntó a su escrito de contestación de demanda.

A la documental anterior se le concede valor probatorio conforme a lo dispuesto por los artículos 1237 y 1292, del Código de Comercio, aplicado supletoriamente a la materia, de las cuales se hace patente la calidad de comerciante que le reviste a la demandada concursal.

**TERCERO.** *Fundamentos del concurso mercantil.* La Ley de Concursos Mercantiles reconoce como objetivo de interés público la conservación de las empresas, evitando que el incumplimiento generalizado de las obligaciones de pago ponga en riesgo la viabilidad de la propia empresa en crisis y de las demás con las que

KARLA MARILI POOT MADERO
770.6.66.20.65.6e.66.00.00.00.00.00.00.00.00.00.01.f5.d9
31/12/22 10:32:59

7

aquélla mantenga una relación de negocios; y, en caso de que ello no sea posible, dicho interés público se centra en lograr otro objetivo: preservar el valor económico y social de la empresa en concurso, mediante un proceso de liquidación ordenado, transparente y equitativo, que permita maximizar su valía, en aras de causar la menor afectación posible a los acreedores y al propio comerciante. Estos fines de interés público constituyen el objeto de la citada ley, según se desprende de sus artículos 1, 2 y 3.[1]

Para lograr la consecución de esos objetivos de interés público, la ley de la materia establece un proceso judicial que consta de una **etapa preliminar** y dos fases propias al concurso mercantil (la *conciliación* y, en su caso, la *quiebra*).

La etapa preliminar o previa al concurso mercantil es denominada en la ley como ***"Procedimiento para la declaración de concurso mercantil",*** regulado en el Título Primero, Capítulos III, IV, V y VI, donde se contemplan las reglas procesales y sustantivas que le son aplicables.

El objeto de dicha etapa preliminar o previa se ciñe a obtener la decisión judicial sobre la procedencia de declarar o no en situación jurídica de concurso mercantil a la comerciante de que se trate, **atendiendo a si se actualizan o no los supuestos legales para ello;** lo anterior, con base en una visita de verificación a la empresa por parte del órgano concursal (visitador), el dictamen que deberá formular, así como las pruebas que aporten las partes, **para constatar si aquélla ha incurrido en incumplimiento de sus obligaciones de pago con sus acreedores.**

De emitirse sentencia en sentido positivo en ese procedimiento preliminar, es decir, declarando en concurso mercantil a la comerciante, *el proceso continuará* con la apertura de la primera etapa propia del concurso mercantil: la *conciliación*, referida en el

---

[1] **Artículo 1o.-** *La presente Ley es de interés público y tiene por objeto regular el concurso mercantil.*

*Es de interés público conservar las empresas y evitar que el incumplimiento generalizado de las obligaciones de pago ponga en riesgo la viabilidad de las mismas y de las demás con las que mantenga una relación de negocios. Con el fin de garantizar una adecuada protección a los acreedores frente al detrimento del patrimonio de las empresas en concurso, el juez y los demás sujetos del proceso regulado en esta Ley deberán regir sus actuaciones, en todo momento, bajo los principios de trascendencia, economía procesal, celeridad, publicidad y buena fe.*

**Artículo 2o.-** *El concurso mercantil consta de dos etapas sucesivas, denominadas conciliación y quiebra.*

**Artículo 3o.-** *La finalidad de la conciliación es lograr la conservación de la empresa del Comerciante mediante el convenio que suscriba con sus Acreedores Reconocidos. La finalidad de la quiebra es la venta de la empresa del Comerciante, de sus unidades productivas o de los bienes que la integran para el pago a los Acreedores Reconocidos.*

.

artículo 2 de la ley de la materia; salvo que el comerciante haya solicitado que el concurso inicie en *etapa de quiebra*.

En caso contrario, esto es, en caso de declarar improcedente el concurso, se ordenará que las cosas vuelvan al estado que tenían con anterioridad y se levantarán las providencias precautorias impuestas.

Ciertamente, el concurso mercantil puede iniciarse: por solicitud del propio comerciante, o por demanda que promueva el Ministerio Público o cualquier acreedor del comerciante (artículos 20 y 21); pudiendo iniciarse el juicio en etapa de conciliación o directamente en etapa de quiebra, en el segundo supuesto sin desahogo de la fase conciliatoria, cuando así se solicite en el juicio que  se inste (o cuando se allane a la petición que formulen en ese sentido el Ministerio Público o el acreedor o acreedores demandantes, en el caso de que el juicio inicie por demanda de alguno de estos últimos); sustanciándose en forma concomitante el proceso de reconocimiento, graduación y prelación de créditos.

Todo lo anterior se desprende de los artículos 2, 3, 20 y 43, fracción V, de la Ley de Concursos Mercantiles, cuya porción que interesa dice:

> *"**Artículo 2o.-** El concurso mercantil consta de dos etapas sucesivas, denominadas **conciliación y quiebra**."*
>
> *"**Artículo 3o.-** La finalidad de la **conciliación** es lograr la conservación de la empresa del Comerciante mediante el convenio que suscriba con sus Acreedores Reconocidos. La finalidad de la **quiebra** es la venta de la empresa del Comerciante, de sus unidades productivas o de los bienes que la integran para el pago a los Acreedores Reconocidos."*
>
> *"**Artículo 20.-** El Comerciante que considere que ha incurrido en el incumplimiento generalizado de sus obligaciones en términos de cualquiera de los supuestos establecidos en el artículo 10 de esta Ley, podrá solicitar que se le declare en concurso mercantil, el cual, en caso de ser fundado, **se abrirá en etapa de conciliación**, salvo que el Comerciante expresamente pida que el concurso mercantil se abra en **etapa de quiebra**.*
> *(...)"*

KARLA MARILÚ POOT MADERO
770.6e.66.20.65.6e.60.00.00.00.00.00.00.00.00.00.00.11.f5.d9
31/12/22 10:32:59

9

*"**Artículo 43**. La sentencia de declaración de concurso mercantil, contendrá:*
*…*
*V. La declaración de apertura de la etapa de conciliación, **salvo que se haya solicitado la quiebra del Comerciante**;*
*[…]*

*"**Artículo 48.-** La sentencia que declare que no es procedente el concurso mercantil, ordenará que las cosas vuelvan al estado que tenían con anterioridad a la misma, y el levantamiento de las providencias precautorias que se hubieren impuesto o la liberación de las garantías que se hayan constituido para evitar su imposición".*

En efecto, debe destacarse de manera previa que la doctrina respecto al procedimiento concursal ha sostenido lo siguiente:

*El juicio tiene como objeto aplicar los activos de un comerciante, personas físicas o morales, para realizar el pago a sus acreedores. Es un procedimiento escrito que debe ser claro, rápido y equitativo, que sirve para fortalecer la seguridad y convicción jurídica de todos los involucrados, que tiene como finalidad que el comerciante que incumple generalizadamente sus obligaciones de pago sea sujeto de negociación de pasivos o, en su defecto, de la venta de las unidades productivas o bienes que la integran para el pago de las referidas obligaciones.*

*Ahora bien, la LCM tiene como objetivo conservar la empresa y evitar que el incumplimiento generalizado de las obligaciones de pago ponga en riesgo la viabilidad de las mismas y de sus correlativas con las que tengan negocios, es decir, busca proteger a la empresa para preservar su operación y los empleos que genera, a fin de conservar el equilibrio entre el comerciante y sus acreedores.[2]*

Asimismo, el entonces ministro José Ramón Cossío Díaz, en el amparo directo en revisión 7071/2016[3], señaló:

*14. El concurso mercantil constituye un proceso universal para resolver el patrimonio de un comerciante,*

KARLA MARELI POOT MADERO
776.6c6.20.65.6a.66.00.00.00.00.00.00.00.00.00.01.f3.d9
31/12/22 10:32:59

---

[2] **EL CONCURSO MERCANTIL MEXICANO: VENTAJAS Y DESVENTAJAS. ELVIA ARCELIA QUINTANA ADRIANO**. *Biblioteca jurídica Virtual del Instituto de Investigaciones Jurídicas de la Universidad Nacional Autónoma de México.*
[3] *Consultable en:*
*https://www.scjn.gob.mx/sites/default/files/listas/documento_dos/2017-11/ADR-7071-2016-171106.pdf*

.

*cuando éste incurre en incumplimiento generalizado de sus obligaciones y ya no son admisibles las acciones individuales tendentes a satisfacerlas emprendidas por cada uno de los acreedores, sino que deben concurrir a la celebración de un convenio o al prorrateo del precio de los bienes y unidades productivas.*

*15. El fundamento de esta situación excepcional radica en la función que tiene el crédito en las relaciones comerciales, pues el comerciante no opera exclusivamente con medios propios, sino también con dinero ajeno, de modo que "cuando el crédito desaparece, toda la actividad del comerciante se paraliza y la gestión comercial pierde su vitalidad.*

*16. Por tanto, en esta institución se tutelan intereses jurídicos de distinto carácter: no sólo se protegen los intereses de los acreedores del concursado relativos fundamentalmente a la satisfacción de su crédito, sino también los del deudor de lograr un mejor precio en sus bienes y unidades productivas que permitan la realización de la mayor parte de sus pasivos; así como también se tutelan los intereses del comercio mismo, estos últimos considerados de orden público por referirse a la empresa como unidad económica que provee de bienes o servicios, y genera empleos.*

*17. En ese sentido, la protección dispensada por la ley en materia de concursos se mueve principalmente entre los intereses del derecho de crédito de los acreedores y la conservación de la empresa. Y si bien en los inicios de esta institución se daba mayor peso a los primeros, en la actualidad se ha dado énfasis al segundo, en aras de lograr un mayor equilibrio entre todos los intereses involucrados.*

*18. Así se evidencia en la exposición de motivos de la Ley de Concursos Mercantiles vigente, en que se identificó como objetivo central del derecho concursal "proporcionar la normatividad pertinente para maximizar el valor de una empresa en crisis mediante su conservación, con lo cual se protege el empleo de sus elementos humanos, se evita la repercusión económica negativa a la sociedad, producida por la pérdida de una empresa que le proporciona bienes o servicios, y se recupera el esfuerzo empresarial que dicha empresa representó para su titular.*

*19. Por tanto, el propósito de la ley es ordenar los procesos de reestructuración de empresas, buscando en primer lugar aprovechar la experiencia y conocimientos del empresario falimentario y, por otra parte, procurar que los acreedores puedan continuar sus operaciones. Al efecto, se dijo que "el Estado puede desempeñar un papel central coordinando esfuerzos, proveyendo un foro donde la*

*información fluya y que las empresas viables puedan aprovechar para reestructurarse, seguir operando y mantener el empleo.*

En ese sentido, podemos afirmar, que el concurso mercantil debe ser entendido en sus dos sentidos:

a) Como el estado jurídico en el que se encuentra un comerciante por así ser declarado por un juez en el proceso jurisdiccional; y,

b) Como el conjunto de procedimientos que integran un proceso, mediante el cual el juez conoce la procedencia o no de la declaración de estado de concurso.

Asimismo, podemos advertir que el objetivo primordial de la Ley de Concursos Mercantiles, es la de preservar la empresa y los derechos de crédito de la misma.

Ahora bien, uno de los efectos tras la admisión del juicio de concurso mercantil, como lo contempla el artículo 29 de la ley de la materia, es que se remita copia de la demanda al Instituto Federal de Especialistas de Concursos Mercantiles, a efecto de que designe un visitador, hecho lo anterior, se ordenará la práctica de una visita al comerciante.

En ese tenor, la Suprema Corte de la Nación, ha establecido que la visita ordenada en los artículos 29 al 41 de la ley de la materia, tiene las características propias de una medida cautelar, pues es un acto previo a la declaración de concurso mercantil para hacer, en su caso, la correspondiente declaratoria.

Así, la referida visita no constituye un fin en sí misma, por lo que resulta ser accesoria del procedimiento concursal, constituyéndose así, como un acto de molestia, el cual de conformidad con el artículo 16 de la Constitución Política de los Estados Unidos Mexicanos, debe revestir las formalidades de ser emitido vía autoridad competente que funde y motive la causa legal del procedimiento.

El máximo tribunal ha establecido que **no basta con la presentación de la demanda y con la afirmación de una persona**

**para que se gire la orden de visita, sino que, se necesita reunir determinados requisitos**, a saber:

**1.** La demandante tiene que demostrar que es acreedor de la comerciante.

**2.** Debe acreditar presuntivamente el incumplimiento de las obligaciones del comerciante a dos o más acreedores distintos.

**3.** Se entiende que este incumplimiento se da cuando el comerciante no tiene activos suficientes para hacer frente al 80% de sus obligaciones o cuando de la totalidad de las obligaciones vencidas del comerciante no se haya cubierto el 35%.

En ese sentido, la acreditación presuntiva de los hechos señalados en el artículo 11 de la Ley de Concursos Mercantiles, es la que constituye la motivación de la orden de visita de verificación.

Asimismo, el entonces aludido Ministro sostuvo que el propósito del legislador en los artículos 9 y 10 de la Ley de Concursos Mercantiles, **es establecer un elemento objetivo de valoración del incumplimiento generalizado, que se compone de la insolvenci**a, conforme a la fracción II del artículo 10 de la materia, **y de la iliquidez del comerciante**, en términos de la fracción I del ordenamiento aludido; de manera que, cuando se demanda su declaración de concurso por algún acreedor o el Ministerio Público, **es preciso la demostración de ambas hipótesis,** máxime cuando el sometimiento al proceso de concurso implica ciertas molestias y perjuicios al comerciante, como la visita de verificación (que se analizó en párrafos precedentes) que implica la revisión de sus documentos contables y financiero, o la imposición de ciertas medidas provisionales.

Lo anterior obedece a que *el incumplimiento generalizado no supone simples incumplimientos momentáneos o pasajeros*, como los que podrían producirse por el retardo en el cobro de una suma, sino que se requiere un cierto grado de permanencia en el incumplimiento, que el legislador tasó en los porcentajes mínimos establecidos en las fracciones I y II del artículo 10 citado.

KARLA MARLU POOT MADERO
77/06.66.20.65.66.00/00/00/00/00/00/00/00/0011.f5.69
31/12/22 10:32:39

13

Tales hipótesis necesarias no pueden ser vistas como restricción al acceso a la declaración de concurso mercantil de un deudor como vía eficiente para cobrar sus créditos, pues en una demanda hecha valer por los acreedores se deben demostrar las dos condiciones del incumplimiento generalizado, **puesto que no debe perderse de vista que, la vía ordinaria prevista en la ley para el cobro de los adeudos es la individual de cada acreedor, en tanto que la colectiva del concurso está dada para una situación excepcional de incumplimiento generalizado de pagos** que haga inviable la continuación de la empresa como unidad económica proveedora de bienes y servicios, así como fuente de empleos.

Al respecto, resulta relevante definir en qué consiste la insolvencia, así como la iliquidez, cuestiones fundamentales para determinar la procedencia del juicio concursal:

Sobre el particular, Leyva Saavedra cita en su libro Factoring, Capítulo XII: Factoring e Insolvencia, contempla que: "*[…] por* **insolvencia** *se entiende la impotencia patrimonial del deudor para satisfacer* **regularmente** *sus propias obligaciones, puestas de manifiesto con incumplimientos u otros hechos exteriores. Tal impotencia se concreta, pues, en una relación de desequilibrio entre los elementos activos y pasivos del patrimonio en su conjunto, considerados en relación también a su capacidad productiva y crediticia […]*".

Mientras que, por **iliquidez** se entiende la falta de tesorería de una empresa, o del sistema económico en general, que le impide hacer frente a sus obligaciones a corto plazo, y viene dada por la relación ente los activos líquidos (disponibilidades monetarias y en cuentas bancarias a la vista) y el pasivo circulante.

Es decir, es la situación en la que una persona física o moral, no cuenta con suficientes activos líquidos para cubrir sus obligaciones de corto plazo.

Asimismo, prevalece el criterio en el sentido de que la *quiebra* no es un fenómeno económico que únicamente interese a los particulares, sino que es de vital importancia para el Estado, ya que

.

se trata de su economía, con la cual es posible una paz social, y a nivel laboral ataca el desempleo; de ahí que el Estado tiene la necesidad de conservar el sector empresarial y buscar el apoyo en cuanto a su liquidez y solvencia, como un objeto de interés público, como se desprende del artículo primero de la Ley Concursal, de cuyo contenido, como ya se ha dicho, se desprende que la finalidad que persigue la Ley de Concursos Mercantiles, es precisamente la conservación de la empresa, y evitar que el incumplimiento generalizado de las obligaciones de pago ponga en riesgo su viabilidad.

Lo anterior, por que como se dijo, el Estado al conservar las empresas, proporcionando la normatividad pertinente, protege además el empleo de sus elementos humanos y evita la repercusión económica negativa producida por la pérdida de una empresa que aporta a la sociedad bienes y servicios.

Consecuencias negativas que incluso podrían afectar a aquellas empresas con las que pudiese mantener relaciones de negocios; por ende, se reitera, el objeto primordial consagrado en el artículo 1° de la Ley de la materia, es conservar las empresas cuya viabilidad puede verse afectada por el incumplimiento en sus obligaciones de pago.

Sin embargo, cabe aclarar que la repercusión económica que pueda ocasionarse a las demás empresas o personas físicas con las que la comerciante mantenga relación de negocios, no sería más que una consecuencia del incumplimiento generalizado de pago de aquélla; de ahí, que para la declaración de concurso mercantil, no es requisito indispensable que la empresa que se dice en "quiebra" forzosamente sostenga relaciones de negocios con otras personas morales, o que únicamente puedan demandar el concurso aquéllas con las que se mantiene esa relación, porque se insiste, el principio de interés público que consagra el ordinal transcrito en parágrafos que anteceden, es la conservación de la empresa comerciante y evitar que

KARLA MARLI POOT MADERO
770.6a.66.20.65.6a.66.00.00.00.00.00.00.00.00.00.00.01.f5.d9
31/12/22 10:32:39

el incumplimiento generalizado de las obligaciones de pago ponga en riesgo su viabilidad.

**CUARTO.** *Estudio de requisitos de procedencia del concurso mercantil.* Visto lo anterior, se procede a realizar el estudio correspondiente a los requisitos de procedencia del concurso mercantil.

Al respecto, conviene reiterar que, para la procedencia del concurso mercantil, no basta con la presentación de la demanda y con la afirmación de una persona para que se gire la orden de visita, sino que, **se necesitan reunir determinados requisitos**, a saber:

**1.** La demandante debe demostrar que es acreedor de la comerciante.

**2.** Debe acreditarse el incumplimiento generalizado en el pago de las obligaciones del comerciante a dos o más acreedores distintos.

**3.** Deben concurrir las siguientes condiciones: a) que las obligaciones vencidas que tengan por lo menos 35 días de haber vencido, representen un 35% por ciento o más de todas las obligaciones a cargo del comerciante a la fecha en que se haya presentado la demanda de concurso; y, b) el comerciante no tenga activos suficientes para hacer frente a por lo menos el 80% de sus obligaciones vencidas a la fecha de la presentación de la demanda.

Ciertamente, en una demanda hecha valer por los acreedores, **se deben demostrar las dos condiciones del incumplimiento generalizado**, ya que no se debe confundir el incumplimiento individual de obligaciones, con el generalizado, **pues en el primer caso, existe la vía ordinaria prevista en la ley mercantil para el cobro de los adeudos individual de cada acreedor, en tanto que la colectiva del concurso, está dada para una situación excepcional de incumplimiento generalizado de pagos** que haga inviable la continuación de la empresa como unidad económica proveedora de bienes y servicios, así como fuente de empleos.

Así, los demandantes **Vicente Bañuelos Rizo**, apoderado general para pleitos y cobranzas de las sociedades de **ROVOP, INC.,** y **UTEC SURVEY INC.**, y **Arturo Bello Téllez,** apoderado de la moral

KARLA MARILU POOT MADERO
770/6x66.20/.65.6a.6/600/00/00/00/00/00/00/00/00/011.f5.69
31/12/22 10:32:59

.

**HORNBECK OFFSHORE SERVICES DE MÉXICO, S. DE R.L. DE C.V.**, sostienen que la comerciante demandada **DREBBEL DE MÉXICO, S. DE R.L. DE C.V.,** incumplió generalizadamente en el pago de sus obligaciones, las cuales se hacen consistir en lo siguiente:

*"Origen, monto del crédito vencido a favor de ROVOP, INC.*

*(…) Con fecha 14 de septiembre de 2018, ROVOP y la comerciante celebraron un Contrato Marco para la prestación de Servicios de Soporte ROV, donde de forma general se pactaron los términos y condiciones para la prestación de los servicios, y la contraprestación que debe pagar la comerciante. Básicamente en dicho contrato ROVOP se obligó a prestar servicios de soporte para la comerciante, suministrándole el equipo y personal necesario para su operación, de conformidad con cada "Pedido Abierto de Aprovisionamiento" que fuera convenido entre ambas partes. (…)*

*De conformidad con el Contrato Marco referido, ambas partes celebraron los siguientes Pedidos Abiertos de Aprovisionamiento para la prestación de los servicios requeridos por la comerciante (…).*

*Ahora bien, los términos del pago por los servicios prestados de acuerdo con cada Pedido abierto de aprovisionamiento convenido entre las partes se pactaron en la cláusula 6 del Contrato Marco que dispone:*

*6.Remuneración*
*6.1 Por la prestación satisfactoria de los Servicios, la Contratista recibirá el pago de las tarifas aplicables que se especifiquen en el Pedido Abierto de Aprovisionamiento. La contratista presentará sus facturas junto con todos los formatos, facturas, documentos u otra información que la Sociedad requiera razonablemente) de conformidad con el Pedido Abierto de Aprovisionamiento aplicable. La Sociedad pagará las facturas no controvertidas dentro de 30 (treinta) días a partir de la fecha de facturación; sin embargo, si una parte de alguna factura es controvertida, la Sociedad deberá notificar a la Contratista dentro de siete (7) días de la esencia de dicha controversia y pagará únicamente el valor no controvertido de la misma dentro del periodo especificado. Posteriormente, las Partes negociarán y resolverán de buena fe la parte controvertida sin demoras injustificadas y, posteriormente, la Sociedad remitirá el saldo que se determine se adeuda a la Contratista dentro de los siete (7) días posteriores a la fecha de la resolución.*

*11.Conforme a esta cláusula, debido a que DREBBEL no objetó las facturas que se identifican en los numerales 8, 10, 12 y 14 siguientes, ésta se encontraba obligada a pagarlas dentro de los 30 días siguientes a la fecha de facturación.*
*(…)*
*No obstante que ROVOP prestó los servicios solicitados por DREBBEL, y que le entregó las facturas identificadas en los numerales 8, 10, 12 y*

KARLA MARELI POOT MADERO
770x6x6.20.65.6x600/00/00/00/00/00/00/00/0011.f5.d9
31/12/22 10:32:59

17

*14 anteriores, las cuales vencieron en términos de la cláusula 6 del Contrato Marco, a la fecha DREBBEL ha omitido realizar el pago restante de la cantidad adeudada por la prestación de los servicios, que se encuentra amparada en dichas facturas y los reportes diarios suscritos por la propia comerciante.*

*23.En consecuencia, a la fecha DREBBEL ha omitido realizar el pago total de las facturas emitidas por ROVOP a su cargo, teniendo en consecuencia un **adeudo vencido por la cantidad restante de USD$1,848,979.17 (un millón ochocientos cuarenta y ocho mil novecientos setenta y nueve dólares 17/100 Moneda de los Estados Unidos de América).***

**Origen, monto del crédito vencido a favor de HORNBECK OFFSHORE SERVICES DE MÉXICO, S. DE R. L. DE C.V.**

*24.HORNBECK OFFSHORE SERVICES DE MÉXICO, S. DE R. L. DE C.V., (en lo sucesivo, "HORNBECK") es una persona moral cuyo objeto social entre otros, es la compraventa, arrendamiento, administración, operación, ensamble, desarme y valuación de todo tipo de embarcaciones y artefactos navales.*
*(…)*

**Contrato de Fletamento respecto del buque HOS RIDGEWIND.**
*25.Con fecha 01 de abril de 2019, HORNBECK y la comerciante celebraron un Contrato de Fletamento (alquiler o arrendamiento) "BIMCO" por tiempo para Buques de Servicio en Altamar, respecto del buque "HOS RIDGEWIND".*
*(…)*
*26.En dicho Contrato se pactó –apartado identificado con el numeral 20– que la tarifa del fletamento (alquiler) del buque "HOS RIDGEWIND" sería por la cantidad de USD $23,500.00 (Veintitres mil quinientos dólares 00/100 moneda de curso legal en Estados Unidos de América), por día.*

*27.Mi representada entregó el buque "HOS RIDGEWIND" fletado a la comerciante en dos periodos (i) del 21 de abril de 2019 al 16 de diciembre de 2019, y (ii) del 19 de marzo de 2020 al 25 de abril de 2020.*
*(…)*
*28.La comerciante dispuso de la embarcación sin restricción alguna, tripulándola, operándola y asumiendo su gestión náutica y comercial, sin embargo, la comerciante –fletadora– ha omitido realizar el pago de la contraprestación económica pactada en el "Contrato de Fletamento" por la renta y/o flete del buque arrendado, así como el monto por la operación de las grúas a bordo por los períodos y los montos que se detallan a continuación, y que fueron documentados a través de las facturas que se relacionan (…).*

*30.No obstante que HORNBECK en múltiples ocasiones ha intentado llegar a un acuerdo con DREBBEL respecto del pago del monto adeudado, a la fecha no ha recibido pago alguno.*

*31.Por ello, en relación con el Contrato de Fletamento celebrado respecto la embarcación HOS RIDGEWIND, la Comerciante tiene un adeudo de obligaciones de pago vencidas con mi representada respecto*

18

.

de los fletes generados e identificados en el numeral 24, por un total de USD$2,946,980.00 (dos millones novecientos cuarenta y seis mil novecientos ochenta dólares 00/100 moneda de los Estados Unidos de América).

**Contrato de Fletamento celebrado respecto del buque HOS BAYOU.**

32. Con fecha 27 de junio de 2019, *HORNBECK* y la comerciante celebraron un Contrato de Fletamento (alquiler o arrendamiento) "BIMCO" por tiempo para Buques de Servicio en Altamar, respecto del buque "*HOS BAYOU*".

Este hecho se acredita con la documental consistente en copia certificada de dicho Contrato de Fletamento, que se acompaña junto con su traducción certificada al español por perito autorizado de su texto redactado en inglés, como **Anexo 2.12.**

33. En dicho Contrato se pactó –apartado identificado con el numeral 20.- que la tarifa del fletamento (alquiler) del buque "*HOS BAYOU*" sería por la cantidad de USD *$25,300.00 (Veinticinco mil trescientos dólares 00/100 moneda de curso legal en Estados Unidos de América)*, por día.

34. Mi representada entregó el buque "*HOS BAYOU*" fletado a la comerciante del 30 de julio de 2019 al 01 de noviembre de 2019.

Este hecho se acredita con las documentales consistentes en copia certificada del certificado de inicio y el certificado de finalización del flete de la embarcación, que se acompañan junto con su traducción certificada al español por perito autorizado de su texto redactado en inglés, como **anexos 2.13.**

35. La comerciante dispuso de la embarcación sin restricción alguna, tripulándola, operándola y asumiendo su gestión náutica y comercial, sin embargo, la comerciante –fletadora- ha omitido realizar el pago de la contraprestación económica pactada en el "Contrato de Fletamento" por la renta y/o flete del buque arrendado, así como el monto por la operación de las grúas a bordo por los períodos y los montos que se detallan a continuación, y que fueron documentados a través de las facturas que se relacionan (…).

37. No obstante que *HORNBECK* en múltiples ocasiones ha intentado llegar a un acuerdo con *DREBBEL* respecto del pago del monto adeudado, a la fecha no ha recibido pago alguno.

38. Por ello, en relación con el Contrato de Fletamento celebrado respecto la embarcación *HOS BAYOU*, la Comerciante tiene un adeudo de obligaciones de pago vencidas con *HORNBECK* respecto de los fletes generados e identificados en el numeral 31, por un total de USD *$1,838,136.00 (un millón ochocientos treinta y ocho mil ciento treinta y seis dólares 00/100 moneda de los Estados Unidos de América)*.

19

**MONTO TOTAL DEL ADEUDO VENCIDO POR EL FLETE DE LOS BUQUES HOS RIDGEWIND Y HOS BAYOU.**

39. En consecuencia, a la fecha *DREBBEL* ha omitido realizar el pago de las facturas emitidas por *HORNBECK* a su cargo, teniendo en consecuencia un **adeudo vencido a su cargo por la cantidad total de USD$4,785,116.00 (Cuatro millones setecientos ochenta y cinco mil ciento dieciséis dólares 00/100, moneda en curso legal en los Estados Unidos de América).**

**Origen, monto del crédito vencido a favor de *UTEC SURVEY, INC.***

40. *UTEC SURVEY, INC.,* (en lo sucesivo, "*UTEC*") es una persona moral comerciante que ofrece una amplia gama de servicios de levantamiento, posicionamiento y gestión de datos utilizando equipo y tecnología avanzada para los sectores marítimo y energético entre otros.
(…)

41. Con fecha 26 de octubre de 2016, *UTEC* y la comerciante celebraron un Contrato Maestro para la Prestación de Servicios de Topología y Posicionamiento, donde de forma general se pactaron los términos y condiciones para la prestación de los servicios, y la contraprestación que debe pagar la comerciante. Básicamente en dicho contrato *UTEC* se obligó a prestar servicios de soporte para la comerciante, suministrándole el personal y equipo necesario para sus operaciones.

Este hecho se acredita con la prueba documental consistente en copia certificada de dicho Contrato Marco, que se acompaña junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés, como **Anexo 3.1.**

42. A partir de la celebración del Contrato Maestro de Servicios, *Drebbel* y *UTEC* mantuvieron una relación comercial, en la que ésta última en diversas ocasiones le prestó servicios para el desarrollo de distintos proyectos mediante provisión de personal o equipo que tienen como finalidad el desarrollo de actividades de estudios de mercado y de posicionamiento.

43. Con motivo de la relación comercial existente entre las partes, *UTEC* emitió entre otras, las facturas que se identifican enseguida por la prestación de diversos servicios de provisión de personal y equipo a favor de *Drebbel* para el desarrollo del proyecto denominado como "*Shelia Bordelon*" (…).

(…)

45. No obstante que *Drebbel* recibió los servicios prestados por parte de *UTEC* desde el año 2017 (tres años a la fecha) y, a pesar de haber realizado algunos pagos para disminuir su deuda, lo cierto es que aun existe un remanente pendiente por la cantidad de **USD$349,939.28** *(trescientos cuarenta y nueve mil novecientos treinta y nueve 28/100 Moneda de los Estados Unidos de América)* (…).

20

.

47.Es el caso, que a la fecha la comerciante continúa sin realizar el pago restante a *UTEC*, no obstante que se han realizado diversas aproximaciones para lograr el pago de dicha cantidad y se ha buscado lograr a un acuerdo o esquema de pagos, sin que *Drebbel* demuestre interés alguno en realizar el pago correspondiente.

48.Por lo anterior, *Drebbel* adeuda a *UTEC*, con motivo de la prestación de diversos servicios, la cantidad vencida de **USD$349,939.28(trescientos cuarenta y nueve mil novecientos treinta y nueve 28/100 Moneda de los Estados Unidos de América)**.

49.En consecuencia, de las probanzas referidas **se acreditan plenamente los extremos de la fracción II, del artículo 11 de la Ley de Concursos Mercantiles:**

"Artículo 11.- **Se presumirá que un comerciante incumplió generalizadamente en el pago de sus obligaciones,** cuando se presente alguno de los siguientes casos: (...) II. **Incumplimiento en el pago de obligaciones a dos o más acreedores distintos;"**

**D. Situación de insolvencia en que se encuentra la comerciante demandada.**

50.La Ley de Concursos Mercantiles dispone que basta la existencia de dos acreedores con créditos vencidos para que se presuma –salvo prueba en contrario- que el comerciante en cuestión es insolvente. Sobre este particular, el artículo 11 de dicha ley dispone:

"Artículo 11.- Se presumirá que un Comerciante incumplió generalizadamente en el pago de sus obligaciones, cuando se presente alguno de los siguientes casos:

[…] II. Incumplimiento en el pago de obligaciones a dos o más acreedores distintos;"
[Énfasis añadido]

51. En la especie, las tres acreedoras demandantes acreditan que existen créditos vencidos e insolutos a cargo de la comerciante demandada, con la documentación que se acompaña a la presente solicitud de demanda concursal.

52. Cabe señalar a su Señoría como es del conocimiento público que varias empresas como *Drebbel* se vieron afectadas a raíz de la contingencia sanitaria mundial a raíz del COVID-19, lo que ha generado que muchas empresas incumplan el pago de sus obligaciones y como acontece en la especie, hace presumir su insolvencia.

53. Sin embargo, sólo en la medida en que dichas empresas sean puestas en concurso mercantil, a efecto de que se supervise que no dilapiden sus bienes, se aminorará las consecuencias de dicha insolvencia a todo el sistema económico."

KARLA MARELI POOT MADERO
770.0x.66.20.65.6x.060/00/00/00/00/00/00/00/00/11.f5.69
31/12/22 10:52:59

21

Asimismo, los promoventes del juicio ofrecieron los medios de convicción que a continuación se expresan:

*1.1 Copia certificada del Contrato Marco para la prestación de Servicios de Soporte ROV (celebrado entre ROVOP y DREBBEL, el 14 de septiembre de 2018, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.*

*1.2 Copia certificada del Pedido abierto de aprovisionamiento para la prestación de Servicios de Soporte ROV no. 1739-19-1R1.0, a bordo del buque Hornbeck -HOS- Ridgewind, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.*

*1.3 Copia certificada de la Factura número 1739-2 emitida por ROVOP a cargo de DREBBEL, por un monto total de $275,162.29 USD (Doscientos setenta y cinco mil ciento sesenta y dos dólares 29/100, Moneda en curso legal en los Estados Unidos de América), por los servicios prestados a bordo del buque HOS Ridgewind, durante el mes de mayo de 2019, de conformidad con el pedidode aprovisionamiento no. 1739-19-1R1.0, y de los reportes diarios de operaciones suscritos por DREBBEL en dicho mes, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.*

*1.4 Factura número 1739-3 emitida por ROVOP a cargo de DREBBEL, por un monto total de $164,212.00 USD (Ciento sesenta y cuatro mil doscientos doce dólares 00/100, Moneda en curso legal en los Estados Unidos de América), por los servicios prestados a bordo del buque HOS Ridgewind, durante el mes de junio de 2019, de conformidad con el pedido de aprovisionamiento no. 1739-19-1R1.0, y de los reportes diarios de operaciones suscritos por DREBBEL en dicho mes, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.*

*1.5 Factura número 1739-4 emitida por ROVOP a cargo de DREBBEL, por un monto total de $326,653.00 USD (Trescientos veintiseis mil seiscientos cincuenta y tres dólares 00/100, Moneda en curso legal en los Estados Unidos de América), por los servicios prestados a bordo del buque HOS Ridgewind, durante el mes de julio de 2019, de conformidad con el pedido de aprovisionamiento no. 1739-19-1R1.0, y de los reportes diarios de operaciones suscritos por DREBBEL en dicho mes, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.*

*1.6 Factura número 1739-5 emitida por ROVOP a cargo de DREBBEL, por un monto total de $317,953.00 USD (Trescientos diecisiete mil novecientos cincuenta y tres dólares 00/100, Moneda en curso legal en los Estados Unidos de América), por los servicios prestados a bordo del buque HOS Ridgewind, durante el mes de*

KARLA MARELI POOT MADERO 77/6o.66.20.65.6o.66.00/00/00/00/00/00/00/00/00/00/0011.ES.09 31/12/22 10:32:59

22

.

*agosto de 2019, de conformidad con el pedido de aprovisionamiento no. 1739-19-1R1.0, y de los reportes diarios de operaciones suscritos por DREBBEL en dicho mes, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.*

*1.7 Factura número 1739-6A emitida por ROVOP a cargo de DREBBEL, por un monto total de $291,500.00 USD (Doscientos noventa y un mil quinientos dólares 00/100, Moneda en curso legal en los Estados Unidos de América), por los servicios prestados a bordo del buque HOS Ridgewind, durante el mes de septiembre de 2019, de conformidad con el pedido de aprovisionamiento no. 1739-19-1R1.0, y de los reportes diarios de operaciones suscritos por DREBBEL en dicho mes, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés. 1.7 Factura número 1739-6A emitida por ROVOP a cargo de DREBBEL, por un monto total de $291,500.00 USD (Doscientos noventa y un mil quinientos dólares 00/100, Moneda en curso legal en los Estados Unidos de América), por los servicios prestados a bordo del buque HOS Ridgewind, durante el mes de septiembre de 2019, de conformidad con el pedido de aprovisionamiento no. 1739-19-1R1.0, y de los reportes diarios de operaciones suscritos por DREBBEL en dicho mes, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.*

*1.8 Factura número 1739-6B emitida por ROVOP a cargo de DREBBEL, por un monto total de $81,312.58 USD (Ochenta y un mil trescientos doce dólares 58/100, Moneda en curso legal en los Estados Unidos de América), por los servicios prestados a bordo del buque HOS Ridgewind, durante el mes de septiembre de 2019, para la desmovilización del equipo XLX86, de conformidad con el pedido de aprovisionamiento no. 1739-19-1R1.0, y de los reportes diarios de operaciones suscritos por DREBBEL en dicho mes, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.*

*1.9 Factura número 1739-7 emitida por ROVOP a cargo de DREBBEL, por un monto total de $104,520.00 USD (Ciento cuatro mil quinientos veinte dólares 00/100, Moneda en curso legal en los Estados Unidos de América), por los servicios prestados a bordo del buque HOS Ridgewind, durante el mes de octubre de 2019, de conformidad con el pedido de aprovisionamiento no. 1739-19-1R1.0, y de los reportes diarios de operaciones suscritos por DREBBEL en dicho mes, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.*

*1.10 Impresión original de los mensajes de datos enviados a DREBBEL que tienen adjuntas las facturas 1739-2, 1739-3. 1739-4, 1739-5, 1739-6A, 1739-6B y 1739-7, correspondientes a los servicios*

KARLA MARILÍ POOT MADERO
770/6a.66.20.65.6a.66/00/00/00/00/00/00/00/00/00.11.f5.d9
31/12:22 10:52:59

*prestados por ROVOP a bordo del buque HOS Ridgewind, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.*

*1.11 Copia certificada del Pedido abierto de aprovisionamiento para la prestación de Servicios de Soporte ROV no. P1676-19-1R2.0, a bordo del buque Global Orion, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.*

*1.12 Factura número 1676-3 emitida por ROVOP a cargo de DREBBEL, por un monto total de $189,300.00 USD (Ciento ochenta y nueve mil trescientos dólares 00/100, Moneda en curso legal en los Estados Unidos de América), por los servicios prestados a bordo del buque Global Orion, durante el mes de mayo de 2019, de conformidad con el pedido de aprovisionamiento no. P1676-19-1R2.00, y de los reportes diarios de operaciones suscritos por DREBBEL en dicho mes, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.*

*1.13 Factura número 1676-4 emitida por ROVOP a cargo de DREBBEL, por un monto total de $35,300.00 USD (Treinta y cinco mil trescientos dólares 00/100, Moneda en curso legal en los Estados Unidos de América), por los servicios prestados a bordo del buque Global Orion, durante el mes de junio de 2019, de conformidad con el pedido de aprovisionamiento no. P1676-19-1R2.0, y de los reportes diarios de operaciones suscritos por DREBBEL en dicho mes, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.*

*1.14 Impresión original de los mensajes de datos enviados a DREBBEL que tienen adjuntas las facturas 1676-3 y 1676-4, correspondientes a los servicios prestados por ROVOP a bordo del buque Global Orion, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.*

*1.15 Copia certificada del Pedido abierto de aprovisionamiento para la prestación de Servicios de Soporte ROV no. 1845-19-1R1.0, a bordo del buque HOS Bayou, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.*

*1.16 Factura número 1845-1 emitida por ROVOP a cargo de DREBBEL, por un monto total de $211,700.00 USD (Doscientos once mil setecientos dólares 00/100, Moneda en curso legal en los Estados Unidos de América), por los servicios prestados a bordo del buque HOS Bayou, durante el mes de agosto de 2019, de conformidad con el pedido de aprovisionamiento no. 1845-19-1R1.0, y de los reportes diarios de operaciones suscritos por DREBBEL en dicho mes, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.*

KARLA MARELI POOT MADERO
770/6.6/6.20.65/6a/6/600/00/00/00/00/00/00/0011.6.09
31/12/22 16:32:59

24

.

*1.17 Factura número 1845-2 emitida por ROVOP a cargo de DREBBEL, por un monto total de $297,450.00 USD (Doscientos noventa y siete mil cuatrocientos cincuenta dólares 00/100, Moneda en curso legal en los Estados Unidos de América), por los servicios prestados a bordo del buque HOS Bayou, durante el mes de septiembre de 2019, de conformidad con el pedido de aprovisionamiento no. 1845-19-1R1.0, y de los reportes diarios de operaciones suscritos por DREBBEL en dicho mes, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.*

*1.18 Factura número 1845-3 emitida por ROVOP a cargo de DREBBEL, por un monto total de $95,658.30 USD (Noventa y cinco mil seiscientos cincuenta y ocho dólares 30/100, Moneda en curso legal en los Estados Unidos de América), por los servicios prestados a bordo del buque HOS Bayou, durante el mes de octubre de 2019, de conformidad con el pedido de aprovisionamiento no. 1845-19-1R1.0, y de los reportes diarios de operaciones suscritos por DREBBEL en dicho mes, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.*

*1.19 Impresión original de los mensajes de datos enviados a DREBBEL que tienen adjuntas las facturas 1845-1, 1845-2 y 1845-3, correspondientes a los servicios prestados por ROVOP a bordo del buque HOS Bayou, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.*

*1.20 Copia certificada del Pedido abierto de aprovisionamiento para la prestación de Servicios de Soporte ROV no. 1638-19-1R1.0, a bordo del buque Nautla, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.*

*1.21 Factura número 1638-4 emitida por ROVOP a cargo de DREBBEL, por un monto total de $334,403.00 USD (Trescientos treinta y cuatro mil cuatrocientos tres dólares 00/100, Moneda en curso legal en los Estados Unidos de América), por los servicios prestados a bordo del buque Nautla, durante el mes de mayo de 2019, de conformidad con el pedido de aprovisionamiento no. 1638-19-1R1.0, y de los reportes diarios de operaciones suscritos por DREBBEL en dicho mes, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.*

*1.22 Factura número 1638-5 emitida por ROVOP a cargo de DREBBEL, por un monto total de $155,655.00 USD (Ciento cincuenta y cinco mil seiscientos cincuenta y cinco dólares 00/100, Moneda en curso legal en los Estados Unidos de América), por los servicios*

KARLA MARELI POOT MADERO
770.6a.66.20.65.6a.66.00.00.00.00.00.00.00.00.00.00.11.f5.d9
31/12/22 16:23:29

25

*prestados a bordo del buque Nautla, durante el mes de junio de 2019, de conformidad con el pedido de aprovisionamiento no. 1638-19-1R1.0, y de los reportes diarios de operaciones suscritos por DREBBEL en dicho mes, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.*

*1.23 Impresión original de los mensajes de datos enviados a DREBBEL que tienen adjuntas las facturas 1638-4 y 1638-5, correspondientes a los servicios prestados por ROVOP a bordo del buque Nautla, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.*

*1.24 Impresión original del mensaje de datos que contiene el "pago de liquidación" ofrecido por Drebbel, y los comprobantes de los dos pagos parciales -trasferencias- realizadas por un monto total de USD$800,000.00 (ochocientos mil dólares 00/100 moneda de los Estados Unidos de América), junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.*

*1.25 Testimonio del acta número 674, de la Notaría Pública 14, en Ciudad del Carmen, Campeche, que contiene la fe de hechos realizada el día 03 de diciembre de 2020.*

*2.1 Copia certificada del Contrato de Fletamento "BIMCO" por tiempo para Buques de Servicio en Altamar, respecto del buque "HOS RIDGEWIND", de fecha 01 de abril de 2019, celebrado entre HORNBECK Y DREBBEL, junto con su traducción certificada al español por perito autorizado de su texto redactado en inglés.*

*2.2 Copia certificada del certificado de inicio de 21 de abril de 2019, y del certificado de finalización de 16 de diciembre de 2019, del flete de la embarcación HOS RIDGEWIND, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.*

*2.3 Copia certificada del certificado de inicio de 19 de marzo de 2020, y del certificado de finalización de 25 de abril de 2020, del flete de la embarcación HOS RIDGEWIND, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.*

*2.4 Factura B-424 emitida por HORNBECK a cargo de DREBBEL, por un monto total de $443,700.00 USD (Cuatrocientos cuarenta y tres mil setecientos dólares 00/100, Moneda en curso legal en los Estados Unidos de América), por el Fletamento - alquiler- del buque HOS Ridgewind, y operación de las grúas, del 23 de octubre de 2019 al 07 de noviembre de 2019, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.*

KARLA MARELI POOT MADERO 77064c863b65ae600300000000000000000013.f3.s9 31/12/22 16:23.29

.

2.5 Factura *B-457* emitida por *HORNBECK* a cargo de *DREBBEL*, por un monto total de *$443,700.00 USD (Cuatrocientos cuarenta y tres mil setecientos dólares 00/100, Moneda en curso legal en los Estados Unidos de América)*, por el Fletamento -alquiler- del buque *HOS Ridgewind*, y operación de las grúas, del 07 de noviembre de 2019 al 22 de noviembre de 2019, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.

2.6 Factura *B-483* emitida por *HORNBECK* a cargo de *DREBBEL*, por un monto total de *$443,700.00 USD (Cuatrocientos cuarenta y tres mil setecientos dólares 00/100, Moneda en curso legal en los Estados Unidos de América)*, por el Fletamento -alquiler- del buque *HOS Ridgewind*, y operación de las grúas, del 22 de noviembre de 2019 al 07 de diciembre de 2019, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.

2.7 Factura *B-508* emitida por *HORNBECK* a cargo de *DREBBEL*, por un monto total de *$443,700.00 USD (Cuatrocientos cuarenta y tres mil setecientos dólares 00/100, Moneda en curso legal en los Estados Unidos de América)*, por el Fletamento -alquiler- del buque *HOS Ridgewind*, y operación de las grúas, del 07 de diciembre de 2019 al 22 de diciembre de 2019, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.

2.8 Factura *B-632* emitida por *HORNBECK* a cargo de *DREBBEL*, por un monto total de *$354,380.00 USD (Trescientos cincuenta y cuatro mil trescientos ochenta dólares 00/100, Moneda en curso legal en los Estados Unidos de América)*, por el Fletamento -alquiler- del buque *HOS Ridgewind*, del 19 de marzo de 2020 al 01 de abril de 2020, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.

2.9 Factura *B-633* emitida por *HORNBECK* a cargo de *DREBBEL*, por un monto total de *$408,900.00 USD (Cuatrocientos ocho mil novecientos dólares 00/100, Moneda en curso legal en los Estados Unidos de América)*, por el Fletamento –alquiler del buque *HOS Ridgewind*, del 01 de abril de 2020 al 16 de abril de 2020, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.

2.10 Factura *B-645* emitida por *HORNBECK* a cargo de *DREBBEL*, por un monto total de *$408,900.00 USD (Cuatrocientos ocho mil novecientos dólares 00/100, Moneda en curso legal en los Estados Unidos de América)*, por el Fletamento –alquiler del buque *HOS Ridgewind*, del 16 de abril de 2020 al 01 de mayo de 2020, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.

KARLA MARÍLU POOT MADERO
770.6a.66.20.65.6a.66.00.00.00.00.00.00.00.00.00.00.00.11.f5.d9
31/12/22 16:52.59

27

*2.11 Impresión original de los mensajes de datos enviados a DREBBEL que tienen adjuntas las facturas B-424, B-457, B-483, B-508, B-632, B-633 y B-645, correspondientes al Fletamento –alquiler del buque HOS Ridgewind, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.*

*2.12 Copia certificada del Contrato de Fletamento "BIMCO" por tiempo para Buques de Servicio en Altamar, respecto del buque "HOS BAYOU", de fecha 27 de junio de 2019, celebrado entre HORNBECK Y DREBBEL, junto con su traducción certificada al español por perito autorizado de su texto redactado en inglés.*

*2.13 Copia certificada del certificado de inicio de 30 de julio de 2019, y del certificado de finalización de 01 de noviembre de 2019, del flete de la embarcación HOS BAYOU, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.*

*2.14 Factura B-302 emitida por HORNBECK a cargo de DREBBEL, por un monto total de $386,976.00 USD (Trescientos ochenta y seis mil novecientos setenta y seis dólares 00/100, Moneda en curso legal en los Estados Unidos de América), por el Fletamento -alquiler- del buque HOS Bayou, y operación de las grúas, del 06 de octubre de 2019 al 18 de octubre de 2019, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.*

*2.15 Factura B-351 emitida por HORNBECK a cargo de DREBBEL, por un monto total de $483, 720.00 USD (Cuatrocientos ochenta y tres mil setecientos veinte dólares 00/100, Moneda en curso legal en los Estados Unidos de América), por el Fletamento -alquiler- del buque HOS Bayou, y operación de las grúas, del 22 de agosto de 2019 al 06 de septiembre de 2019, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.*

*2.16 Factura B-359 emitida por HORNBECK a cargo de DREBBEL, por un monto total de $483,720.00 USD (Cuatrocientos ochenta y tres mil setecientos veinte dólares 00/100, Moneda en curso legal en los Estados Unidos de América), por el Fletamento -alquiler- del buque HOS Bayou, y operación de las grúas, del 06 de septiembre de 2019 al 21 de septiembre de 2019, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.*

*2.17 Factura B-423 emitida por HORNBECK a cargo de DREBBEL, por un monto total de $483, 720.00 USD (Cuatrocientos ochenta y tres mil setecientos veinte dólares 00/100, Moneda en curso legal en los Estados Unidos de América), por el Fletamento -alquiler- del buque HOS Bayou, y operación de las grúas, del 18 de octubre de 2019 al 02 de noviembre de 2019, junto con su traducción certificada al*

KARLA MARELI POOT MADRID
770.66.66.20.65.66.00/00/00/00.00/00.00/00.00.00.01.15.09
31/12/22 10:32:59

28

.

*español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.*

*2.18 Impresión original de los mensajes de datos enviados a DREBBEL que tienen adjuntas las facturas B-302, B-351, B-359 y B-423, correspondientes al Fletamento -alquiler- del buque HOS Bayou, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.*

*3.1 Copia Certificada del Contrato de Servicios Maestro celebrado entre UTEC y DREBBEL, el 26 de octubre de 2016, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.*

*3.2 Factura número 15021 emitida por Utec Survey, Inc. a cargo de DREBBEL, por un monto total de $485,337.87 USD (cuatrocientos ochenta y cinco mil trescientos treinta y siete dólares 87/100, moneda en curso legal en los Estados Unidos de América), junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.*

*3.3 Factura número 15040 emitida por Utec Survey, Inc. a cargo de DREBBEL, por un monto total de $346,311.49 USD (trescientos cuarenta y sesis mil trescientos once dólares 49/100, moneda en curso legal en los Estados Unidos de América), junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.*

*3.4 Desglose de cuentas por cobrar vencidas a cargo de DREBBEL, en el que se contienen las facturas 15021 y 15040, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.*

*3.5 Copia certificada de la parte conducente del estado de cuenta emitido por la institución bancaria HSBC, donde se desprende la transferencia realizada por la sociedad Empowermet Coach, S.A. de C.V., el día 22 de febrero de 2019, por un monto de USD$87,690.00 dólares (ochenta y siete mil seiscientos noventa dólares Moneda de los Estados Unidos de América), junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.*

*3.6 Copia certificada de la parte conducente del estado de cuenta emitido por la institución bancaria HSBC, donde se desprende la transferencia realizada por la sociedad Empowermet Coach, S.A. de C.V., el día 9 de julio de 2019, por un monto de USD$24,990.00 dólares (veinticuatro mil novecientos noventa dólares 00/100 Moneda de los Estados Unidos de América), junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.*

KARLA MARÍLI POOT MADERO
770/0a.66.20.65.6a.06/00100/00/00/00/00/00/00/00/00/00.611.f5.d9
31/12/22 10:23:29

29

*3.7 Confirmación de la operación realizada el día 31 de julio de 2018, por la sociedad Grupo Arcora, S.A. de C.V., mediante la cual se transfirió a UTEC SURVEY INC., el monto de $169,143.70 USD (ciento sesenta y nueve mil ciento cuarenta y tres dólares 70/100, moneda en curso legal en los Estados Unidos de América).*

*3.8 Confirmación de la operación realizada el día 01 de agosto de 2018, por la sociedad Grupo Arcora, S.A. de C.V., mediante la cual se transfirió a UTEC SURVEY INC., el monto de $31,856.30 USD (treinta y un mil ochocientos cincuenta y seis dólares 30/100, moneda en curso legal en los Estados Unidos de América).*

*3.9 Impresión original del mensaje de datos de fecha 7 de agosto de 2018, mediante el cual DREBBEL solicitó a UTEC, que los montos transferidos fueran aplicados al pago de las facturas adeudadas por la comerciante, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.*

*3.10 Impresión original de los mensajes de datos enviados a DREBBEL que tienen adjuntas las facturas 15021 y 15040, correspondientes a los servicios prestados por UTEC derivados de la relación comercial entre las partes, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.*

Las anteriores documentales, que inclusive algunas se encuentran relacionadas en el dispositivo USB que exhibieron las acreedoras, si bien cuentan con valor probatorio pleno, en términos de lo dispuesto por el artículo 1205, en relación con el artículo 1292 del Código de Comercio, aplicado supletoriamente a la ley de la materia, *para acreditar el carácter de acreedores de la comerciante demandada*; **sin embargo, se estiman insuficientes para demostrar la existencia de un incumplimiento generalizado de obligaciones** (esto es, para demostrar que las obligaciones vencidas representen un 35% por ciento o más de todas las obligaciones a cargo del comerciante a la fecha en que se haya presentado la demanda de concurso; y, que la comerciante no tenga activos suficientes para hacer frente a por lo menos el 80% de sus obligaciones vencidas a la fecha de la presentación de la demanda), aun cuando en su caso, evidencien el incumplimiento individualizado para con dichas demandantes, que solo daría lugar a que ejercieran

.

su derecho en la vía ordinaria correspondiente, pero de modo alguno da paso a la declaratoria de concurso mercantil pretendida.

En efecto, la **comerciante al dar contestación a la demanda instaurada en su contra**, mediante escrito presentado el veinticinco de mayo de dos mil veintiuno, en el buzón judicial de la oficialía de partes común a los Juzgados de Distrito en el Estado de Campeche, manifestó anexar como soporte, los principales clientes que tienen pendientes cuentas por cobrar con su representada, señalando a las morales: Permaducto, Sociedad Anónima de Capital Variable; Hoc Offshore, Sociedad de Responsabilidad Limitada de Capital Variable; SSPROCAR, Sociedad Anónima de Capital Variable; y SEA, Sociedad de Responsabilidad Limitada, y exhibió una relación de facturas por los servicios proporcionados y servicios pendientes de pago con dichas morales, diversas facturas expedidas por la comerciante, propuestas técnicas y económicas, convenio judicial, copias relativas a la providencia precautoria promovida por la comerciante, así como la opinión de un experto contador general.

Asimismo, obra en autos, el **dictamen de visita** emitido por el visitador **Víctor Hugo de la Cruz Caballero**, designado por el Instituto Federal de Especialistas de Concursos Mercantiles, donde aparece la información detallada de la empresa, de acuerdo con la información y documentos que fueron proporcionados por la misma, que conforme al artículo 1301 del Código de Comercio de aplicación supletoria a la Ley de Concursos Mercantiles, se le reconoce valor probatorio pleno, en razón de que para su realización se siguieron los lineamientos establecidos en la legislación de la materia, amén de que en el mismo constan las razones y circunstancias pormenorizadas del estado financiero de la empresa de la que advirtió lo siguiente:

> *"Con fundamento en lo dispuesto por el artículo 40 de la Ley de Concursos Mercantiles, EXHIBO COMO ANEXO 1, el DICTAMEN DE VISITA, razonado y circunstanciado, ordenado por su Señoría por auto de fecha dos de agosto de 2021, en el cual se desprende que:*

KARLA MARILU POOT MADERO
77016A66.20.65.6a.66.00/00.00/00.00/00.00.00.00.011.f5.d9
31/12/22 10:32:59

31

*La empresa **DREBBEL DE MÉXICO, S. DE R.L. DE C.V.**, no encuadra **con ninguno de los dos supuestos del artículo 10, fracciones I y II de la Ley Concursal**, por lo que después de un análisis contable se dictamina que la persona moral **DREBBEL DE MÉXICO, S. DE R.L. DE C.V.**, **NO TIENE EL ESTADO DE CONCURSO MERCANTIL."***

De dicho dictamen, se aprecia, que el especialista, en la indicada visita, *tomó en consideración los hechos planteados en la demanda y en la contestación,* y satisfizo los requisitos señalados en los formatos diseñados por el Instituto Federal de Especialistas de Concursos mercantiles, atento a lo dispuesto por el artículo 40 de la propia Ley, que establece:

*"**Artículo 40.-** El visitador, con base en la información que conste en el acta de visita, deberá rendir al juez, en un plazo de quince días naturales contados a partir de la fecha de inicio de la visita, un dictamen razonado y circunstanciado tomando en consideración los hechos planteados en la demanda y en la contestación, anexando al mismo, el acta de visita. El dictamen deberá ser presentado en los formatos que al efecto dará a conocer el Instituto.*

*El visitador deberá presentar su dictamen en el plazo a que se refiere el párrafo anterior, sin embargo, por causa justificada, podrá solicitar al juez una prórroga para terminar la visita y rendir el dictamen. La prórroga en ningún caso podrá exceder de quince días naturales."*

En este sentido, *tomando en consideración lo expresado por el visitador señalado, en concordancia con los medios de convicción ofrecidos por las partes actora y demandada*, **resulta necesario concluir que,** conforme al artículo 10 de la materia, **la comerciante demandada DREBBEL DE MÉXICO, S. DE R.L. DE C.V., no incumplió generalizadamente en el pago de sus obligaciones.**

Ciertamente, al emitir el dictamen correspondiente, el visitador expresó esencialmente lo siguiente:

**Dictamen del visitador**

| C. Juez: | Juzgado 1° de Distrito en el Estado de Campeche |
|---|---|
| En cumplimiento de lo ordenado por los artículos 10, 30 y 40 de la Ley de Concursos Mercantiles y de la orden de visita recibida de usted, le rindo dictamen razonado y circunstanciado en relación con los hechos de la demanda y contestación de la misma, con base en la información que consta en el acta de visita anexa. | Actor: Rovop, Inc; Hornbeck Offshore Services de México, S. de R. L. de C.V. y Utec Survey, Inc. |
| | Comerciante: Drebbel de México, S. de R. L. de C. V. |
| | Concurso mercantil expediente número: 89/2021 |

| Datos del comerciante | Datos del visitador |
|---|---|
| Drebbel de México, S. de R. L. de C. V. | Víctor Hugo De la Cruz Caballero |
| Domicilio procesal: 35B Manzana M Lote 4 Colonia Malibran, Cd. del Carmen, Campeche C. P. 24118, México | Domicilio procesal: Retorno Laguna Azul Sur 28 Colonia Fraccionamiento Villa Encantada San Miguel, Cd. del Carmen, Campeche C. P. 24156, México |

| Fecha de presentación de la demanda | Vencimientos de |
|---|---|
| 09/02/2021 | Plazo normal para dictaminar: 27/08/2021 | Prórroga (en su caso): 11/09/2021 |

**Dictamen**

Revise la información y documentos que me fueron proporcionados por el comerciante según se señala en la orden de visita, por el periodo marcado en la misma, tomé asimismo en consideración los hechos planteados en la demanda y contestación. Manifiesto a usted que, de acuerdo con la demanda el comerciante NO incurrió en la(s) hipótesis la(s) ninguna fracción del artículo 10 de la Ley de Concursos Mercantiles, según lo siguiente:

| | | | Cuanta en moneda nacional |
|---|---|---|---|
| 1 | | Obligaciones de pago que tienen por lo menos 30 días de vencidas a la fecha de presentación de la demanda y que corresponden a 27 acreedores distintos (total de la sección 1). | $182,530,097.54 |
| 2 | | Obligaciones de pago con menos de 30 días de vencidas a la fecha de presentación de la demanda (total de la sección 2). | $2,039,840.00 |
| A=1+2 | | Total de obligaciones de pago vencidas a la fecha de presentación de la demanda. | $184,569,937.54 |
| 3 | | Obligaciones de pago no vencidas a la fecha de presentación de la demanda (total de la sección 3). | $348,245,290.40 |
| B=A+3 | | Total de obligaciones a cargo del comerciante, vencidas y no vencidas. | $532,815,227.95 |
| 4 | | Total de activos líquidos concursales para hacer frente a por lo menos el ochenta por ciento de las obligaciones de pago vencidas a la fecha de presentación de la demanda (total de la sección 5). | $200,547,141.38 |
| 1 + B | | Porcentaje de: Obligaciones de pago que tienen por lo menos 30 días de vencidas / Total de obligaciones de pago a cargo del comerciante, vencidas y no vencidas. | 34.26% |
| 4 + A | | Porcentaje de: Total de activos para hacer frente / Total de obligaciones de pago vencidas a la fecha de presentación de la demanda. | 108.66% |

**Relación de las secciones integrantes de este dictamen (las que aparecen marcadas con X)**

| | | Información de casos especiales | |
|---|---|---|---|
| 1 Obligaciones con por lo menos 30 días de vencidas | ☒ | | |
| 2 Obligaciones con menos de 30 días de vencidas | ☒ | 8 Responsabilidad ilimitada de los socios | ☐ |
| 3 Obligaciones no vencidas | ☒ | 9 Otros casos | ☐ |
| 4 Total de obligaciones de pago del comerciante | ☒ | | |
| 5 Total de activos para hacer frente a obligaciones | ☒ | Total de hojas que integran este dictamen:_____ |
| 6 Información complementaria | ☒ | |
| 7 Acta de visita | ☒ | |
| Lugar y fecha | | |

Víctor Hugo De la Cruz Caballero
(Nombre y firma del visitador)

Con base en los supuestos contenidos en el artículo 10 de la ley de la materia, haciendo un análisis de las conclusiones obtenidas por el experto contable designado en el presente asunto, se evidencia:

a) Que las obligaciones de pago que tienen por lo menos **treinta días de vencidas** a la fecha de presentación de la demanda de concurso mercantil, y que corresponden a **veintisiete** acreedores distintos, asciende a la cantidad de **$182,530,097.54** (ciento ochenta y dos millones quinientos treinta mil noventa y siete pesos, 54/100 moneda nacional).

33

b) Que las obligaciones de pago con menos de **treinta días de vencidas** a la fecha de presentación de la demanda de concurso mercantil, asciende a la cantidad de **$2,039,840.00** (dos millones treinta y nueve mil ochocientos cuarenta pesos, moneda nacional).

c) Que atento a los datos anteriores, el total de obligaciones de pago **vencidas** a la fecha de presentación de la demanda suman en moneda nacional **$184,569,937.54 (ciento ochenta y cuatro millones quinientos sesenta y nueve mil novecientos treinta y siete pesos, 54/100 moneda nacional).**

| A=1+2 | Total de obligaciones de pago vencidas a la fecha de presentación de la demanda. | $184,569,937.54 |
|-------|--------------------------------------------------------------------------------|-----------------|

d) Que las obligaciones de pago de la comerciante **no vencidas** a la fecha de la presentación de la demanda, son por la cantidad de **$348,245,290.40 (trescientos cuarenta y ocho millones doscientos cuarenta y cinco mil doscientos noventa pesos, 40/100 moneda nacional).**

e) Luego, el **total de obligaciones (vencidas y no vencidas)** a cargo de la comerciante a la fecha de presentación de la demanda asciende a la cantidad de **$532,815,227.95 (quinientos treinta y dos millones ochocientos quince mil doscientos veintisiete pesos, 95/100 moneda nacional).**

| B=A+3 | Total de obligaciones a cargo de comerciante, vencidas y no vencidas. | $532,815,227.95 |
|-------|----------------------------------------------------------------------|-----------------|

f) En tanto que, el importe en moneda nacional de sus activos líquidos concursales, para hacer frente a por lo menos el ochenta por ciento de las obligaciones de pago vencidas a la presentación de la demanda, es de $200,547,141.38 (doscientos millones quinientos cuarenta y siete mil ciento cuarenta y un peso, 38/100 moneda nacional).

| 4 | Total de activos líquidos concursales para hacer frente a por lo menos el ochenta por ciento de las obligaciones de pago vencidas a la fecha de presentación de la demanda (total de la sección 5). | $200,547,141.38 |
|---|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-----------------|

KARLA MARLI POOT MADERO
770.6x46.20.65.6x.66.00.00.00.00.00.00.00.00.00.01.15.09
31/12/22 10:52:59

.

g) Como consecuencia de lo descrito, precisó que el porcentaje de obligaciones de pago que tienen por lo menos treinta días vencidas a la fecha de presentación de la demanda, representan el 34.26 % (treinta y cuatro punto veintiséis por ciento), del importe total de obligaciones de pago de la comerciante, vencidas y no vencidas.

| 1 ÷ B | Porcentaje de: Obligaciones de pago que que tienen por lo menos 30 días de vencidas / Total de obligaciones de pago a cargo del comerciante, vencidas y no vencidas. | 34.26% |
|---|---|---|

h) Posteriormente, concluye, que el total de activos para hacer frente a las obligaciones suman $200,547,141.38 (doscientos millones quinientos cuarenta y siete mil ciento cuarenta y un peso, 38/100 moneda nacional) y el total de las obligaciones vencidas **$184,569,937.54 (ciento ochenta y cuatro millones quinientos sesenta y nueve mil novecientos treinta y siete pesos, 54/100 moneda nacional),** los cuales divididos arrojan un porcentaje del **108.66% (ciento ocho punto sesenta y seis por ciento).**

| 4 ÷ A | Porcentaje de: Total de activos para hacer frente / Total de obligaciones de pago vencidas a la fecha de presentación de la demanda. | 108.66% |
|---|---|---|

i) finalmente, concluyó lo siguiente:

*"Con fundamento en lo dispuesto por el artículo 40 de la Ley de Concursos Mercantiles, EXHIBO COMO ANEXO 1, el DICTAMEN DE VISITA, razonado y circunstanciado, ordenado por su Señoría, por auto de fecha dos de agosto de 2021, en el cual se desprende que:*

*La empresa **DREBBEL DE MÉXICO, S. DE R.L. DE C.V.**, no encuadra con ninguno de los dos supuestos del artículo 10, fracciones I y II de la Ley Concursal, por lo que después de un análisis contable se dictamina que la persona moral **DREBBEL DE MÉXICO, S. DE R.L. DE C.V.**, **NO TIENE EL ESTADO DE CONCURSO MERCANTIL."***

KARLA MARELI POOT MADERO
770.6e46.20.65.6a.60.60.00.00.00.00.00.00.01.f5.d9
31/12/22 10:23:29

35

Acorde con lo expuesto, este órgano jurisdiccional considera que si bien la comerciante demandada incurrió en incumplimiento de sus obligaciones de pago a **27 (veintisiete)** acreedores distintos, por presentar al tiempo de promoverse la demanda, obligaciones de pago vencidas por más de treinta días[4], **no se actualizaron** las condiciones previstas en las fracciones I y II del artículo 10 de la Ley de Concursos Mercantiles, **para ser considerados como un incumplimiento generalizado.**

**Es así,** porque, por un lado, las obligaciones que tenían por lo menos treinta días de haber vencido a la fecha de presentación de la demanda, es decir, aquellas por la cantidad de **$182,530,097.54** (ciento ochenta y dos millones quinientos treinta mil noventa y siete pesos, 54/100 moneda nacional), no representan el 35% (treinta y cinco por ciento) o más de todas las obligaciones a cargo del comerciante a la fecha de presentación de la referida demanda, ya que según el dictamen examinado, el porcentaje entre todas las obligaciones vencidas y no vencidas es tan solo de 34.26% (treinta y cuatro punto veintiséis por ciento)**,** mismas que ascienden a un total de **$532,815,227.95 (quinientos treinta y dos millones ochocientos quince mil doscientos veintisiete pesos, 95/100 moneda nacional)**, y en ese tenor, no resulta viable tener por demostrado **el supuesto previsto en la fracción I del artículo 10 de la citada ley concursal**.

Por otra parte, **tampoco se acredita el segundo supuesto** que permite concluir la existencia del incumplimiento generalizado de pagos por parte de la comerciante demandada, ya que la **comerciante demandada sí cuenta con los activos enunciados en la fracción II del artículo 10 de la Ley de Concursos Mercantiles**, en cuantía suficiente para hacer frente a por lo menos el 80% (ochenta por ciento) de sus obligaciones vencidas a la fecha de presentación de la demanda, pues del informe que se examina

---

[4] (Se advirtieron en el dictamen obligaciones vencidas por más de treinta días por lo que toca sólo a dos de las acreedoras promoventes del concurso:Hornbeck Offshore Services de México, S. de R.L. de C.V y Utec survey, puesto que por ROVOP Inc se apreciaron obligaciones no vencidas a la presentación de demanda).

.

se desprende, que la pretendida concursada tiene como activos líquidos concursales la cantidad de $200,547,141.38 (doscientos millones quinientos cuarenta y siete mil ciento cuarenta y un peso, 38/100 moneda nacional), en tanto que sus obligaciones vencidas al momento de presentarse la demanda ascendían a **$182,530,097.54** (ciento ochenta y dos millones quinientos treinta mil noventa y siete pesos, 54/100 moneda nacional), por lo que podía afrontar dichas obligaciones.

Acorde con lo expuesto, este órgano jurisdiccional establece que la comerciante **no incurrió en incumplimiento generalizado de sus obligaciones de pago a más de dos acreedores distintos, así como que no se actualizaron las condiciones previstas en las fracciones I y II del artículo 10 de la Ley de Concursos Mercantiles**.

Sin que sea obstáculo a lo considerado, la documentación exhibida por la parte actora con el escrito de demanda, pues como ya se señaló, no son suficientes para desvirtuar el contenido del dictamen emitido por el visitador, dado que únicamente se limitan, a demostrar que la comerciante no ha cumplido sus obligaciones de pago a favor de las demandantes, lo que bien puede considerarse como un incumplimiento individualizado de obligaciones, reclamable en la vía procedente mercantil, pero de modo alguno resulta útil para declarar el concurso mercantil de la comerciante demandada, que requiere el cumplimiento generalizado con las condiciones que la propia legislación establece.

Igualmente, con la restante documentación no se estableció la existencia del incumplimiento generalizado de las obligaciones, incluyendo a autoridades administrativas como son: el Servicio de Administración Tributaria (SAT); el Instituto del Fondo Nacional de la Vivienda para los Trabajadores (INFONAVIT), y el Instituto Mexicano del Seguro Social (IMSS), que denoten la insolvencia del

comerciante para hacer frente a sus obligaciones como patrón y persona moral obligada al pago de impuestos, aportaciones de seguridad social y demás contribuciones.

En cuanto a las manifestaciones vertidas por las acreedoras en sus alegaciones presentadas ante este juzgado, vía electrónica el siete de enero del año en curso, en el sentido de: que el visitador omitió analizar los documentos exhibidos en la demanda inicial, que acreditan los créditos vencidos a cargo de la comerciante y a favor de las demandantes, cuya existencia no fue contradicha ni desvirtuada por la comerciante, así como un porcentaje de créditos vencidos a más de treinta días, que sería del 39.42% (treinta y nueve punto cuarenta y dos por ciento), suficiente para declarar el concurso mercantil de la comerciante; y, que el visitador omitió considerar el crédito de **ROVOP, INC.,** dentro de las obligaciones de pago que tienen más de treinta días de vencidas a la fecha en que fue presentada la demanda, además de señalar que los créditos de **UTEC SURVEY INC.** y **HORNBECK OFFSHORE SERVICES DE MÉXICO, S. DE R.L. DE C.V.**, tienen por lo menos treinta días de vencimiento a la fecha de la presentación de la demanda, pero por montos menores a los que realmente adeuda la comerciante.

Se consideran infundadas, habida cuenta que el visitador, al rendir su dictamen, se apegó a las facultades que expresamente le fueron conferidas, pues atendió los hechos puestos en su conocimiento   derivados de la demanda y contestación, particularmente las facturas ofrecidas, además, precisó los elementos con que justificó su dictamen, ya que analizó los documentos contenidos en la contabilidad, registros y estados financieros de la empresa, relacionados con el objeto de la visita dentro del periodo inspeccionado y no de otros diversos, cuyo contenido no fue desvirtuado por los acreedores demandantes.

Por otra parte, aunque en el dictamen existen diferencias numéricas entre las deudas consideradas para cada uno de los

KARLA MARELI POOT MADERO
71fa6ó6.201.65a.66.00.00.00.00.00.00.00.00.00.00.01.f5.d9
31/12/22 10:52:59

38

.

acreedores que pretenden el concurso, éstas no son sustanciales, pues ello se debe a la conversión a moneda nacional de las deudas pactadas en dólares americanos, pero concuerdan sustancialmente con las facturas aportadas, siendo que este punto no modifica la consideración de no acreditarse las condiciones generales para declarar un concurso mercantil, ya que no existe incumplimiento generalizado de obligaciones de pago.

Igual estimación se hace, respecto al hecho de que el visitador no consideró el adeudo a favor de la empresa **ROVOP, INC.,** dentro de las obligaciones de pago que tienen más de treinta días de vencidas; puesto que tal circunstancia tampoco impacta en el sentido de la conclusión alcanzada, ya que si ello ocurrió así, es porque el visitador advirtió que el adeudo correspondiente a esa empresa no había vencido a la fecha de presentación de la demanda y así lo catalogó; sin embargo, tal incidencia, resulta intrascendente, porque aun considerando las obligaciones de pago vencidas y no vencidas (donde se consideró tal adeudo), se determinó que entre ellas, sólo alcanzaban el 34.26% de las deudas totales que tenía la comerciante demandada; de ahí que se conceda mayor credibilidad al dictamen emitido por el visitador autorizado.

Sirve de apoyo a lo anterior, en lo conducente, la tesis con número de registro 165854, emitida por el Noveno Tribunal Colegiado en Materia Civil del Primer Circuito, consultable en el Semanario Judicial de la Federación y su Gaceta, Novena Época, Tomo XXX, Diciembre de 2009, Materia Civil, Página 1501; cuyo rubro y texto señalan:

> ***CONCURSO MERCANTIL. FACULTADES DEL VISITADOR. LÍMITES.*** *La Ley de Concursos Mercantiles reconoce la necesidad de que el Juez del concurso sea auxiliado en las diferentes ramas a la jurídica y que son inherentes a este tipo de juicios, tales como la comercial, la contable, la financiera o la administrativa; y precisamente atendiendo a esa necesidad de que se ilustre al Juez para mejor proveer en materias especiales surge la figura del*

39

*visitador; sin embargo, el Juez es el rector del procedimiento relativo al concurso mercantil ya que así lo ordena el artículo 7o. de la Ley de Concursos Mercantiles. Así en el concurso mercantil el Juez es el órgano central y rector del proceso, pues éste requiere la necesaria intervención de auxiliares de la autoridad judicial para el cumplimiento de las formalidades esenciales del procedimiento. Por lo tanto, el referido visitador constituye solamente un auxiliar del juzgador que debe mantener su intervención apegada a los mandamientos del Juez en los procedimientos concursales, tal como lo ideó el legislador. **En consecuencia, el visitador debe restringir su actuación únicamente al análisis de los documentos consistentes en los libros de contabilidad, registros y estados financieros de la empresa relacionados con el objeto de la visita respecto del periodo que le ordena el juzgador y no de otros diversos** y de no acatarse lo decidido por éste, el dictamen realizado por el visitador carece de legalidad.* (lo resaltado es propio)

Tampoco escapa a la consideración de este órgano jurisdiccional, lo alegado por los promoventes en el sentido de que el activo para hacer frente a las obligaciones debe ser líquido, entendiéndose que se tiene a disposición para hacer frente a las obligaciones de pago frente a todos los acreedores de la comerciante; lo cual resulta inexacto, pues de conformidad con el artículo 10 de la Ley de Concursos Mercantiles, los activos que deben considerarse son: a) el efectivo en caja y los depósitos a la vista; b) los depósitos e inversiones a plazo cuyo vencimiento no sea superior a noventa días naturales posteriores a la fecha de presentación de la demanda o solicitud; c) clientes y cuentas por cobrar cuyo plazo de vencimiento no sea superior a noventa días naturales posteriores a la fecha de presentación de la demanda o solicitud; y, d) los títulos valores para los cuales se registren regularmente operaciones de compra y venta en los mercados relevantes, que pudieran ser vendidos en un plazo máximo de treinta días hábiles bancarios, cuya valuación a la fecha de la presentación de la demanda o solicitud sea conocida.

Para mayor ilustración, se cita nuevamente el referido precepto legal:

*"**Artículo 10.-** Para los efectos de esta Ley, el incumplimiento generalizado en el pago de las obligaciones de un Comerciante a que se refiere el artículo anterior, consiste en el incumplimiento*

.

*en sus obligaciones de pago a dos o más acreedores distintos y se presenten las siguientes condiciones:*

*I.    Que de aquellas obligaciones vencidas a las que se refiere el párrafo anterior, las que tengan por lo menos treinta días de haber vencido representen el treinta y cinco por ciento o más de todas las obligaciones a cargo del Comerciante a la fecha en que se haya presentado la demanda o solicitud de concurso, y*

*II.    El Comerciante no tenga activos enunciados en el párrafo siguiente, para hacer frente a por lo menos el ochenta por ciento de sus obligaciones vencidas a la fecha de presentación de la demanda o solicitud.*

*Los activos que se deberán considerar para los efectos de lo establecido en la fracción II de este artículo serán:*

*a) El efectivo en caja y los depósitos a la vista;*
*b)    Los depósitos e inversiones a plazo cuyo vencimiento no sea superior a noventa días naturales posteriores a la fecha de presentación de la demanda o solicitud;*
*c)    Clientes y cuentas por cobrar cuyo plazo de vencimiento no sea superior a noventa días naturales posteriores a la fecha de presentación de la demanda o solicitud, y*
*d)    Los títulos valores para los cuales se registren regularmente operaciones de compra y venta en los mercados relevantes, que pudieran ser vendidos en un plazo máximo de treinta días hábiles bancarios, cuya valuación a la fecha de la presentación de la demanda o solicitud sea conocida.*
*El dictamen del visitador y las opiniones de expertos que en su caso ofrezcan las partes, deberán referirse expresamente a los supuestos establecidos en las fracciones anteriores."*

En este sentido no debe perderse de vista que éste es un procedimiento de orden público, en donde figuran varios sujetos y las determinaciones que se toman invariablemente afectan a éstos, como es el caso de probables acreedores, por lo cual, se requiere que las pruebas reflejen el estado de insolvencia actual del comerciante, y al no haberse exhibido medio de prueba idóneo que demuestre el incumplimiento generalizado en el pago de las obligaciones del comerciante y las condiciones inherentes; resulta que la parte promovente no probó los presupuestos procesales previstos en la ley que regula el procedimiento que nos ocupa.

En ese contexto, **RESULTA IMPROCEDENTE DECLARAR EN CONCURSO MERCANTIL A DREBBEL DE MÉXICO, SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL**

KARLA MARELI POOT MADERO
770.0a.66.20.65.6a.60.00.00.00.00.00.00.00.00.00.11.f5.d9
31/12/21 10:23:29

**VARIABLE**; en consecuencia, en términos de lo dispuesto por el artículo 48 de la Ley de Concursos Mercantiles, se da por concluido el presente y se ordena que las cosas vuelvan al estado que tenían con anterioridad.

Atento lo anterior, **LEVÁNTENSE LAS MEDIDAS PRECAUTORIAS** decretadas el veinte de septiembre de dos mil veintiuno, en términos de lo dispuesto por el precepto legal citado, en relación con el diverso artículo 38 de la ley de la materia.

**QUINTO. Gastos y costas.** En términos de lo dispuesto por el artículo 48, último párrafo, de la Ley de Concursos Mercantiles, se **condena** a los demandantes **ROVOP, INC., UTEC SURVEY INC.** y **HORNBECK OFFSHORE SERVICES DE MÉXICO, S. DE R.L. DE C.V.**, al pago de gastos y costas a favor de **DREBBEL DE MÉXICO, SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE**, que serán calculados, como si el negocio fuera de cuantía indeterminada, de acuerdo con las normas generales que regulan la materia arancelaria en el Estado de Campeche, incluidos los gastos y honorarios del visitador designado; lo que se cuantificará en ejecución de sentencia, mediante el incidente correspondiente.

Apoya a lo anteriormente expresado, la tesis con número de registro 2016853, emitida por la Primera Sala de la Suprema Corte de Justicia de la Nación, visible en la Gaceta del Semanario Judicial de la Federación, Décima Época,  Libro 54, Mayo de 2018, Tomo II, página 1227, cuyo rubro y texto son del tenor literal siguiente:

> ***COSTAS EN CONCURSOS MERCANTILES. EL ARTÍCULO 48 DE LA LEY DE LA MATERIA, QUE PREVÉ SU CONDENA CUANDO SEA IMPROCEDENTE LA DECLARACIÓN DE CONCURSO MERCANTIL, NO CONTRAVIENE EL DERECHO DE ACCESO A LA JUSTICIA.*** *El precepto citado, al establecer que en la sentencia que declara improcedente el concurso mercantil el Juez condenará al acreedor demandante o solicitante, en su caso, a pagar los gastos y costas judiciales, incluidos los honorarios y gastos del visitador, no vulnera el derecho de acceso a la justicia, pues si bien prevé un sistema objetivo de condenación en costas al atender al hecho de la improcedencia de la solicitud o de la demanda del concurso, esa circunstancia se justifica en la naturaleza de ese proceso, cuya sustanciación genera mayores molestias y perjuicios a las que tienen lugar en otro tipo de juicio, por lo que no podría sostenerse que el sistema*

KARLA MARILÚ POOT MADERO
770c.66b.2f0.65a.d6b0f00c00f00c00f00c00f00c00f00c00f00c00f.01.f5.d9
31/12/22 10:53:29

.

*de condena en costas sea el de vencimiento puro, sino más bien el de compensación o indemnización, cuyo propósito es restituir a quien injustificadamente ha sido llamado a juicio de los gastos en que hubiere incurrido con motivo del proceso. En este sentido, cuando el comerciante solicita su concurso mercantil y éste resulta improcedente, el pago de las costas a su cargo se justifica porque sometió a sus acreedores a las molestias derivadas de impedir el pago de los adeudos correspondientes o la continuación de los procesos de ejecución que se hubieren iniciado; por su parte, cuando es la demanda de concurso planteada por un acreedor la que no prospera, la condena en costas a su cargo también se justifica por las molestias ocasionadas al comerciante con la visita, quien debió permitir el acceso a su documentación contable y financiera por parte del visitador, así como las derivadas de alguna medida cautelar, o alguna otra de las medidas que puedan llegar a tomarse. Lo anterior, sin perjuicio de que, de ser el caso, el Juez pueda fundar la condena en el sistema subjetivo que atiende a la temeridad o mala fe conforme al artículo 1084 del Código de Comercio, también admitido en los juicios mercantiles y cuya aplicación no contravendría al sistema previsto en la norma especial analizada.*

Por lo expuesto, fundado y con apoyo en los artículos 17, 38, 48 y demás relativos y aplicables de la Ley de Concursos Mercantiles, se;

## R E S U E L V E

**PRIMERO.** Resulta **improcedente** declarar en concurso mercantil a <span style="color:red">**DREBBEL DE MÉXICO, S. DE R.L. DE C.V.**</span>, en virtud de los argumentos plasmados en el considerando **cuarto** de esta sentencia.

**SEGUNDO.** Se da por concluido el presente asunto y se ordena que las cosas vuelvan al estado que tenían con anterioridad a la presentación de la demanda.

**TERCERO.** En consecuencia, **LEVÁNTENSE LAS MEDIDAS PRECAUTORIAS** decretadas el veinte de septiembre de dos mil veintiuno.

**CUARTO.** Se **condena** a <span style="color:red">**ROVOP, INC., UTEC SURVEY INC.** y **HORNBECK OFFSHORE SERVICES DE MÉXICO, S. DE R.L. DE C.V.**</span>, al pago de los gastos y costas, de conformidad con lo precisado en el último considerando del presente fallo.

KARLA MARÍA I POOT MADERO
7506c6c6c20c65a6c6c60100030010001000000010111.5c69
31/12/21 10:32:39

43

**Notifíquese personalmente.**

Así lo resolvió y firma **Grissell Rodríguez Febles,** Juez Primero de Distrito en el Estado de Campeche, hasta el día de hoy **veinticinco de enero de dos mil veintidós**, ante **Karla Marilú Poot Madero,** Secretaria que autoriza y da fe.

KARLA MARILU POOT MADERO
7f03a.66.20.65.6a.66.60.00.00.00.00.00.00.00.00.00.01.f3.d9
31/12/22 10:32:39



## PODER JUDICIAL DE LA FEDERACIÓN

**EVIDENCIA CRIPTOGRÁFICA - TRANSACCIÓN**

**Archivo Firmado:**
21981429_028500002741621043.p7m
**Autoridad Certificadora:**
Autoridad Certificadora Intermedia del Consejo de la Judicatura Federal
**Firmante(s): 2**

| FIRMANTE | | | | | |
|---|---|---|---|---|---|
| **Nombre:** | KARLA MARILU POOT MADERO | | **Validez:** | BIEN | Vigente |
| FIRMA | | | | | |
| **No. serie:** | 70.6a.66.20.63.6a.66.00.00.00.00.00.00.00.00.00.00.01.f3.d9 | | **Revocación:** | Bien | No revocado |
| **Fecha: (UTC/ CDMX)** | 25/01/22 13:59:06 - 25/01/22 07:59:06 | | **Status:** | Bien | Valida |
| **Algoritmo:** | RSA - SHA256 | | | | |
| **Cadena de firma:** | 0b 01 32 59 28 75 60 a1 6e c4 3b 82 e1 ea c6 cc 93 17 a0 f4 b7 11 d6 30 7a 10 c7 3a 6d 9b e7 fa 66 27 f0 ff 63 91 2d 8d d1 af 0f 02 3b 1b 4e f4 7c 41 eb a5 f6 69 48 70 d3 99 ba c4 e2 fd e3 c4 d9 b3 08 be cc 55 3d f0 37 f9 94 fb 22 4b 23 b3 19 33 f3 22 ed c8 06 0b cb 43 ac 36 cc 97 a6 f8 23 b2 d7 05 f5 73 9b 0b 6b 68 1b b2 6c 54 80 63 39 37 39 ce 28 77 66 ae 92 9c f0 bf 06 fa 4b 29 47 bb 61 2e ed bd 78 a5 a2 70 5e d8 c7 54 29 fe 87 ec e7 48 16 32 ae d1 53 bf b0 e5 65 d9 3c e8 c2 2d 89 f4 82 27 db 17 27 c6 e6 d1 38 fa 0d 1f 83 09 90 db 9d 3f 0e f9 8d 54 ee 27 a2 3c 3f a4 40 48 c9 5f 07 04 e6 30 72 0f 58 a9 76 4c bd 91 83 e8 af 83 91 1e 34 06 90 b9 34 f6 83 10 a3 34 61 ba f3 1f e5 6d 16 79 86 c9 1a d6 41 bc f4 0a c0 d1 84 22 33 4e f3 49 c4 8d 00 70 37 93 3f 78 | | | | |
| OCSP | | | | | |
| **Fecha: (UTC / CDMX)** | 25/01/22 13:59:06 - 25/01/22 07:59:06 | | | | |
| **Nombre del respondedor:** | OCSP ACI del Consejo de la Judicatura Federal | | | | |
| **Emisor del respondedor:** | Autoridad Certificadora Intermedia del Consejo de la Judicatura Federal | | | | |
| **Número de serie:** | 70.6a.66.20.63.6a.66.03 | | | | |
| TSP | | | | | |
| **Fecha : (UTC / CDMX)** | 25/01/22 13:59:07 - 25/01/22 07:59:07 | | | | |
| **Nombre del emisor de la respuesta TSP:** | Autoridad Emisora de Sellos de Tiempo del Consejo de la Judicatura Federal | | | | |
| **Emisor del certificado TSP:** | Autoridad Certificadora Intermedia del Consejo de la Judicatura Federal | | | | |
| **Identificador de la respuesta TSP:** | 92259824 | | | | |
| **Datos estampillados:** | mfmSFkud/yDajBoXKhY6AlecWOM= | | | | |



## PODER JUDICIAL DE LA FEDERACIÓN

| FIRMANTE | | | | | |
|---|---|---|---|---|---|
| **Nombre:** | GRISSELL RODRÍGUEZ FEBLES | | **Validez:** | BIEN | Vigente |
| **FIRMA** | | | | | |
| **No. serie:** | 70.6a.66.20.63.6a.66.00.00.00.00.00.00.00.00.00.00.01.83.f1 | | **Revocación:** | Bien | No revocado |
| **Fecha: (UTC/ CDMX)** | 25/01/22 14:09:22 - 25/01/22 08:09:22 | | **Status:** | Bien | Valida |
| **Algoritmo:** | RSA - SHA256 | | | | |
| **Cadena de firma:** | c3 e0 86 e7 e8 c2 3c 2d cb 54 df a3 88 0e a4 d6 18 6a 7d 34 57 87 c3 03 64 f6 33 49 6e 89 4a 27 d9 19 55 28 2a 33 c0 1e 4f 50 79 0d 12 41 99 1c 94 06 eb 4b 1a 3c 44 17 7c 8d b6 a7 6a ce 11 97 11 96 61 b0 86 42 03 26 ce 69 0c e9 53 ba b3 4b 75 93 5d b9 27 7c 33 86 f2 a4 49 17 14 4f 22 71 e5 03 45 4c 23 a0 43 ab 7a ed 6e 60 1e 62 ec 85 48 08 87 a1 60 2b 30 ce 45 44 80 b0 de 19 11 ff 3d 6e 57 b3 65 16 56 a5 77 5c 5c 8b 91 d2 ba 3a 2f 10 43 d8 bb 9a 11 b1 be c6 c2 9f eb de c4 65 a7 d1 fa 20 dd ca 90 b7 3f 50 4d ca 37 c1 04 eb a8 55 40 8d b1 4b 4d ac ea 9e 1a 40 14 0b 03 7b e3 8c 61 96 62 dc fb 08 26 5e 33 ed 9a 61 f4 a9 0c ac e6 d0 8c a2 7f 52 69 98 3e 51 8b ce a9 36 3c 9c d6 f6 5a 17 45 1a bf 8a 64 68 db d7 38 59 45 98 92 a2 75 c9 53 b6 18 32 61 3d 0f 85 8e 95 | | | | |
| **OCSP** | | | | | |
| **Fecha: (UTC / CDMX)** | 25/01/22 14:09:22 - 25/01/22 08:09:22 | | | | |
| **Nombre del respondedor:** | OCSP ACI del Consejo de la Judicatura Federal | | | | |
| **Emisor del respondedor:** | Autoridad Certificadora Intermedia del Consejo de la Judicatura Federal | | | | |
| **Número de serie:** | 70.6a.66.20.63.6a.66.03 | | | | |
| **TSP** | | | | | |
| **Fecha : (UTC / CDMX)** | 25/01/22 14:09:23 - 25/01/22 08:09:23 | | | | |
| **Nombre del emisor de la respuesta TSP:** | Autoridad Emisora de Sellos de Tiempo del Consejo de la Judicatura Federal | | | | |
| **Emisor del certificado TSP:** | Autoridad Certificadora Intermedia del Consejo de la Judicatura Federal | | | | |
| **Identificador de la respuesta TSP:** | 92260920 | | | | |
| **Datos estampillados:** | 9c6EqOSwc7OXB0tBxLyrS/UCOsA= | | | | |

**Acreedores:**

(1) ROVOP, INC.

(2) HORNBECK OFFSHORE SERVICES DE MÉXICO, S. DE R.L. DE C.V.

(3) UTEC SURVEY, INC.

**Comerciante:**

DREBBEL DE MÉXICO, S. DE R.L. DE C.V.

Concurso Mercantil.

**Expediente:** 89/2021

Se interpone recurso de apelación en contra de la resolución de 25 de enero de 2022 que niega el concurso mercantil de la comerciante demandada.

## C. JUEZ PRIMERO DE DISTRITO EN EL ESTADO DE CAMPECHE.

**CARLOS EDUARDO MILLA ORTEGA**, en mi carácter de autorizado en términos amplios del artículo 1069 del Código de Comercio por las promoventes de la demanda concursal, cuya personalidad tengo acreditada y debidamente reconocida en autos del presente juicio, con el debido respeto, comparezco ante su Señoría y expongo:

(1) Con fundamento en los artículos 35, 36 y 40 del Acuerdo General 12/2020 del Pleno del Consejo de la Judicatura Federal, solicito se autorice a las siguientes personas cuyos nombres de usuario del Sistema del Portal de Servicios en Línea del Poder Judicial de la Federación se identifican, la **consulta vía internet del expediente electrónico** que se forme con motivo del presente recurso de apelación:

| Nombre | Nombre de usuario |
|---|---|
| Vicente Bañuelos Rizo | **vicentebanuelos** |
| Luis Roberto Luna Reyes | **Luisr_Luna** |
| Carlos Eduardo Milla Ortega | **carlos.milla** |
| Gabriela Ángel Navarro | **angeln.gabriela** |
| Yolanda Aimée Díaz Chacón | **yolandadc_** |
| Paulina Baza Orozco | **PBO95** |
| Gian Carlo Alexis Cardiel Ávila | **giancarlo.cardiel** |

(2) Con fundamento en el artículo 55 del Acuerdo General 12/2020 del Pleno del Consejo de la Judicatura Federal, se solicita expresamente se **notifiquen**



EXHIBIT
C-4

**electrónicamente** las resoluciones judiciales dictadas en el expediente que se forme con motivo del presente recurso de apelación a las siguientes personas cuyos nombres de usuario del Sistema del Portal de Servicios en Línea del Poder Judicial de la Federación se identifican:

| Nombre | Nombre de usuario |
|---|---|
| Vicente Bañuelos Rizo | **vicentebanuelos** |
| Luis Roberto Luna Reyes | **Luisr_Luna** |
| Carlos Eduardo Milla Ortega | **carlos.milla** |
| Gabriela Ángel Navarro | **angeln.gabriela** |
| Yolanda Aimée Díaz Chacón | **yolandadc_** |
| Paulina Baza Orozco | **PBO95** |
| Gian Carlo Alexis Cardiel Ávila | **giancarlo.cardiel** |

(3) Por lo que hace al recurso de apelación que se interpone con el presente escrito, mis representadas solicitan al Tribunal Unitario que conozca del mismo, se tengan por reiteradas las autorizaciones hechas por mis representadas en el escrito inicial de demanda a favor de los Licenciados en Derecho Gabriela Ángel Navarro, Luis Roberto Luna Reyes, Juan Pablo Elizondo Ong, Jonhatan Lorenzo Canché Tun y del suscrito Carlos Eduardo Milla Ortega, con cédulas profesionales número 10151259, 6416703, 3917288, 2444714 y 8080362, respectivamente, en términos del tercer y cuarto párrafo del artículo 1069 del Código de Comercio, quienes, en consecuencia, quedan facultados para interponer los recursos que procedan, ofrecer o intervenir en el desahogo de pruebas, incluida la posibilidad de alegar en las audiencias, pedir que se dicte sentencia para evitar la consumación del término para la caducidad por inactividad procesal y realizar cualquier acto que resulte necesario para la defensa de los derechos del autorizante, incluyendo la faculta de tomar fotografías del expediente, y la de tramitar y recibir copias simples y certificadas;

(4) Igualmente sin perjuicio de las anteriores autorizaciones, y por lo que hace al recurso de apelación que se interpone con el presente escrito, autorizo para oír y recibir notificaciones y consultar el expediente, incluyendo la facultad de tomar fotografías del expediente, y la de tramitar y recibir copias simples y certificadas, de conformidad con el sexto párrafo del artículo 1069 del Código de Comercio, a los C.C. Gian Carlo Alexis Cardiel Ávila, Yolanda Aimée Díaz Chacón, Paulina Baza Orozco y Francisco Alberto Ladino Chávez.

Dicho lo anterior, con fundamento en los artículos 49 y 50 de la Ley de Concursos Mercantiles, **dentro del término de 09 días**, interpongo **recurso de apelación**

en contra de la sentencia de 25 de enero de 2022 (cuya notificación se tuvo por realizada a mis representadas el 01 de febrero de 2022, surtiendo sus efectos el mismo día) que, indebidamente, negó declarar en estado de concurso mercantil a la comerciante Drebbel de México, S. de R.L. de C.V., dictada por el C. Juez Primero de Distrito en el estado de Campeche, dentro del expediente de concurso mercantil 89/2021 en que se actúa.

Desde este momento y de conformidad con lo establecido en el artículo 50 de la Ley de Concursos Mercantiles, **se señalan como constancias para integrar el testimonio de apelación** todo lo actuado en el presente concurso mercantil, incluyendo la totalidad de los anexos que obran en el seguro del Juzgado exhibidos por las partes.

Toda vez que el recurso de apelación deberá ser resuelto por la superioridad, desde este momento me dirijo al C. Magistrado del Tribunal Unitario en Materias Civil, que por turno corresponda.

Dicho lo anterior, en cumplimiento del artículo 50 de la Ley de Concursos Mercantiles, se expresan los agravios que causa a mi representada la Sentencia Recurrida.

## A G R A V I O S

**PRIMER AGRAVIO.-** Falta de congruencia y fundamentación que deben revestir todas las resoluciones judiciales pues la resolución es omisa en considerar los créditos de mis representadas por los montos que efectivamente les adeuda la comerciante, lo que llevó al *A quo* a determinar incorrectamente que en la especie no se surte la hipótesis prevista en la fracción I, del artículo 10 de la Ley de Concursos Mercantiles, para declarar en estado de concurso mercantil a la comerciante.

**Fuente del agravio.-** Lo es la resolución de 25 de enero de 2022 en su totalidad, pero particularmente, en la sección que se cita gráficamente enseguida:

*(continúa en la siguiente página)*

CARLOS EDUARDO MILLA ORTEGA
20.30.30.30.31.30.30.30.30.30.30.30.34.37.23.37.36.39.32
11:08:24 14:24:38

Acorde con lo expuesto, este órgano jurisdiccional considera que si bien la comerciante demandada incurrió en incumplimiento de sus obligaciones de pago a **27 (veintisiete)** acreedores distintos, por presentar al tiempo de promoverse la demanda, obligaciones de pago vencidas por más de treinta días[4], **no se actualizaron** las condiciones previstas en las fracciones I y II del artículo 10 de la Ley de Concursos Mercantiles, **para ser considerados como un incumplimiento generalizado.**

**Es así,** porque, por un lado, las obligaciones que tenían por lo menos treinta días de haber vencido a la fecha de presentación de la demanda, es decir, aquellas por la cantidad de **$182,530,097.54 (ciento ochenta y dos millones quinientos treinta mil noventa y siete pesos, 54/100 moneda nacional)**, no representan el 35% (treinta y cinco por ciento) o más de todas las obligaciones a cargo del comerciante a la fecha de presentación de la referida demanda, ya que según el dictamen examinado, el porcentaje entre todas las obligaciones vencidas y no vencidas es tan solo de **34.26% (treinta y cuatro punto veintiséis por ciento),** mismas que ascienden a un total de **$532,815,227.95 (quinientos treinta y dos millones ochocientos quince mil doscientos veintisiete pesos, 95/100 moneda nacional)**, y en ese tenor, no resulta viable tener por demostrado el **supuesto previsto en la fracción I del artículo 10 de la citada ley concursal**.

Sin que sea obstáculo a lo considerado, la documentación exhibida por la parte actora con el escrito de demanda, pues como ya se señaló, no son suficientes para desvirtuar el contenido del dictamen emitido por el visitador, dado que únicamente se limitan, a demostrar que la comerciante no ha cumplido sus obligaciones de pago a favor de las demandantes, lo que bien puede considerarse como un incumplimiento individualizado de obligaciones, reclamable en la vía procedente mercantil, pero de modo alguno resulta útil para declarar el concurso mercantil de la comerciante demandada, que requiere el cumplimiento generalizado con las condiciones que la propia legislación establece.

*(continúa en la siguiente página)*

En cuanto a las manifestaciones vertidas por las acreedoras en sus alegaciones presentadas ante este juzgado, vía electrónica el siete de enero del año en curso, en el sentido de: que el visitador omitió analizar los documentos exhibidos en la demanda inicial, que acreditan los créditos vencidos a cargo de la comerciante y a favor de las demandantes, cuya existencia no fue contradicha ni desvirtuada por la comerciante, así como un porcentaje de créditos vencidos a más de treinta días, que sería del 39.42% (treinta y nueve punto cuarenta y dos por ciento), suficiente para declarar el concurso mercantil de la comerciante; y, que el visitador omitió considerar el crédito de ROVOP, INC., dentro de las obligaciones de pago que tienen más de treinta días de vencidas a la fecha en que fue presentada la demanda, además de señalar que los créditos de UTEC SURVEY INC. y HORNBECK OFFSHORE SERVICES DE MÉXICO, S. DE R.L. DE C.V., tienen por lo menos treinta días de vencimiento a la fecha de la presentación de la demanda, pero por montos menores a los que realmente adeuda la comerciante.

Se consideran infundadas, habida cuenta que el visitador, al rendir su dictamen, se apegó a las facultades que expresamente le fueron conferidas, pues atendió los hechos puestos en su conocimiento derivados de la demanda y contestación, particularmente las facturas ofrecidas, además, precisó los elementos con que justificó su dictamen, ya que analizó los documentos contenidos en la contabilidad, registros y estados financieros de la empresa, relacionados con el objeto de la visita dentro del periodo inspeccionado y no de otros diversos, cuyo contenido no fue desvirtuado por los acreedores demandantes.

Por otra parte, aunque en el dictamen existen diferencias numéricas entre las deudas consideradas para cada uno de los

acreedores que pretenden el concurso, éstas no son sustanciales, pues ello se debe a la conversión a moneda nacional de las deudas pactadas en dólares americanos, pero concuerdan sustancialmente con las facturas aportadas, siendo que este punto no modifica la consideración de no acreditarse las condiciones generales para declarar un concurso mercantil, ya que no existe incumplimiento generalizado de obligaciones de pago.

Igual estimación se hace, respecto al hecho de que el visitador no consideró el adeudo a favor de la empresa ROVOP, INC., dentro de las obligaciones de pago que tienen más de treinta días de vencidas; puesto que tal circunstancia tampoco impacta en el sentido de la conclusión alcanzada, ya que si ello ocurrió así, es porque el visitador advirtió que el adeudo correspondiente a esa empresa no había vencido a la fecha de presentación de la demanda y así lo catalogó; sin embargo, tal incidencia, resulta intrascendente, porque aun considerando las obligaciones de pago vencidas y no vencidas (donde se consideró tal adeudo), se determinó que entre ellas, sólo alcanzaban el 34.26% de las deudas totales que tenía la comerciante demandada; de ahí que se conceda mayor credibilidad al dictamen emitido por el visitador autorizado.

CARLOS EDUARDO MILLA ORTEGA
30.30.30.30.31.30.30.30.30.30.30.30.34.37.35.37.36.39.32
11:08:24 14:24:38

Disposiciones constitucionales, convencionales, legales y jurisprudenciales violadas. La resolución recurrida viola en perjuicio de mi representada las siguientes normas:

### Ley de Concursos Mercantiles

*Artículo 10.- Para los efectos de esta Ley, el incumplimiento generalizado en el pago de las obligaciones de un Comerciante a que se refiere el artículo anterior, consiste en el incumplimiento en sus obligaciones de pago a dos o más acreedores distintos y se presenten las siguientes condiciones:*

> *I. Que de aquellas obligaciones vencidas a las que se refiere el párrafo anterior, **las que tengan por lo menos treinta días de haber vencido representen el treinta y cinco por ciento o más de todas las obligaciones a cargo del Comerciante a la fecha en que se haya presentado la demanda o solicitud de concurso**, (...)*

*Artículo 8o.- Son de aplicación supletoria a este ordenamiento, en el orden siguiente:*
*I. El Código de Comercio;*
*II. La legislación mercantil;*
*III. Los usos mercantiles especiales y generales;*
*IV. El Código Federal de Procedimientos Civiles, y*
*V. El Código Civil en materia federal.*

### Código de Comercio

*Art. 1,077. Todas las resoluciones sean decretos de trámite, autos provisionales, definitivos o preparatorios y sentencias interlocutorias deben ser **claras, precisas y congruentes con las promociones de las partes**, resolviendo sobre todo lo que éstas hayan pedido. Cuando el tribunal sea omiso en resolver todas las peticiones planteadas por el promovente de oficio o a simple instancia verbal del interesado, deberá dar nueva cuenta y resolver las cuestiones omitidas dentro del día siguiente. Las **sentencias** definitivas **también deben ser claras, precisas y congruentes con las demandas y las contestaciones y con las demás pretensiones deducidas oportunamente en el pleito, condenando o absolviendo al demandado, y decidiendo todos los puntos litigiosos que hayan sido objeto del debate.** Cuando estos hubieren sido varios, se hará el pronunciamiento correspondiente a cada uno de ellos.*

*Art. 1,294. **Las actuaciones judiciales <u>harán prueba plena.</u>***

*Art. 1,324. Toda sentencia **debe ser fundada en ley**, y si ni por el sentido natural, ni por el espíritu de ésta, se puede decidir la controversia, se atenderá á los principios generales de derecho, tomando en consideración todas las circunstancias del caso.*

### Constitución Política de los Estados Unidos Mexicanos

*Artículo 14. A ninguna ley se dará efecto retroactivo en perjuicio de persona alguna.*
*Nadie podrá ser privado de la libertad o de sus propiedades, posesiones o derechos, sino mediante juicio seguido ante los tribunales previamente establecidos, en el que se cumplan las formalidades esenciales del procedimiento y conforme a las Leyes expedidas con anterioridad al hecho. [...]*

*En los juicios del orden civil, la sentencia definitiva deberá ser conforme a **la letra o a la interpretación jurídica de la ley**, y a falta de ésta se fundará en los principios generales del derecho.*

*Artículo 16. Nadie puede ser molestado en su persona, familia, domicilio, papeles o posesiones, sino en virtud de mandamiento escrito de la autoridad competente, que **funde y motive la causa legal del procedimiento**. En los juicios y procedimientos seguidos en forma de juicio en los que se establezca como regla la oralidad, bastará con que quede constancia de ellos en cualquier medio que dé certeza de su contenido y del cumplimiento de lo previsto en este párrafo.*
*[...]*

*Artículo 17. Ninguna persona podrá hacerse justicia por sí misma, ni ejercer violencia para reclamar su derecho.*
*Toda persona tiene derecho a que se le administre justicia por tribunales que estarán expeditos para impartirla en los plazos y términos que fijen las leyes, emitiendo sus resoluciones de manera pronta, completa e imparcial. Su servicio será gratuito, quedando, en consecuencia, prohibidas las costas judiciales.*
*Siempre que no se afecte la igualdad entre las partes, el debido proceso u otros derechos en los juicios o procedimientos seguidos en forma de juicio, las autoridades deberán privilegiar la solución del conflicto sobre los formalismos procedimentales.*
*[...]*

### Convención Americana de Derechos Humanos (Pacto de San José)

*Artículo 24. Igualdad ante la Ley*

***Todas las personas son iguales ante la ley.** En consecuencia, tienen derecho, sin discriminación, a igual protección de la ley.*

**Explicación del agravio:**

De acuerdo con el artículo 1077 del Código de Comercio, las resoluciones judiciales deben guardar congruencia con las promociones de las partes, y el expediente en que se dictan.

Asimismo, el *A quo* debe respetar el principio de legalidad en materia civil –aplicable también en materia mercantil– contemplado en el artículo 14 de la Constitución Política de los Estados Unidos Mexicano en la siguiente forma: "*En los juicios del orden civil, la sentencia definitiva deberá ser conforme a la letra o a la interpretación jurídica de la ley, y a falta de ésta se fundará en los principios generales del derecho.*"

En la especie el *A quo* en la resolución reclamada violó el principio de congruencia y legalidad que deben revestir todas las resoluciones judiciales, como se explica a continuación:

CARLOS EDUARDO MILLA ORTEGA
30.30.30.30.31.30.30.30.30.30.35.34.37.32.37.36.39.32
11/08/24 14:24:38

Al desahogar la vista otorgada a mis representadas con el dictamen rendido por el Visitador, éstas hicieron valer las objeciones consistentes en que el dictamen había sido omiso en considerar que **i)** que los créditos de Hornbeck Offshore Services de México, S. de R.L. de C.V., y Utec Survey Inc que tienen por lo menos 30 días de vencimiento a la fecha de presentación de la demanda son por montos mayores a los supuestamente determinados y **ii)**, el crédito de ROVOP, INC., fue considerado por un monto mucho menor al que realmente le corresponde, y adicionalmente, contrario a lo señalado sí tiene por lo menos 30 días de vencimiento a la fecha de presentación de la demanda, por lo que no debió ser considerado dentro de las obligaciones de pago no vencidas a cargo del comerciante, por lo que, sumando dichas cantidades, se actualizaba el supuesto contenido en el artículo 10, fracción I de la Ley de Concursos Mercantiles.

En este mismo orden de ideas, por virtud de la resolución recurrida, el *A quo* consideró infundadas dichas determinaciones, y señaló que si bien existían diferencias entre los montos considerados para cada uno de los acreedores éstas no eran sustanciales, ya que ello se debía a la conversión realizada a moneda nacional de las deudas en dólares, por lo que ello no modificaba su conclusión de que no se acreditaban los supuestos para declarar el concurso mercantil de la comerciante:

> Se consideran infundadas, habida cuenta que el visitador, al rendir su dictamen, se apegó a las facultades que expresamente le fueron conferidas, pues atendió los hechos puestos en su conocimiento derivados de la demanda y contestación, particularmente las facturas ofrecidas, además, precisó los elementos con que justificó su dictamen, ya que analizó los documentos contenidos en la contabilidad, registros y estados financieros de la empresa, relacionados con el objeto de la visita dentro del periodo inspeccionado y no de otros diversos, cuyo contenido no fue desvirtuado por los acreedores demandantes.
>
> Por otra parte, aunque en el dictamen existen diferencias numéricas entre las deudas consideradas para cada uno de los

CARLOS EDUARDO MILLA ORTEGA
20:30:30:30:31:30:30:30:30:30:30:35:30:34:37:33:37:36:39:32
11:08:24 14:24:38

acreedores que pretenden el concurso, éstas no son sustanciales, pues ello se debe a la conversión a moneda nacional de las deudas pactadas en dólares americanos, pero concuerdan sustancialmente con las facturas aportadas, siendo que este punto no modifica la consideración de no acreditarse las condiciones generales para declarar un concurso mercantil, ya que no existe incumplimiento generalizado de obligaciones de pago.

Igual estimación se hace, respecto al hecho de que el visitador no consideró el adeudo a favor de la empresa ROVOP, INC., dentro de las obligaciones de pago que tienen más de treinta días de vencidas; puesto que tal circunstancia tampoco impacta en el sentido de la conclusión alcanzada, ya que si ello ocurrió así, es porque el visitador advirtió que el adeudo correspondiente a esa empresa no había vencido a la fecha de presentación de la demanda y así lo catalogó; sin embargo, tal incidencia, resulta intrascendente, porque aun considerando las obligaciones de pago vencidas y no vencidas (donde se consideró tal adeudo), se determinó que entre ellas, sólo alcanzaban el 34.26% de las deudas totales que tenía la comerciante demandada; de ahí que se conceda mayor credibilidad al dictamen emitido por el visitador autorizado.

Es decir, no obstante que a pesar de que en la resolución apelada se resolvió que en el dictamen sí se señalaron montos menores a los que realmente se adeudan a mis representadas, el *A quo* <u>fue omiso</u> **en tomar en consideración en el cálculo los créditos de mis representadas por los montos que efectivamente les adeuda la comerciante**, sin que sea dable que argumente que dichas diferencias no son sustanciales para acreditar la actualización del supuesto previsto en la fracción I, del artículo 10 de la Ley concursal, ya que contrario a lo resuelto de haber tomado en consideración dichas diferencias hubiese llegado a la conclusión que en la especie sí se acredita dicho requisito como se demuestra enseguida.

Lo anterior, sin que se omita señalar que el reconocimiento del juez a quo respecto de la existencia de la discrepancia en las cantidades contenidas en el dictamen contra las que obran en autos, constituye un motivo suficiente para considerar que dicho dictamen no se encuentra debidamente razonado en los términos que exige la Ley de Concursos Mercantiles, por lo que en lugar de limitarse a atender y acatar a lo señalado en dicho dictamen, el juez concursal debió contrastarlo con las constancias de autos para valorarlo conforme a derecho corresponda, y desestimarlo por carecer de la motivación y racionalidad que la ley exige.

Aunado a lo anterior, a efecto de que el *A quo* pudiese considerar como lo hizo que dichas diferencias entre los montos no son suficientes para tener por acreditada la hipótesis contenida en la fracción I, del artículo 10 referido, en todo caso debió realizar las operaciones y cálculos respectivos que lo acreditasen lo que omitió realizar en la resolución recurrida, por lo que carece de la debida fundamentación y motivación de cualquier resolución judicial.

Según el dictamen del Visitador, las obligaciones de pago que tienen por lo menos 30 días de vencidas a la fecha de presentación de la demanda y que corresponden a 27 acreedores distintos corresponden a un monto de $182,530,097.54 pesos:

| 1 | Obligaciones de pago que tienen por lo menos 30 días de vencidas a la fecha de presentación de la demanda y que corresponden a 27 acreedores distintos (total de la sección 1). | $182,530,097.54 |
|---|---|---|

Conforme a lo anterior, el *A quo* en la resolución recurrida señaló:

**Es así**, porque, por un lado, las obligaciones que tenían por lo menos treinta días de haber vencido a la fecha de presentación de la demanda, es decir, aquellas por la cantidad de **$182,530,097.54 (ciento ochenta y dos millones quinientos treinta mil noventa y siete pesos, 54/100 moneda nacional),** no representan el 35% (treinta y cinco por ciento) o más de todas las obligaciones a cargo del comerciante a la fecha de presentación de la referida demanda, ya que según el dictamen examinado, el porcentaje entre todas las obligaciones vencidas y no vencidas es tan solo de **34.26% (treinta y cuatro punto veintiséis por ciento),** mismas que ascienden a un total de **$532,815,227.95 (quinientos treinta y dos millones ochocientos quince mil doscientos veintisiete pesos, 95/100 moneda nacional),** y en ese tenor, no resulta viable tener por demostrado **el supuesto previsto en la fracción I del artículo 10 de la citada ley concursal.**

Ahora bien, en primer lugar, **en relación con el monto del crédito a favor de Hornbeck Offshore Services de México, S. de R.L. de C.V.**, el dictamen señala que supuestamente asciende a un monto de $6,968,722.22 pesos.

No obstante lo anterior, de los documentos exhibidos en el escrito inicial de demanda por dicha sociedad se acredita plenamente que la comerciante tiene **un adeudo <u>líquido y vencido</u>** a favor de dicha sociedad por la cantidad total de **USD$4,785,116.00 (Cuatro millones setecientos ochenta y cinco mil ciento dieciséis dólares 00/100, moneda en curso legal en los Estados Unidos de América).**

CARLOS EDUARDO MILLA ORTEGA
20.30.30.50.31.30.30.30.30.30.35.30.34.37.32.37.36.39.32
11/08/24 14:24:38

Al realizar la conversión de dicho monto en dólares a moneda nacional, multiplicaremos el tipo de cambio publicado en el Diario Oficial de la Federación de la fecha de presentación de la demanda, es decir, del 09 de febrero de 2021, que es de $20.1227 pesos por dólar (EUA$4,785,116.00 dólares multiplicado por $20.1227 = **$96,289,453.73 pesos),** lo que arroja un total en pesos de **noventa y seis millones doscientos ochenta y nueve mil cuatrocientos cincuenta y tres pesos 73/100, Moneda Nacional.**

Es decir, <u>existe una diferencia</u> entre el monto señalado por el visitador y el que se adeuda efectivamente a dicha sociedad ($96,289,453.73 pesos menos $94,961,151.89 pesos) de <u>**$1,328,301.84 pesos**</u> que no fue considerado en su dictamen, y que de igual forma paso por alto el A quo.

Respecto **del crédito vencido a favor de Utec Survey Inc.,** el dictamen señala que supuestamente asciende a un monto de $6,968,722.22 pesos.

No obstante lo anterior, de los documentos exhibidos en el escrito inicial de demanda por dicha sociedad se acredita plenamente que la comerciante tiene **un adeudo <u>líquido y vencido</u>** a favor de dicha sociedad por la cantidad total de **USD$349,939.28 (trescientos cuarenta y nueve mil novecientos treinta y nueve dólares 28/100 Moneda de los Estados Unidos de América).**

Al realizar la conversión de dicho monto en dólares a moneda nacional, multiplicaremos el tipo de cambio publicado en el Diario Oficial de la Federación de la fecha de presentación de la demanda, es decir, del 09 de febrero de 2021, que es de $20.1227 pesos por dólar (EUA$349,939.28 dólares multiplicado por $20.1227 = **$7,041,723.14 pesos),** lo que arroja un total en pesos de **siete millones cuarenta y un mil setecientos veintitrés pesos 14/100, Moneda Nacional.**

Es decir, existe una diferencia entre el monto señalado por el visitador y el que se adeuda efectivamente a dicha sociedad ($7,041,723.14 pesos menos $6,968,722.22 pesos) de <u>**$73,000.92 pesos**</u> que no fue considerado en su dictamen, y que de igual forma paso por alto el A quo.

De lo anterior igualmente se acredita que contrario a lo señalado en la sentencia recurrida por el *A quo*, las diferencias entre los montos señalados en el dictamen por el visitador y los montos que efectivamente se adeudan a dichas sociedades no se deben a la conversión realizada a moneda nacional de dichos montos en dólares, ya que en las operaciones realizadas en los párrafos que anteceden se utilizó el mismo tipo de cambio que utilizó el visitador en su dictamen, por lo que dicho argumento deviene

CARLOS EDUARDO MILLA ORTEGA
30.30.30.30.31.30.30.30.30.30.35.34.37.23.37.36.39.32
11/08/24 14:24:38

infundado, y por el contrario, se acredita que se trata de una omisión respecto de los montos que efectivamente se adeudan a dichas sociedades.

Por último, **respecto del crédito a favor de la sociedad ROVOP, INC.,** el dictamen señala que supuestamente asciende a la cantidad de $10,463,804.00 pesos.

No obstante lo anterior, de los documentos exhibidos en el escrito inicial de demanda por dicha sociedad se acredita plenamente que la comerciante tiene **un adeudo líquido y vencido** a favor de dicha sociedad por la cantidad total de **USD$1,848,979.17 (un millón ochocientos cuarenta y ocho mil novecientos setenta y nueve dólares 17/100 Moneda de los Estados Unidos de América).**

Al realizar la conversión de dicho monto en dólares a moneda nacional, multiplicaremos el tipo de cambio publicado en el Diario Oficial de la Federación de la fecha de presentación de la demanda, es decir, del 09 de febrero de 2021, que es de $20.1227 pesos por dólar (EUA$1,848,979.17 dólares multiplicado por $20.1227 = **$37,206,453.14 pesos),** lo que arroja un total en pesos de treinta y siete millones doscientos seis mil cuatrocientos cincuenta y tres pesos 14/100, Moneda Nacional.

En consecuencia, dicho monto sí debió ser considerado por el visitador dentro de las obligaciones de pago a cargo de la comerciante que tienen por lo menos 30 días de vencidas a la fecha de presentación de la demanda.

En ese contexto, resulta incontrovertible que las consideraciones contenidas en la sentencia que se combate son contrarias a la letra de la ley y a su interpretación jurídica, cuenta habida que el juzgador partió de premisas y presupuestos falsos que contravienen las constancias de autos, a las cuales les corresponde alcance y valor probatorio plenos.

Esto es así, porque el juez a quo se plegó ciegamente al reconocimiento del crédito a cargo de la comerciante y a favor de Rovop, Inc. realizado por el visitador por –tan solo- la cantidad de 10.4 millones de pesos, cuando lo debido era reconocer que conforme a los documentos anexos a la demanda, el importe de dicho crédito vencido es de 37.2 millones de pesos, sin soslayar que dicho importe debe ser considerado en el renglón de las obligaciones de pago vencidas a cargo de la comerciante. Lo anterior, a pesar de que de la simple lectura de los documentos exhibidos en la demanda inicial se acredita i) el monto total adeudado por la comerciante (por 37.2 millones de pesos), y ii) que dicha obligación tiene más de 30 días de vencida a la fecha en que fue presentada la demanda.

Por ello, no resulta fundado ni motivado que el Juez a quo desestime los argumentos de las quejosas por la simple razón de que "*el visitador, al rendir su dictamen, se apegó a las facultades que expresamente le fueron conferidas, pues atendió los hechos puestos en su conocimiento derivados de la demanda y contestación, particularmente las facturas ofrecidas, además, precisó los elementos con que justificó su dictamen, ya que analizó los documentos contenidos en la contabilidad, registros y estados financieros de la empresa, relacionados con el objeto de la visita dentro del periodo inspeccionado y no de otros diversos, cuyo contenido no fue desvirtuado por los acreedores demandantes*" ya que, contrario a dicho aserto, basta la lectura de las constancias que integran el juicio de origen para advertir que al emitir su dictamen, el visitador se apartó del contenido de las constancias de autos, especialmente de los documentos que se acompañaron al escrito inicial de demanda, de donde se advierte que el crédito a favor de Rovop, Inc. y –consecuentemente- las obligaciones de pago vencidas a cargo de la comerciante, es mayor al importe reconocido por el visitador, así como que, contrario a lo que señala el auxiliar judicial, el total del importe adeudado debió considerarse en el rubro de obligaciones vencidas al momento de la presentación de la demanda.

En ese tenor, el juez a quo pasó de largo que, contrario a las afirmaciones contenidas en la sentencia que se reclama, es claro que el visitador no consideró los hechos narrados en la demanda, en lo relativo al origen del adeudo e importe a favor de Rovop Inc., mismos que a continuación se reproducen para pronta referencia:

1. ...

2. "Con fecha 14 de septiembre de 2018, ROVOP y la comerciante celebraron un Contrato Marco para la prestación de Servicios de Soporte ROV, donde de forma general se pactaron los términos y condiciones para la prestación de los servicios, y la contraprestación que debe pagar la comerciante. Basicamente en dicho contrato ROVOP se obligó a prestar servicios de soporte para la comerciante, suministrandole el equipo y personal necesario para su operación, de conformidad con cada "Pedido Abierto de Aprovisionamiento" que fuera convenido entre ambas partes.

   Este hecho se acredita con la prueba documental consistente en copia certificada de dicho Contrato Marco, que se acompaña junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés, como **Anexo 1.1.**

3. De conformidad con el Contrato Marco referido, ambas partes celebraron los siguientes Pedidos Abiertos de Aprovisionamiento para la prestación de los servicios requeridos por la comerciante:

4. Pedido abierto de aprovisionamiento para la prestación de Servicios de Soporte ROV no. 1739-19-1R1.0, a bordo del buque Hornbeck -HOS- Ridgewind, que se acompaña en copia certificada junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés, como **Anexo 1.2.**

5. Pedido abierto de aprovisionamiento para la prestación de Servicios de Soporte ROV no. P1676-19-1R2.0, a bordo del buque Global Orion, que se acompaña en copia certificada junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés, como **Anexo 1.11.**

CARLOS EDUARDO MILLA ORTEGA
30.30.30.30.31.30.30.30.30.30.30.35.30.34.37.33.37.36.39.32
11.08:24 14:24:38

6. *Pedido abierto de aprovisionamiento para la prestación de Servicios de Soporte ROV no. 1845-19-1R1.0, a bordo del buque HOS Bayou, que se acompaña en copia certificada junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés, como **Anexo 1.15.***

7. *Pedido abierto de aprovisionamiento para la prestación de Servicios de Soporte ROV no. 1638-19-1R1.0, a bordo del buque Nautla, que se acompaña en copia certificada junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés, como **Anexo 1.20.***

8. *En cumplimiento del Contrato Marco, y cada uno de los Pedidos abiertos de aprovisionamiento referidos en los incisos a), b), c) y d) del numeral anterior, ROVOP prestó los servicios requeridos por el comerciante durante los siguientes periodos:*

| Pedido de Aprovisionamiento | Buque | Periodo en el que se prestaron los servicios |
|---|---|---|
| No. 1676-19-1R2.0 | Global Orion | Mayo y Junio de 2019 |
| No. 1739-19-1R1.0 | HOS Ridgewind | Mayo, Junio, Julio, Agosto, Septiembre y Octubre de 2019 |
| No. 1845-19-1R1.0 | HOS Bayou | Agosto, Septiembre y octubre de 2019. |
| No. 1638-19-1R1.0 | Nautla | Mayo y Junio de 2019 |

*Lo anterior se acredita con las documentales consistentes en copia certificada de los reportes diarios que se acompañan como parte integral de los **Anexos 1.3, 1.4, 1.5, 1.6, 1.7, 1.8, 1.9, 1.12, 1.13, 1.16, 1.17, 1.18, 1.21 y 1.22,** junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés, respectivamente.*

9. *Ahora bien, los términos del pago por los servicios prestados de acuerdo con cada Pedido abierto de aprovisionamiento convenido entre las partes se pactaron en la cláusula 6 del Contrato Marco que dispone:*

*6.Remuneración*

*6.1 Por la prestación satisfactoria de los Servicios, la Contratista recibirá el pago de las tarifas aplicables que se especifiquen en el Pedido Abierto de Aprovisionamiento. La contratista presentará sus facturas junto con todos los formatos, facturas, documentos u otra información que la Sociedad requiera razonablemente) de conformidad con el Pedido Abierto de Aprovisionamiento aplicable. La Sociedad pagará las facturas no controvertidas dentro de 30 (treinta) días a partir de la fecha de facturación; sin embargo, si una parte de alguna factura es controvertida, la Sociedad deberá notificar a la Contratista dentro de siete (7) días de la esencia de dicha controversia y pagará únicamente el valor no controvertido de la misma dentro del periodo especificado. Posteriormente, las Partes negociarán y resolverán de buena fe la parte controvertida sin demoras injustificadas y, posteriormente, la Sociedad remitirá el saldo que se determine se adeuda a la Contratista dentro de los siete (7) días posteriores a la fecha de la resolución.*

10. *Conforme a esta cláusula, debido a que DREBBEL no objetó las facturas que se identifican en los numerales 8, 10, 12 y 14 siguientes, ésta se encontraba obligada a pagarlas dentro de los 30 días siguientes a la fecha de facturación.*

11. *Con motivo de la prestación de los servicios a bordo del buque HOS Ridgewind, de conformidad con el pedido de aprovisionamiento no. 1739-19-1R1.0, convenido por las partes, ROVOP expidió las facturas que se identifican enseguida:*

a) *Factura número 1739-2 a cargo de DREBBEL, por un monto total de $275,162.29 USD (Doscientos setenta y cinco mil ciento sesenta y dos dólares 29/100, Moneda en curso legal en los Estados Unidos de América), por los servicios prestados a bordo de dicha embarcación durante el mes de mayo de 2019.*

*Este hecho se acredita con la documental consistente en la factura que se acompaña como **Anexo 1.3.***

CARLOS EDUARDO MILLA ORTEGA
20.30.30.30.31.30.30.30.30.30.33.34.37.33.37.36.39.32
11/08/24 14:24:38

b) *Factura número 1739-3 a cargo de DREBBEL, por un monto total de $164,212.00 USD (Ciento sesenta y cuatro mil doscientos doce dólares 00/100, Moneda en curso legal en los Estados Unidos de América), por los servicios prestados a bordo de dicha embarcación durante el mes de junio de 2019.*

Este hecho se acredita con la documental consistente en la factura que se acompaña como **Anexo 1.4.**

c) *Factura número 1739-4 a cargo de DREBBEL, por un monto total de $326,653.00 USD (Trescientos veintiséis mil seiscientos cincuenta y tres dólares 00/100, Moneda en curso legal en los Estados Unidos de América), por los servicios prestados a bordo de dicha embarcación durante el mes de julio de 2019.*

Este hecho se acredita con la documental consistente en la factura que se acompaña como **Anexo 1.5.**

d) *Factura número 1739-5 a cargo de DREBBEL, por un monto total de $317,953.00 USD (Trescientos diecisiete mil novecientos cincuenta y tres dólares 00/100, Moneda en curso legal en los Estados Unidos de América), por los servicios prestados a bordo de dicha embarcación durante el mes de agosto de 2019.*

Este hecho se acredita con la documental consistente en la factura que se acompaña como **Anexo 1.6.**

e) *Factura número 1739-6A a cargo de DREBBEL, por un monto total de $291,500.00 USD (Doscientos noventa y un mil quinientos dólares 00/100, Moneda en curso legal en los Estados Unidos de América), por los servicios prestados a bordo de dicha embarcación durante el mes de septiembre de 2019.*

Este hecho se acredita con la documental consistente en la factura que se acompaña como **Anexo 1.7.**

f) *Factura número 1739-6B a cargo de DREBBEL, por un monto total de $81,312.58 USD (Ochenta y un mil trescientos doce dólares 58/100, Moneda en curso legal en los Estados Unidos de América), por los servicios prestados a bordo de dicha embarcación durante el mes de septiembre de 2019, para la desmovilización del equipo XLX86.*

Este hecho se acredita con la documental consistente en la factura que se acompaña como **Anexo 1.8.**

g) *Factura número 1739-7 a cargo de DREBBEL, por un monto total de $104,520.00 USD (Ciento cuatro mil quinientos veinte dólares 00/100, Moneda en curso legal en los Estados Unidos de América), por los servicios prestados a bordo de dicha embarcación durante el mes de octubre de 2019.*

Este hecho se acredita con la documental consistente en la factura que se acompaña como **Anexo 1.9.**

12. *Cabe señalar que las facturas referidas en los incisos a) a g) anteriores, fueron enviadas a la comerciante y recibidas por ésta, mediante diversos correos electrónicos que contienen adjuntas dichas facturas, tal y como se acredita con la impresión original de dichos mensajes de datos que en su conjunto se acompañan como* **anexo 1.10***, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés, y los archivos en formato original de dichos mensajes de datos correspondientes a su impresión, respectivamente. Debido a que no es posible subir este tipo de archivos (.eml) mediante el Portal de Servicios en Línea del Poder Judicial de la Federación, se hacen acompañar en el siguiente hipervínculo en el que se podrán descargar:* <u>*Clic Aquí*</u> *a efecto de que su Señoría pueda revisarlos.*

13. Con motivo de la prestación de los servicios a bordo del buque Global Orion, de conformidad con el pedido de aprovisionamiento no. P1676-19-1R2.0, convenido por las partes, ROVOP expidió las facturas que se identifican enseguida:

h) *Factura número 1676-3 a cargo de DREBBEL, por un monto total de $189,300.00 USD (Ciento ochenta y nueve mil trescientos dólares 00/100, Moneda en curso legal en los Estados Unidos de América), por los servicios prestados a bordo de dicha embarcación durante el mes de mayo de 2019.*

CARLOS EDUARDO MELLA ORTEGA
20.30.30.50.31.30.30.50.30.30.50.30.53.54.37.33.37.36.39.32
11:08:24 14:24:38

*Este hecho se acredita con la documental consistente en la factura que se acompaña como* **Anexo 1.12.**

i) *Factura número 1676-4 a cargo de* **DREBBEL**, *por un monto total de $35,300.00 USD (Treinta y cinco mil trescientos dólares 00/100, Moneda en curso legal en los Estados Unidos de América), por los servicios prestados a bordo de dicha embarcación durante el mes de junio de 2019.*

*Este hecho se acredita con la documental consistente en la factura que se acompaña como* **Anexo 1.13.**

14. *Cabe señalar que las facturas referidas en los incisos h) e i) anteriores, fueron enviadas a la comerciante y recibidas por ésta, mediante diversos correos electrónicos que contienen adjuntas dichas facturas, tal y como se acredita con la impresión original de dichos mensajes de datos que en su conjunto se acompañan como* **anexo 1.14**, *junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal del texto redactado en inglés, y los archivos en formato original de dichos mensajes de datos correspondientes a su impresión, respectivamente. Debido a que no es posible subir este tipo de archivos (.eml) mediante el Portal de Servicios en Línea del Poder Judicial de la Federación, se hacen acompañar en el siguiente hipervínculo en el que se podrán descargar:* <u>*Clic Aquí*</u> *a efecto de que su Señoría pueda revisarlos.*

15. *Con motivo de la prestación de los servicios a bordo del buque HOS Bayou, de conformidad con el pedido de aprovisionamiento no. 1845-19-1R1.0, convenido por las partes, ROVOP expidió las facturas que se identifican enseguida:*

j) *Factura número 1845-1 a cargo de* **DREBBEL**, *por un monto total de $189,300.00 USD ($211,700.00 USD (Doscientos once mil setecientos dólares 00/100, Moneda en curso legal en los Estados Unidos de América), por los servicios prestados a bordo de dicha embarcación durante el mes de agosto de 2019.*

*Este hecho se acredita con la documental consistente en la factura que se acompaña como* **Anexo 1.16.**

k) *Factura número 1845-2 a cargo de* **DREBBEL**, *por un monto total de $297,450.00 USD (Doscientos noventa y siete mil cuatrocientos cincuenta dólares 00/100, Moneda en curso legal en los Estados Unidos de América), por los servicios prestados a bordo de dicha embarcación durante el mes de septiembre de 2019.*

*Este hecho se acredita con la documental consistente en la factura que se acompaña como* **Anexo 1.17.**

l) *Factura número 1845-3 a cargo de* **DREBBEL**, *por un monto total de $95,658.30 USD (Noventa y cinco mil seiscientos cincuenta y ocho dólares 30/100, Moneda en curso legal en los Estados Unidos de América), por los servicios prestados a bordo de dicha embarcación durante el mes de octubre de 2019.*

*Este hecho se acredita con la documental consistente en la factura que se acompaña como* **Anexo 1.18.**

16. *Cabe señalar que las facturas referidas en los incisos j), k) y l) anteriores, fueron enviadas a la comerciante y recibidas por ésta, mediante diversos correos electrónicos que contienen adjuntas dichas facturas, tal y como se acredita con la impresión original de dichos mensajes de datos que en su conjunto se acompañan como* **anexo 1.19**, *junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés, y los archivos en formato original de dichos mensajes de datos correspondientes a su impresión, respectivamente. Debido a que no es posible subir este tipo de archivos (.eml) mediante el Portal de Servicios en Línea del Poder Judicial de la Federación, se hacen acompañar en el siguiente hipervínculo en el que se podrán descargar:* <u>*Clic Aquí*</u>; *a efecto de que su Señoría pueda revisarlos.*

17. *Con motivo de la prestación de los servicios a bordo del buque Nautla, de conformidad con el pedido de aprovisionamiento no. 1638-19-1R1.0, convenido por las partes, ROVOP expidió las facturas que se identifican enseguida:*

m) *Factura número 1638-4 a cargo de* **DREBBEL**, *por un monto total de $334,403.00 USD (Trescientos treinta y cuatro mil cuatrocientos tres dólares 00/100, Moneda en curso legal en los Estados Unidos de América), por los servicios prestados a bordo de dicha embarcación durante el mes de mayo de 2019.*

CARLOS EDUARDO MILLA ORTEGA
20.30.30.50.31.30.30.30.80.30.35.30.54.37.35.37.36.39.32
11.08.24 14:24:38

*Este hecho se acredita con la documental consistente en la factura que se acompaña como* **Anexo 1.21.**

n) *Factura número 1638-5 a cargo de DREBBEL, por un monto total de $155,655.00 USD (Ciento cincuenta y cinco mil seiscientos cincuenta y cinco dólares 00/100, Moneda en curso legal en los Estados Unidos de América), por los servicios prestados a bordo de dicha embarcación durante el mes de junio de 2019.*

*Este hecho se acredita con la documental consistente en la factura que se acompaña como* **Anexo 1.22.**

18. *Cabe señalar que las facturas referidas en los incisos m) y n) anteriores, fueron enviadas a la comerciante y recibidas por ésta, mediante diversos correos electrónicos que contienen adjuntas dichas facturas, tal y como se acredita con la impresión original de dichos mensajes de datos que en su conjunto se acompañan como* **anexo 1.23**, *junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés, y los archivos en formato original de dichos mensajes de datos correspondientes a su impresión, respectivamente. Debido a que no es posible subir este tipo de archivos (.eml) mediante el Portal de Servicios en Línea del Poder Judicial de la Federación, se hacen acompañar en el siguiente hipervínculo en el que se podrán descargar:* <u>*Clic Aquí*</u>; *a efecto de que su Señoría pueda revisarlos.*

19. *Es importante destacar que la comerciante ofreció a ROVOP un "pago de liquidación" por un monto de USD$1,300,000.00 (un millón trescientos mil dólares 00/100 Moneda de los Estados Unidos de América), menor al realmente adeudado, el cual es su momento fue aceptado por ROVOP, condicionado a que dicho monto fuese cubierto en su totalidad a más tardar el 10 de julio de 2020, sin embargo, DREBBEL únicamente realizó dos pagos parciales por un monto total de USD$800,000.00 (ochocientos mil dólares 00/100 moneda de los Estados Unidos de América).*

*Este hecho se acredita con la impresión original del mensaje de datos que se acompaña como* **anexo 1.24**, *junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés, y el archivo en formato original de dicho mensaje de datos correspondiente a su impresión, respectivamente. Debido a que no es posible subir este tipo de archivo (.eml) mediante el Portal de Servicios en Línea del Poder Judicial de la Federación, se hace acompañar en el siguiente hipervínculo en el que se podrá descargar:* <u>*Clic Aquí*</u>; *a efecto de que su Señoría pueda revisarlos.*

20. *Cabe señalar que en un último intento por parte de ROVOP de liquidar los USD$500,000.00 (quinientos mil dólares 00/100 Moneda de los Estados Unidos de América) conforme al "pago de liquidación" ofrecido por la comerciante, el día 03 de diciembre de 2020, se llevó a cabo la diligencia de notificación del escrito consistente en el requerimiento de pago de dicha cantidad a la comerciante fechado el 23 de noviembre de 2020, otorgándole el plazo de 07 días hábiles para que realizara una propuesta de pagos, sin que a la fecha haya recibido respuesta alguna por parte de DREBBEL.*

*Este hecho se acredita con el testimonio del acta 674, de la Notaría Pública número 14, en Ciudad del Carmen, Campeche, que contiene la fe de hechos realizada a solicitud de ROVOP, que se acompaña como* **anexo 1.25.**

21. *No obstante que ROVOP prestó los servicios solicitados por DREBBEL, y que le entregó las facturas identificadas en los numerales 8, 10, 12 y 14 anteriores, las cuales vencieron en términos de la cláusula 6 del Contrato Marco, a la fecha DREBBEL ha omitido realizar el pago restante de la cantidad adeudada por la prestación de los servicios, que se encuentra amparada en dichas facturas y los reportes diarios suscritos por la propia comerciante.*

22. *En consecuencia, a la fecha DREBBEL ha omitido realizar el pago total de las facturas emitidas por ROVOP a su cargo, teniendo en consecuencia un* **adeudo vencido por la cantidad restante de USD$1,848,979.17 (un millón ochocientos cuarenta y ocho mil novecientos setenta y nueve dólares 17/100 Moneda de los Estados Unidos de América)."**

Lo anterior es relevante, porque de haber considerado correctamente el importe del crédito a favor de Rovop, Inc., así como la clasificación como adeudo vencido, y las diferencias que reconoce que existen en relación con los montos de Hornbeck y Utec,

entonces el juzgador hubiera concluido que en el caso concreto se cumplen las condiciones que la ley concursal exige para tener por acreditadas las hipótesis de procedencia de la declaración de concurso mercantil, ya que lo anterior tendría como consecuencia que las obligaciones vencidas al momento de la presentación de la demanda sea del 39.42%, siendo que dicho porcentaje excede el requerido por el artículo 10 de la Ley de Concursos Mercantiles.

Esto, sin soslayar que incluso al considerar las cantidades y porcentajes contenidos en la sentencia que se reclama, es evidente que si el porcentaje de las obligaciones vencidas incumplidas por la comerciante es de 34.26%, entonces el juez a quo debió considerar que dicho porcentaje refleja el inminente estado de insolvencia de la comerciante, ya que entre la tasa establecida en la ley y el porcentaje referido por el visitador hay –tan solo- poco más de siete décimas de punto porcentual, por lo que ante una diferencia tan menor, el juez concursal debió privilegiar la resolución del fondo del asunto por sobre las formalidades legales, declarando en estado de concurso mercantil a la comerciante en aras de procurar las finalidades de orden público que la Ley de Concursos Mercantiles persigue en cuanto a la conservación de las empresas y a la no propagación del estado de insolvencia a los acreedores de la comerciante.

En ese sentido, el juez a quo soslayó que la declaración del estado concursal resultaba procedente porque con ella se procura el interés general de la colectividad, privilegiándolo por sobre el interés particular de la comerciante.

Ahora bien, la sumatoria de dichas deudas en pesos ($37,206,453.14 pesos + $1,328,301.84 pesos + $73,000.92 pesos = $38,607,755.90), arrojan un monto de **treinta y ocho millones seiscientos siete mil setecientos cincuenta y cinco pesos 90/100 Moneda Nacional.**

Debido a que dichos montos no fueron considerados como pasivo vencido por el visitador -con por lo menos 30 días a la fecha de presentación de la demanda- **éste debe sumarse** tanto al total de pasivos (a cuyo monto resultante deberá restársele la cantidad de $10,463,804.00 pesos que fue considerada dentro del crédito supuestamente "no vencido" de Rovop), así como al total de pasivos vencidos a más de treinta días, en la forma que se explica en la siguiente tabla:

CARLOS EDUARDO MILLA ORTEGA
20.30.30.50.31.30.30.30.30.30.35.30.34.37.23.37.36.39.32
11/08/24 14:24:38

| | Montos en el Dictamen de Visita: | Monto de deuda no considerada por el Visitador, que debe sumarse: | Suma de los montos (el del dictamen de visita y el monto que no fue considerado) |
|---|---|---|---|
| | | | |

| | | | menos el monto supuestamente "no vencido" de Rovop: |
|---|---|---|---|
| Monto total de Obligaciones a cargo de la Comerciante (vencidas y no vencidas) | MX$532,815,227.95 pesos | MX$38,607,755.90 pesos | MX$560,959,179.85 pesos<br><br>($532,815,227.95 + $38,607,755.90 menos $10,463,804.00) |
| Monto total de Obligaciones vencidas a más de 30 días de la Comerciante | MX$182,530,097.54 pesos | MX$38,607,755.90 pesos | MX$221,137,853.44 pesos. |

CARLOS EDUARDO MILLA ORTEGA
30.30.30.30.31.30.30.30.30.30.30.30.34.37.33.37.36.39.32
11:08:24 14:24:38

Conforme a lo anterior se concluye, que el porcentaje al que alude la fracción I del artículo 10 de la ley concursal, sí se cumple en la especie, según el cálculo que enseguida se realiza: MX$221,137,853.44 pesos dividido entre MX$560,959,179.85 pesos multiplicado por 100 (a efecto de obtener un porcentaje)= **39.42% (treinta y nueve punto cuarenta y dos por ciento),** por lo que la resolución apelada viola el artículo 10, fracción I de la Ley Concursal en relación con los diversos artículos 1077, 1294 y 1324 del Código de Comercio, ya que es **incongruente** con las constancias procesales del concurso mercantil, al no tomar en consideración el monto total de los créditos vencidos de mis representadas, lo que llevó al *A quo* a determinar **infundadamente** que no se surte la hipótesis que prevé la ley de la materia.

En consecuencia, tomando los montos que contiene el Dictamen de Visita, y añadiendo los créditos de mis representadas que fueron omitidos, conforme al cálculo

realizado en la resolución recurrida, tenemos que **sí se surte el requisito previsto en el artículo 10, fracción I de la Ley de Concursos Mercantiles,** consistente en que "*Que de aquellas obligaciones vencidas a las que se refiere el párrafo anterior, las que tengan por lo menos treinta días de haber vencido <u>representen el treinta y cinco por ciento</u> o más de todas las obligaciones a cargo del Comerciante a la fecha en que se haya presentado la demanda o solicitud de concurso*".

Dicho lo anterior, solicito a este H. Tribunal Unitario que revoque la Sentencia Recurrida y en su lugar, dicte otra que en aplicación de los principios de congruencia y legalidad, declare que en el caso en concreto se encuentra acreditado en autos del concurso mercantil, que sí se cumple el requisito previsto en la fracción I, del artículo 10 de la Ley de Concursos Mercantiles, por lo que es procedente declarar en estado de concurso mercantil a la comerciante DREBBEL DE MÉXICO, S. DE R.L. DE C.V.

**SEGUNDO AGRAVIO.-** La resolución impugnada carece de la debida fundamentación y motivación que deben revestir todas las resoluciones judiciales, ya que el *A quo* –bajo las erróneas directrices señaladas por el visitador en su dictamen– determinó que la comerciante supuestamente sí tiene activos líquidos para hacer frente al 80% de sus obligaciones de pago vencidas a la fecha de presentación de la demanda de concurso mercantil, y por tanto, no se actualiza la fracción II, del artículo 10 de la Ley de Concursos Mercantiles.

**Fuente del agravio.-** Lo es la resolución de 25 de enero de 2022 en su totalidad, pero particularmente, en la sección que se cita enseguida:

> Por otra parte, tampoco se acredita el segundo supuesto que permite concluir la existencia del incumplimiento generalizado de pagos por parte de la comerciante demandada, ya que la comerciante demandada sí cuenta con los activos enunciados en la fracción II del artículo 10 de la Ley de Concursos Mercantiles, en cuantía suficiente para hacer frente a por lo menos el 80% (ochenta por ciento) de sus obligaciones vencidas a la fecha de presentación de la demanda, pues del informe que se examina

CARLOS EDUARDO MILLA ORTEGA
20,30,30,30,31,31,30,30,30,30,30,30,35,30,34,37,33,37,36,39,32
11.08.24 14:24:38

se desprende, que la pretendida concursada tiene como activos líquidos concursales la cantidad de $200,547,141.38 (doscientos millones quinientos cuarenta y siete mil ciento cuarenta y un peso, 38/100 moneda nacional), en tanto que sus obligaciones vencidas al momento de presentarse la demanda ascendían a $182,530,097.54 (ciento ochenta y dos millones quinientos treinta mil noventa y siete pesos, 54/100 moneda nacional), por lo que podía afrontar dichas obligaciones.

Acorde con lo expuesto, este órgano jurisdiccional establece que la comerciante no incurrió en incumplimiento generalizado de sus obligaciones de pago a más de dos acreedores distintos, así como que no se actualizaron las condiciones previstas en las fracciones I y II del artículo 10 de la Ley de Concursos Mercantiles.

Tampoco escapa a la consideración de este órgano jurisdiccional, lo alegado por los promoventes en el sentido de que el activo para hacer frente a las obligaciones debe ser líquido, entendiéndose que se tiene a disposición para hacer frente a las obligaciones de pago frente a todos los acreedores de la comerciante; lo cual resulta inexacto, pues de conformidad con el artículo 10 de la Ley de Concursos Mercantiles, los activos que deben considerarse son: a) el efectivo en caja y los depósitos a la vista; b) los depósitos e inversiones a plazo cuyo vencimiento no sea superior a noventa días naturales posteriores a la fecha de presentación de la demanda o solicitud; c) clientes y cuentas por cobrar cuyo plazo de vencimiento no sea superior a noventa días naturales posteriores a la fecha de presentación de la demanda o solicitud; y, d) los títulos valores para los cuales se registren regularmente operaciones de compra y venta en los mercados relevantes, que pudieran ser vendidos en un plazo máximo de treinta días hábiles bancarios, cuya valuación a la fecha de la presentación de la demanda o solicitud sea conocida.

Para mayor ilustración, se cita nuevamente el referido precepto legal:

> *"Artículo 10.- Para los efectos de esta Ley, el incumplimiento generalizado en el pago de las obligaciones de un Comerciante a que se refiere el artículo anterior, consiste en el incumplimiento*

CARLOS EDUARDO MILLA ORTEGA
20.30.30.30.31.30.30.30.30.30.35.30.34.37.23.37.36.39.32
11:08:24 14:24:38

CARLOS EDUARDO MELLA ORTEGA
30.30.30.30.31.30.30.30.30.30.35.30.34.37.35.37.36.39.32
11:08:24 14:24:38

> *en sus obligaciones de pago a dos o más acreedores distintos y se presenten las siguientes condiciones:*
>
> *I.   Que de aquellas obligaciones vencidas a las que se refiere el párrafo anterior, las que tengan por lo menos treinta días de haber vencido representen el treinta y cinco por ciento o más de todas las obligaciones a cargo del Comerciante a la fecha en que se haya presentado la demanda o solicitud de concurso, y*
>
> *II.   El Comerciante no tenga activos enunciados en el párrafo siguiente, para hacer frente a por lo menos el ochenta por ciento de sus obligaciones vencidas a la fecha de presentación de la demanda o solicitud.*
>
> *Los activos que se deberán considerar para los efectos de lo establecido en la fracción II de este artículo serán:*
>
> *a) El efectivo en caja y los depósitos a la vista;*
> *b)   Los depósitos e inversiones a plazo cuyo vencimiento no sea superior a noventa días naturales posteriores a la fecha de presentación de la demanda o solicitud;*
> *c)   Clientes y cuentas por cobrar cuyo plazo de vencimiento no sea superior a noventa días naturales posteriores a la fecha de presentación de la demanda o solicitud, y*
> *d)   Los títulos valores para los cuales se registren regularmente operaciones de compra y venta en los mercados relevantes, que pudieran ser vendidos en un plazo máximo de treinta días hábiles bancarios, cuya valuación a la fecha de la presentación de la demanda o solicitud sea conocida.*
> *El dictamen del visitador y las opiniones de expertos que en su caso ofrezcan las partes, deberán referirse expresamente a los supuestos establecidos en las fracciones anteriores."*
>
> En este sentido no debe perderse de vista que éste es un procedimiento de orden público, en donde figuran varios sujetos y las determinaciones que se toman invariablemente afectan a éstos, como es el caso de probables acreedores, por lo cual, se requiere que las pruebas reflejen el estado de insolvencia actual del comerciante, y al no haberse exhibido medio de prueba idóneo que demuestre el incumplimiento generalizado en el pago de las obligaciones del comerciante y las condiciones inherentes; resulta que la parte promovente no probó los presupuestos procesales previstos en la ley que regula el procedimiento que nos ocupa.

**Disposiciones constitucionales, convencionales, legales y jurisprudenciales violadas.** La resolución recurrida viola en perjuicio de mi representada las siguientes normas:

### Ley de Concursos Mercantiles

*Artículo 10.- Para los efectos de esta Ley, el incumplimiento generalizado en el pago de las obligaciones de un Comerciante a que se refiere el artículo anterior, consiste en el incumplimiento en sus obligaciones de pago a dos o más acreedores distintos y se presenten las siguientes condiciones: (...)*

*II.   El Comerciante no tenga activos enunciados en el párrafo siguiente, para hacer frente a por lo menos el ochenta por ciento de sus obligaciones vencidas a la fecha de presentación de la demanda o solicitud.*

*(...)*

*Los activos que se deberán considerar para los efectos de lo establecido en la fracción II de este artículo serán: (...)*

*c) Clientes y cuentas por cobrar cuyo plazo de vencimiento no sea superior a noventa días naturales posteriores a la fecha de presentación de la demanda o solicitud, y*

*Artículo 8o.- Son de aplicación supletoria a este ordenamiento, en el orden siguiente:*
I. **El Código de Comercio;**
II. *La legislación mercantil;*
III. *Los usos mercantiles especiales y generales;*
IV. *El Código Federal de Procedimientos Civiles, y*
V. *El Código Civil en materia federal.*

### Código de Comercio

*Art. 1,324. Toda sentencia **debe ser fundada en ley**, y si ni por el sentido natural, ni por el espíritu de ésta, se puede decidir la controversia, se atenderá á los principios generales de derecho, tomando en consideración todas las circunstancias del caso.*

### Constitución Política de los Estados Unidos Mexicanos

*Artículo 14. A ninguna ley se dará efecto retroactivo en perjuicio de persona alguna.*
*Nadie podrá ser privado de la libertad o de sus propiedades, posesiones o derechos, sino mediante juicio seguido ante los tribunales previamente establecidos, en el que se cumplan las formalidades esenciales del procedimiento y conforme a las Leyes expedidas con anterioridad al hecho. [...]*
*En los juicios del orden civil, la sentencia definitiva deberá ser conforme a **la letra o a la interpretación jurídica de la ley**, y a falta de ésta se fundará en los principios generales del derecho.*

*Artículo 16. Nadie puede ser molestado en su persona, familia, domicilio, papeles o posesiones, sino en virtud de mandamiento escrito de la autoridad competente, que **funde y motive la causa legal del procedimiento**. En los juicios y procedimientos seguidos en forma de juicio en los que se establezca como regla la oralidad, bastará con que quede constancia de ellos en cualquier medio que dé certeza de su contenido y del cumplimiento de lo previsto en este párrafo.*
*[...]*

*Artículo 17. Ninguna persona podrá hacerse justicia por sí misma, ni ejercer violencia para reclamar su derecho.*
*Toda persona tiene derecho a que se le administre justicia por tribunales que estarán expeditos para impartirla en los plazos y términos que fijen las leyes, emitiendo sus resoluciones de manera pronta, completa e imparcial. Su servicio será gratuito, quedando, en consecuencia, prohibidas las costas judiciales.*
*Siempre que no se afecte la igualdad entre las partes, el debido proceso u otros derechos en los juicios o procedimientos seguidos en forma de juicio, las autoridades deberán privilegiar la solución del conflicto sobre los formalismos procedimentales.*
*[...]*

### Convención Americana de Derechos Humanos (Pacto de San José)

*Artículo 24.  Igualdad ante la Ley*

**Todas las personas son iguales ante la ley.**  *En consecuencia, tienen derecho, sin discriminación, a igual protección de la ley.*

CARLOS EDUARDO MILLA ORTEGA
30.30.30.30.31.30.30.30.30.30.33.30.34.37.32.37.36.39.32
11:08:24 14:24:38

**Explicación del agravio:**

En la resolución que se recurre el *A quo* argumenta supuestamente que en la especie los activos líquidos de la comerciante son suficientes para hacer frente a por lo menos el 80% de sus obligaciones vencidas a la fecha de presentación de la demanda de concurso mercantil tomando como base para ello los montos y porcentajes señalados en el dictamen del visitador.

Lo anterior viola el principio de legalidad y congruencia violentando las disposiciones legales y constitucionales señaladas arriba- por virtud de lo siguiente:

De la revisión integral de los formatos del IFECOM exhibidos como anexos se desprende lo siguiente:

De acuerdo con el Dictamen de Visita, el total de activos líquidos concursales para hacer frente a por lo menos el 80% de las obligaciones de pago vencidas a la fecha de presentación de la demanda corresponde a $200,547,141.38 pesos:

| 4 | Total de activos líquidos concursales para hacer frente a por lo menos el ochenta por ciento de las obligaciones de pago vencidas a la fecha de presentación de la demanda (total de la sección 5). | $200,547,141.38 |
|---|---|---|

Asimismo, de la revisión del dictamen se desprende que el visitador señaló que el principal activo concursal de la comerciante que consideró en el dictamen, son las <u>cuentas por cobrar</u> vigentes y con fecha de realización de 90 días que tienen Hoc Offshore S. de R. L. y Permaducto, S.A. de C.V.

En este sentido, respecto las cuentas por cobrar -principal supuesto activo líquido- **Drebbel al dar contestación a la demanda exhibió diversas facturas, que son de fecha posterior a la presentación de la demanda concursal**, <u>por lo que no pueden considerarse dentro de los activos -cuentas por cobrar pagaderas a 90 días- tal como lo dispone expresamente el inciso c) del artículo 10 de la Ley concursal</u>. Dichas facturas se identifican enseguida:

**Facturas Permaducto**

| Fecha de la factura | Número de factura | Monto de la factura USD (Dólares) |
|---|---|---|
| 27-abril-2021 | 377 | 166,952.42 |
| 05-mayo-2021 | 381 | 753,884.00 |

CARLOS EDUARDO MILLA ORTEGA
20.30.30.50.31.31.30.30.30.30.35.34.37.33.37.36.39.32
11:08:24 14:24:38

| | | |
|---|---|---|
| 19-mayo-2021 | 382 | 1,604,135.00 |
| 20-mayo-2021 | 383 | 489,984.00 |
| | TOTAL: | 3,014,955.42 |

Por tanto, las supuestas cuentas por cobrar de la comerciante que tiene respecto de la sociedad Permaducto, S.A. de C.V., tomadas en consideración por el visitador son por un porcentaje mayor al 81% del total de los supuestos activos líquidos que tiene la comerciante para hacer frente -por lo menos- al 80% de sus obligaciones de pago vencidas:

| | | |
|---|---|---|
| Permaducto S.A de C.V.<br>Carretera Monterrey Saltillo km 339 Colonia Los Treviño Santa Catarina<br>Nuevo León C. P. 66150 México | USD TC=20.1227 | $163,265,140.09 |

De lo anterior se puede observar que las únicas deudoras de Drebbel supuestamente adeudan $198,956,773.08 pesos, lo que presenta el 100% de las supuestas cuentas por cobrar. Si a dicho monto le restamos la cantidad total de las facturas identificadas que asciende a $63,683,998.85 pesos, al realizar la conversión de USD$3,014,955.42 dólares conforme al tipo de cambio publicado en el Diario Oficial de la Federación de la fecha de presentación de la demanda, es decir, del 09 de febrero de 2021, que es de $20.1227 pesos por dólar (que no pueden considerarse dentro de los activos -cuentas por cobrar pagaderas a 90 días- al ser de fecha posterior a la presentación de la demanda, tal como lo dispone expresamente el inciso c) del artículo 10 de la Ley concursal), entonces la liquidez de la Comerciante se reduciría de $200,547,141.38 pesos, a sólo $136,863,142.53 pesos ($200,547,141.38 - $63,683,998.85) que claramente, no alcanzan para cubrir el 80% de las deudas vencidas.

Por lo anterior, la resolución recurrida es infundada al considerar el monto señalado en el dictamen, ya que de no haber pasado por alto dicha cuestión se generaría una reducción de los activos líquidos a los que alude la fracción II del artículo 10 de la ley concursal, de $200,547,141.38 pesos a $136,863,142.53 pesos (al restarse el monto total de $63,683,998.85 pesos que corresponde a la sumatoria de las facturas de fecha posterior a la presentación de demanda), en el entendido de que dicho monto sería insuficiente para cubrir el 80% de los créditos vencidos que determinó el Visitador, sin soslayar que el monto de $38,607,755.90 pesos indebidamente no fue considerado como pasivo vencido en el dictamen, lo que robustece la insolvencia de la comerciante.

CARLOS EDUARDO MILLA ORTEGA<br>30.30.30.30.31.30.30.30.30.30.30.33.30.34.37.33.37.36.39.32<br>11:08:24 14:24:38

Si consideramos la reducción del monto de la supuesta cuenta por cobrar que la Comerciante tiene en contra de Permaducto, S.A. de C.V., tenemos que el porcentaje de activos líquidos de aquellos previstos en la fracción II del artículo 10 de la ley concursal, para hacer frente a las obligaciones vencidas, sería del 61.32%, según los cálculos que se explican enseguida.

De acuerdo a lo explicado en el primer concepto de agravio que por economía procesal solicito se tenga aquí reproducido como si a la letra se insertase los verdaderos pasivos vencidos a más de 30 días de la Comerciante suman: $223,177,693.44 pesos. Considerando ese monto, y el total de activos líquidos posibles de $136,863,142.53 pesos (monto que se obtiene de restarle a los $200,547,141.38 pesos referidos por el Visitador, el monto total de las facturas de fecha posterior a la presentación de demanda en relación con la cuenta por cobrar de Permaducto de $63,683,998.85 pesos), **se obtiene el porcentaje de activos líquidos en relación a los pasivos vencidos de 61.32%** (porcentaje que se obtiene de dividir $136,863,142.53 pesos -activos líquidos- entre $223,177,693.44 pesos -total obligaciones pago vencidas- multiplicándolo por 100).

En consecuencia, contrario a lo señalado en la resolución recurrida <u>sí se surte el requisito previsto en el artículo 10, fracción II de la Ley de Concursos Mercantiles</u>, consistente en que "*El Comerciante no tenga activos enunciados en el párrafo siguiente* [activos concursales líquidos]*, para hacer frente a por lo menos el ochenta por ciento de sus obligaciones vencidas a la fecha de presentación de la demanda o solicitud*".

Adicionalmente, siendo que ya transcurrieron 90 días después de presentada la demanda de concurso mercantil, el Visitador debió de realizar un análisis para verificar que efectivamente, el supuesto monto adeudado por Permaducto y Hoc Offshore a Drebbel, **no fue pagado**, y con ello, no generar una solvencia ficticia para favorecer indebidamente a la Comerciante.

Lo anterior se robustece ya que el propio visitador en su dictamen señala que "*... la situación financiera a la fecha del presente ocurso puede ser distinta, como la expongo en ocurso de solicitud de providencias precautorias*", aunque posteriormente **no explica como es que** no se surte dicho supuesto de insolvencia, lo que es incongruente, por lo que precisamente **al tener acceso a la contabilidad de la comerciante debió analizar si verdaderamente las cuentas por cobrar a cargo de las sociedades señaladas eran realmente cobrables a menos de noventa días,** lo que, por sí mismo, resta de toda eficacia al Dictamen de Visita, sin perjuicio de que sea determinado a juicio de peritos, para efecto de lo cual mis representadas ofrecen en el

CARLOS EDUARDO MILLA ORTEGA
30,30,30,30,31,30,30,30,30,30,33,35,37,35,37,36,39,32
11/08/24 14:24:38

capítulo correspondiente la prueba pericial contable, para acreditar que dichas cuentas por cobrar no han sido pagadas, y por tanto, la cantidad que tomó en consideración el visitador y el *A quo* para determinar que la comerciante no se encuentra en la hipótesis prevista en la fracción II, del artículo 10 de la ley concursal, es infundada.

Dicho lo anterior, solicitamos a este H. Tribunal Unitario que revoque la Sentencia Recurrida, y en su lugar, dicte otra que en aplicación de los principios de legalidad y congruencia declare que en el caso en concreto se encuentra acreditado que sí se cumple el requisito previsto en la fracción II, del artículo 10 de la Ley de Concursos Mercantiles, por lo que es procedente declarar en estado de concurso mercantil a la comerciante **DREBBEL DE MÉXICO, S. DE R.L. DE C.V.**

**TERCER AGRAVIO.-** Violación a los artículos 1, 7, 20, 24 y 26 de la Ley de Concursos Mercantiles, en relación con los artículos 1077, 1078 y 1324 del Código de Comercio supletorio a la ley de la materia, ya que no obstante que de autos se acredita que la comerciante omitió exhibir su lista de acreedores en contravención del procedimiento señalado en la Ley de Concursos Mercantiles de orden público, se le tuvo dando contestación a la demanda instaurada en su contra, omitiendo en todo caso subsanar dicha violación, siendo que dicha violación procesal trascendió en el resultado de la resolución que se recurre, ya que el *A quo* resolvió no declarar el estado de concurso mercantil de la comerciante.

**Fuente del agravio.-** Lo es la resolución de 25 de enero de 2022 en su totalidad la cual por economía procesal solicito se tenga aquí reproducida como si a la letra se insertase.

**Disposiciones constitucionales, convencionales, legales y jurisprudenciales violadas. La resolución recurrida viola en perjuicio de mi representada las siguientes normas:**

**Ley de Concursos Mercantiles**

*Artículo 10.- Para los efectos de esta Ley, el incumplimiento generalizado en el pago de las obligaciones de un Comerciante a que se refiere el artículo anterior, consiste en el incumplimiento en sus obligaciones de pago a dos o más acreedores distintos y se presenten las siguientes condiciones: (...)*

> *II.   El Comerciante no tenga activos enunciados en el párrafo siguiente, para hacer frente a por lo menos el ochenta por ciento de sus obligaciones vencidas a la fecha de presentación de la demanda o solicitud.*

*(...)*

*Los activos que se deberán considerar para los efectos de lo establecido en la fracción II de este artículo serán: (...)*

*c) Clientes y cuentas por cobrar cuyo plazo de vencimiento no sea superior a noventa días naturales posteriores a la fecha de presentación de la demanda o solicitud, y*

*Artículo 8o.- Son de aplicación supletoria a este ordenamiento, en el orden siguiente:*
*I.  El Código de Comercio;*
*II. La legislación mercantil;*
*III. Los usos mercantiles especiales y generales;*
*IV. El Código Federal de Procedimientos Civiles, y*
*V. El Código Civil en materia federal.*

### Código de Comercio

*Art. 1,324. Toda sentencia **debe ser fundada en ley**, y si ni por el sentido natural, ni por el espíritu de ésta, se puede decidir la controversia, se atenderá á los principios generales de derecho, tomando en consideración todas las circunstancias del caso.*

### Constitución Política de los Estados Unidos Mexicanos

*Artículo 14. A ninguna ley se dará efecto retroactivo en perjuicio de persona alguna.*
*Nadie podrá ser privado de la libertad o de sus propiedades, posesiones o derechos, sino mediante juicio seguido ante los tribunales previamente establecidos, en el que se cumplan las formalidades esenciales del procedimiento y conforme a las Leyes expedidas con anterioridad al hecho. [...]*
*En los juicios del orden civil, la sentencia definitiva deberá ser conforme a **la letra o a la interpretación jurídica de la ley**, y a falta de ésta se fundará en los principios generales del derecho.*

*Artículo 16. Nadie puede ser molestado en su persona, familia, domicilio, papeles o posesiones, sino en virtud de mandamiento escrito de la autoridad competente, que **funde y motive la causa legal del procedimiento**. En los juicios y procedimientos seguidos en forma de juicio en los que se establezca como regla la oralidad, bastará con que quede constancia de ellos en cualquier medio que dé certeza de su contenido y del cumplimiento de lo previsto en este párrafo. [...]*

*Artículo 17. Ninguna persona podrá hacerse justicia por sí misma, ni ejercer violencia para reclamar su derecho.*
*Toda persona tiene derecho a que se le administre justicia por tribunales que estarán expeditos para impartirla en los plazos y términos que fijen las leyes, emitiendo sus resoluciones de manera pronta, completa e imparcial. Su servicio será gratuito, quedando, en consecuencia, prohibidas las costas judiciales.*
*Siempre que no se afecte la igualdad entre las partes, el debido proceso u otros derechos en los juicios o procedimientos seguidos en forma de juicio, las autoridades deberán privilegiar la solución del conflicto sobre los formalismos procedimentales. [...]*

### Convención Americana de Derechos Humanos (Pacto de San José)

*Artículo 24.  Igualdad ante la Ley*

CARLOS EDUARDO MEJIA ORTEGA
30.30.30.30.31.30.30.30.30.30.33.34.37.23.37.36.39.32
11/08/24 14:24:38

*Todas las personas son iguales ante la ley. En consecuencia, tienen derecho, sin discriminación, a igual protección de la ley.*

**Explicación del agravio:**

La sentencia recurrida en su parte conducente señala lo siguiente:

**CUARTO.** *Contestación de demanda y designación de visitador.* El veinticinco de mayo de dos mil veintiuno, a través de la oficina de correspondencia común a los Juzgados de Distrito en el Estado de Campeche, turnado el veintiséis siguiente a este Juzgado de Distrito, se tuvo por recibido el escrito singado por **Ángel González Rul Alvidrez**, representante legal de la persona moral denominada **DREBBEL DE MÉXICO, S. DE R.L. DE C.V.**, a través del cual dio contestación a la demanda, y ofreció las pruebas que consideró pertinentes; ocurso que fue acordado el siete de junio de la anualidad pasada y con su contenido se dio vista a la parte demandante.

Por acuerdo de veintiocho de junio de dos mil veintiuno, se admitió el recurso de revocación interpuesto por **Carlos Eduardo Milla Ortega**, autorizado de las sociedades **ROVOP, INC., UTEC SURVEY INC.** y **HORNBECK OFFSHORE SERVICES DE MÉXICO, S. DE R.L. DE C.V**, en contra del acuerdo de siete de junio de dos mil veintiuno, en el que se tuvo por contestada en tiempo y forma la demanda interpuesta en contra de la persona moral denominada **DREBBEL DE MÉXICO, S. DE R.L. DE C.V.**, por conducto de su representante legal **Ángel González Rul Alvidrez**, y se reservó proveer los escritos mediante los cuales solicitó la regularización del procedimiento y desahogó la vista otorgada con la contestación de la demanda de la comerciante.

Posteriormente, mediante resolución interlocutoria emitida el veintitrés de noviembre de dos mil veintiuno, en el presente asunto, se declaró procedente, pero infundado dicho medio recursivo, y se confirmó el auto de siete de junio de ese mismo año.

Tal y como lo señala el *A quo,* mi representada interpuso recurso de revocación en contra del auto de 07 de junio de 2021, toda vez que no obstante que la comerciante omitió exhibir el documento consistente en la lista de sus acreedores tal como lo ordena el artículo 26 de la Ley de Concursos Mercantiles, le tuvo contestando la demanda instaurada en su contra y mando dar vista a nuestras representadas, pasando por alto que la comerciante no cumplió con los requisitos que señala dicha ley de orden público.

Dicho recurso como se señala fue resuelto procedente pero infundado mediante interlocutoria de 23 de noviembre de 2021.

Ahora bien no obstante de que el *A quo* reconoce en dicha sentencia interlocutoria que la comerciante al dar contestación a la demanda no exhibió la relación de acreedores que señala la Ley de Concursos Mercantiles, en contravención del procedimiento señalado en la Ley de Concursos Mercantiles de orden público, le tuvo dando contestación a la demanda instaurada en su contra, y en todo caso, omitió subsanar dicha violación bajo una inexistente inoperancia del agravio hecho valer por nuestras representadas, violando los artículos 1, 7, 20, 24 y 26 de la Ley de Concursos Mercantiles, en relación con los artículos 1077, 1078 y 1324 del Código de Comercio supletorio a la ley de la materia.

Es decir, no obstante que la comerciante no exhibió la lista de sus acreedores de conformidad con el artículo 26 de la Ley de Concursos Mercantiles, le tuvo dando contestación a la demanda y mando dar vista a nuestras representadas, soslayando que no cumplió con dicho requisito que la ley de la materia exige a la comerciante, por lo que debió de tener por perdido dicho derecho, y en todo caso, ante dicha deficiencia debió prevenir a la comerciante a efecto de que lo exhibiese en el juicio concursal bajo el apercibimiento de ley.

No obstante que el *A quo* reconoce que la comerciante no exhibió la lista de sus acreedores, y no obstante que esta omisión acusa una notoria inconstitucionalidad, inconvencionalidad e ilegalidad (esta última, una violación al principio de congruencia, prevista en el artículo 1077 del Código de Comercio), en la sentencia interlocutoria resolvió inoperante dicho agravio señalando en síntesis que i) la falta de exhibición no conlleva a tener por no contestada la demanda, por lo que en todo caso debió prevenirse a la comerciante, sin embargo, ii) de las constancias de autos se desprende que existen elementos como el dictamen del visitador, la relación de las secciones integrantes del dictamen y la relación de acreedores que se advierten del mismo -que omitió el comerciante exhibir-, por lo que a efecto de evitar la imposición de formulismos procesales innecesarios, en favor del principio pro persona, en la especie se actualiza la excepción prevista en el artículo 26 de la Ley de Concursos Mercantiles (la existencia de pruebas en contrario), lo que hace innecesario revocar el auto impugnado para tener por no contestada la demanda, o bien, para dejar sin efecto todo lo actuado y prevenir a la comerciante su exhibición.

Por lo anterior, es evidente que dicha violación procesal trascendió en el resultado del fallo ya que el *A quo* resolvió declarar que en la especie supuestamente no se actualizan los supuestos establecidos en la Ley de la materia para declarar en estado de concurso mercantil a la comerciante.

Ahora bien, dicha violación procesal no se trata de un "formalismo", ya que la exhibición de dicha lista de acreedores es un tema sustancial e indispensable para determinar la actualización de los supuestos que señala la ley concursal, tan es así, que el legislador estableció su exhibición como uno de los requisitos que la comerciante debe cumplir al contestar la demanda, siendo que la determinación fehaciente del estado de concurso mercantil de la ahora tercero interesada es una cuestión de órden público y del más alto interés social, sin que el Juzgador sea dable que distinga donde la ley no lo hace como acontece en el acto reclamado.

Adicionalmente, en todo caso es necesario tener la lista que omitió exhibir la comerciante, a efecto de que dicha autoridad cuente con los elementos necesarios para determinar la inoperancia del agravio que hizo valer mi representada.

Cabe señalar que el argumento vertido en la sentencia interlocutoria consistente en que de las constancias de autos se desprende que obra la relación de acreedores que omitió el comerciante exhibir con su contestación refiriéndose a la relación exhibida por el visitador, es inocuo ya que dichos documentos fueron aportados a juicio por el visitador meses después de que la comerciante contestó la demanda por lo que su temporalidad no corresponde a la situación que tenía la comerciante al dar contestación, sin que pueda liberarse a la ahora tercero interesada de su obligación de exhibir dicha relación en términos del artículo 26 de la Ley de Concursos Mercantiles.

De la propia jurisprudencia que cita la A quo en la interlocutoria en relación al principio pro persona, se desprende que en la especie se afectan las garantías procesales de nuestras representadas al subsanar la omisión en que incurrió la comerciante mediante la cual se priva a nuestras representadas de sus derechos humanos de audiencia, legalidad y equidad procesal, ya que una de las formalidades esenciales del procedimiento de las que depende el derecho humano de audiencia, es precisamente, el material probatorio, en el caso particular, la documental consistente en la lista de acreedores, lo que se traslada a respetar el procedimiento previamente establecido en la ley, en este caso, el artículo 26 de la Ley Concursal que exige por parte de la comerciante su exhibición, a efecto de que pueda ser tomado en consideración y analizado, ya que de lo contrario, el juicio se convierte en un ejercicio fútil, sin sentido y sin utilidad.

En consecuencia, solicitamos a este H. Tribunal Unitario que revoque la Sentencia Recurrida, y en su lugar, dicte otra que repare dicha violación procesal, ya que en la especie se violan en perjuicio de nuestras representadas, las disposiciones citadas en el presente concepto de agravio, vulnerando sus derechos humanos de

audiencia, legalidad, seguridad y certidumbre jurídica, y acceso a la justicia mediante una tutela judicial efectiva.

## OFRECIMIENTO DE PRUEBAS

Con la finalidad de acreditar las manifestaciones aquí realizadas por mi representada, con fundamento en el artículo 50 de la Ley de Concursos Mercantiles mi representada ofrece las siguientes pruebas:

1. **DOCUMENTAL PRIVADA** consistente en Copia certificada del Contrato Marco para la prestación de Servicios de Soporte ROV (celebrado entre **ROVOP** y **DREBBEL**, el 14 de septiembre de 2018, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.

   Con esta prueba se acreditan los hechos referentes a la celebración de dicho contrato, y el origen del adeudo que la comerciante tiene con mi representada en su calidad de acreedor.

   La razón por la que ello se considera es que de la simple lectura del contenido de la documental ofrecida es idóneo para causar convicción en el ánimo de Su Señoría sobre la veracidad de las afirmaciones de mi representada, a la cual le corresponde pleno alcance y valor probatorio en términos de los artículos 1194, 1195 y 1296 del Código de Comercio.

   Esta documental, con su respectiva traducción, fue exhibida como prueba por mi representada y obra en los autos del juicio concursal.

   Esta prueba se relaciona con todos y cada uno de los hechos narrados en el presente escrito.

2. **DOCUMENTAL PRIVADA** consistente en Copia certificada del Pedido abierto de aprovisionamiento para la prestación de Servicios de Soporte ROV no. 1739-19-1R1.0, a bordo del buque Hornbeck -HOS- Ridgewind, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.

   Con esta prueba se acreditan los hechos referentes a la prestación de los servicios requeridos por la comerciante y el origen del adeudo que la comerciante tiene con mi representada en su calidad de acreedor.

CARLOS EDUARDO MELLA ORTEGA
20.30.30.50.31.30.30.30.80.30.30.53.34.37.33.37.36.39.32
11/08/24 14:24:38

La razón por la que ello se considera es que de la simple lectura del contenido de la documental ofrecida es idóneo para causar convicción en el ánimo de Su Señoría sobre la veracidad de las afirmaciones de mi representada, a la cual le corresponde pleno alcance y valor probatorio en términos de los artículos 1194, 1195 y 1296 del Código de Comercio.

Esta documental, con su respectiva traducción, fue exhibida como prueba por mi representada y obra en los autos del juicio concursal.

Esta prueba se relaciona con todos y cada uno de los hechos narrados en el presente escrito.

3. **DOCUMENTAL PRIVADA** consistente en la Factura número 1739-2 emitida por **ROVOP** a cargo de **DREBBEL**, por un monto total de **$275, 162.29 USD** (Doscientos setenta y cinco mil ciento sesenta y dos dólares 29/100, Moneda en curso legal en los Estados Unidos de América), con su traducción al español.

Con esta prueba se acredita el monto adeudado por la comerciante por los servicios prestados a bordo del buque HOS Ridgewind, durante el mes de mayo de 2019, de conformidad con el pedido de aprovisionamiento no. 1739-19-1R1.0, y de los reportes diarios de operaciones suscritos por **DREBBEL** en dicho mes.

La razón por la que ello se considera es que de la simple lectura del contenido de la documental ofrecida es idóneo para causar convicción en el ánimo de Su Señoría sobre la veracidad de las afirmaciones de mi representada, a la cual le corresponde pleno alcance y valor probatorio en términos de los artículos 1194, 1195 y 1296 del Código de Comercio.

Esta documental, con su respectiva traducción, fue exhibida como prueba por mi representada y obra en los autos del juicio concursal.

Esta prueba se relaciona con todos y cada uno de los hechos narrados en el presente escrito.

4. **DOCUMENTAL PRIVADA** consistente en la Factura 1739-3 emitida por **ROVOP** a cargo de **DREBBEL**, por un monto total de **$164,212.00 USD** (Ciento sesenta y cuatro mil doscientos doce dólares 00/100, Moneda en curso legal en los Estados Unidos de América),con su traducción al español.

Con esta prueba se acredita el monto adeudado por la comerciante por los servicios prestados a bordo del buque HOS Ridgewind, durante el mes de junio de 2019, de conformidad con el pedido de aprovisionamiento no. 1739-19-1R1.0, y de los reportes diarios de operaciones suscritos por DREBBEL en dicho mes.

La razón por la que ello se considera es que de la simple lectura del contenido de la documental ofrecida es idóneo para causar convicción en el ánimo de Su Señoría sobre la veracidad de las afirmaciones de mi representada, a la cual le corresponde pleno alcance y valor probatorio en términos de los artículos 1194, 1195 y 1296 del Código de Comercio.

Esta documental, con su respectiva traducción, fue exhibida como prueba por mi representada y obra en los autos del juicio concursal.

Esta prueba se relaciona con todos y cada uno de los hechos narrados en el presente escrito.

5. **DOCUMENTAL PRIVADA** consistente en la Factura 1739-4 emitida por ROVOP a cargo de DREBBEL, por un monto total de **$326,653.00 USD** (Trescientos veintiseis mil seiscientos cincuenta y tres dólares 00/100, Moneda en curso legal en los Estados Unidos de América), con su traducción al español.
Con esta prueba se acredita el monto adeudado por la comerciante por los servicios prestados a bordo del buque HOS Ridgewind, durante el mes de julio de 2019, de conformidad con el pedido de aprovisionamiento no. 1739-19-1R1.0, y de los reportes diarios de operaciones suscritos por DREBBEL en dicho mes.

La razón por la que ello se considera es que de la simple lectura del contenido de la documental ofrecida es idóneo para causar convicción en el ánimo de Su Señoría sobre la veracidad de las afirmaciones de mi representada, a la cual le corresponde pleno alcance y valor probatorio en términos de los artículos 1194, 1195 y 1296 del Código de Comercio.

Esta documental, con su respectiva traducción, fue exhibida como prueba por mi representada y obra en los autos del juicio concursal.

Esta prueba se relaciona con todos y cada uno de los hechos narrados en el presente escrito.

6. **DOCUMENTAL PRIVADA** consistente en la Factura 1739-5 emitida por ROVOP a cargo de DREBBEL, por un monto total de **$317,953.00 USD**

CARLOS EDUARDO MILLA ORTEGA
30.30.30.30.31.30.30.30.30.30.35.30.34.37.32.37.36.39.32
11.08.24 14:24:38

(Trescientos diecisiete mil novecientos cincuenta y tres dólares 00/100, Moneda en curso legal en los Estados Unidos de América), con su traducción al español.

Con esta prueba se acredita el monto adeudado por la comerciante por los servicios prestados a bordo del buque HOS Ridgewind, durante el mes de agosto de 2019, de conformidad con el pedido de aprovisionamiento no. 1739-19-1R1.0, y de los reportes diarios de operaciones suscritos por DREBBEL en dicho mes.

La razón por la que ello se considera es que de la simple lectura del contenido de la documental ofrecida es idóneo para causar convicción en el ánimo de Su Señoría sobre la veracidad de las afirmaciones de mi representada, a la cual le corresponde pleno alcance y valor probatorio en términos de los artículos 1194, 1195 y 1296 del Código de Comercio.

Esta documental, con su respectiva traducción, fue exhibida como prueba por mi representada y obra en los autos del juicio concursal.

Esta prueba se relaciona con todos y cada uno de los hechos narrados en el presente escrito.

7. **DOCUMENTAL PRIVADA** consistente en la Factura 1739-6A emitida por ROVOP a cargo de DREBBEL, por un monto total de $291,500.00 USD (Doscientos noventa y un mil quinientos dólares 00/100, Moneda en curso legal en los Estados Unidos de América), con su traducción al español.

Con esta prueba se acredita el monto adeudado por la comerciante por los servicios prestados a bordo del buque HOS Ridgewind, durante el mes de septiembre de 2019, de conformidad con el pedido de aprovisionamiento no. 1739-19-1R1.0, y de los reportes diarios de operaciones suscritos por DREBBEL en dicho mes.

La razón por la que ello se considera es que de la simple lectura del contenido de la documental ofrecida es idóneo para causar convicción en el ánimo de Su Señoría sobre la veracidad de las afirmaciones de mi representada, a la cual le corresponde pleno alcance y valor probatorio en términos de los artículos 1194, 1195 y 1296 del Código de Comercio.

Esta documental, con su respectiva traducción, fue exhibida como prueba por mi representada y obra en los autos del juicio concursal.

Esta prueba se relaciona con todos y cada uno de los hechos narrados en el presente escrito.

CARLOS EDUARDO MILLA ORTEGA
30,30,30,30,31,30,30,30,30,30,35,30,34,37,23,37,36,39,32
11.08.24 14:24:38

8. **DOCUMENTAL PRIVADA** consistente en la Factura 1739-6B emitida por ROVOP a cargo de DREBBEL, por un monto total de $81,312.58 USD (Ochenta y un mil trescientos doce dólares 58/100, Moneda en curso legal en los Estados Unidos de América), con su traducción al español.

Con esta prueba se acredita el monto adeudado por la comerciante por los servicios prestados a bordo del buque HOS Ridgewind, durante el mes de septiembre de 2019, para la desmovilización del equipo XLX86, de conformidad con el pedido de aprovisionamiento no. 1739-19-1R1.0, y de los reportes diarios de operaciones suscritos por DREBBEL en dicho mes.

La razón por la que ello se considera es que de la simple lectura del contenido de la documental ofrecida es idóneo para causar convicción en el ánimo de Su Señoría sobre la veracidad de las afirmaciones de mi representada, a la cual le corresponde pleno alcance y valor probatorio en términos de los artículos 1194, 1195 y 1296 del Código de Comercio.

Esta documental, con su respectiva traducción, fue exhibida como prueba por mi representada y obra en los autos del juicio concursal.

Esta prueba se relaciona con todos y cada uno de los hechos narrados en el presente escrito.

9. **DOCUMENTAL PRIVADA** consistente en la Factura 1739-7 emitida por ROVOP a cargo de DREBBEL, por un monto total de $104,520.00 USD (Ciento cuatro mil quinientos veinte dólares 00/100, Moneda en curso legal en los Estados Unidos de América), con su traducción al español.

Con esta prueba se acredita el monto adeudado por la comerciante por los servicios prestados a bordo del buque HOS Ridgewind, durante el mes de octubre de 2019, de conformidad con el pedido de aprovisionamiento no. 1739-19-1R1.0, y de los reportes diarios de operaciones suscritos por DREBBEL en dicho mes

La razón por la que ello se considera es que de la simple lectura del contenido de la documental ofrecida es idóneo para causar convicción en el ánimo de Su Señoría sobre la veracidad de las afirmaciones de mi representada, a la cual le corresponde pleno alcance y valor probatorio en términos de los artículos 1194, 1195 y 1296 del Código de Comercio.

CARLOS EDUARDO MILLA ORTEGA
30.30.30.30.31.30.30.30.30.30.30.35.30.34.37.35.37.36.39.32
11:08:24 14:24:38

Esta documental, con su respectiva traducción, fue exhibida como prueba por mi representada y obra en los autos del juicio concursal.

Esta prueba se relaciona con todos y cada uno de los hechos narrados en el presente escrito.

10. **DOCUMENTAL PRIVADA** consistente en impresión original de los mensajes de datos enviados a DREBBEL que tienen adjuntas las facturas 1739-2, 1739-3, 1739-4, 1739-5, 1739-6A, 1739-6B y 1739-7, correspondientes a los servicios prestados por ROVOP a bordo del buque HOS Ridgewind, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.

Con esta prueba se acredita que las facturas señaladas fueron enviadas y recibidas por la comerciante, siendo que **DREBBEL** al no haber objetado las facturas se encuentra obligada a pagarlas dentro de los 30 días siguientes a la fecha de facturación conforme a la cláusula 6 del Contrato Marco, y en consecuencia, que dichas obligaciones sí tienen por lo menos 30 días de vencimiento a la fecha de presentación de la demanda, por lo que no debió ser considerado dentro de las obligaciones de pago no vencidas a cargo del comerciante.

La razón por la que ello se considera es que de la simple lectura del contenido de la documental ofrecida es idóneo para causar convicción en el ánimo de Su Señoría sobre la veracidad de las afirmaciones de mi representada, a la cual le corresponde pleno alcance y valor probatorio en términos de los artículos 1194, 1195 y 1296 del Código de Comercio.

Esta documental, con su respectiva traducción, fue exhibida como prueba por mi representada y obra en los autos del juicio concursal.

Esta prueba se relaciona con todos y cada uno de los hechos narrados en el presente escrito.

11. **DOCUMENTAL PRIVADA** consistente en Copia certificada del Pedido abierto de aprovisionamiento para la prestación de Servicios de Soporte ROV no. P1676-19-1R2.0, a bordo del buque Global Orion, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés

CARLOS EDUARDO MILLA ORTEGA
20:30:30,30:31,30:30,30:30,30:35,30:34,35,37,36,39,32
11:08:24 14:24:38

Con esta prueba se acreditan los hechos referentes a la prestación de los servicios requeridos por la comerciante y el origen del adeudo que la comerciante tiene con mi representada en su calidad de acreedor.

La razón por la que ello se considera es que de la simple lectura del contenido de la documental ofrecida es idóneo para causar convicción en el ánimo de Su Señoría sobre la veracidad de las afirmaciones de mi representada, a la cual le corresponde pleno alcance y valor probatorio en términos de los artículos 1194, 1195 y 1296 del Código de Comercio.

Esta documental, con su respectiva traducción, fue exhibida como prueba por mi representada y obra en los autos del juicio concursal.

Esta prueba se relaciona con todos y cada uno de los hechos narrados en el presente escrito.

12. DOCUMENTAL PRIVADA consistente en la Factura número 1676-3 emitida por ROVOP a cargo de DREBBEL, por un monto total de $189,300.00 USD (Ciento ochenta y nueve mil trescientos dólares 00/100, Moneda en curso legal en los Estados Unidos de América), con su traducción al español.

Con esta prueba se acredita el monto adeudado por la comerciante por los servicios prestados a bordo del buque Global Orion, durante el mes de mayo de 2019, de conformidad con el pedido de aprovisionamiento no. P1676-19-1R2.00, y de los reportes diarios de operaciones suscritos por DREBBEL en dicho mes.

La razón por la que ello se considera es que de la simple lectura del contenido de la documental ofrecida es idóneo para causar convicción en el ánimo de Su Señoría sobre la veracidad de las afirmaciones de mi representada, a la cual le corresponde pleno alcance y valor probatorio en términos de los artículos 1194, 1195 y 1296 del Código de Comercio.

Esta documental, con su respectiva traducción, fue exhibida como prueba por mi representada y obra en los autos del juicio concursal.

Esta prueba se relaciona con todos y cada uno de los hechos narrados en el presente escrito.

13. DOCUMENTAL PRIVADA consistente en la Factura número 1676-4 emitida por ROVOP a cargo de DREBBEL, por un monto total de $35,300.00 USD

(Treinta y cinco mil trescientos dólares 00/100, Moneda en curso legal en los Estados Unidos de América), con su traducción al español.

Con esta prueba se acredita el monto adeudado por la comerciante por los servicios prestados a bordo del buque Global Orion, durante el mes de junio de 2019, de conformidad con el pedido de aprovisionamiento no. P1676-19-1R2.0, y de los reportes diarios de operaciones suscritos por DREBBEL en dicho mes.

La razón por la que ello se considera es que de la simple lectura del contenido de la documental ofrecida es idóneo para causar convicción en el ánimo de Su Señoría sobre la veracidad de las afirmaciones de mi representada, a la cual le corresponde pleno alcance y valor probatorio en términos de los artículos 1194, 1195 y 1296 del Código de Comercio.

Esta documental, con su respectiva traducción, fue exhibida como prueba por mi representada y obra en los autos del juicio concursal.

Esta prueba se relaciona con todos y cada uno de los hechos narrados en el presente escrito.

14. **DOCUMENTAL PRIVADA** consistente en impresión original de los mensajes de datos enviados a DREBBEL que tienen adjuntas las facturas 1676-3 y 1676-4, correspondientes a los servicios prestados por ROVOP a bordo del buque Global Orion, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.

Con esta prueba se acredita que las facturas señaladas fueron enviadas y recibidas por la comerciante, siendo que DREBBEL al no haber objetado las facturas se encuentra obligada a pagarlas dentro de los 30 días siguientes a la fecha de facturación conforme a la cláusula 6 del Contrato Marco, y en consecuencia, que dichas obligaciones sí tienen por lo menos 30 días de vencimiento a la fecha de presentación de la demanda, por lo que no debió ser considerado dentro de las obligaciones de pago no vencidas a cargo del comerciante.

La razón por la que ello se considera es que de la simple lectura del contenido de la documental ofrecida es idóneo para causar convicción en el ánimo de Su Señoría sobre la veracidad de las afirmaciones de mi representada, a la cual le corresponde pleno alcance y valor probatorio en términos de los artículos 1194, 1195 y 1296 del Código de Comercio.

CARLOS EDUARDO MILLA ORTEGA
20.30.30.50.31.30.30.30.30.30.35.30.34.37.23.37.36.39.32
11:08:24 14:24:38

Esta documental, con su respectiva traducción, fue exhibida como prueba por mi representada y obra en los autos del juicio concursal.

Esta prueba se relaciona con todos y cada uno de los hechos narrados en el presente escrito.

15. **DOCUMENTAL PRIVADA** consistente en Copia certificada del Pedido abierto de aprovisionamiento para la prestación de Servicios de Soporte ROV no. 1845-19-1R1.0, a bordo del buque **HOS Bayou**, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.

Con esta prueba se acreditan los hechos referentes a la prestación de los servicios requeridos por la comerciante y el origen del adeudo que la comerciante tiene con mi representada en su calidad de acreedor.

La razón por la que ello se considera es que de la simple lectura del contenido de la documental ofrecida es idóneo para causar convicción en el ánimo de Su Señoría sobre la veracidad de las afirmaciones de mi representada, a la cual le corresponde pleno alcance y valor probatorio en términos de los artículos 1194, 1195 y 1296 del Código de Comercio.

Esta documental, con su respectiva traducción, fue exhibida como prueba por mi representada y obra en los autos del juicio concursal.

Esta prueba se relaciona con todos y cada uno de los hechos narrados en el presente escrito.

16. **DOCUMENTAL PRIVADA** consistente en la Factura número 1845-1 emitida por **ROVOP** a cargo de **DREBBEL**, por un monto total de **$211,700.00 USD** (Doscientos once mil setecientos dólares 00/100, Moneda en curso legal en los Estados Unidos de América), con su traducción al español.

Con esta prueba se acredita el monto adeudado por la comerciante por los servicios prestados a bordo del buque **HOS Bayou**, durante el mes de agosto de 2019, de conformidad con el pedido de aprovisionamiento no. 1845-19-1R1.0, y de los reportes diarios de operaciones suscritos por **DREBBEL** en dicho mes.

La razón por la que ello se considera es que de la simple lectura del contenido de la documental ofrecida es idóneo para causar convicción en el ánimo de Su Señoría sobre la veracidad de las afirmaciones de mi representada, a la cual le corresponde

pleno alcance y valor probatorio en términos de los artículos 1194, 1195 y 1296 del Código de Comercio.

Esta documental, con su respectiva traducción, fue exhibida como prueba por mi representada y obra en los autos del juicio concursal.

Esta prueba se relaciona con todos y cada uno de los hechos narrados en el presente escrito.

17. **DOCUMENTAL PRIVADA** consistente en la Factura número 1845-2 emitida por **ROVOP** a cargo de **DREBBEL**, por un monto total de **$297,450.00 USD** (Doscientos noventa y siete mil cuatrocientos cincuenta dólares 00/100, Moneda en curso legal en los Estados Unidos de América), con su traducción al español.

Con esta prueba se acredita el monto adeudado por la comerciante por los servicios prestados a bordo del buque HOS Bayou, durante el mes de septiembre de 2019, de conformidad con el pedido de aprovisionamiento no. 1845-19-1R1.0, y de los reportes diarios de operaciones suscritos por **DREBBEL** en dicho mes.

La razón por la que ello se considera es que de la simple lectura del contenido de la documental ofrecida es idóneo para causar convicción en el ánimo de Su Señoría sobre la veracidad de las afirmaciones de mi representada, a la cual le corresponde pleno alcance y valor probatorio en términos de los artículos 1194, 1195 y 1296 del Código de Comercio.

Esta documental, con su respectiva traducción, fue exhibida como prueba por mi representada y obra en los autos del juicio concursal.

Esta prueba se relaciona con todos y cada uno de los hechos narrados en el presente escrito.

18. **DOCUMENTAL PRIVADA** consistente en la Factura número 1845-3 emitida por **ROVOP** a cargo de **DREBBEL**, por un monto total de **$95,658.30 USD** (Noventa y cinco mil seiscientos cincuenta y ocho dólares 30/100, Moneda en curso legal en los Estados Unidos de América), con su traducción al español.

Con esta prueba se acredita el monto adeudado por la comerciante por los servicios prestados a bordo del buque HOS Bayou, durante el mes de octubre de 2019, de conformidad con el pedido de aprovisionamiento no. 1845-19-1R1.0, y de los reportes diarios de operaciones suscritos por **DREBBEL** en dicho mes.

CARLOS EDUARDO MILLA ORTEGA
30.30.30.30.31.30.30.30.30.30.35.30.34.37.23.37.36.39.32
11.08-24 14:24:38

La razón por la que ello se considera es que de la simple lectura del contenido de la documental ofrecida es idóneo para causar convicción en el ánimo de Su Señoría sobre la veracidad de las afirmaciones de mi representada, a la cual le corresponde pleno alcance y valor probatorio en términos de los artículos 1194, 1195 y 1296 del Código de Comercio.

Esta documental, con su respectiva traducción, fue exhibida como prueba por mi representada y obra en los autos del juicio concursal.

Esta prueba se relaciona con todos y cada uno de los hechos narrados en el presente escrito.

19. DOCUMENTAL PRIVADA consistente en impresión original de los mensajes de datos enviados a DREBBEL que tienen adjuntas las facturas 1845-1, 1845-2 y 1845-3, correspondientes a los servicios prestados por ROVOP a bordo del buque HOS Bayou, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.

Con esta prueba se acredita que las facturas señaladas fueron enviadas y recibidas por la comerciante, siendo que DREBBEL al no haber objetado las facturas se encuentra obligada a pagarlas dentro de los 30 días siguientes a la fecha de facturación conforme a la cláusula 6 del Contrato Marco, y en consecuencia, que dichas obligaciones sí tienen por lo menos 30 días de vencimiento a la fecha de presentación de la demanda, por lo que no debió ser considerado dentro de las obligaciones de pago no vencidas a cargo del comerciante.

La razón por la que ello se considera es que de la simple lectura del contenido de la documental ofrecida es idóneo para causar convicción en el ánimo de Su Señoría sobre la veracidad de las afirmaciones de mi representada, a la cual le corresponde pleno alcance y valor probatorio en términos de los artículos 1194, 1195 y 1296 del Código de Comercio.

Esta documental, con su respectiva traducción, fue exhibida como prueba por mi representada y obra en los autos del juicio concursal.

Esta prueba se relaciona con todos y cada uno de los hechos narrados en el presente escrito.

20. DOCUMENTAL PRIVADA consistente en copia certificada del Pedido abierto de aprovisionamiento para la prestación de Servicios de Soporte ROV no. 1638-

19-1R1.0, a bordo del buque Nautla, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.

Con esta prueba se acreditan los hechos referentes a la prestación de los servicios requeridos por la comerciante y el origen del adeudo que la comerciante tiene con mi representada en su calidad de acreedor.

La razón por la que ello se considera es que de la simple lectura del contenido de la documental ofrecida es idóneo para causar convicción en el ánimo de Su Señoría sobre la veracidad de las afirmaciones de mi representada, a la cual le corresponde pleno alcance y valor probatorio en términos de los artículos 1194, 1195 y 1296 del Código de Comercio.

Esta documental, con su respectiva traducción, fue exhibida como prueba por mi representada y obra en los autos del juicio concursal.

Esta prueba se relaciona con todos y cada uno de los hechos narrados en el presente escrito.

21. **DOCUMENTAL PRIVADA** consistente en la Factura número número 1638-4 emitida por **ROVOP** a cargo de **DREBBEL**, por un monto total de $334,403.00 USD (Trescientos treinta y cuatro mil cuatrocientos tres dólares 00/100, Moneda en curso legal en los Estados Unidos de América), con su traducción al español. Con esta prueba se acredita el monto adeudado por la comerciante por los servicios prestados a bordo del buque Nautla, durante el mes de mayo de 2019, de conformidad con el pedido de aprovisionamiento no. 1638-19-1R1.0, y de los reportes diarios de operaciones suscritos por **DREBBEL** en dicho mes.

La razón por la que ello se considera es que de la simple lectura del contenido de la documental ofrecida es idóneo para causar convicción en el ánimo de Su Señoría sobre la veracidad de las afirmaciones de mi representada, a la cual le corresponde pleno alcance y valor probatorio en términos de los artículos 1194, 1195 y 1296 del Código de Comercio.

Esta documental, con su respectiva traducción, fue exhibida como prueba por mi representada y obra en los autos del juicio concursal.

Esta prueba se relaciona con todos y cada uno de los hechos narrados en el presente escrito.

22. **DOCUMENTAL PRIVADA** consistente en la Factura número número 1638-5 emitida por **ROVOP** a cargo de **DREBBEL**, por un monto total de $155,655.00 USD (Ciento cincuenta y cinco mil seiscientos cincuenta y cinco dólares 00/100, Moneda en curso legal en los Estados Unidos de América), con su traducción al español.

Con esta prueba se acredita el monto adeudado por la comerciante por los servicios prestados a bordo del buque Nautla, durante el mes de junio de 2019, de conformidad con el pedido de aprovisionamiento no. 1638-19-1R1.0, y de los reportes diarios de operaciones suscritos por **DREBBEL** en dicho mes.

La razón por la que ello se considera es que de la simple lectura del contenido de la documental ofrecida es idóneo para causar convicción en el ánimo de Su Señoría sobre la veracidad de las afirmaciones de mi representada, a la cual le corresponde pleno alcance y valor probatorio en términos de los artículos 1194, 1195 y 1296 del Código de Comercio.

Esta documental, con su respectiva traducción, fue exhibida como prueba por mi representada y obra en los autos del juicio concursal.

Esta prueba se relaciona con todos y cada uno de los hechos narrados en el presente escrito.

CARLOS EDUARDO MILLA ORTEGA
20.30.30.30.31.30.30.30.30.30.30.35.30.34.37.35.37.36.39.32
11:08:24 14:24:38

23. **DOCUMENTAL PRIVADA** consistente en impresión original de los mensajes de datos enviados a **DREBBEL** que tienen adjuntas las facturas 1638-4 y 1638-5, correspondientes a los servicios prestados por **ROVOP** a bordo del buque Nautla, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.

Con esta prueba se acredita que las facturas señaladas fueron enviadas y recibidas por la comerciante, siendo que **DREBBEL** al no haber objetado las facturas se encuentra obligada a pagarlas dentro de los 30 días siguientes a la fecha de facturación conforme a la cláusula 6 del Contrato Marco, y en consecuencia, que dichas obligaciones sí tienen por lo menos 30 días de vencimiento a la fecha de presentación de la demanda, por lo que no debió ser considerado dentro de las obligaciones de pago no vencidas a cargo del comerciante.

La razón por la que ello se considera es que de la simple lectura del contenido de la documental ofrecida es idóneo para causar convicción en el ánimo de Su Señoría

sobre la veracidad de las afirmaciones de mi representada, a la cual le corresponde pleno alcance y valor probatorio en términos de los artículos 1194, 1195 y 1296 del Código de Comercio.

Esta documental, con su respectiva traducción, fue exhibida como prueba por mi representada y obra en los autos del juicio concursal.

Esta prueba se relaciona con todos y cada uno de los hechos narrados en el presente escrito.

24. **DOCUMENTAL PRIVADA** consistente en impresión original del mensaje de datos que contiene el "pago de liquidación" ofrecido por Drebbel, y los comprobantes de los dos pagos parciales -trasferencias- realizadas por un monto total de USD$800,000.00 (ochocientos mil dólares 00/100 moneda de los Estados Unidos de América), junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.

Con esta prueba se acredita que la comerciante ofreció a **ROVOP** un "pago de liquidación" por un monto de USD$1,300,000.00 (un millón trescientos mil dólares 00/100 Moneda de los Estados Unidos de América), menor al realmente adeudado, el cual es su momento fue aceptado por **ROVOP**, condicionado a que dicho monto fuese cubierto en su totalidad a más tardar el 10 de julio de 2020, sin embargo, **DREBBEL** únicamente realizó dos pagos parciales por un monto total de USD$800,000.00 (ochocientos mil dólares 00/100 moneda de los Estados Unidos de América), y en consecuencia, que el monto adeudado por la comerciante es mayor al señalado en el dictamen por el visitador, y adicionalmente, que dichas obligaciones sí tienen por lo menos 30 días de vencimiento a la fecha de presentación de la demanda, por lo que no debió ser considerado dentro de las obligaciones de pago no vencidas a cargo del comerciante.

La razón por la que ello se considera es que de la simple lectura del contenido de la documental ofrecida es idóneo para causar convicción en el ánimo de Su Señoría sobre la veracidad de las afirmaciones de mi representada, a la cual le corresponde pleno alcance y valor probatorio en términos de los artículos 1194, 1195 y 1296 del Código de Comercio.

Esta documental, con su respectiva traducción, fue exhibida como prueba por mi representada y obra en los autos del juicio concursal.

Esta prueba se relaciona con todos y cada uno de los hechos narrados en el presente escrito.

25. **DOCUMENTAL PRIVADA** consistente en Testimonio del acta número 674, de la Notaría Pública 14, en Ciudad del Carmen, Campeche, que contiene la fe de hechos realizada el día 03 de diciembre de 2020.

Con esta prueba se acredita que en un último intento por parte de **ROVOP** de liquidar los **USD$500,000.00** (quinientos mil dólares 00/100 Moneda de los Estados Unidos de América) conforme al "pago de liquidación" ofrecido por la comerciante, el día 03 de diciembre de 2020, se llevó a cabo la diligencia de notificación del escrito consistente en el requerimiento de pago de dicha cantidad a la comerciante fechado el 23 de noviembre de 2020, otorgándole el plazo de 07 días hábiles para que realizara una propuesta de pagos, sin que a la haya recibido respuesta alguna por parte de **DREBBEL**, y en consecuencia, que el monto adeudado por la comerciante es mayor al señalado en el dictamen por el visitador, y adicionalmente, que dichas obligaciones sí tienen por lo menos 30 días de vencimiento a la fecha de presentación de la demanda, por lo que no debió ser considerado dentro de las obligaciones de pago no vencidas a cargo del comerciante.

La razón por la que ello se considera es que de la simple lectura del contenido de la documental ofrecida es idóneo para causar convicción en el ánimo de Su Señoría sobre la veracidad de las afirmaciones de mi representada, a la cual le corresponde pleno alcance y valor probatorio en términos de los artículos 1194, 1195 y 1296 del Código de Comercio.

Esta documental, con su respectiva traducción, fue exhibida como prueba por mi representada y obra en los autos del juicio concursal.

Esta prueba se relaciona con todos y cada uno de los hechos narrados en el presente escrito.

26. **DOCUMENTAL PRIVADA** consistente en Copia certificada del Contrato de Fletamento "BIMCO" por tiempo para Buques de Servicio en Altamar, respecto del buque "**HOS RIDGEWIND**", de fecha 01 de abril de 2019, celebrado entre **HORNBECK Y DREBBEL**, junto con su traducción certificada al español por perito autorizado de su texto redactado en inglés.

Con esta prueba se acreditan los hechos referentes a la celebración de dicho contrato, que la tarifa del fletamento (alquiler) del buque "**HOS RIDGEWIND**" sería por la cantidad de USD $23,500.00 (Veintitres mil quinientos dólares 00/100

CARLOS EDUARDO MILLA ORTEGA
20.30.30.30.31.30.30.30.30.30.30.35.34.37.23.37.36.39.32
11:08:24 14:24:38

moneda de curso legal en Estados Unidos de América), por día, y el origen del adeudo que la comerciante tiene con mi representada en su calidad de acreedor.

La razón por la que ello se considera es que de la simple lectura del contenido de la documental ofrecida es idóneo para causar convicción en el ánimo de Su Señoría sobre la veracidad de las afirmaciones de mi representada, a la cual le corresponde pleno alcance y valor probatorio en términos de los artículos 1194, 1195 y 1296 del Código de Comercio.

Esta documental, con su respectiva traducción, fue exhibida como prueba por mi representada y obra en los autos del juicio concursal.

Esta prueba se relaciona con todos y cada uno de los hechos narrados en el presente escrito.

27. DOCUMENTAL PRIVADA consistente en Copia certificada del certificado de inicio de 21 de abril de 2019, y del certificado de finalización de 16 de diciembre de 2019, del flete de la embarcación **HOS RIDGEWIND,** junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.
Con esta prueba se acreditan los hechos referentes a que mi representada entregó el buque "HOS RIDGEWIND" fletado a la comerciante en el periodo del 21 de abril de 2019 al 16 de diciembre de 2019.

La razón por la que ello se considera es que de la simple lectura del contenido de la documental ofrecida es idóneo para causar convicción en el ánimo de Su Señoría sobre la veracidad de las afirmaciones de mi representada, a la cual le corresponde pleno alcance y valor probatorio en términos de los artículos 1194, 1195 y 1296 del Código de Comercio.

Esta documental, con su respectiva traducción, fue exhibida como prueba por mi representada y obra en los autos del juicio concursal.

Esta prueba se relaciona con todos y cada uno de los hechos narrados en el presente escrito.

28. DOCUMENTAL PRIVADA consistente en Copia certificada del certificado de inicio de 19 de marzo de 2020, y del certificado de finalización de 25 de abril de 2020, del flete de la embarcación **HOS RIDGEWIND,** junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.

Con esta prueba se acreditan los hechos referentes a que mi representada entregó el buque "HOS RIDGEWIND" fletado a la comerciante en el periodo del 19 de marzo de 2020 al 25 de abril de 2020.

La razón por la que ello se considera es que de la simple lectura del contenido de la documental ofrecida es idóneo para causar convicción en el ánimo de Su Señoría sobre la veracidad de las afirmaciones de mi representada, a la cual le corresponde pleno alcance y valor probatorio en términos de los artículos 1194, 1195 y 1296 del Código de Comercio.

Esta documental, con su respectiva traducción, fue exhibida como prueba por mi representada y obra en los autos del juicio concursal.

Esta prueba se relaciona con todos y cada uno de los hechos narrados en el presente escrito.

29. DOCUMENTAL PRIVADA consistente en la Factura B-424 emitida por HORNBECK a cargo de DREBBEL, por un monto total de $443,700.00 USD (Cuatrocientos cuarenta y tres mil setecientos dólares 00/100, Moneda en curso legal en los Estados Unidos de América), con su traduccion al español.

Con esta prueba se acredita el monto adeudado por la comerciante por el Fletamento -alquiler- del buque HOS Ridgewind, y operación de las grúas, del 23 de octubre de 2019 al 07 de noviembre de 2019.

La razón por la que ello se considera es que de la simple lectura del contenido de la documental ofrecida es idóneo para causar convicción en el ánimo de Su Señoría sobre la veracidad de las afirmaciones de mi representada, a la cual le corresponde pleno alcance y valor probatorio en términos de los artículos 1194, 1195 y 1296 del Código de Comercio.

Esta documental, con su respectiva traducción, fue exhibida como prueba por mi representada y obra en los autos del juicio concursal.

Esta prueba se relaciona con todos y cada uno de los hechos narrados en el presente escrito.

30. DOCUMENTAL PRIVADA consistente en la Factura B-457 emitida por HORNBECK a cargo de DREBBEL, por un monto total de $443,700.00 USD (Cuatrocientos cuarenta y tres mil setecientos dólares 00/100, Moneda en curso legal en los Estados Unidos de América), con su traducción al español.

Con esta prueba se acredita el monto adeudado por la comerciante por el Fletamento -alquiler- del buque HOS Ridgewind, y operación de las grúas, del 07 de noviembre de 2019 al 22 de noviembre de 2019.

La razón por la que ello se considera es que de la simple lectura del contenido de la documental ofrecida es idóneo para causar convicción en el ánimo de Su Señoría sobre la veracidad de las afirmaciones de mi representada, a la cual le corresponde pleno alcance y valor probatorio en términos de los artículos 1194, 1195 y 1296 del Código de Comercio.

Esta documental, con su respectiva traducción, fue exhibida como prueba por mi representada y obra en los autos del juicio concursal.

Esta prueba se relaciona con todos y cada uno de los hechos narrados en el presente escrito.

31. DOCUMENTAL PRIVADA consistente en la Factura B-483 emitida por HORNBECK a cargo de DREBBEL, por un monto total de $443,700.00 USD (Cuatrocientos cuarenta y tres mil setecientos dólares 00/100, Moneda en curso legal en los Estados Unidos de América), con su traducción al español.

Con esta prueba se acredita el monto adeudado por la comerciante por el Fletamento -alquiler- del buque HOS Ridgewind, y operación de las grúas, del 22 de noviembre de 2019 al 07 de diciembre de 2019.

La razón por la que ello se considera es que de la simple lectura del contenido de la documental ofrecida es idóneo para causar convicción en el ánimo de Su Señoría sobre la veracidad de las afirmaciones de mi representada, a la cual le corresponde pleno alcance y valor probatorio en términos de los artículos 1194, 1195 y 1296 del Código de Comercio.

Esta documental, con su respectiva traducción, fue exhibida como prueba por mi representada y obra en los autos del juicio concursal.

Esta prueba se relaciona con todos y cada uno de los hechos narrados en el presente escrito.

32. DOCUMENTAL PRIVADA consistente en la Factura B-508 emitida por HORNBECK a cargo de DREBBEL, por un monto total de $443,700.00 USD (Cuatrocientos cuarenta y tres mil setecientos dólares 00/100, Moneda en curso legal en los Estados Unidos de América), con su traducción al español.

CARLOS EDUARDO MILLA ORTEGA
20.30.30.30.31.30.30.30.30.30.35.30.34.37.33.37.36.39.32
11:08:24 14:24:38

Con esta prueba se acredita el monto adeudado por la comerciante por el Fletamento -alquiler- del buque **HOS Ridgewind**, y operación de las grúas, del 07 de diciembre de 2019 al 22 de diciembre de 2019.

La razón por la que ello se considera es que de la simple lectura del contenido de la documental ofrecida es idóneo para causar convicción en el ánimo de Su Señoría sobre la veracidad de las afirmaciones de mi representada, a la cual le corresponde pleno alcance y valor probatorio en términos de los artículos 1194, 1195 y 1296 del Código de Comercio.

Esta documental, con su respectiva traducción, fue exhibida como prueba por mi representada y obra en los autos del juicio concursal.

Esta prueba se relaciona con todos y cada uno de los hechos narrados en el presente escrito.

33. **DOCUMENTAL PRIVADA** consistente en la Factura B-632 emitida por **HORNBECK** a cargo de **DREBBEL**, por un monto total de **$354,380.00 USD** (Trescientos cincuenta y cuatro mil trescientos ochenta dólares 00/100, Moneda en curso legal en los Estados Unidos de América con su traducción al español.

Con esta prueba se acredita el monto adeudado por la comerciante por el Fletamento -alquiler- del buque **HOS Ridgewind**, del 19 de marzo de 2020 al 01 de abril de 2020.

La razón por la que ello se considera es que de la simple lectura del contenido de la documental ofrecida es idóneo para causar convicción en el ánimo de Su Señoría sobre la veracidad de las afirmaciones de mi representada, a la cual le corresponde pleno alcance y valor probatorio en términos de los artículos 1194, 1195 y 1296 del Código de Comercio.

Esta documental, con su respectiva traducción, fue exhibida como prueba por mi representada y obra en los autos del juicio concursal.

Esta prueba se relaciona con todos y cada uno de los hechos narrados en el presente escrito.

34. **DOCUMENTAL PRIVADA** consistente en la Factura B-633 emitida por **HORNBECK** a cargo de **DREBBEL**, por un monto total de **$408,900.00 USD** (Cuatrocientos ocho mil novecientos dólares 00/100, Moneda en curso legal en los Estados Unidos de América), con su traducción al español.

CARLOS EDUARDO MILLA ORTEGA
30,30,30,30,31,30,30,30,30,30,30,35,30,34,37,33,37,36,39,32
11/08/24 14:24:38

Con esta prueba se acredita el monto adeudado por la comerciante por el Fletamento -alquiler- del buque HOS Ridgewind, del 01 de abril de 2020 al 16 de abril de 2020.

La razón por la que ello se considera es que de la simple lectura del contenido de la documental ofrecida es idóneo para causar convicción en el ánimo de Su Señoría sobre la veracidad de las afirmaciones de mi representada, a la cual le corresponde pleno alcance y valor probatorio en términos de los artículos 1194, 1195 y 1296 del Código de Comercio.

Esta documental, con su respectiva traducción, fue exhibida como prueba por mi representada y obra en los autos del juicio concursal.

Esta prueba se relaciona con todos y cada uno de los hechos narrados en el presente escrito.

35. **DOCUMENTAL PRIVADA** consistente en la Factura B-645 emitida por HORNBECK a cargo de DREBBEL, por un monto total de **$408,900.00 USD** (Cuatrocientos ocho mil novecientos dólares 00/100, Moneda en curso legal en los Estados Unidos de América), con su traducción al español.

Con esta prueba se acredita el monto adeudado por la comerciante por el Fletamento -alquiler- del buque HOS Ridgewind, del 16 de abril de 2020 al 01 de mayo de 2020.

La razón por la que ello se considera es que de la simple lectura del contenido de la documental ofrecida es idóneo para causar convicción en el ánimo de Su Señoría sobre la veracidad de las afirmaciones de mi representada, a la cual le corresponde pleno alcance y valor probatorio en términos de los artículos 1194, 1195 y 1296 del Código de Comercio.

Esta documental, con su respectiva traducción, fue exhibida como prueba por mi representada y obra en los autos del juicio concursal.

Esta prueba se relaciona con todos y cada uno de los hechos narrados en el presente escrito.

36. **DOCUMENTAL PRIVADA** consistente en impresión original de los mensajes de datos enviados a DREBBEL que tienen adjuntas las facturas B-424, B-457, B-483, B-508, B-632, B-633 y B-645, correspondientes al Fletamento -alquiler- del

buque HOS Ridgewind, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.

Con esta prueba se acredita que las facturas señaladas fueron enviadas y recibidas por la comerciante.

La razón por la que ello se considera es que de la simple lectura del contenido de la documental ofrecida es idóneo para causar convicción en el ánimo de Su Señoría sobre la veracidad de las afirmaciones de mi representada, a la cual le corresponde pleno alcance y valor probatorio en términos de los artículos 1194, 1195 y 1296 del Código de Comercio.

Esta documental, con su respectiva traducción, fue exhibida como prueba por mi representada y obra en los autos del juicio concursal.

Esta prueba se relaciona con todos y cada uno de los hechos narrados en el presente escrito.

37. **DOCUMENTAL PRIVADA** consistente en Copia certificada del Contrato de Fletamento "BIMCO" por tiempo para Buques de Servicio en Altamar, respecto del buque "HOS BAYOU", de fecha 27 de junio de 2019, celebrado entre **HORNBECK Y DREBBEL**, junto con su traducción certificada al español por perito autorizado de su texto redactado en inglés.

Con esta prueba se acreditan los hechos referentes a la celebración de dicho contrato, que la tarifa del fletamento (alquiler) del buque "HOS BAYOU" sería por la cantidad de USD $25,300.00 (Veinticinco mil trescientos dólares 00/100 moneda de curso legal en Estados Unidos de América), por día, y el origen del adeudo que la comerciante tiene con mi representada en su calidad de acreedor.

La razón por la que ello se considera es que de la simple lectura del contenido de la documental ofrecida es idóneo para causar convicción en el ánimo de Su Señoría sobre la veracidad de las afirmaciones de mi representada, a la cual le corresponde pleno alcance y valor probatorio en términos de los artículos 1194, 1195 y 1296 del Código de Comercio.

Esta documental, con su respectiva traducción, fue exhibida como prueba por mi representada y obra en los autos del juicio concursal.

Esta prueba se relaciona con todos y cada uno de los hechos narrados en el presente escrito.

CARLOS EDUARDO MELLA ORTEGA
30,30,30,30,31,30,30,30,30,30,33,37,33,37,36,39,32
11:08:24 14:24:38

38. **DOCUMENTAL PRIVADA** consistente en Copia certificada del certificado de inicio de 30 de julio de 2019, y del certificado de finalización de 01 de noviembre de 2019, del flete de la embarcación **HOS BAYOU**, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.

Con esta prueba se acreditan los hechos referentes a que mi representada entregó el buque "HOS BAYOU" fletado a la comerciante en el periodo del 30 de julio de 2019 al 01 de noviembre de 2019.

La razón por la que ello se considera es que de la simple lectura del contenido de la documental ofrecida es idóneo para causar convicción en el ánimo de Su Señoría sobre la veracidad de las afirmaciones de mi representada, a la cual le corresponde pleno alcance y valor probatorio en términos de los artículos 1194, 1195 y 1296 del Código de Comercio.

Esta documental, con su respectiva traducción, fue exhibida como prueba por mi representada y obra en los autos del juicio concursal.

Esta prueba se relaciona con todos y cada uno de los hechos narrados en el presente escrito.

39. **DOCUMENTAL PRIVADA** consistente en la Factura B-302 emitida por **HORNBECK** a cargo de **DREBBEL**, por un monto total de **$386, 976.00 USD** (Trescientos ochenta y seis mil novecientos setenta y seis dólares 00/100, Moneda en curso legal en los Estados Unidos de América), con su traducción al español.

Con esta prueba se acredita el monto adeudado por la comerciante por el Fletamento -alquiler- del buque HOS Bayou, y operación de las grúas, del 06 de octubre de 2019 al 18 de octubre de 2019.

La razón por la que ello se considera es que de la simple lectura del contenido de la documental ofrecida es idóneo para causar convicción en el ánimo de Su Señoría sobre la veracidad de las afirmaciones de mi representada, a la cual le corresponde pleno alcance y valor probatorio en términos de los artículos 1194, 1195 y 1296 del Código de Comercio.

Esta documental, con su respectiva traducción, fue exhibida como prueba por mi representada y obra en los autos del juicio concursal.

CARLOS EDUARDO MILLA ORTEGA
20.30.30.50.31.30.30.30.30.30.35.30.34.37.33.37.36.39.32
11.08:24 14:24:38

Esta prueba se relaciona con todos y cada uno de los hechos narrados en el presente escrito.

40. DOCUMENTAL PRIVADA consistente en la Factura B-351 emitida por HORNBECK a cargo de DREBBEL, por un monto total de $483, 720.00 USD (Cuatrocientos ochenta y tres mil setecientos veinte dólares 00/100, Moneda en curso legal en los Estados Unidos de América), con su traducción al español.

Con esta prueba se acredita el monto adeudado por la comerciante por el Fletamento -alquiler- del buque HOS Bayou, y operación de las grúas, del 22 de agosto de 2019 al 06 de septiembre de 2019.

La razón por la que ello se considera es que de la simple lectura del contenido de la documental ofrecida es idóneo para causar convicción en el ánimo de Su Señoría sobre la veracidad de las afirmaciones de mi representada, a la cual le corresponde pleno alcance y valor probatorio en términos de los artículos 1194, 1195 y 1296 del Código de Comercio.

Esta documental, con su respectiva traducción, fue exhibida como prueba por mi representada y obra en los autos del juicio concursal.

Esta prueba se relaciona con todos y cada uno de los hechos narrados en el presente escrito.

41. DOCUMENTAL PRIVADA consistente en la Factura B-359 emitida por HORNBECK a cargo de DREBBEL, por un monto total de $483, 720.00 USD (Cuatrocientos ochenta y tres mil setecientos veinte dólares 00/100, Moneda en curso legal en los Estados Unidos de América), con su traducción al español.

Con esta prueba se acredita el monto adeudado por la comerciante por el Fletamento -alquiler- del buque HOS Bayou, y operación de las grúas, del 06 de septiembre de 2019 al 21 de septiembre de 2019.

La razón por la que ello se considera es que de la simple lectura del contenido de la documental ofrecida es idóneo para causar convicción en el ánimo de Su Señoría sobre la veracidad de las afirmaciones de mi representada, a la cual le corresponde pleno alcance y valor probatorio en términos de los artículos 1194, 1195 y 1296 del Código de Comercio.

CARLOS EDUARDO MILLA ORTEGA
20.30.30.30.31.30.30.30.30.30.35.30.34.37.35.37.36.39.32
11:08:24 14:24:38

Esta documental, con su respectiva traducción, fue exhibida como prueba por mi representada y obra en los autos del juicio concursal.

Esta prueba se relaciona con todos y cada uno de los hechos narrados en el presente escrito.

42. DOCUMENTAL PRIVADA consistente en la Factura B-423 emitida por HORNBECK a cargo de DREBBEL, por un monto total de $483, 720.00 USD (Cuatrocientos ochenta y tres mil setecientos veinte dólares 00/100, Moneda en curso legal en los Estados Unidos de América), con su traducción al español.

Con esta prueba se acredita el monto adeudado por la comerciante por el Fletamento -alquiler- del buque HOS Bayou, y operación de las grúas, del 18 de octubre de 2019 al 02 de noviembre de 2019.

La razón por la que ello se considera es que de la simple lectura del contenido de la documental ofrecida es idóneo para causar convicción en el ánimo de Su Señoría sobre la veracidad de las afirmaciones de mi representada, a la cual le corresponde pleno alcance y valor probatorio en términos de los artículos 1194, 1195 y 1296 del Código de Comercio.

Esta documental, con su respectiva traducción, fue exhibida como prueba por mi representada y obra en los autos del juicio concursal.

Esta prueba se relaciona con todos y cada uno de los hechos narrados en el presente escrito.

43. DOCUMENTAL PRIVADA consistente en impresión original de los mensajes de datos enviados a DREBBEL que tienen adjuntas las facturas B-302, B-351, B-359 y B-423, correspondientes al Fletamento -alquiler- del buque HOS Bayou, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.

Con esta prueba se acredita que las facturas señaladas fueron enviadas y recibidas por la comerciante.

La razón por la que ello se considera es que de la simple lectura del contenido de la documental ofrecida es idóneo para causar convicción en el ánimo de Su Señoría sobre la veracidad de las afirmaciones de mi representada, a la cual le corresponde pleno alcance y valor probatorio en términos de los artículos 1194, 1195 y 1296 del Código de Comercio.

CARLOS EDUARDO MILLA ORTEGA
20.30.30.30.31.30.30.30.30.30.35.30.34.37.23.37.36.39.32
11.08.24 14:24:58

Esta documental, con su respectiva traducción, fue exhibida como prueba por mi representada y obra en los autos del juicio concursal.

Esta prueba se relaciona con todos y cada uno de los hechos narrados en el presente escrito.

44. **DOCUMENTAL PRIVADA** consistente en Copia certificada del Contrato de Servicios Maestro celebrado entre UTEC y **DREBBEL**, el 26 de octubre de 2016, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.

Con esta prueba se acreditan los hechos referentes a la celebración de dicho contrato, y el origen del adeudo que la comerciante tiene con mi representada en su calidad de acreedor.

La razón por la que ello se considera es que de la simple lectura del contenido de la documental ofrecida es idóneo para causar convicción en el ánimo de Su Señoría sobre la veracidad de las afirmaciones de mi representada, a la cual le corresponde pleno alcance y valor probatorio en términos de los artículos 1194, 1195 y 1296 del Código de Comercio.

Esta documental, con su respectiva traducción, fue exhibida como prueba por mi representada y obra en los autos del juicio concursal.

Esta prueba se relaciona con todos y cada uno de los hechos narrados en el presente escrito.

45. **DOCUMENTAL PRIVADA** consistente en la Factura número 15021 emitida por Utec Survey, Inc. a cargo de **DREBBEL**, por un monto total de **$485,337.87 USD** (cuatrocientos ochenta y cinco mil trescientos treinta y siete dólares 87/100, moneda en curso legal en los Estados Unidos de América), junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.

Con esta prueba se acredita el monto adeudado por la comerciante por la prestación de diversos servicios de provisión de personal y equipo a favor de Drebbel para el desarrollo del proyecto denominado como "*Shelia Bordelon.*

La razón por la que ello se considera es que de la simple lectura del contenido de la documental ofrecida es idóneo para causar convicción en el ánimo de Su Señoría sobre la veracidad de las afirmaciones de mi representada, a la cual le corresponde

CARLOS EDUARDO MILLA ORTEGA
30.30.30.30.31.30.30.30.30.30.35.30.34.37.35.37.36.39.32
11:08:24 14:24:38

pleno alcance y valor probatorio en términos de los artículos 1194, 1195 y 1296 del Código de Comercio.

Esta documental, con su respectiva traducción, fue exhibida como prueba por mi representada y obra en los autos del juicio concursal.

Esta prueba se relaciona con todos y cada uno de los hechos narrados en el presente escrito.

46. DOCUMENTAL PRIVADA consistente en la Factura número 15040 emitida por Utec Survey, Inc. a cargo de DREBBEL, por un monto total de $346,311.49 USD (trescientos cuarenta y sesis mil trescientos once dólares 49/100, moneda en curso legal en los Estados Unidos de América), junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.

Con esta prueba se acredita el monto adeudado por la comerciante por la prestación de diversos servicios de provisión de personal y equipo a favor de Drebbel para el desarrollo del proyecto denominado como "*Shelia Bordelon.*

La razón por la que ello se considera es que de la simple lectura del contenido de la documental ofrecida es idóneo para causar convicción en el ánimo de Su Señoría sobre la veracidad de las afirmaciones de mi representada, a la cual le corresponde pleno alcance y valor probatorio en términos de los artículos 1194, 1195 y 1296 del Código de Comercio.

Esta documental, con su respectiva traducción, fue exhibida como prueba por mi representada y obra en los autos del juicio concursal.

Esta prueba se relaciona con todos y cada uno de los hechos narrados en el presente escrito.

47. DOCUMENTAL PRIVADA consistente en impresión original de los mensajes de datos enviados a DREBBEL que tienen adjuntas las facturas 15021 y 15040, correspondientes a los servicios prestados por UTEC derivados de la relación comercial entre las partes, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.

Con esta prueba se acredita que las facturas señaladas fueron enviadas y recibidas por la comerciante.

La razón por la que ello se considera es que de la simple lectura del contenido de la documental ofrecida es idóneo para causar convicción en el ánimo de Su Señoría sobre la veracidad de las afirmaciones de mi representada, a la cual le corresponde pleno alcance y valor probatorio en términos de los artículos 1194, 1195 y 1296 del Código de Comercio.

Esta documental, con su respectiva traducción, fue exhibida como prueba por mi representada y obra en los autos del juicio concursal.

Esta prueba se relaciona con todos y cada uno de los hechos narrados en el presente escrito.

48. **DOCUMENTAL PRIVADA** consistente en el Desglose de cuentas por cobrar vencidas a cargo de **DREBBEL**, en el que se contienen las facturas 15021 y 15040, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.

Con esta prueba se acredita que i) Drebbel recibió los servicios prestados por parte de Utec desde el año 2017 (tres años a la fecha) ii) a pesar de haber realizado algunos pagos para disminuir su deuda, existe un remanente pendiente por la cantidad de USD$349,939.28 (trescientos cuarenta y nueve mil novecientos treinta y nueve 28/100 Moneda de los Estados Unidos de América), que correspondiente al monto total pendiente de pago de la factura no. 15040 por USD$346,311.49 (trescientos cuarenta y seis mil trescientos once dólares 49/100 Moneda de los Estados Unidos de América), y al saldo de la factura no. 15021 por un monto de USD$3,627.79 (tres mil seiscientos veintisiete dólares 79/100 Moneda de los Estados Unidos de América).

La razón por la que ello se considera es que de la simple lectura del contenido de la documental ofrecida es idóneo para causar convicción en el ánimo de Su Señoría sobre la veracidad de las afirmaciones de mi representada, a la cual le corresponde pleno alcance y valor probatorio en términos de los artículos 1194, 1195 y 1296 del Código de Comercio.

Esta documental, con su respectiva traducción, fue exhibida como prueba por mi representada y obra en los autos del juicio concursal.

Esta prueba se relaciona con todos y cada uno de los hechos narrados en el presente escrito.

CARLOS EDUARDO MILLA ORTEGA
20.30.30.30.31.30.30.30.30.30.35.30.34.37.23.37.36.39.32
11:08:24 14:24:38

49. **DOCUMENTAL PRIVADA** consistente en Copia certificada de la parte conducente del estado de cuenta emitido por la institución bancaria HSBC, donde se desprende la transferencia realizada por la sociedad Empowermet Coach, S.A. de C.V., el día 22 de febrero de 2019, por un monto de USD$87,690.00 dólares (ochenta y siete mil seiscientos noventa dólares Moneda de los Estados Unidos de América), junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.

Con esta prueba se acredita que que varios de los pagos realizados a UTEC fueron realizados por conducto de diversas personas morales a la comerciante, en concreto, por los terceros i) Empowermet Coach, S.A. de C.V., y ii) Grupo Arcora, S.A. de C.V., lo que acredita que presumiblemente la comerciante ha incurrido en prácticas ruinosas o fraudulentas en términos del artículo 11 de la Ley de Concursos mercantiles, en relación con el artículo 27, fracción III, de la Ley del Impuesto sobre la renta.

La razón por la que ello se considera es que de la simple lectura del contenido de la documental ofrecida es idóneo para causar convicción en el ánimo de Su Señoría sobre la veracidad de las afirmaciones de mi representada, a la cual le corresponde pleno alcance y valor probatorio en términos de los artículos 1194, 1195 y 1296 del Código de Comercio.

Esta documental, con su respectiva traducción, fue exhibida como prueba por mi representada y obra en los autos del juicio concursal.

Esta prueba se relaciona con todos y cada uno de los hechos narrados en el presente escrito.

50. **DOCUMENTAL PRIVADA** consistente en Copia certificada de la parte conducente del estado de cuenta emitido por la institución bancaria HSBC, donde se desprende la transferencia realizada por la sociedad Empowermet Coach, S.A. de C.V., el día 9 de julio de 2019, por un monto de USD$24,990.00 dólares (veinticuatro mil novecientos noventa dólares 00/100 Moneda de los Estados Unidos de América), junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.

Con esta prueba se acredita que que varios de los pagos realizados a UTEC fueron realizados por conducto de diversas personas morales a la comerciante, en concreto por Empowermet Coach, S.A. de C.V., lo que acredita que presumiblemente la comerciante ha incurrido en prácticas ruinosas o fraudulentas

CARLOS EDUARDO MILLA ORTEGA
20.30.30.30.31.30.30.30.30.30.35.30.34.37.23.37.36.39.32
11:08:24 14:24:38

en términos del artículo 11 de la Ley de Concursos mercantiles, en relación con el artículo 27, fracción III, de la Ley del Impuesto sobre la renta.

La razón por la que ello se considera es que de la simple lectura del contenido de la documental ofrecida es idóneo para causar convicción en el ánimo de Su Señoría sobre la veracidad de las afirmaciones de mi representada, a la cual le corresponde pleno alcance y valor probatorio en términos de los artículos 1194, 1195 y 1296 del Código de Comercio.

Esta documental, con su respectiva traducción, fue exhibida como prueba por mi representada y obra en los autos del juicio concursal.

Esta prueba se relaciona con todos y cada uno de los hechos narrados en el presente escrito.

51. DOCUMENTAL PRIVADA consistente en la Confirmación de la operación realizada el día 31 de julio de 2018, por la sociedad Grupo Arcora, S.A. de C.V., mediante la cual se transfirió a UTEC SURVEY INC., el monto de $169,143.70 USD (ciento sesenta y nueve mil ciento cuarenta y tres dólares 70/100, moneda en curso legal en los Estados Unidos de América).

Con esta prueba se acredita la confirmación de la operación realizada el día 31 de julio de 2018, por Grupo Arcora, S.A. de C.V., lo que acredita que presumiblemente la comerciante ha incurrido en prácticas ruinosas o fraudulentas en términos del artículo 11 de la Ley de Concursos mercantiles, en relación con el artículo 27, fracción III, de la Ley del Impuesto sobre la renta.

La razón por la que ello se considera es que de la simple lectura del contenido de la documental ofrecida es idóneo para causar convicción en el ánimo de Su Señoría sobre la veracidad de las afirmaciones de mi representada, a la cual le corresponde pleno alcance y valor probatorio en términos de los artículos 1194, 1195 y 1296 del Código de Comercio.

Esta documental, con su respectiva traducción, fue exhibida como prueba por mi representada y obra en los autos del juicio concursal.

Esta prueba se relaciona con todos y cada uno de los hechos narrados en el presente escrito.

52. DOCUMENTAL PRIVADA consistente en la Confirmación de la operación realizada el día 01 de agosto de 2018, por la sociedad Grupo Arcora, S.A. de C.V., mediante la cual se transfirió a UTEC SURVEY INC., el monto de $31,856.30

USD (treinta y un mil ochocientos cincuenta y seis dólares 30/100, moneda en curso legal en los Estados Unidos de América).

Con esta prueba se acredita la confirmación de la operación realizada el día 01 de agosto de 2018, por Grupo Arcora, S.A. de C.V., lo que acredita que presumiblemente la comerciante ha incurrido en prácticas ruinosas o fraudulentas en términos del artículo 11 de la Ley de Concursos mercantiles, en relación con el artículo 27, fracción III, de la Ley del Impuesto sobre la renta.

La razón por la que ello se considera es que de la simple lectura del contenido de la documental ofrecida es idóneo para causar convicción en el ánimo de Su Señoría sobre la veracidad de las afirmaciones de mi representada, a la cual le corresponde pleno alcance y valor probatorio en términos de los artículos 1194, 1195 y 1296 del Código de Comercio.

Esta documental, con su respectiva traducción, fue exhibida como prueba por mi representada y obra en los autos del juicio concursal.

Esta prueba se relaciona con todos y cada uno de los hechos narrados en el presente escrito.

53. DOCUMENTAL PRIVADA consistente en Impresión original del mensaje de datos de fecha 7 de agosto de 2018, junto con su traducción certificada al español por perito autorizado por el Consejo de la Judicatura Federal de su texto redactado en inglés.

Con esta prueba se acredita que las facturas señaladas fueron enviadas y recibidas por la comerciante quien solicitó que los montos transferidos fueran aplicados al pago de las facturas adeudadas por la comerciante.

La razón por la que ello se considera es que de la simple lectura del contenido de la documental ofrecida es idóneo para causar convicción en el ánimo de Su Señoría sobre la veracidad de las afirmaciones de mi representada, a la cual le corresponde pleno alcance y valor probatorio en términos de los artículos 1194, 1195 y 1296 del Código de Comercio.

Esta documental, con su respectiva traducción, fue exhibida como prueba por mi representada y obra en los autos del juicio concursal.

Esta prueba se relaciona con todos y cada uno de los hechos narrados en el presente escrito.

54. **DOCUMENTAL CIENTÍFICA** consistente en el dispositivo de almacenamiento USB -soporte electrónico- que contiene las facturas identificadas en el presente escrito emitidas por Hornbeck Offshore Services de México, S. DE R.L. DE C.V. a cargo de Drebbel de México, S. de R.L. de C.V., en su formato electrónico (xml) y los mensajes de datos en su formato original.

Con esta prueba se acredita el adeudo de la comerciante con dicha sociedad y que las facturas señaladas fueron enviadas y recibidas por la comerciante.

La razón por la que ello se considera es que de la simple lectura del contenido de la documental ofrecida es idóneo para causar convicción en el ánimo de Su Señoría sobre la veracidad de las afirmaciones de mi representada, a la cual le corresponde pleno alcance y valor probatorio en términos de los artículos 1194, 1195 y 1296 del Código de Comercio.

Esta documental, con su respectiva traducción, fue exhibida como prueba por mi representada y obra en los autos del juicio concursal.

Esta prueba se relaciona con todos y cada uno de los hechos narrados en el presente escrito.

55. **LA PRUEBA PERICIAL CONTABLE** que deberá rendir el perito en la materia, Licenciado en contabilidad **Antonio Alberto Villarruel Briones**, quien tiene la **cédula profesional 1443779, con domicilio ubicado en Río Lerma, número 143, despacho 502, Colonia Cuauhtémoc, Alcaldía Cuauhtémoc, C.P. 06500, en la ciudad de México,** quien cuenta con la capacidad técnica necesaria para rendir su dictamen pericial sobre este asunto, respecto de quien me comprometo para que, dentro de los 3 (tres) días siguientes a la admisión de esta prueba, acepte y proteste el cargo y su fiel y legal desempeño, exhiba el original o copia certificada de su cédula y manifieste lo señalado por la ley y, posteriormente, rinda dictamen pericial dentro del plazo legal.

**Los puntos sobre los que versará y las cuestiones** que deberán resolver los peritos son las siguientes:

a) Determinar si en la contabilidad de la comerciante **DREBBEL DE MÉXICO, S. DE R.L. DE C.V.**, se encuentran registradas las cuentas por cobrar a cargo de las sociedades Permaducto, S.A. de C.V. y Hoc Offshore S. de R. L., y en su caso, si pueden considerarse dichas cuentas como un

CARLOS EDUARDO MELLA ORTEGA
30,30,30,30,31,30,30,30,30,30,35,34,37,33,37,36,39,32
11:08:24 14:24:38

activo líquido de la comerciante, y si dichas cuentas por cobrar fueron pagadas efectivamente o no a la comerciante.

b) Determinar si en la contabilidad de la comerciante DREBBEL DE MÉXICO, S. DE R.L. DE C.V., se encuentran registrados créditos a favor de las sociedades Hornbeck Offshore Services de México, S. de R.L. de C.V., Utec Survey Inc., y Rovop, Inc, y en su caso, si dichos créditos tienen por lo menos 30 días de vencimiento a la fecha de presentación de la demanda (09 de febrero de 2021).

**Las cuestiones a resolver respecto del punto señalado en el inciso a) anterior son las siguientes:**

1. Que dictamine el perito si en la contabilidad de la comerciante se encuentran registradas las cuentas por cobrar a cargo de las sociedades Permaducto, S.A. de C.V. y Hoc Offshore S. de R. L.

2. Que dictamine el perito el monto al que ascienden las cuentas por cobrar a cargo de la sociedad Permaducto, S.A. de C.V., y Hoc Offshore S. de R. L. que la comerciante tiene registradas en su contabilidad.

3. Que dictamine el perito si de la contabilidad de la comerciante se acredita que las cuentas por cobrar a cargo de las sociedades Permaducto, S.A. de C.V. y Hoc Offshore S. de R. L., fueron pagadas o no a la comerciante.

4. Que dictamine el perito si las cuentas por cobrar a cargo de las sociedades Permaducto, S.A. de C.V. y Hoc Offshore S. de R. L., pueden considerarse como un activo líquido de la comerciante para hacer frente a sus obligaciones y la razón de su dicho.

5. Que dictamine el perito si las cuentas por cobrar a cargo de las sociedades Permaducto, S.A. de C.V. y Hoc Offshore S. de R. L., pueden considerarse como un activo líquido de la comerciante para hacer frente a sus obligaciones y la razón de su dicho.

6. Determinarán los peritos todo lo necesario y relacionado que juzgue conveniente con el problema planteado en esta probanza y sobre los puntos sobre los que versa.

CARLOS EDUARDO MILLA ORTEGA
30.30.30.30.31.30.30.30.30.30.35.30.34.37.32.37.36.39.32
11.08-24 14:24:38

7. Dirán los peritos las técnicas y/o métodos empleados para la elaboración de su dictamen.

8. Que emitan los peritos sus conclusiones y la razón de su dicho.

**Las cuestiones a resolver respecto del punto señalado en el inciso b) anterior son las siguientes:**

1. Que dictamine el perito si en la contabilidad de la comerciante se encuentran registrados créditos a favor de las sociedades Hornbeck Offshore Services de México, S. de R.L. de C.V., Utec Survey Inc., y Rovop, Inc.

2. Que dictamine el perito el monto al que ascienden los créditos a favor de las sociedades Hornbeck Offshore Services de México, S. de R.L. de C.V., Utec Survey Inc., y Rovop, Inc.

3. Que dictamine el perito si los créditos de Hornbeck Offshore Services de México, S. de R.L. de C.V., Utec Survey Inc., y Rovop, Inc., tienen por lo menos 30 días de vencimiento a la fecha de presentación de la demanda (09 de febrero de 2021).

4. Determinarán los peritos todo lo necesario y relacionado que juzgue conveniente con el problema planteado en esta probanza y sobre los puntos sobre los que versa.

5. Dirán los peritos las técnicas y/o métodos empleados para la elaboración de su dictamen.

6. Que emitan los peritos sus conclusiones y la razón de su dicho.

Para el desahogo de esta prueba, los peritos deberán examinar la contabilidad de **DREBBEL DE MÉXICO, S. DE R.L. DE C.V.**, consistente en todos los libros y registros contables, tales como: Estados Financieros; libros Diario y Mayor; Balanzas de Comprobación; Auxiliares analíticos de las cuentas, Estados de Cuenta bancarios, soportes contables, documentación comprobatoria, facturas, paquetes o software en materia contable y/o administrativa, así como cualquier otra documentación e información contable, fiscal y financiera en la que se vea reflejada cualquier tipo de operación relacionada con los puntos y cuestiones de la pericial contable, al momento de la presentación de la demanda (09 de febrero de 2021).

CARLOS EDUARDO MILLA ORTEGA
30.30.30.30.31.30.30.30.30.30.30.33.30.34.37.35.37.36.39.32
11:08:24 14:24:38

Los peritos tambien deberán examinar todo lo actuado en el expediente de origen y todos los anexos que obran en la actuaciones del presente juicio, y todos los elementos que considere necesario para dar respuesta a este cuestionario, incluyendo desde luego el escrito inicial de demanda y sus anexos, así como la contestación de demanda y sus anexos.

La documentación e información relativa a la contabilidad de DREBBEL DE MÉXICO, S. DE R.L. DE C.V.,, antes mencionada deberá estar a disposición de los peritos en su **domicilio ubicado en** Calle 35 "B", Manzana M, lote 4, Colonia Malibrán, código postal 24118, en Ciudad del Carmen, Campeche, (domicilio en el que se llevó a cabo la visita por el especialista del IFECOM) o **EN SU CASO EN EL DOMICILIO QUE INDIQUE  LA COMERCIANTE** el día y hora que su Señoría señale para su consulta para el desahogo de la Prueba Pericial. Para lo cual solicito desde este momento, se decrete **APERCIBIMIENTO** a la comerciante, que para el caso de que no permita el acceso a sus libros, documentos y paquetes o software contables o los libros o elementos respectivos conforme a su sistema de organización contable, se tendrán POR CIERTAS LAS AFIRMACIONES DE MI REPRESENTADA QUE SE PRETENDEN PROBAR.

**Se relaciona la presente prueba con** todos y cada uno de los hechos referidos en el presente recurso de apelación, y en particular, con la determinación de los montos de los créditos adeudados a mis representadas hasta la fecha en que se presentó la solicitud de concurso mercantil de la comerciante, el cual debe ser considerado y acredita que en la especie sí se cumple el requisito previsto en la fracción I, del artículo 10 de la Ley de Concursos Mercantiles, por lo que es procedente declarar en estado de concurso mercantil a la comerciante DREBBEL DE MÉXICO, S. DE R.L. DE C.V.

**Con esta prueba se demostrarán los hechos** expresados en el presente escrito, principalmente, que el monto de los créditos vencidos de mis representadas Hornbeck Offshore Services de México, S. de R.L. de C.V., y Utec Survey Inc son por montos mayores a los supuestamente determinados, que el crédito de ROVOP, INC., fue considerado por un monto mucho menor al que realmente le corresponde, y adicionalmente, que contrario a lo señalado sí tiene por lo menos 30 días de vencimiento a la fecha de presentación de la demanda, que la cuenta por cobrar de Permaducto, S.A. de C.V., es por un monto menor al determinado y, en su caso, que no fue pagada, por lo que en el caso en concreto sí se actualizan los supuestos que señalan las fracciones I y II, del artículo 10 de la Ley de

CARLOS EDUARDO MILLA ORTEGA
20.30.30.30.31.30.30.30.30.30.35.30.34.37.23.37.36.39.32
11.08:24 14:24:38

Concursos Mercantiles, para declarar en estado de concurso mercantil a la comerciante.

**Las razones por las que se considera que se probarán los hechos** son porque es una prueba pericial, la cual hace prueba plena de los hechos determinados por los peritos en la materia.

56. PRUEBA INSTRUMENTAL DE ACTUACIONES consistente en todas las promociones, anexos y constancias que integren el presente juicio, en todo lo que beneficie a mi representada.

Con esta prueba se acredita que en autos existen todas y cada una de las documentales mencionadas por mi representada en el presente escrito, por lo que en la especie sí se actualizan los supuestos contenidos en las fracciones I y II del artículo 10 de la Ley de Concursos Mercantiles, para declarar en estado de concurso mercantil a la comerciante.

La razón por la que ello se considera es porque de conformidad con el numeral 1294 del Código de Comercio, las actuaciones judiciales siempre tendrán pleno alcance y valor probatorio, lo que las vuelve idóneas para causar convicción en el ánimo de Su Señoría sobre la verdad de los hechos narrados por mi representada.

Esta probanza se relaciona con todas y cada una de las manifestaciones realizadas por mi representada en el presente escrito.

57. PRUEBA PRESUNCIONAL en su aspecto LEGAL Y HUMANA consistente en todas las deducciones lógico-jurídicas que favorezcan a mi representada, ya sea porque el texto legal así lo establezca, o porque sea consecuencia necesaria y natural de hechos probados en el presente juicio.

Con esta prueba se acreditan los hechos referidos por mi representada

La razón por la que ello se considera es porque las deducciones que Su Señoría desprenda de lo dicho y aportado por las partes en el presente juicio, son deducciones dignas de ser aceptadas por personas de buen criterio, precisas y concordantes, tendientes siempre a acreditar lo dicho por mi representada, en el sentido de que en la especie si se cumplen los requisito que contemplan las fracciones I y II de la Ley de Concursos Mercantiles para declarar en estado de concurso mercantil a la comerciante.

CARLOS EDUARDO MILLA ORTEGA
30.30.30.30.31.30.30.30.30.30.30.35.30.34.37.33.37.36.39.32
11.08.24 14:24:38

Esta probanza se relaciona con todas y cada una de las manifestaciones realizadas por mi representada en el presente escrito.

Por lo expuesto y fundado, **A USTED C. JUEZ DE DISTRITO**, atentamente pido se sirva:

**PRIMERO.** Tenerme por presentado con la personalidad que tengo acreditada y reconocida, interponiendo dentro del término de ley recurso de apelación en contra de la sentencia dictada el 25 de enero del 2022, que negó declarar en estado de concurso mercantil a la comerciante.

**SEGUNDO.** Dar vista a la comerciante, enviando posteriormente a la superioridad el recurso que nos ocupa para su continuación.

**TERCERO.** Tener por señaladas como constancias para integrar el testimonio de apelación todo lo actuado en el presente concurso mercantil, incluyendo la totalidad de los anexos que obran en el seguro del Juzgado exhibidos por las partes.

Por lo expuesto y fundado, **A USTED C. MAGISTRADO integrante del Tribunal Unitario al que se turne la presente apelación**, atentamente pido se sirva:

**PRIMERO.** Tenerme por presentado con la personalidad que tengo acreditada y reconocida, interponiendo dentro del término de ley recurso de apelación en contra de la sentencia dictada el 25 de enero del 2022, que negó declarar en estado de concurso mercantil a la comerciante.

**SEGUNDO.** En su oportunidad declarar fundado el presente recurso de apelación revocando la sentencia para quedar en los términos expresados en el presente escrito.

PROTESTO LO NECESARIO

Campeche, Campeche. a 15 de febrero de 2022.

(firmado electrónicamente)
Carlos Eduardo Milla Ortega

CARLOS EDUARDO MILLA ORTEGA
30.30.30.30.31.30.30.30.30.30.35.30.34.37.33.37.36.39.32
11.08.24.14.24.38



## PODER JUDICIAL DE LA FEDERACIÓN

**EVIDENCIA CRIPTOGRÁFICA - TRANSACCIÓN**

**Archivo Firmado:**
028500200000000000014354891.p7m
**Autoridad Certificadora:**
**AUTORIDAD CERTIFICADORA**
**Firmante(s): 1**

| FIRMANTE | | | | | |
|---|---|---|---|---|---|
| **Nombre:** | CARLOS EDUARDO MILLA ORTEGA | | **Validez:** | BIEN | Vigente |
| FIRMA | | | | | |
| **No. serie:** | 30.30.30.30.31.30.30.30.30.30.35.30.34.37.32.37.36.39.32 | | **Revocación:** | Bien | No revocado |
| **Fecha: (UTC/ CDMX)** | 16/02/22 03:12:01 - 15/02/22 21:12:01 | | **Status:** | Bien | Valida |
| **Algoritmo:** | RSA - SHA256 | | | | |
| **Cadena de firma:** | 8a ae 0b 78 31 7b d3 ec 6b 95 5d 78 09 c0 0b b3 aa 9a ff 82 47 7a 8a 74 56 89 00 db 5d 03 57 ba ce 6c 64 e2 83 ed a8 51 79 a1 43 f6 3a 5b b2 b7 da 1f 2e c0 87 74 cb 07 2e 03 a1 78 eb 5e 87 09 3b d7 4a 00 9a 38 d0 12 dc 97 ea 3a 4a c1 74 f2 3f 74 b8 b2 c8 53 60 48 e4 fb f5 ee 6a 21 b4 a6 60 2e e9 01 a2 17 d2 66 57 89 98 0d 92 d1 a6 f5 b5 8c ed 23 f4 a4 30 be 76 03 f3 5c ba 9f c8 88 08 c0 38 81 2c 90 be c6 75 d3 ac 9c 2a e6 d2 03 32 91 38 b2 81 cf fd 5c 4f 61 cd 4b 64 40 b8 0b d2 fb c5 a0 9e fa 0a c5 6a a4 0c 47 6b d9 38 f8 ed 0a 84 7a df cf e3 79 b4 59 b3 00 4d 6e 17 1a 06 8d 94 a0 6f 8f 9b 60 95 ef 98 d5 55 f3 be ea 5e 3e da 2c ec 4b e0 71 db 79 a0 73 24 91 d7 62 da cc 15 12 13 9e ae 5c b5 d5 61 8e d9 d0 95 b8 72 e2 7f 1c 53 d0 5b 5f 1a cb 1e b0 8e 7c 36 ae | | | | |
| OCSP | | | | | |
| **Fecha: (UTC / CDMX)** | 16/02/22 03:12:41 - 15/02/22 21:12:41 | | | | |
| **Nombre del respondedor:** | Servicio OCSP SAT | | | | |
| **Emisor del respondedor:** | AUTORIDAD CERTIFICADORA | | | | |
| **Número de serie:** | 30.30.30.30.31.30.38.38.38.38.38.30.30.30.30.30.30.33.39 | | | | |
| TSP | | | | | |
| **Fecha : (UTC / CDMX)** | 16/02/22 03:12:02 - 15/02/22 21:12:02 | | | | |
| **Nombre del emisor de la respuesta TSP:** | Autoridad Emisora de Sellos de Tiempo del Consejo de la Judicatura Federal | | | | |
| **Emisor del certificado TSP:** | Autoridad Certificadora Intermedia del Consejo de la Judicatura Federal | | | | |
| **Identificador de la respuesta TSP:** | 95977285 | | | | |
| **Datos estampillados:** | rg8mu4nkLRjOrZ4JASyJY8Uz614= | | | | |